UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| BRIAN BOWEN II,<br><br>      PLAINTIFF,<br><br>v.<br><br>ADIDAS AMERICA, INC.;<br>JAMES GATTO; MERL CODE;<br>CHRISTIAN DAWKINS; MUNISH<br>SOOD; THOMAS GASSNOLA; and<br>CHRISTOPHER RIVERS,<br><br>      DEFENDANTS. | NO. 3:18-CV-3118-JFA |

**DEFENDANTS' JOINT SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTIONS TO DISMISS**

Dated: July 12, 2019

## PRELIMINARY STATEMENT

At oral argument on Defendants' motions to dismiss, Bowen's counsel raised, for the first time, an erroneous legal argument that defies the Supreme Court's standing requirements for civil RICO claims.  In an attempt to preserve Bowen's claim for alleged harm to his future career earnings, among other speculative or intangible injuries that were not proximately caused by Defendants' alleged conduct, Bowen's counsel asserted that satisfying the RICO standing requirement with respect to *some* harm would allow recovery for *every* injury allegedly caused by the racketeering violation, regardless of whether those other injuries independently satisfied RICO's standing requirement.  This statement was not made in Bowen's opposition to Defendants' motions to dismiss and flatly contradicts the Supreme Court's instruction that a civil RICO plaintiff "only has standing if, and ***can only recover to the extent that***, he has been injured in his business or property by the conduct constituting the violation."  *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496 (1985) (emphasis added).

## BACKGROUND

Plaintiff's counsel claimed that once Bowen was rendered ineligible, "all . . . was lost," including his exposure to "elite competition, elite training, and elite coaching" and the future benefits that he says would have flowed therefrom.  (*See* Transcript at 55:3–20.)  Plaintiff's counsel suggested that the speculative nature of those lost opportunities, such as the potential impact to Bowen's lifetime earnings as an NBA athlete, is irrelevant to standing and pertains only to damages, which in his view Defendants "conflated" with standing.  (*See id.* at 55:19–24.)  As a result, Plaintiff's counsel asserted that should the Court agree Bowen has plausibly alleged direct injury to his amateur eligibility and financial aid agreement, and the Court further agrees that amateur eligibility constitutes a business or property interest protected under RICO, then Bowen would "have standing to access that statutory scheme" and to pursue the remainder of his

1

alleged injuries, regardless of whether he has plausibly alleged that those other injuries were to business or property or directly caused by Defendants' conduct. (*See id.* at 59:3–14.)

## ARGUMENT

**I.      Bowen Cannot Have Standing to Pursue Injuries Not Recoverable Under RICO.**

A civil RICO plaintiff "only has standing if, and ***can only recover to the extent that***, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 496 (1985) (emphasis added). Accordingly, in RICO cases involving allegations of multiple injuries, courts analyze a plaintiff's standing to assert each injury. *See Knisely v. Nat'l Better Living Ass'n, Inc.*, No. 14-CV-15, 2014 WL 4084517, at *6-8 (N.D. W. Va. Aug. 19, 2014) (dismissing RICO claim after analyzing each of plaintiff's two alleged injuries and concluding plaintiff did not have standing to assert either). Numerous courts have precluded plaintiffs from pursuing non-business or property damages despite otherwise alleging some recoverable damage. In *Castellanos v. Worldwide Distribution Sys. USA, LLC*, 290 F. Supp. 3d 692 (E.D. Mich. 2017), for example, a foreign national sued his employer under 18 U.S.C. § 1962(c) after he accepted an offer of full-time employment and traveled to the United States but was not paid immediately because his job did not begin upon arrival. *See* 290 F. Supp. 3d at 656 n.2. Plaintiffs alleged the following injuries:  (1) travel expenses to the United States; (2) the loss of prior employment in Mexico; (3) funds spent to continue residing in the United States; (4) loss of expected salary; (5) separation from family; and (6) distress, fear, and other intangible harms. *Id.* at 696. Upon determining that only the third alleged injury constituted a tangible property interest recoverable under RICO, the Court permitted the § 1962(c) claim to move forward with respect to that injury *alone*; it dismissed plaintiffs' claims to the extent they sought to recover any of the other alleged injuries. *Id.* at 696–99; *see also id.* at 701 (explaining that RICO claim was "active" "only as to the funds Plaintiff spent to remain in

