| | | |
|---|---|---|
| BRIAN BOWEN II, | ) | C/A No.: 3:18-3118-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S OPPOSITION TO** |
| ADIDAS AMERICA, INC.; | ) | **DEFENDANTS' JOINT MOTION FOR** |
| JAMES GATTO; MERL CODE; | ) | **LEAVE TO FILE A SUPPLEMENTAL** |
| CHRISTIAN DAWKINS; MUNISH | ) | **BRIEF IN SUPPORT OF THEIR** |
| SOOD; THOMAS GASSNOLA; and | ) | **MOTIONS TO DISMISS** |
| CHRISTOPHER RIVERS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Brian Bowen respectfully submits his opposition to Defendants' Joint Motion

for Leave to Submit a Supplemental Brief in Support of Their Motions to Dismiss.

## PRELIMINARY STATEMENT

Defendants' proposed surreply—filed weeks after the Court heard oral argument on their

motions to dismiss—is a thinly-veiled attempt to resurrect stale arguments *after* the Court

indicated its decision to allow Plaintiff's case to move forward. In seeking leave to file their

surreply, Defendants represent that they "write solely to correct Bowen's counsel's statements

and clarify the applicable law for the Court's consideration," but the text of their proposed

surreply tells a different story. Far from merely "correcting" any alleged misstatements of the

law governing RICO standing, Defendants take the opportunity to re-plow the same legal ground

presented in their briefs and argued at the hearing, but this time with the goal of shaping the

Court's forthcoming order denying their motions in a manner that runs afoul of RICO precedent.

To the extent Defendants genuinely believed Plaintiff misstated the law in any respect or

raised any new argument "for the first time at oral argument," they had ample opportunity to

address those concerns at the June 26, 2019 hearing—including when the Court asked Adidas's counsel to respond specifically to the issue of standing *during Plaintiff's argument* and, again, afterwards during the time Defendants reserved for rebuttal. Yet, despite unfettered opportunities to "correct" any purported misstatements of law at the hearing, they remained quiet. Indeed, had Plaintiff's counsel presented any material misstatements of law during oral argument, no doubt any one of the <u>eleven</u> defense lawyers present would have been on their feet then and there to correct it. Their collective silence in the face of Plaintiff's purported misstatement of the law at the hearing, and their noticeable failure to quote any such misleading statements in their latest filing demonstrates their proposed brief is not offered in good faith.[1]

More critically, the issue that Defendants insist they be given an opportunity to address in supplemental briefing—i.e., that a RICO plaintiff has legal standing to recover damages for injuries "regardless of whether he has plausibly alleged that those other injuries were to business or property or directly caused by Defendants' conduct" is not a position that Plaintiff has ever raised or contends should be adopted by this Court. On that basis, Defendants' proposed surreply is wholly unnecessary and, more pointedly, a waste of time and judicial resources.

I. **<u>DEFENDANTS' MOTION FOR LEAVE TO FILE A SURREPLY SHOULD NOT BE GRANTED</u>**

This Court generally disfavors granting a movant leave to file a surreply, as the Local Civil Rules of the District of South Carolina do not contemplate the filing of more than three memoranda regarding any one motion. *See generally* Local Civ. R. 7; *see also, e.g.*, *S.C. Dep't of Mental Health v. Hoover Universal, Inc.*, No. 3:03-cv-4118-JFA, 2005 WL 6407421, at *6

---

[1] For example, Defendants use their proposed surreply as a vehicle to rehash issues already fully briefed and argued before the Court, in what seems to be an effort to delay the Court's written order in violation of Local Civil Rule 7.09. *See, e.g.*, proposed surreply at 4 (ECF No. 79-1) ("Defendants maintain that Bowen lacks standing to pursue *any* of his claimed damages because . . .").

(D.S.C. Oct. 4, 2005).  Indeed, the Local Civil Rules "discourage" moving parties from filing replies to responsive briefs and, when they do, limit the scope of such replies to matters "raised initially in response to a motion." Local Civ. R. 7.07.  The Court's structure for oral argument in this case similarly provided Defendants a collective 90 minutes of argument time and gave them the final word with the Court *after* Plaintiff's argument concluded.

