IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BRIAN BOWEN, II, <br><br> Plaintiff, <br><br> v. <br><br> ADIDAS AMERICA, INC.; JAMES GATTO; MERL CODE; CHRISTIAN DAWKINS; MUNISH SOOD; THOMAS GASSNOLA; and CHRISTOPHER RIVERS, <br><br> Defendants. | C/A No.: 3:18-3118-JFA <br><br><br> **ORDER** |

This matter is before the Court on multiple motions to dismiss ("Motions") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") by Defendants Merl Code ("Code"), adidas America, Inc. ("adidas"), Christopher Rivers ("Rivers"), James Gatto ("Gatto"), and Munish Sood ("Sood") (collectively "Defendants"). (ECF Nos. 27, 29, 30, 33, and 41). The Motions raise nearly identical arguments and are therefore addressed together. For the reasons stated herein, the Motions are granted in part and denied in part.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a talented young basketball player, alleges Defendants derailed his promising career when they engaged in racketeering activity by conspiring to bribe, and actually bribing, Plaintiff's father to steer Plaintiff to play basketball for a university sponsored by adidas (the University of Louisville), thereby violating the rules of the National Collegiate Athletic Association ("NCAA") and rendering Plaintiff ineligible to play top-tier college basketball. (ECF No. 1). Because elite college basketball programs are the proving grounds for lucrative professional careers with the National Basketball Association ("NBA"), Plaintiff alleges the

activity of Defendants' racketeering enterprise ultimately prevented Plaintiff from capitalizing on his talent in the NBA as a first or second-round draft pick. (ECF No. 1). In addition to adidas (which produces and sells basketball shoes and apparel), Defendants include employees of adidas, agents, coaches, and consultants spanning all levels of amateur basketball, whom Plaintiff alleges aimed to boost adidas' market share by bribing parents of prospective student-athletes to play basketball at universities sponsored by adidas. (ECF No. 1).

Plaintiff brings this suit under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1962(a), (c), and (d)), alleging two counts of substantive RICO violations and two counts of conspiracy to violate RICO. (ECF No. 1). The RICO statute requires at least two predicate instances of racketeering activity, which can include sports bribery, wire fraud, and money laundering as alleged by Plaintiff. *See* 18 U.S.C. § 1962 (prohibiting racketeering activity); *see also* 18 U.S.C. § 1961(1) (defining "racketeering activity" to include sports bribery as described in 18 U.S.C. § 224, wire fraud as described in 18 U.S.C. § 1343, and money laundering as described in 18 U.S.C. §§ 1956-57).

Defendants moved to dismiss Plaintiff's case for failure to state plausible claims to relief under Rule 12(b)(6), FRCP. (ECF Nos. 27, 29, 30, 33, and 41). Plaintiff filed an omnibus responsive brief (ECF No. 55) and Defendants filed replies (ECF Nos. 63, 65, 66, 67, and 68). Thereafter, this Court heard oral argument from the parties to these Motions. (ECF No. 77). Defendants subsequently filed a joint motion for leave to submit a supplemental brief in support of their Motions (ECF No. 79), Plaintiff filed a response (ECF No. 80), and Defendants replied (ECF No. 81). Accordingly, the Motions are ripe for review.

## II. LEGAL STANDARD

When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993) (citing *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991)). To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than an unadorned, [']the-defendant-unlawfully-harmed-me['] accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), "in order to 'give the defendant fair notice of what the [. . .] claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

Defendants raise four main arguments: 1) Plaintiff lacks standing to bring his claims against Defendants under RICO, 2) Plaintiff fails to plausibly allege substantive RICO violations by Defendants, 3) Plaintiff fails to plausibly allege Defendants conspired to violate RICO, and 4) Plaintiff is responsible for his father's acceptance of a bribe payment under the doctrine of *in pari*

*delicto*. (ECF Nos. 27, 29, 30, 33, and 41). Additionally, adidas argues Plaintiff fails to plausibly allege adidas is vicariously liable for its employees' involvement in the bribery scheme. (ECF No. 29-1 at 30-33).

The Court disagrees with Defendants' ultimate conclusions. However, some of Defendants' underlying analysis has merit. Within Defendants' challenges both to Plaintiff's standing and Plaintiff's allegations of substantive RICO violation is the contention that Plaintiff fails to plausibly allege at least two predicate acts of racketeering as required by statute. (ECF Nos. 27, 29, 30, 33, and 41). Plaintiff argues Defendants engaged in sports bribery, wire fraud, and money laundering as predicate acts of racketeering. (ECF No. 1). The Court agrees with Defendants that Plaintiff failed to adequately plead sports bribery and wire fraud.

