# EXHIBIT 10

# Email Correspondence between William Taft and Colin Ram

| | |
|---|---|
| **From:** | Taft, William |
| **Sent:** | Friday, August 21, 2020 12:28 PM |
| **To:** | 'Colin Ram'; 'Mullins McLeod'; 'Cooper Wilson' |
| **Cc:** | 'zzMatthew Richardson'; 'Lucy Dinkins'; Forbes, Matthew |
| **Subject:** | RE: Bowen v adidas |

Dear Colin,

With respect to the confidentiality order, we understand plaintiff's position, agree to disagree, and will proceed to file our motion with the court seeking an order. While this case does involve allegations of criminal conduct against multiple parties, adidas has a legitimate interest in maintaining confidentiality with respect to some its commercially sensitive records. This proposed order provides the framework to address disagreements about specific documents designated confidential. Even if plaintiff's requests do not intentionally target confidential information, they do implicate some non-public, commercially sensitive records. For example, the government's subpoenas to adidas are broad and cover commercially sensitive information and agreements—including records that are not public. Would plaintiffs at least not object to the confidentiality order as a framework to have disagreements over confidential designations so we can make productions more quickly?

Regarding Rule 26(a)(1) disclosures, we had not previously discussed waiving these disclosures, but it seemed like an efficient approach given the comparatively advanced understanding we each have of the facts, witnesses, and documents potentially at issue, and the fact that initial discovery requests have already been served. If plaintiff does not agree to waive these disclosures we would suggest that all parties make their disclosures within two weeks of filing the 26(f) report. Please confirm your preferred approach.

With respect to the scope of discovery described in Section 2, we suggest addressing discovery related to players not mentioned in the Complaint by modifying point (v) as follows: "(v) the conduct of individuals, including Bowen Sr., involved in the alleged schemes to provide bribes to Bowen Jr.'s family and other **high school** players or their families**, including those** named in the Complaint …". Please confirm whether that is acceptable and if you have any other edits.

With respect to an order pursuant to FRE 502(d), our proposed text was incorporated into Paragraph 13 of the confidentiality order that was previously circulated. If you are proposing a separate order on this point, please circulate a draft for our consideration, and we request that the draft include: "When a producing party gives notice to the receiving parties that certain inadvertently produced documents or information are subject to a claim of privilege or other protection (including, without limitation, the attorney-client privilege and the attorney-work product doctrine), the receiving parties must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the party disclosed it before being notified." Otherwise, we will proceed to submit our motion for a confidentiality order with the FRE 502(d) provision as agreed among the other parties (other than Sood and Gassnola).

With respect to the response to Section 3 (ESI), we did not intend to limit the scope of ESI discovery, but only specified types of information that is discoverable. We have no objection to including wire-tapped telephone calls and undercover video. The revised response would read: "The Filing Parties agree that electronically stored information should be produced in native format with reasonably available metadata. The Filing Parties agree that discoverable electronically stored information includes, without limitation, email communications (including messages stored on Gmail, Yahoo and other platforms), text messages, messaging app communications (including WhatsApp, Facebook Messenger, SnapChat and other platforms), social media messages and posts, information stored on internet-based platforms hosted by third-parties (including iCloud, Google Cloud and other cloud computing platforms)**, and audio and**

**video recordings, including, without limitation, wire-tapped telephone calls and undercover video."** Please confirm this is acceptable.

Finally, regarding the privilege log, the proposal to allow for a privilege log identifying withheld documents by category, rather than on a document by document basis, was intended to promote efficiency and address the disproportionate burden imposed on adidas, which as the sole corporate defendant is also likely to possess most of the responsive privileged documents. To address your concern the categorical log could identify, with respect to each category of communications, all individuals engaged those communications. The goal is to reduce the bulk of the log and the time and expense associated in producing and reviewing the log; not to loosen, in any way, the standard for withholding documents. Of course, a privilege log is designed to allow follow-up inquiries where needed. Please confirm if you can agree to this initial approach.

Subject to your responses, we will prepare a revised 26(f) report to all parties for their review and, hopefully, agreement.

Thanks,

Will

---

**From:** Colin Ram [mailto:colin@mcleod-lawgroup.com]
**Sent:** Wednesday, August 19, 2020 15:27
**To:** Taft, William; Mullins McLeod; Cooper Wilson
**Cc:** 'zzMatthew Richardson'; 'Lucy Dinkins'; Forbes, Matthew
**Subject:** RE: Bowen v adidas

Will,

The proposed edit, as written, seems a bit redundant. In any case, we do not believe a confidentiality order in necessary in this case given the underlying conduct is criminal in nature. As previously mentioned, if there are specific documents that warrant heightened protection, we are amenable to discussing those with you as they arise, but we do not believe our discovery requests are targeting trade secret or other confidential information. Assuming we agree to disagree on this issue, you may move forward with your motion for a confidentiality order.

