**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| BRIAN BOWEN II, | ) | C.A. NO. 3:18-cv-3118-JFA |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MUNISH SOOD'S MEMORANDUM OF** |
| ADIDAS AMERICA, INC.; JAMES | ) | **LAW IN OPPOSITION TO BRIAN** |
| GATTO; MERL CODE; CHRISTIAN | ) | **BOWEN SR.'S MOTION TO DISMISS** |
| DAWKINS; MUNISH SOOD; THOMAS | ) | |
| GASSNOLA; and CHRISTOPHER | ) | |
| RIVERS, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Defendant Munish Sood ("Mr. Sood"), through his undersigned counsel, submits this Memorandum of Law in Opposition to Brian Bowen Sr.'s Motion to Dismiss the Crossclaim (Docket No. 145). In support of his opposition, Mr. Sood states the following:

I.  **INTRODUCTION**

This action arises from claims by Adidas asserted against Mr. Sood. Specifically, Adidas brings Crossclaims that allege Mr. Sood and others are liable for injuries to Adidas resulting from the misappropriation of Adidas funds. Mr. Sood specifically denies any and all liability alleged against him as he *never* handled any of Adidas' money. If, however, the Court deems Mr. Sood liable to Adidas, Mr. Sood files a contribution claim against Brian Bowen Sr. ("Bowen Sr."). Bowen Sr., not Mr. Sood, accepted $25,000 arranged by Christian Dawkins and paid by Christopher Rivers and Thomas Gassnola, in return for Brian Bowen Jr.'s ("Bowen Jr.") commitment to play on an AAU basketball team sponsored by Adidas. Crossclaims at ¶ 5. Bowen Sr., not Mr. Sood, negotiated payment amounts with Adidas' former employees and

associates in exchange for Bowen Sr. to use his power to cause Bowen Jr. to commit to the University of Louisville. *Id.* at ¶ 7. Bowen Sr., not Mr. Sood, was paid funds that Adidas claims were misappropriated. *Id.* at ¶ 14. Mr. Sood merely acted as a middle man giving Bowen Sr. $19,400 of the government's, not Adidas' money. *Id.* at ¶ 12. If Adidas has sustained any injuries as a result of this alleged scheme and Mr. Sood is deemed liable, Mr. Sood brings this claim for contribution against Bowen Sr.

## II.   STANDARD OF REVIEW

A defendant may move to dismiss cross claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss, the Court "must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor."   *Hildebrand v. MI Windows & Doors, Inc.*, 908 F. Supp. 2d 720, 723 (D.S.C. 2012). When tasked with deciding whether a complaint states a claim for which relief can be granted, a court must determine if the complaint states a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679. The Federal Rule of Civil Procedure 8(a)(2) requires only a "'short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Hildebrand*, 908 F. Supp. 2d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As explained below, Munish Sood's crossclaim as to Bowen Sr. undoubtedly meets the pleading standard set forth by *Twombly* and *Iqbal*.

## III.   ARGUMENT

Bowen Sr.'s Motion to Dismiss the Crossclaim argues that the Court should dismiss Mr. Sood's contribution claim. Additionally, Bowen Sr. argues that the Court should dismiss a claim that Mr. Sood never made, an equitable indemnification claim. *See generally*

Bowen Sr. Br. In the interest of judicial economy, Mr. Sood only addresses Bowen Sr.'s arguments as to the contribution claim, which was adequately pled.

      A.      **Bowen Sr. is a Proper Party in this Action.**

Bowen Sr. argues, without a single legal citation, that he is not a proper cross-defendant in this action — an argument he made in far greater detail in response to Adidas' crossclaims against Bowen Sr. Despite Bowen Sr.' protests, he is a proper cross-defendant.

Specifically, Mr. Sood's crossclaim against Bowen Sr. is permitted by Federal Rule of Civil Procedure 13(g). Pursuant to Rule 13(g), "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, . . . The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." F.R.C.P. 13(g).

This is the precise situation at hand. Here, Mr. Sood brings a crossclaim against a coparty, Bowen Sr., that arises from the "same transaction or occurrence that is the subject matter of [Adidas' crossclaim]." Mr. Sood alleges that coparty, Bowen Sr., is "liable to [Mr. Sood] for all or part of a claim asserted in the action against [Mr. Sood]." Mr. Sood's crossclaim is supported by the plain language of Rule 13(g).

      B.      **Mr. Sood Has Stated a Viable Contribution Claim.**

Bowen Sr. argues that "A defendant cannot deny all liability and at the same time pursue an action for contribution against another party; the claims are simply incompatible." Bowen Sr. Br. at 4. He is wrong. To the contrary, such alternative pleading is expressly allowed by the Federal Rules of Civil Procedure: "The crossclaim may include a claim that the coparty is

or may be liable to the crossclaimant for *all* or part of a claim asserted in the action against the crossclaimant." F.R.C.P. 13(g).

