**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| BRIAN BOWEN II, ) | Civil Action No.: 3:18-3118-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PLAINTIFF'S FIRST SET OF** |
| ) | **REQUESTS FOR PRODUCTION TO** |
| ADIDAS AMERICA, INC.; ) | **ADIDAS AMERICA, INC.** |
| JAMES GATTO; MERL CODE; ) | |
| CHRISTIAN DAWKINS; MUNISH ) | |
| SOOD; THOMAS GASSNOLA; and ) | |
| CHRISTOPHER RIVERS ) | |
| ) | |
| Defendants. ) | |
| ) | |

**TO:   MATTHEW RICHARDSON, JAMES COX, LUCY DINKENS, WILLIAM TAFT, AND ANDREW CERESNEY, ATTORNEYS FOR ADIDAS AMERICA, INC.:**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of Federal Rules of Civil Procedure, Plaintiff hereby requests that you produce and permit the undersigned, or someone acting on their behalf, to inspect and/or copy the following documents, materials and/or tangible item at issue within thirty (30) days from the date of this request. In responding to these requests, please refer to the instructions and definitions set forth below. Should you have any remaining questions, please contact the undersigned counsel to resolve. This request shall be deemed continuing and to require supplemental responses if the Defendant obtains further documents or materials between the time of production and the time of trial. If in responding to these requests for production, the Defendant or counsel withholds production of any document, etc., on the ground that it is privileged, please state with respect to each such document:

   (a)   The type of document involved and a general description of its contents;

1

(b) The name, business and/or residence address, telephone numbers and position of the individual from which the document(s) emanated;

(c) The name, business and/or residence address, telephone numbers and position of each individual to whom the document(s) or copies thereof was sent;

(d) The date of the document(s);

(e) The privilege(s) upon which the Defendant relies in withholding the document(s); and,

(f) The facts upon which the Defendant relies in support of its privilege claim over the document(s).

## DEFINITIONS AND INSTRUCTIONS

As used in Plaintiff's requests for production in this case, the following shall be the meaning and sense in which each term is used:

1. As used herein, the terms "Adidas," "you," "your," "Defendant," and "this Defendant" means and includes Adidas America, Inc. and its agents, affiliates, employees, attorneys, contractors, parent companies, subsidiaries, and anyone else acting on its behalf.

2. As used herein, the term "claim" shall mean and include any claims or allegations set forth in any Complaint filed in this action.

3. As used herein, the term "college basketball bribery scheme" refers to the subject matter of the criminal investigation of bribery in NCAA Division I men's college basketball that resulted, in part, in the prosecution of James Gatto, Merl Code, Christian Dawkins, Thomas Gassnola, and Munish Sood.

4. As used herein, the term "date" or any other word relating to a date shall mean the exact date, month and year if ascertainable or if not, the best available approximation.

5. As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall include any tangible

thing upon which information is or has been stored, recorded, or communicated in whatever medium information can be obtained, including without limitation originals, copies or drafts of records, letters, notes, summaries, communications, correspondence, contracts or agreements, memoranda, diaries, calendars, telephone logs, messages, drawings, graphs, charts, presentation, tapes, audio recordings, electronically stored information, electronic mail, photographs or pictures, any data, data compilations or other graphic symbol, and recorded or written materials of any kind whatsoever.  The definition also covers and includes those items which did exist but have since been destroyed or lost.

6. As used herein, the terms "identify" or "identity," when used in reference to:

   a. A natural person, shall mean to state: his or her full name, age, gender, present or last known residence address, present or last known employer and employer address, job title, and the relationship such person had or has to you.

   b. An organization, shall mean to state: the organization's full name, last known address, telephone number, and additionally, if it is a partnership, corporation, or other business entity, the address of its principal place of business.

   c. A document, shall mean to: specifically describe the document with the particularity demanded in a subpoena *duces tecum*, including (but not limited to) each of the following: the document's title, date, author, sending, and recipient, and the identity of the person who presently has custody of the document.

7. As used herein, the term "person" shall mean any natural person and an entity, including any agency, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity, as well as its members, directors, officers, agents, or employees.

8. As used herein, the term "photograph" shall be defined pursuant to Rule 1001(c) of the Federal Rules of Evidence.

9. The words "or," "and," and "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. Any noun used in the singular form shall be construed and applied so as to also include the plural form, and vice versa.

11. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary, to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside their scope.

12. If in responding to the foregoing requests for production you claim any ambiguity in either the request or an applicable definition or instruction, identify in your response the language you consider to be ambiguous and state the interpretation of the language you used to respond.

