# W Y C H E

### Attorneys at Law



August 12, 2020

*Via First Class U.S. Mail and*
*Electronic Mail*
W. Mullins McLeod, Jr.
Colin V. Ram
H. Cooper Wilson, III
McLeod Law Group, LLC
P.O. Box 21624
Charleston, SC 29412

Re:    Brian Bowen II vs. adidas America, Inc., James Gatto, Merl Code, Christian Dawkins,
       Munish Sood, Thomas Gassnola, and Christopher Rivers and adidas America, Inc. v.
       Munish Sood and Thomas Gassnola and Brian Bowen, Sr.
       Civil Action No. 3:18-cv-3118-JFA

Dear Counselors:

Please find enclosed and hereby served upon you the following:

1. adidas America, Inc.'s Responses to Plaintiff Brian Bowen II's First Requests for
   Production of Documents; and
2. Certificate of Service.

Sincerely,

Laura H. Diaz
Litigation Paralegal
ldiaz@wyche.com

Enclosures (As Referenced)

cc: All counsel of record
(via electronic mail only)

## W Y C H E
PROFESSIONAL ASSOCIATION

807 Gervais Street, Suite 301 Columbia, SC 29201
p: 803.254.6542   f: 803.254.6544
www.wyche.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| BRIAN BOWEN, II,<br><br>     Plaintiff,<br><br> v.<br><br>JAMES GATTO, MERL CODE,<br>CHRISTIAN DAWKINS, MUNISH<br>SOOD, THOMAS GASSNOLA, and<br>CHRISTOPHER RIVERS,<br><br>     Defendants,<br><br>and ADIDAS AMERICA, INC.,<br><br>     Defendant-Crossclaimant,<br><br> v.<br><br>MUNISH SOOD and<br>THOMAS GASSNOLA,<br><br>     Defendants-Crossdefendants,<br><br>and BRIAN BOWEN, SR.,<br><br>     Crossdefendant. | C.A. No. 3:18-cv-3118-JFA<br><br>**ADIDAS'S RESPONSES TO PLAINTIFF BRIAN BOWEN II'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant-Crossclaimant adidas America, Inc. ("adidas"), by its undersigned attorneys, hereby responds and objects to Plaintiff Brian Bowen II ("Bowen Jr.")'s First Requests for Production of Documents, dated July 13, 2020 (the "Requests"). Subject to the following general and specific objections, and upon entry of a confidentiality order for the protection of confidential materials, adidas will produce to Plaintiff copies of non-privileged, responsive documents as described

below that exist and are located after a reasonable search and that are within its possession, custody, and control.

These responses are based on the information currently available to adidas. adidas reserves the right to amend, supplement, or modify its responses and objections at any time in the event that it obtains additional or different information as discovery is ongoing.

## INTRODUCTORY STATEMENT

1. Nothing in adidas's responses and objections herein shall be construed as a waiver of adidas's rights to (*i*) object on the grounds of competency, relevance, materiality, hearsay, or any other proper grounds, to the use of any information provided in these responses for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (*ii*) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these documents; or (*iii*) assert the attorney-client privilege, the work product doctrine, or any other privilege or right.

2. Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity, or protection. adidas specifically reserves the right to demand the return of any documents that inadvertently may be produced during discovery if adidas determines, in its sole discretion, that such documents may contain privileged information.

## GENERAL OBJECTIONS

3. adidas objects to the Requests, Definitions and Instructions where they are unbounded in time or scope. Unless otherwise stated, adidas will respond to the Requests, Definitions and Instructions by producing documents since September 26, 2017.

4.      adidas objects to each of the Requests that seek documents or things reflecting proprietary, confidential, or sensitive business information of adidas or other individuals or entities who have entrusted confidential information to adidas, on the grounds that such production would intrude into and interfere with the confidential affairs of adidas and others. adidas will produce responsive proprietary, confidential, or sensitive business information and trade secrets after entry of and in accordance with a protective confidentiality order entered by the Court.