2

the United States"). The result in *Castellanos*—dismissal of RICO claims to the extent they sought damages for which the plaintiff lacked standing, even though the plaintiff adequately alleged standing to pursue some other injury—is mirrored in other decisions. *E.g.*, *Warnock v. State Farm Mut. Auto Ins. Co.*, No. 08-CV-1, 2008 WL 4594129, at *4-5 (S.D. Miss. Oct. 14, 2008) (plaintiff could "not properly seek damages for physical and emotional injury or for damage to her credit rating," given intangible and speculative nature, despite plausibly alleging standing with respect to different category of damages); *Korman v. Trusthouse Forte PLC*, No. 89-CV-8734, 1990 WL 83353, at *5-6 (E.D. Pa. June 15, 1990) (dismissing claims to the extent plaintiffs sought damages for which they lacked standing).

Defendants maintain that Bowen lacks standing to pursue *any* of his claimed damages, because the only tangible injury to business or property identified in the Complaint is the limited out-of-pocket costs Bowen allegedly incurred, and Bowen cannot allege Defendants proximately caused that injury (or any other). Should the Court nevertheless find that Bowen has established standing to pursue treble damages for some particular alleged damage, such as Bowen's claimed out-of-pocket costs, the Court should—contrary to the erroneous suggestion by plaintiff's counsel—limit Bowen's RICO claims to *only* that specific, recoverable harm.

s/  Mary Lucille Dinkins

Matthew T. Richardson (D.S.C. Id. No. 7791)
Mary Lucille ("Lucy") Dinkins
    (D.S.C. No. 11961)
WYCHE
801 Gervais Street, Suite B
Columbia, South Carolina 29201
Tel: (803) 254-6542
mrichardson@wyche.com
ldinkins@wyche.com

/s/   William H. Taft V

Andrew J. Ceresney (admitted *pro hac vice*)
William H. Taft V (admitted *pro hac vice*)
Nathan S. Richards (admitted *pro hac vice*)
Miheer Mhatre (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
aceresney@debevoise.com
whtaft@debevoise.com
nsrichards@debevoise.com
mmhatre@debevoise.com

*Counsel to Defendant adidas America Inc.*

/s/   Deborah B. Barbier
Deborah B. Barbier, LLC (#6639)
1811 Pickens Street
Columbia, South Carolina 29201
Tel: (803) 445-1032
dbb@deborahbarbier.com

*Counsel to Defendant James Gatto*

/s/   Terry A. Finger
Terry A. Finger (#2012)
FINGER, MELNICK & BROOKS, P.A.
35 Hospital Center Common, Suite 200
Post Office Box 24005
Hilton Head Island, South Carolina 29925
Tel: (843) 681-7000
tfinger@fingerlaw.com

*Counsel to Defendant Merl Code*

| /s/   Cory E. Manning | /s/   Robert L. Lindholm |
|---|---|
| Cory E. Manning (#9697) | Robert L. Lindholm (admitted pro *hac vice*) |
| Wesley T. Moran (#12797) |    (#52800) |
| NELSON MULLINS RILEY & | NELSON MULLINS RILEY & |
| SCARBOROUGH LLP | SCARBOROUGH LLP |
| 1320 Main Street / 17th Floor | One Wells Fargo Center, 23rd Floor |
| Post Office Box 11070 | 301 South College Street |
| Columbia, South Carolina 29201 | Charlotte, North Carolina 28202 |
| Tel: (803) 799-2000 | Tel: (704) 417-3000 |
| cory.manning@nelsonmullins.com | robert.lindholm@nelsonmullins.com |
| wes.moran@nelsonmullins.com | |

*Counsel to Defendant Christopher Rivers*

| /s/   Wilbur E. Johnson | /s/   Richard J. Zack |
|---|---|
| Wilbur E. Johnson (#2212) | Richard J. Zack (admitted *pro hac vice*) |
| YOUNG CLEMENT RIVERS, LLP | PEPPER HAMILTON LLP |
| Post Office Box 993 | 3000 Two Logan Square |
| Charleston, South Carolina 29402 | Eighteenth and Arch Streets |
| Tel: (843) 724-6659 | Philadelphia, Pennsylvania 19103 |
| wjohnson@ycrlaw.com | Tel: (215) 981-4000 |
| | zackr@pepperlaw.com |
| | weberf@pepperlaw.com |

*Counsel to Defendant Munish Sood*

4