Yet, despite ample argument regarding RICO standing raised throughout the *eight* substantive briefs filed in support of their motions to dismiss and during 90 minutes of argument from defense counsel at the June 26 hearing, Defendants now want to supplement the record with additional briefing.  Though Defendants characterize their request for leave as necessary to "correct Bowen's counsel's statements and clarify the applicable law," their proposed surreply goes well beyond any attempt to clarify purportedly unclear issues and quickly turns to relitigating the issue of standing.  That Defendants disagree with Plaintiff's view on standing (or, more likely, the Court's preliminary decision to allow the case to proceed to discovery), is not a *bona fide* reason to seek leave to submit a new round of briefing.  *United States ex rel. Carter v. Halliburton Co.*, No. 1:08-cv-1162 (JCC), 2009 WL 2240331 (E.D. Va. July 23, 2009) ("A sur-reply is not a proper means to counter 'mischaracterizations' of [an opponent's] position.").  It seems Defendants viewed the Court's preliminary decision on Plaintiff's standing as an invitation to "take your time, pick the right words, get back to New York, and give me a call."[2]

A. <u>**No New or Erroneous Arguments Were Made at the June 26 Hearing**</u>

Conspicuously absent from Defendants' motion for leave and proposed brief is any clear identification of the purportedly new or erroneous argument.  Nowhere in Defendants' papers do they quote any language from the hearing transcript containing the allegedly "erroneous legal

---

[2] Joe Pesci as Vincent LaGuardia "Vinny" Gambini, MY COUSIN VINNY (Twentieth Century Fox 1992).

argument" offered by Plaintiff at the hearing let alone any argument raised "for the first time." Rather, in lieu of presenting what one would expect to be the most obvious support for their request, Defendants instead refer generally to Plaintiff's counsel's discussion with the Court regarding their RICO standing argument and theorize that what Plaintiff *meant* to say was new and "erroneous" and, therefore, deserving of their written response filed weeks later. A disagreement among parties regarding legal issues is not uncommon, particularly when litigating a Rule 12(b)(6) motion where issues of fact are not subject to challenge. That such disputes may linger in Defendants' minds weeks after the Court takes their motions under submission does not create legitimate grounds to supplement their arguments. Were it so, briefing would never cease. *See United States v. Ormat Indus., Ltd.*, No. 3:14-cv-00325, 2016 WL 1298119, at *6 (D. Nev. Apr. 1, 2016) ("[A]n alleged misapplication or mischaracterization of the law alone surely cannot be a sufficient basis for a surreply; otherwise, litigants would constantly seek to have the last word in brief filing by claiming the other side presented the law in an unfavorable manner."); *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 62-63 (D.D.C. 2011) ("Simply put, a surreply is not a vehicle for rehashing arguments that have already been raised and brief by the parties. Were that not true, briefing would become an endless pursuit.").

**B. Defendants' Proposed Surreply Merely Repeats Arguments Made During the June 26 Hearing**

Unwilling to quote the statements or arguments they purport are in error, Defendants refer only to three instances where Plaintiff's counsel stated the well-accepted proposition that issues of standing and issues of damages are not one in the same. (ECF No. 79-1 at 2-3.) This observation, which finds ample support in Supreme Court and Fourth Circuit jurisprudence as set forth below, was made in direct response to Adidas counsel's assertion *earlier in the hearing* that "[t]he benefits [Plaintiff] hoped to derive by playing college basketball and the college

4

experience more generally were expectancies, the loss of which is not recoverable under RICO. I submit that this is a standing issue." (Hrg'g Tr. 10:3-7.) Indeed, immediately following Adidas's counsel's statement, the Court inquired why Defendants viewed as speculative the athletic benefits that Plaintiff lost when he was removed from the University of Louisville's basketball team. (*See id.* at 10:13 – 11:20 ("The extra training, the extra weight room and trainers and nutritionists and all that, that's not really speculative, is it?").) Defendants conclusory response that "there's not a contract property right in the college athletics experience," *see id.* at 11:25 – 12:1, prompted Plaintiff's counsel to reiterate the well-recognized view that legal standing and damages are discrete concepts. (*Id.* at 55:5-24; 59:3-21.) The Court then asked Adidas's counsel to respond to Plaintiff's argument on standing, *see id.* at 56:16-18 ("I'd be interested in getting Mr. Taft's response to what you just said. Can you just stand down for just a minute?"), and Adidas's counsel simply repeated Defendants' position on damages with respect to Plaintiff's athletic scholarship. (*Id.* at 57:4 – 58:10.)