### A. Sports Bribery

Considering all the facts as true and construed in a light most favorable to the Plaintiff as the non-moving party, the allegation of sports bribery is not supported by Plaintiff's pleading. A RICO violation requires multiple predicate acts of racketeering, which can include sports bribery. *See* 18 U.S.C. § 1962 (prohibiting racketeering activity); *see also* 18 U.S.C. § 1961(1) (defining "racketeering activity" to include sports bribery as described in 18 U.S.C. § 224). By statute, sports bribery is the act of carrying into effect (or attempting or conspiring to carry into effect) "any scheme in commerce to influence, in any way, by bribery *any sporting contest*, with knowledge that *the purpose of such scheme is to influence by bribery that contest* . . . ." 18 U.S.C. § 224(a) (emphasis added). Here, however, the purpose of Defendants' alleged conduct was not to influence the outcome of any particular basketball game. Instead, the alleged purpose of the bribery enterprise was more generally to enhance the market share of the adidas brand by steering top high school players to adidas-sponsored schools to advertise adidas products on a national stage.

Although the alleged bribery scheme arguably improved sponsored teams' general performance, the intention was not directed at impacting the outcome of a single sporting event, such as would be the case with bribing a referee to make incorrect calls during a sporting event or bribing a horse jockey to reign in his horse prior to the finish line of a race. Accordingly, Plaintiff is estopped from arguing Defendants engaged in sports bribery as a predicate act of racketeering, either for the sake of establishing standing to sue under RICO or supporting his allegations of RICO violations.

### B. Wire Fraud

Plaintiff failed to plausibly allege Defendants engaged in wire fraud as a predicate act of racketeering. Wire fraud may be alleged as a predicate act of racketeering by a plaintiff seeking to establish a defendant violated RICO. *See* 18 U.S.C. § 1962 (prohibiting racketeering activity); *see also* 18 U.S.C. § 1961(1) (defining "racketeering activity" to include wire fraud as described in 18 U.S.C. § 1343). To plead wire fraud, a plaintiff must plausibly allege "'(1) the existence of a scheme to defraud and (2) the use of . . . a wire communication in furtherance of the scheme.'" *United States v. Jefferson*, 674 F.3d 332, 366 (4th Cir. 2012), *as amended* (Mar. 29, 2012) (quoting *United States v. Curry*, 461 F.3d 452, 457 (4th Cir. 2006)).

Under Fourth Circuit precedent, when wire fraud is asserted as a predicate act in a civil RICO claim it must be pled with particularity pursuant to Rule 9(b), FRCP. *See Jones v. Ram Med., Inc.*, 807 F. Supp. 2d 501, 513 (D.S.C. 2011) (citing *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1137 (4th Cir. 1993)); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ."). "To meet this standard, the complaint must describe 'the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States*

*v. Berkeley Heartlab, Inc.*, 247 F. Supp. 3d 724, 729 (D.S.C. 2017) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)).

Additionally, factual allegations based on "information and belief" are generally inappropriate under Rule 9(b) and insufficient to satisfy Rule 9(b)'s heightened pleading standard. *See*, *e.g.*, *Breckley v. Amway Corp.*, 1989 WL 140397, at *5 (D.S.C. Aug. 24, 1989) (finding the complaint "defective" because it included a number of factual allegations based on information and belief, which the court noted was "generally disallowed of pleadings pursuant to Rule 9(b)"); *see also Ali v. Allergan USA, Inc.*, 2012 WL 3692396, at *18 (E.D. Va. Aug. 23, 2012) (dismissing plaintiff's claim of fraudulent misrepresentation because defendant's alleged misrepresentations were pled "upon information and belief" and thus failed to allege with particularity under Rule 9(b) the time, place, and contents of the alleged fraud).

Here, Plaintiff failed to sufficiently plead his wire fraud allegation with particularity pursuant to Rule 9(b). First, Plaintiff's assertion that Defendants reviewed and approved sham invoices related to a payment to Plaintiff's father in an effort to secure funds for the enterprise's racketeering activity fails to satisfy the heightened pleading requirements of Rule 9(b) applicable to wire fraud because it is pled on information and belief with no additional supporting allegations. *See* (ECF No. 1 at ¶¶ 161, 166-67, 170, 174-75, and 206-07); *see also Breckley*, 1989 WL 140397, at *5; *see also Ali*, 2012 WL 3692396, at *18. Further, while Plaintiff includes a list of alleged sham invoices with dates the invoices were submitted to adidas, dollar amounts requested, and the people who approved them, Plaintiff does not plead when the invoices were allegedly approved, where the invoices were approved, and which invoices were allegedly approved by which people. (ECF No. 1 at ¶¶ 204-206).