Regarding the 26(f) report, I don't recall us discussing the issue of waiving 26(a)(1) disclosures, so I would appreciate if you could provide us with your reasoning for our consideration. As for the scope of discovery, we believe it will be far broader than that outlined in the draft report. In particular, the pattern element of our racketeering claims is not limited to only those individuals/players who are identified in the complaint. To the extent other players were targeted through the bribery scheme, or other AAU or NCAA Division I coaches and/or Adidas personnel were involved in other bribery attempts, that will necessarily be part of our case in chief.

As for discovery of ESI, we have no issue regarding limits on sources of ESI but we suggest that it if we are going to provide a list of ESI sources, it should include wire-tapped telephone calls and undercover video. No sense in excluding from this list the evidence used to convict Gatto, Code, and Dawkins.

In terms of a R. 502(d) order for inadvertent production of privileged information, we are fine keeping it simple and propose the following standard language:

1. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). 2. Nothing contained herein is intended to or shall serve to limit a party's right to

2

conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

However, we do not believe that documents should be grouped together on a priv log. I have seen too many instances where iterations of documents claimed as privileged were produced to third-parties, so a document-by-document listing is appropriate in our view.

Please let me know if you would like to discuss any of these items.

Best regards,

Colin

**Colin V. Ram** | Attorney | McLeod Law Group LLC
3 Morris Street, Suite A | Charleston, SC 29403
P: 843.277.6655



---

**From:** Taft, William <whtaft@debevoise.com>
**Sent:** Wednesday, August 19, 2020 3:20 PM
**To:** Colin Ram <colin@mcleod-lawgroup.com>; Mullins McLeod <mullins@mcleod-lawgroup.com>; Cooper Wilson <cooper@mcleod-lawgroup.com>
**Cc:** 'zzMatthew Richardson' <mrichardson@wyche.com>; 'Lucy Dinkins' <ldinkins@wyche.com>; Forbes, Matthew <mforbes@debevoise.com>
**Subject:** RE: Bowen v adidas

Colin,

I am following up on my email of last Thursday night, to which I have not received a response, regarding the proposed confidentiality order and joint 26(f) report. Can you please let me know plaintiff's position on these issues? If you would prefer, we could also set up a time to discuss by phone.

Thanks,

Will

**Debevoise
& Plimpton**

Debevoise & Plimpton LLP
**William H. Taft V**
Partner

whtaft@debevoise.com
+1 212 909 6877 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

3

Check out the **Debevoise Coronavirus Resource Center**.

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Taft, William
**Sent:** Thursday, August 13, 2020 22:12
**To:** 'Colin Ram'; 'Mullins McLeod'; 'Cooper Wilson'
**Cc:** 'zzMatthew Richardson'; 'Lucy Dinkins'; Forbes, Matthew
**Subject:** RE: Bowen v adidas

Colin,

Thank you for sharing your views on the drafts.

I believe there is a misunderstanding between us as to the intended scope of the confidentiality order. It was not intended to provide "blanket" confidentiality protection to documents previously disclosed to government prosecutors, although reading the draft in light of your comments I can see that it might be construed that way. Please let me know if it would address your concern if we replaced the sentence added to Paragraph 3 that currently reads "documents produced to governmental entities in the course of an investigation may be designated confidential" with the following alternative language: "**A document produced to governmental entity in the course of an investigation may be designated as confidential provided it otherwise meets the requirements of this paragraph**"?

If that change is acceptable I expect I can quickly secure agreement from the other parties, who all supported the prior version with the exception of Sood (who was neutral) and Gassnola (who hasn't appeared).

Separately, with respect to the 26(f) report, I understand Plaintiff will be filing his own Rule 26.03 responses. Can you please confirm whether Plaintiff is willing to join some or all of Sections 1-6 of the attached 26(f) Report? The other represented parties have signed off on this language and to the extent possible we would like to find common ground. Of course, if you change your position on the confidentiality order we would update sections 4 and 6 to reflect that.

Thanks,

Will

# Debevoise
# &Plimpton

Debevoise & Plimpton LLP
**William H. Taft V**
Partner

whtaft@debevoise.com
+1 212 909 6877 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

Check out the **Debevoise Coronavirus Resource Center**.