Additionally, this Court routinely allows parties to deny liability while alternatively seeking contribution from a third party. *See, e.g., Simons v. Wal-Mart Stores E., L.P.*, Civil Action No. 8:11-cv-03180-JMC, 2013 U.S. Dist. LEXIS 13497, at *15-16 (noting that Wal-Mart denied all liability, but if deemed liable, Wal-Mart sought contribution from Bank of America); *Michelin N. Am., Inc. v. Klinger Ents, Inc.*, No. 6:18-518-HMH, 2018 U.S. Dist. LEXIS 231143, at *12-13 (D.S.C. Aug. 13, 2018) (denying motion to dismiss contribution claim where cross-Plaintiff alleged "[i]f Klinger becomes jointly or severally liable in tort to Michelin, such liability which is herein denied, Klinger is entitled to contribution from Tire Centers who is also jointly or severally liable in tort to Michelin, in accordance with the South Carolina Contribution Among Tort Feasors Act[.]" (brackets omitted)).

Here, Mr. Sood has properly alleged a claim for contribution against Bowen Sr. Specifically, Mr. Sood adequately alleged common liability in his cross claims. For example, Mr. Sood alleged that "the FBI Agent, posing as 'Jeff DeAngelo,' provided Mr. Sood with the money to pay Bowen Sr.," Crossclaims ¶ 11, and that he paid Bowen Sr. *Id*. at ¶ 12.  He further alleged that "Bowen Sr., not Mr. Sood, was paid the funds that Adidas claims were misappropriated," Crossclaims ¶ 14, and, thus, Bowen Sr. "is liable to Munish Sood for any damages and/or relief which Munish Sood may be liable to Adidas." *Id*. at p. 3. Accordingly, Bowen Sr.'s Motion to Dismiss should be denied.

C. **Mr. Sood's Contribution Claim is Not Premature.**

Bowen Sr. erroneously argues that Mr. Sood's contribution claim is premature. Specifically, he argues that "[C]ontribution may not be enforced in the action until the issue of

liability and resulting damages against the defendant or defendants named in the action is determined." *See* Bowen Sr. Br. at 4 (quoting S.C. Code Ann. § 15-38-40(D)).

This is true. However, this argument has no bearing on the ability of Mr. Sood to bring a contribution claim at this stage in the litigation. Mr. Sood is not looking to enforce a judgement or collect monies, he is simply alleging that if found liable to Adidas, Bowen Sr. is liable to Mr. Sood for all or part of the claim asserted by Adidas. None of Bowen Sr.'s cited cases support that this action is premature. *Charleston Elec. Servs., Inc. v. Rahall*, the only case Bowen Sr. cites in support of this argument, involves an appeal following a judgement from a "master-in-equity trial." *Charleston Elec. Servs. v. Rahall*, 427 S.C. 317, 320, 831 S.E.2d 122, 123 (Ct. App. 2019). It has absolutely no bearing on whether Munish Sood's cross claim is premature and is wholly irrelevant to the argument.

In fact, both the Federal Rules of Civil Procedure and South Carolina case law clearly allow Mr. Sood to assert a contribution claim at this stage of the litigation. F.R.C.P. 13 (g) ("The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant."). For example, in *Lightner v. Duke Power Co.*, this Court held "that a right to contribution, and hence a cause of action for contribution, arises when the underlying tort giving rise to a common liability occurs." *Lightner v. Duke Power Co.*, 719 F. Supp. 1310, 1316 (D.S.C. 1989). This Court in *Lightner* further explained that "the inchoate *right accrues when the common liability arise*s, but the remedy is not available until a tortfeasor pays more than his share of the judgment." *Id.* (emphasis added). Thus, Mr. Sood appropriately asserts his right for contribution at this juncture in the crossclaim against Bowen Sr.

5

Additionally, in *Simons v. Wal-Mart Stores E., L.P.*, Wal-Mart brought a contribution crossclaim against Bank of America. In doing so, Wal-Mart "denied any negligence in th[e] matter, but, [stated that] to the extent that it is found negligent, it seeks to share liability with Bank of America as a joint tortfeasor." *Simons*, 2013 U.S. Dist. LEXIS 13497 at *15. Wal-Mart further noted that "any payments Wal-Mart makes to [Plaintiff] should be offset by Bank of America according to each defendant's relative fault." *Id*. at *6. Bank of America filed a motion to dismiss Wal-Mart's contribution crossclaim, however, the Court denied this motion and stated "Wal-[M]art has sufficiently pleaded its cause of action for contribution[.]" *Id*. Similarly, here, Mr. Sood denies liability in the matter but states to the extent that he is found liable, he shares liability with Bowen Sr. Similarly, here, any payments Mr. Sood makes to Adidas should be offset by Bowen Sr. according to each defendant's relative fault. Similarly, here, Mr. Sood sufficiently pleaded his cause of action for contribution.

Accordingly, any argument by Bowen Sr. that Mr. Sood's contribution claim is premature should be rejected, and his motion to dismiss should be denied.

IV.     **CONCLUSION**

For the forgoing reasons, Munish Sood respectfully requests that the Court deny Brian Bowen Sr.'s Motion to Dismiss the Crossclaim.

< **SIGNATURE BLOCK IS ON NEXT PAGE** >

Respectfully submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire, Federal ID No. 2212
YOUNG CLEMENT RIVERS, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Tel: (843) 724-6659
Email: wjohnson@ycrlaw.com

Richard J. Zack (*pro hac vice*)
Thomas H. Cordova (*pro hac vice* forthcoming)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-4000
Email: Richard.Zack@Troutman.com
Thomas.Cordova@Troutman.com

*Counsel for Defendant Munish Sood*

Charleston, South Carolina

Dated: September 24, 2020