13. Unless otherwise defined herein, the terms used in these requests for production carry their usual and normal meaning as commonly understood in the English language. To the extent Defendant claims any term is vague, ambiguous or otherwise unclear in its meaning, such term should be understood to carry its most inclusive meaning as it is defined by Merriam-Webster in the online dictionary available at https://www.merriam-webster.com

14. If you object to any portion of any request for production, respond to the portions to which your objection does not apply and state the basis of your objection with specificity.

15. You are required to furnish all information in your possession and all information available to you. This includes all knowledge available to you, your attorney, your employees, and/or officers and agents, by reason of inquiry including inquiry of the representatives.

16. All electronically stored information ("ESI") responsive to a request, such email communications and Microsoft Word documents, should be produced in native format preserving all metadata.

17.     Each of these definitions and instructions is hereby incorporated into each of the requests for production to which it pertains.

## REQUESTS FOR PRODUCTION

1.      Copies of all subpoenas, search warrants, or other formal or informal requests for documents received by Adidas from the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, any other component of the U.S. Department of Justice, the U.S. District Court for the Southern District of New York, the U.S. Securities and Exchange Commission's Division of Enforcement, any state attorney general's office, and any individual criminal defendant, related to the college basketball bribery scheme (regardless of whether the subject matter of the investigation is stated on the face of the subpoena, search warrant, or request). This includes all grand jury subpoenas received by Adidas from 2015 through the present issued by the U.S. Attorney for the Southern District of New York.

2.      Copies of all documents produced by Adidas in response to the above-referenced subpoenas, search warrants, and formal and informal requests for documents. In responding to this request, please produce identical copies of the production(s) made by Adidas to the original requesters, inclusive of all native documents produced, with original bates-numbering intact and original document-level metadata preserved.

3.      Copies of all correspondence and other documents exchanged by Adidas and federal prosecutors and/or law enforcement agents related to the college basketball bribery scheme, including all related electronic and hard copy communications.

4.      Copies of all other documents exchanged between Adidas and federal prosecutors investigating the college basketball bribery scheme not captured in the above-requests. This request includes all presentations, memoranda, legal analysis, and other written submissions

provided to or from federal prosecutors in connection with the college basketball bribery scheme, such as materials exchanged in connection with meetings, proffer sessions, and reverse proffer sessions with prosecutors.

5. Copies of any non-prosecution agreements entered into by Adidas and federal or state prosecutors related to or arising out of the college basketball bribery scheme

6. Copies of all documents generated or obtained through internal investigations conducted by Adidas related to bribery in NCAA Division I sports (including but not limited to the college basketball bribery scheme), including written summaries and reports of such investigations and all documentation of disciplinary decisions resulting from the investigation(s).

7. Copies of the complete personnel, disciplinary, and training files of James Gatto, Christopher Rivers, Merl Code, and Thomas Gassnola, including all documents related to their hiring as Adidas employees and/or contractors, background checks, records of training (including training on internal policies and NCAA bylaws and acknowledgments of receipt and/or review of Adidas's handbooks, policies and procedures, and training materials), assignments, performance, promotions, complaints, internal investigations, compensation, and disciplinary history. This request includes all records in your possession related to any of these individual's past employment prior to their hiring, such as any pre-hiring background checks performed on them.

8. Copies of all correspondence and other documents exchanged between Adidas and Skechers USA, Inc. (including Skechers USA, Inc.'s attorneys, O'Melveny & Myers LLP) related to the following case brought by Skechers alleging Adidas sought to "prop up the reputation and supposed brand appeal of its footwear products" through the college basketball bribery scheme: *Skechers USA, Inc. v. Adidas America, Inc. et al.*, No. 2:18-cv-03882-VAP-AFM (C.D. Cal. 2018 filed May 9, 2018), including all related electronic and hard copy communications.

9. Copies of all correspondence and other documents exchanged between Adidas and the National Collegiate Athletic Association ("NCAA") related to the college basketball bribery scheme, including all related electronic and hard copy communications.

10. Copies of all material received in response to any subpoena or open records request issued by Adidas in this case, along with copies of such requests.

Dated: July 13, 2020                    Respectfully submitted,

**MCLEOD LAW GROUP, LLC**

*[signature]*

W. Mullins McLeod, Jr.  (Fed ID No.: 7142)
Colin V. Ram (Fed ID No.: 12958)
H. Cooper Wilson, III (Fed ID No.: 10107)
P.O. Box 21624
Charleston, South Carolina 29413
Tel: (843) 277-6655
Fax: (843) 277-6660

*Attorneys for the Plaintiff Brian Bowen II*

## CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing was served on each party or counsel of record by mailing or hand delivery in the manner prescribed by the applicable Rule of Civil Procedure.

This 13th day of July, 2020.

_Helen Barley_