5.      adidas objects to Definition No. 5 as unduly burdensome insofar as it purports to define "Document" to "include[] those items which did exist but have since been destroyed or lost." This definition imposes an obligation on adidas broader than that required by the Federal and Local Rules and any other applicable statutes, rules, and laws.

6.      adidas objects to Instruction No. 3 as vague, ambiguous, and not reasonably particular because it refers to "the subject matter of the criminal investigation of bribery in NCAA Division I men's college basketball." This definition is unduly burdensome, unbounded in time or scope, and refers to an investigation undertaken by others with an unknown scope and time. For the purpose of providing meaningful responses, adidas will interpret the phrase "college basketball bribery scheme" to identify the subject matter of the criminal prosecution of James Gatto, Merl Code, Christian Dawkins, Munish Sood, and Thomas Gassnola.

7.      adidas objects to Instruction No. 15 as unduly burdensome because it purports to impose an obligation on adidas broader than that required by the Federal and Local Rules and any other applicable statutes, rules, and laws.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

### Request No. 1

Copies of all subpoenas, search warrants, or other formal or informal requests for documents received by Adidas from the U.S. Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, any other component of the U.S. Department of Justice, the U.S. District Court for the Southern District of New York, the U.S. Securities and Exchange Commission's Division of Enforcement, any state attorney general's office, and any individual criminal defendant, related to the college basketball bribery scheme (regardless of whether the subject matter of the investigation is stated on the face of the subpoena, search warrant, or request). This includes all grand jury subpoenas received by Adidas from 2015 through the present issued by the U.S. Attorney for the Southern District of New York.

### Response to Request No. 1

adidas objects to Request No. 1 on the grounds that it (1) is overbroad and unduly burdensome to the extent that it requests the aforementioned documents "regardless of whether the subject matter of the investigation is stated on the face of the subpoena, search warrant, or request," and (2) seeks "copies of all subpoenas, search warrants, or other formal informal requests" concerning the subject matters of the Request and "all grand jury subpoenas received by adidas from 2015 through the present issued by the U.S. Attorney for the Southern District of New York," which would include documents irrelevant to the claims or defenses in this action.

Subject to and without waiving the foregoing specific and general objections, adidas will produce copies of all subpoenas, search warrants, and other requests for documents received by adidas from the U.S. Attorney's Office for the Southern District of New York related to the college basketball bribery scheme as defined in Paragraph 6 above.

### Request No. 2

Copies of all documents produced by Adidas in response to the above-referenced subpoenas, search warrants, and formal and informal requests for documents. In responding to this request, please produce identical copies of the production(s) made by Adidas to the original requesters, inclusive of all native documents produced, with original bates-numbering intact and original document-level metadata preserved.

**Response to Request No. 2**

adidas objects to Request No. 2 on the grounds that it seeks "all documents produced" concerning the subject matters of the Request, which would include documents irrelevant to the claims or defenses in this action.

Subject to and without waiving the foregoing general and specific objections, adidas will produce copies of all documents that it produced to the U.S. Attorney's Office for the Southern District of New York related to the college basketball bribery scheme as defined in Paragraph 6 above. As requested, adidas will produce "identical copies of the production(s) made by Adidas . . . inclusive of all native documents produced, with original bates-numbering intact and original document-level metadata preserved."

**Request No. 3**

Copies of all correspondence and other documents exchanged by Adidas and federal prosecutors and/or law enforcement agents related to the college basketball bribery scheme, including all related electronic and hard copy communications.

**Response to Request No. 3**

adidas objects to Request No. 3 on the grounds that it (1) is overbroad and unduly burdensome to the extent that it seeks "all correspondence and other documents exchanged," which would include information not relevant to the claims and defenses in this action, (2) it is vague, ambiguous, and not reasonably particular because it requests "all related electronic and hard copy communications."

Subject to and without waiving the foregoing general and specific objections, adidas will produce documents constituting presentations, memoranda, legal analysis, and representations of fact exchanged between adidas and prosecutors from the U.S. Attorney's Office for the Southern District of New York within adidas's possession, custody, and control concerning the college basketball bribery scheme as defined in Paragraph 6 above.