Again, after Plaintiff's argument concluded, the Court allowed Defendants time for rebuttal, during which Adidas's counsel *twice* argued the position that they now wish to expand on for a third time in their surreply. (*See id.* at 82:8-12 ("You can't say, oh, I've got standing for my out of pocket costs and that's enough to claim treble damages for all of these other types of injuries that were not to my business or property and that are not directly caused by the defendants' conduct."); *see also id.* at 90:8-20 (same).) Thus, there is no basis for Defendants to burden the Court and Plaintiff with another submission that simply repeats these points. If Defendants' compulsion to (again) have the last word justified a surreply, surreplies would be the rule, not the disfavored exceptions.

**II.    DEFENDANTS' CONTINUALLY EVOLVING ARGUMENTS ON RICO STANDING AND DAMAGES FIND NO SUPPORT IN THE LAW THEY CITE**

As courts have widely recognized, the concept of standing—whether Article III's injury-in-fact requirement or RICO's more narrow "direct injury" requirement—requires only that a complaint sufficiently allege the existence of a redressable injury.  In RICO cases, that injury must be to a plaintiff's business or property interests.  *See* 18 U.S.C. § 1964(c).  The Supreme Court's decision in *Sedima, S.P.R.L. v. Imrex Co.* is instructive on this point:

> [T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation . . . . [because] 'a defendant who violates section 1962 is not liable for treble damages to everyone he might have injured by other conduct, nor is the defendant liable to those who have not been injured . . .'  But the statute requires no more than this.  Where the plaintiff alleges each element of the violation, the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise. . . .  Any recoverable damages occurring by reason of a violation of § 1962(c) will flow from the commission of the predicate acts.

473 U.S. 479, 496-97 (1985) (citation omitted) (emphasis added).

Thus, contrary to Defendants' position, the compensable injuries permitted in civil RICO cases are, in fact, those resulting from a direct injury to a plaintiff's business or property interests.  Here, Plaintiff Bowen adequately alleged that his interests in his NCAA eligibility and professional basketball career, among other business and property interests, were directly harmed by Defendants' alleged racketeering activity.  As the *Sedima* Court made clear, "the statute requires no more than this" to establish Plaintiff's standing to bring suit.  *Id.*  Thus, if the Court finds that Plaintiff properly alleged a direct injury to his business or property interests from Defendants' racketeering conduct, he has *legal standing* to bring suit to recover whatever *damages* appropriately flow from those injuries.  While it is true that the damages to be recovered at trial must arise directly from the harm to Plaintiff's business or property interests,

there is no support for Defendants' position that the scope or breadth of those damages should be foreclosed or limited in any way at the pleadings stage without the benefit of discovery.

In fact, none of the cases cited in Defendants' proposed surreply stand for this point. Defendants argue that a West Virginia district court decision establishes the requirement that courts must "analyze a plaintiff's standing to assert each injury," but this is a mere half-truth. (*See* ECF No. 79-1 at 2, citing *Knisely v. Nat'l Better Living Ass'n, Inc*, No. 3:14-CV-15, 2014 WL 4084517, at *7 (N.D.W. Va. Aug. 19, 2014).) The *Knisely* court did not set out to analyze whether the plaintiff had standing to "assert each injury" as if it were required to undertake such an examination; rather, it explained why *none* of plaintiff's alleged injuries was sufficient to establish his standing to bring suit. The first of the two injuries alleged was suffered by a third-party to whom plaintiff owed no obligation, thus the court found the plaintiff suffered no actionable injury. The *Knisely* court thereafter recognized that the plaintiff's second alleged injury was redressable under RICO and would have established standing to bring suit under § 1964(c) had he properly alleged causation, which he failed to do. *See Knisely*, 2014 WL 4084517 at *7. There is nothing remarkable about this case—dismissing a claim seeking recovery for harm done to a third person and another claim for failing to plead causation—that manifests into the broad proposition that damages to a plaintiff's business or property interests should be cutoff at the pleadings stage.