In another instance, Plaintiff asserts that Rivers approved a bribe payment of $25,000 in early 2015 to ensure that Dennis Smith, Jr. would attend adidas-sponsored North Carolina State University, which is again pleaded on information and belief with no additional supporting allegations, and thus fails to satisfy the heightened pleading requirements of Rule 9(b). *See* (ECF No. 1 at ¶ 126); *see also Breckley*, 1989 WL 140397, at *5; *see also Ali*, 2012 WL 3692396, at *18. Moreover, Plaintiff fails to identify how any Defendants other than adidas, Thomas Gassnola ("Gassnola"), and Gatto used "the interstate wires in furtherance of" the bribe, which is a required element of wire fraud. *See* (ECF No 1 at 128); *see also Jefferson*, 674 F.3d at 366. As to Rivers in particular, all that is pleaded is that Rivers approved a bribe payment and later discussed this fact with Gassnola.[1] (ECF No. 1 at ¶ 126). These allegations fail to adequately plead with particularity the "who, what, when, where, and how" as required by Rule 9(b) and therefore do not properly plead wire fraud as a predicate act of racketeering.

Again, with regard to Plaintiff's allegation that "adidas, Gatto, Rivers, Gassnola and other Enterprise participants knowingly made, intended to make, or caused or intended to cause others to make false certifications to the University of Louisville and the NCAA regarding the existence of the $100,000 bribe" (ECF No. 1 at ¶ 177), this general allegation is insufficient to satisfy the heightened pleading standard of Rule 9(b) because it fails to identify, among other things, the specific time or place that Defendants allegedly made or caused others to make false certifications regarding Plaintiff's eligibility. The simple allegation that Defendants made a false certification to the University of Louisville regarding the existence of a bribe to Plaintiff's father is the type of allegation Rule 9(b) was designed to deter. *See Gibson v. Confie Ins. Grp. Holdings, Inc.*, 2017

---

[1] The allegations in paragraphs 127-28 of the Complaint relate to additional alleged payments to secure Dennis Smith, Jr.'s attendance at North Carolina State University. The Complaint contains no allegations that Rivers was involved in those additional payments.

WL 2936219, at *3 (D.S.C. July 10, 2017) ("A primary purpose of Rule 9(b) is to ensure 'that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of.'" (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

Despite these deficiencies, however, Plaintiff may remedy them by amending his pleading to include sufficient factual material to meet the heightened pleading standard found in Rule 9(b). Consequently, the Court grants Plaintiff leave to amend his pleading to conform to Rule 9(b).

### C. All Remaining Arguments

As to all remaining arguments in Defendants' Motions, the Court finds Plaintiff has pled sufficient factual material to allege plausible claims to relief.[2]

### IV.   CONCLUSION

Defendants' joint motion for leave to submit a supplemental brief in support of their Motions (ECF No. 79) is denied because all parties involved in the Motions adequately argued the issues raised by Defendants' Motions, both in briefing and at oral argument. After carefully reviewing the applicable laws, the record in this case, and the briefs of the parties, Defendants' Motions are granted as to Plaintiff's allegation that Defendants committed sports bribery as a predicate act of racketeering, and that allegation is accordingly dismissed with prejudice and without leave to refile. Further, Defendants' Motions are granted as to Plaintiff's allegation that Defendants committed wire fraud as a predicate act of racketeering, but Plaintiff is granted leave

---

[2] Although the Court grants Defendants' Motion as to Plaintiff's allegations of sports bribery and wire fraud, the Court denies Defendants' Motions as to Plaintiff's standing due to the leave granted to Plaintiff to amend his pleading to conform his allegations of wire fraud to the heightened pleading standard of Rule 9(b). The Court denies Defendants' Motion as to Plaintiff's plausible allegation of RICO violations for the same reason articulated for denying Defendants' standing argument.

to replead his allegations of wire fraud in a manner consistent with the heightened pleading standard of Rule 9(b), FRCP, within fifteen (15) days of this order. Finally, Defendants' Motions are denied as to all remaining arguments. Accordingly, Defendants' Motions (ECF Nos. 27, 29, 30, 33, and 41) are GRANTED IN PART and DENIED IN PART.

    IT IS SO ORDERED.

| | |
|---|---|
| August 8, 2019 | Joseph F. Anderson, Jr. |
| Columbia, South Carolina | United States District Judge |