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Colin Ram [mailto:colin@mcleod-lawgroup.com]
**Sent:** Tuesday, August 11, 2020 18:51
**To:** Forbes, Matthew; Mullins McLeod; Cooper Wilson; 'bshelton@fingerlaw.com'; 'tfinger@fingerlaw.com'; 'Cory Manning'; 'Rob Lindholm'; 'Wes Moran'; 'Deborah Barbier'; 'jgooding@goingslawfirm.com'; 'rgoings@goingslawfirm.com'; 'zackr@pepperlaw.com'; 'steve@haneygroup.net'; 'wjohnson@ycrlaw.com'
**Cc:** Ceresney, Andrew J.; Richards, Nathan S.; Taft, William; 'zzMatthew Richardson'; 'Lucy Dinkins'
**Subject:** RE: Bowen v adidas

Matt, Will -

Thank you for preparing a first draft of the Rule 26.03 interrogatory responses. Given the number of parties in this case to coordinate with, and that Defendant Gassnola is not presently represented by counsel, it seems more efficient on our end for us to prepare and file our own Rule 26.03 responses in lieu of exchanging drafts with so many folks. We certainly understand if some or all defendants wish to join in a single filing, however. Regarding the Rule 26(f) report, if you want to prepare the standard Rule 26(f) form agreeing that the July 9 scheduling order is appropriate for the case, Plaintiff can join in that filing.

We've considered Adidas's request for a confidentiality order, but we do not believe one is warranted in this case. The allegations here center around criminal activity that targeted high school and college-aged young men, many of whom were minors at the time. For that reason, there is a strong public interest in understanding the nature of what exactly occurred, who had knowledge of it, and who participated in it. Defendants Gatto, Code, and Dawkins have already been convicted for their underlying conduct in this case, and the evidence presented during their criminal trial is already in the public domain, so in that sense the horse has already left the barn.

Yet, your proposed blanket order would cover essentially all evidence in this case—i.e., including over 400,000 pages of documents and other material we estimate to have been produced to federal prosecutors in the *Gatto* case by Adidas and third-parties. Indeed, Gatto recently argued to the Second Circuit that a good amount of evidence involving the bribery scheme was improperly excluded from his criminal trial. So it seems a bit incongruous for him, at least, to agree that some of the evidence that he believes should have been admitted at his public trial in New York should remain confidential in South Carolina.

In sum, we do not believe Adidas's request for confidentiality overcomes the strong presumption of openness in our courts or the requirement for good cause to justify such an order. Of course, if there are particular documents that your client believes warrant heightened protection, we will of course hear you out on those concerns as they arise.

Best regards,

Colin

**Colin V. Ram** | Attorney | McLeod Law Group LLC
3 Morris Street, Suite A | Charleston, SC 29403
P: 843.277.6655



**From:** Forbes, Matthew <mforbes@debevoise.com>
**Sent:** Tuesday, August 11, 2020 2:52 PM
**To:** Mullins McLeod <mullins@mcleod-lawgroup.com>; Colin Ram <colin@mcleod-lawgroup.com>; Cooper Wilson <cooper@mcleod-lawgroup.com>; 'bshelton@fingerlaw.com' <bshelton@fingerlaw.com>; 'tfinger@fingerlaw.com' <tfinger@fingerlaw.com>; 'Cory Manning' <Cory.Manning@nelsonmullins.com>; 'Rob Lindholm' <robert.lindholm@nelsonmullins.com>; 'Wes Moran' <wes.moran@nelsonmullins.com>; 'Deborah Barbier' <dbb@deborahbarbier.com>; 'jgooding@goingslawfirm.com' <jgooding@goingslawfirm.com>; 'rgoings@goingslawfirm.com' <rgoings@goingslawfirm.com>; 'zackr@pepperlaw.com' <zackr@pepperlaw.com>; 'steve@haneygroup.net' <steve@haneygroup.net>; 'wjohnson@ycrlaw.com' <wjohnson@ycrlaw.com>
**Cc:** Ceresney, Andrew J. <aceresney@debevoise.com>; Richards, Nathan S. <nsrichards@debevoise.com>; Taft, William <whtaft@debevoise.com>; 'zzMatthew Richardson' <mrichardson@wyche.com>; 'Lucy Dinkins' <ldinkins@wyche.com>
**Subject:** Bowen v adidas

All,

Attached are proposed drafts of (i) a joint Local Rule 26.03 report, and (ii) a confidentiality order, with a redline against the Court's form order.   adidas, Rivers, and Gatto each support these drafts.

Please let us know if you are willing to sign on behalf of your clients, or if you have comments or would like to discuss.

Thank you,

-Matt

**Debevoise**
**&Plimpton**

**Matthew D. Forbes**
Associate

mforbes@debevoise.com
+1 212 909 6886 (Tel)

919 Third Avenue
New York, NY 10022
www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.