**Request No. 4**

Copies of all other documents exchanged between Adidas and federal prosecutors investigating the college basketball bribery scheme not captured in the above-requests. This request includes all presentations, memoranda, legal analysis, and other written submissions provided to or from federal prosecutors in connection with the college basketball bribery scheme, such as materials exchanged in connection with meetings, proffer sessions, and reverse proffer sessions with prosecutors.

**Response to Request No. 4**

adidas objects to Request No. 4 on the grounds that it (1) is overbroad and unduly burdensome because it seeks "all other documents exchanged" concerning the subject matters of the Request, which would include documents irrelevant to the claims or defenses in this action; and (2) is vague, ambiguous, and not reasonably particular because Plaintiff fails to define the terms and/or phrases "all other documents exchanged."

Subject to and without waiving the foregoing general and specific objections, adidas will produce documents constituting presentations, memoranda, legal analysis, and representations of fact exchanged between adidas and prosecutors from the U.S. Attorney's Office for the Southern District of New York within adidas's possession, custody, and control concerning the college basketball bribery scheme as defined in Paragraph 6 above.

**Request No. 5**

Copies of any non-prosecution agreements entered into by Adidas and federal or state prosecutors related to or arising out of the college basketball bribery scheme.

**Response to Request No. 5**

No such documents exist.

**Request No. 6**

Copies of all documents generated or obtained through internal investigations conducted by Adidas related to bribery in NCAA Division I sports (including but not limited to the college basketball bribery scheme), including written summaries and reports of such investigations and all documentation of disciplinary decisions resulting from the investigation(s).

6

**Response to Request No. 6**

adidas objects to Request No. 6 on the grounds that it (1) is overbroad, unduly

burdensome, and disproportionate to the needs of the case because it is unbounded in time and

seeks "all documents generated or obtained through internal investigations conducted by adidas

related to bribery in NCAA Division I sports," which would include production of documents

that are irrelevant to the claims or defenses in this action, and (2) calls for "written summaries

and reports of [internal investigations]," protected by attorney-client privilege, work product

immunity, or other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, adidas will

produce documents summarizing any disciplinary decisions resulting from investigations during

the time period defined in Paragraph 3 above.

**Request No. 7**

Copies of the complete personnel, disciplinary, and training files of James Gatto,
Christopher Rivers, Merl Code, and Thomas Gassnola, including all documents related to their
hiring as Adidas employees and/or contractors, background checks, records of training
(including training on internal policies and NCAA bylaws and acknowledgments of receipt
and/or review of Adidas's handbooks, policies and procedures, and training materials),
assignments, performance, promotions, complaints, internal investigations, compensation, and
disciplinary history. This request includes all records in your possession related to any of these
individual's past employment prior to their hiring, such as any pre-hiring background checks
performed on them.

**Response to Request No. 7**

adidas objects to Request No. 7 on the grounds that it (1) is overbroad, unduly

burdensome, and disproportionate to the needs of the case because it is unbounded in time and

seeks documents relating to past employment, training (including training policies and

procedures), assignments, performance, promotions, complaints and internal investigations

unrelated to the subject matter of this case; and (2) seeks documents relating to complaints,

internal investigations and disciplinary history that are protected by attorney-client privilege, work product immunity, or other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, adidas will produce (1) copies of the personnel, disciplinary, and training files of James Gatto, Christopher Rivers, Merl Code, and Thomas Gassnola; (2) copies of employment agreements and/or consulting agreements between adidas and James Gatto, Christopher Rivers, Merl Code, and Thomas Gassnola in effect at any time after January 1, 2013; and (3) documents sufficient to show the compensation paid to James Gatto, Christopher Rivers, Merl Code, and Thomas Gassnola by adidas from January 1, 2013 to the present.