Indeed, when a court finds that a plaintiff lacks standing to bring a suit under RICO, it must necessarily explain *why* each of the alleged injuries is insufficient to establish standing so that decision can be reviewed on appeal. But where, as here, a plaintiff has sufficiently established legal standing under RICO, there is no need to evaluate each alleged injury *seriatum* unless it is plainly obvious that none are redressable under RICO. The other cases cited in Defendants' proposed surreply demonstrate this point. *See, e.g.*, *Warnock v. State Farm Mut.*

7

*Auto. Ins. Co.,* No. 5:08-cv01-DCB-JMR, 2008 WL 4594129, at *4 (S.D. Miss. Oct. 14, 2008) (dismissing claims for damages to non-business or property interests, such as "physical discomfort, mental and emotional distress and anguish" and harm to plaintiff's credit rating); *Korman v. Trusthouse Forte PLC*, No. CIV. A. 89-8734, 1990 WL 83353, at *6 (E.D. Pa. June 15, 1990) (dismissing RICO claims for injuries where causation was lacking).

The only published decision cited by Defendants in support of their position makes clear that summary judgment—not the pleadings stage—is the appropriate point for a court to evaluate which claims of damages may be presented to a jury. *See Castellanos v. Worldwide Distribution Sys. USA, LLC*, 290 F. Supp. 3d 692 (E.D. Mich. 2017). In *Castellanos*, the court considered the parties cross-motions for summary judgment on plaintiff's RICO claims. While dismissing some of the plaintiff's damages claims where discovery failed to produce the requisite admissible evidence to establish harm to a business or property interest, the *Castellanos* court noted that "reasonable inferences flip depending on which motion the court considers" and, therefore, factual disputes on other damages were best suited for a jury to resolve. *Id.* at 699.

The procedural posture in *Castellanos* demonstrates why a plaintiff's claims of injury to business or property interests should not be prematurely cut-off at the pleadings stage. Indeed, the language of Rule 12(b)(6) is instructive on this point: on dismissal, a court looks to whether the plaintiff has stated a claim "upon which relief *may be granted*." Fed. R. Civ. P. 12(b)(6). If so, the case and the claims should move into discovery. Foreclosing any opportunity for Plaintiff to establish his range of damages in discovery where plausible injuries to his business and property interests have been alleged is, therefore, improper. *See Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 265 (4th Cir. 2001) ("[T]he language of § 1964(c) . . . confers RICO standing on 'any person injured in his business or property,' not any person who can quantify the amount of the injury. . . . The best reading of § 1964(c)'s injury to business or

8

property requirement is that it refers to the fact of injury and not the amount."). The Fourth Circuit's holding in *Potomac Electric* preserves the rights of plaintiffs to pursue civil RICO claims where an injury to business or property interests exists, even when the quantum of damages cannot later be established through discovery. *See id.* at 266 ("We conclude that the district court erred in granting summary judgment on the basis of inability to prove the amount of damages; if the motors were not repaired according to specifications *some* amount of damage likely is present, even if PEPCO cannot prove the amount, and a nominal amount of damage is adequate to support liability.").

Here, Plaintiff Bowen has sufficiently alleged injuries to his business and property interests upon which relief may be granted, subject to his meeting the burden of presenting admissible evidence in support of those injuries at trial. Thus, it is inappropriate for Defendants to argue at this stage that the Court must "limit Bowen's RICO claims to *only* that specific, recoverable harm" they alone contend is unascertainable. (ECF No. 79-1 at 4.)

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Joint Motion for Leave to Submit a Supplemental Brief in Support of Their Motions to Dismiss.


Dated: July 26, 2019                    Respectfully submitted,

                                        **McLEOD LAW GROUP, LLC**

                                         /s/ Colin V. Ram
                                        W. Mullins McLeod, Jr.  (Fed ID No.: 7142)
                                        Colin V. Ram (Fed ID No.: 12958)
                                        H. Cooper Wilson, III (Fed ID No.: 10107)
                                        P.O. Box 21624
                                        Charleston, South Carolina 29413
                                        Tel: (843) 277-6655
                                        Fax: (843) 277-6660
                                        *Attorneys for Plaintiff Brian Bowen II*