**Request No. 8**

Copies of all correspondence and other documents exchanged between Adidas and Skechers USA, Inc. (including Skechers USA, Inc.'s attorneys, O'Melveny & Myers LLP) related to the following case brought by Skechers alleging Adidas sought to "prop up the reputation and supposed brand appeal of its footwear products" through the college basketball bribery scheme: Skechers USA, Inc. v. Adidas America, Inc. et al., No. 2:18-cv-03882-VAP-AFM (C.D. Cal. 2018 filed May 9, 2018), including all related electronic and hard copy communications.

**Response to Request No. 8**

adidas objects to Request No. 8 on the grounds that it seeks documents concerning a patent dispute unrelated to the college basketball bribery scheme as defined in Paragraph 6 above, which would include documents irrelevant to the claims or defenses in this action.

Subject to and without waiving the foregoing general and specific objections, adidas will produce copies of all correspondence between adidas and Skechers USA, Inc., including Skechers USA, Inc.'s attorneys, O'Melveny & Myers LLP, related to *Skechers USA, Inc. v. Adidas America, Inc.*, No. 2:18-cv-03882-VAP-AFM (C.D. Cal. filed May 9, 2018).

8

**Request No. 9**

Copies of all correspondence and other documents exchanged between Adidas and the National Collegiate Athletic Association ("NCAA") related to the college basketball bribery scheme, including all related electronic and hard copy communications.

**Response to Request No. 9**

adidas objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case in that it seeks production of documents that are irrelevant to the claims or defenses in this action, and would require an unduly extensive and unnecessarily expensive search.

Subject to and without waiving the foregoing general and specific objections, adidas will produce copies of all correspondence between adidas and the NCAA related to the college basketball bribery scheme as defined in Paragraph 6 above.

**Request No. 10**

Copies of all material received in response to any subpoena or open records request issued by Adidas in this case, along with copies of such requests.

**Response to Request No. 10**

adidas objects to Request No. 10 on the grounds that it is vague, ambiguous, and not reasonably particular because Plaintiff fails to define the term and/or phrase "open records request issued by Adidas in this case."

Subject to and without waiving the foregoing general and specific objections, adidas will produce any materials received from non-parties in response to any subpoena issued by adidas in this case, together with copies of those subpoenas.

9

Dated: August 12, 2020

Respectfully submitted,

Matthew T. Richardson (D.S.C. Id. No. 7791)
Mary Lucille ("Lucy") Dinkins (D.S.C. No. 11961)
WYCHE
807 Gervais Street, Suite 301
Columbia, South Carolina 29201
Tel: (803) 254-6542
mrichardson@wyche.com
ldinkins@wyche.com

Andrew J. Ceresney (admitted *pro hac vice*)
William H. Taft V (admitted *pro hac vice*)
Nathan S. Richards (admitted *pro hac vice*)
Matthew D. Forbes (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
aceresney@debevoise.com
whtaft@debevoise.com
nsrichards@debevoise.com
mforbes@debevoise.com

*Counsel to Defendant-Crossclaimant adidas America Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

BRIAN BOWEN, II,

               Plaintiff,

    v.

JAMES GATTO, MERL CODE,
CHRISTIAN DAWKINS, MUNISH
SOOD, THOMAS GASSNOLA, and
CHRISTOPHER RIVERS,

               Defendants,

and ADIDAS AMERICA, INC.,

               Defendant-Crossclaimant,

    v.

MUNISH SOOD and
THOMAS GASSNOLA,

               Defendants-Crossdefendants,

and BRIAN BOWEN, SR.,

               Crossdefendant.

C.A. No. 3:18-cv-3118-JFA

**CERTIFICATE OF
SERVICE**

The undersigned hereby certifies that she served the foregoing **adidas America, Inc.'s**

**Responses to Plaintiff Brian Bowen II's First Requests for Production of Documents** upon

counsel for Plaintiff by causing a copy of the same to be served by First Class U.S. Mail and

Electronic Mail this 12th day of August, 2020, addressed as follows:

W. Mullins McLeod, Jr.
Colin V. Ram
H. Cooper Wilson, III
McLeod Law Group, LLC
P.O. Box 21624
Charleston, SC 29412

August 12, 2020

Laura H. Diaz, Paralegal