

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

October 16, 2020

BY EMAIL

Colin V. Ram
McLeod Law Group LLC
3 Morris Street, Suite A
Charleston, SC  29403

**Discovery Meet-and-Confer Conferences**

Dear Mr. Ram:

I write to confirm the representations made and agreements reached between Plaintiff Brian Bowen Jr. and adidas America, Inc. during our recent meet-and-confer conferences.  This letter discusses our conversations regarding (I) Plaintiff's responses and objections to adidas's First Set of Requests for Production of Documents, served on August 7, 2020 and (II) adidas's responses and objections to Plaintiff's First Set of Requests for Production of Documents, served on July 13, 2020.

**I.      Plaintiff's Responses to Adidas Requests**

We held meet-and-confer conferences regarding Plaintiff's responses to adidas's requests on October 1, 2, and 6, 2020.  The following is a summary of our discussions:

Definition of Representatives

With regard to Plaintiff's objection to the term "representatives," which is defined in adidas's requests, adidas maintains that the term is not vague.  It applies to any individual with whom an agency relationship can be reasonably said to exist.  However, in an effort to move production forward, adidas has replaced the term in certain of the below-identified requests with more specific terms.  adidas reserves the right to revisit this issue.

REQUEST 1

Plaintiff acknowledges that Plaintiff's mother is within the definition of "representatives" for purposes of this request and will produce such documents responsive to Request 1 that are in Plaintiff's custody and control.  Plaintiff also acknowledges that this request not only covers the schools in which Plaintiff was actually enrolled, but also the high schools which Plaintiff considered attending, because they are relevant to Plaintiff's decision-making process, especially given that Plaintiff's father acknowledged in sworn testimony that he received bribes in exchange for Plaintiff's decision to attend La Lumiere High School.

Colin V. Ram                                    2                           October 16, 2020

adidas acknowledges that unsolicited solicitations that Plaintiff received from high schools to which he, his father, or mother did not respond are not responsive to this request. In addition, Plaintiff need not produce documents related to his high school disciplinary record. However, adidas maintains that high school transcripts are potentially relevant to the claims and defenses of this case and are therefore discoverable, given that Plaintiff alleges in his complaint that Plaintiff was uniquely harmed due to the academic opportunities he lost as a result of adidas's alleged actions. In response, Plaintiff agrees to take adidas's position under consideration and notify adidas about whether he will produce information responsive to this request.

In light to these discussions, adidas restates Request 1 as follows:

> **All documents concerning communications between or among Bowen Jr., Bowen Sr., or Carrie Malacke and coaches, coaching staff and trainers, staff members of athletic departments or high school athletic department sponsors of** ~~any of Bowen Jr.'s or Bowen Sr.'s representatives and any representatives of~~ **Arthur Hill High School in Saginaw, Michigan; La Lumiere High School in La Porte, Indiana; or any other high school Bowen Jr., Bowen Sr. or Carrie Malacke engaged in communications with** relating to:
>
> a) Bowen Jr.'s actual or prospective enrollment as a student;
>
> b) Bowen Jr.'s decision to ~~participation~~ participate on the school basketball team;
>
> c) Bowen Jr.'s development, prospects, and performance as a basketball player, including but not limited to assessments of Bowen Jr.'s skills and deficiencies;
>
> d) Bowen Jr.'s high school transcripts ~~and disciplinary records~~;
>
> e) Bowen Jr.'s choice of whether and where to attend college; and/or
>
> f) any financial inquiries, offers, requests, solicitations, agreements, transactions on commitments involving Bowen Jr. or Bowen Sr., whether contemplated or completed **relating to the purpose of inducing Bowen Jr. to play basketball for a particular high school team**

REQUEST 2

adidas maintains that the proper temporal scope for this request is January 1, 2013 to the present, because Plaintiff's father began accepting bribes near the beginning of Plaintiff's high school career, if not earlier. In response to Plaintiff's objections to as to overbreadth, adidas restates Request 2 as follows:

> **All documents concerning communications between or among Bowen Jr., Bowen Sr., or Carrie Malacke** ~~any of Bowen Jr.'s or Bowen Sr.'s~~

Colin V. Ram                                      3                              October 16, 2020

> ~~representatives and any representatives of any~~ **and coaches, coaching staff and trainers, AAU team sponsors or AAU team administrators for any** AAU team **that Bowen Jr., Bowen Sr., or Carrie Malacke engaged with**, including but not limited to the Jason Richardson Ballers, Dorian's Pride, Michigan Mustangs, and the Mean Streets, relating to:
>
>> a) Bowen Jr.'s **decision to** participat**e**~~ion~~ ~~in~~ **on an** AAU basketball **team**;
>>
>> b) Bowen Jr.'s development, prospects, and performance as a basketball player, including but not limited to assessments of Bowen Jr.'s skills and deficiencies;
>>
>> c) Bowen Jr.'s college selection or education;
>>
>> d) Bowen Jr.'s prospects as a professional basketball player; and/or
>>
>> e) any financial inquiries, offers, requests, solicitations, agreements, transactions or commitments involving Bowen Jr. or Bowen Sr., whether contemplated or completed **relating to the** ~~improper~~ **purpose of inducing Bowen Jr. to play basketball for a particular high school team**.

REQUEST 3

adidas maintains that the proper temporal scope of this request is January 1, 2013 to the present. Plaintiff agrees to produce documents that are responsive to this request, including applications for admissions and scholarship information for the University of Louisville and the University of South Carolina. With regard to additional responsive documents, the Parties agree to revisit the request following adidas's receipt of Plaintiff's initial production.

REQUEST 4

adidas disagrees with Plaintiff's objection that response to this Request will require an overly burdensome review, but in an effort to narrow the issues for the purpose of facilitating Plaintiff's initial production, adidas agrees to limit the request to documents discussing the relevant subject matters (rather than encompassing all documents related to those subjects). For these purposes, adidas restates this request as follows:

> **All documents and communications discussing~~relating to~~ Bowen Jr.'s eligibility and/or ineligibility to participate in college athletics, including without limitation:**
>
>> a) Bowen Jr.'s eligibility to participate in college athletics at the University of Louisville or the University of South Carolina;
>>
>> b) certifications of eligibility signed by him and/or family members;

Colin V. Ram                                     4                              October 16, 2020

> c) Bowen Jr.'s potential reinstatement of eligibility;
>
> d) the University of Louisville's decision not to seek reinstatement of Bowen Jr.'s eligibility;
>
> e) the University of South Carolina's request for reinstatement of Bowen Jr.'s eligibility;
>
> f) the NCAA's consideration and decision of the request for reinstatement of Bowen Jr.'s eligibility;
>
> g) the implications of any financial inquiries, offers, requests, solicitations, agreements, transactions or commitments involving Bowen Jr. or Bowen Sr. on Bowen Jr.'s eligibility; and/or
>
> h) the impact, if any, of Bowen Jr.'s ineligibility to participate in college athletics on his future earnings or development as a player.

REQUEST 5

adidas accepts Plaintiff's proffer, except that, in addition, adidas requires that Plaintiff produce all communications discussing scholarships that Plaintiff was offered at the University of Louisville or University of South Carolina.

REQUEST 6

adidas accepts Plaintiff's proffer, except that, in addition, adidas requires that Plaintiff produce all documents that show the costs that Plaintiff incurred as a result of his decision to withdraw from the University of South Carolina.

REQUEST 7

adidas accepts Plaintiff's proffer.

REQUEST 8

adidas maintains that the appropriate temporal scope for this request is January 1, 2013 to the present, given that Bowen Sr. testified to receiving money from AAU teams throughout Bowen Jr.'s high school career. adidas also maintains that Plaintiff's proffer is insufficient for this request to the extent it limits the production of documents to Bowen Jr.'s "decision of where to play Division I college basketball." Instead, adidas maintains that documents concerning communications between Bowen Jr. and Bowen Sr. relating to Bowen Jr.'s decision to play basketball on various high school, AAU, and professional teams are also discoverable because these communications are potentially relevant to Bowen Jr.'s NCAA eligibility, standing and alleged damages. In response, Plaintiff agrees to take adidas's position under consideration and notify adidas about whether he will produce information responsive to this request.

Colin V. Ram                                    5                          October 16, 2020

REQUEST 9

adidas accepts Plaintiff's response to this request.  Plaintiff states he has no documents that are responsive to this request, other than the exhibits presented at S.D.N.Y. trials.

REQUEST 10

adidas maintains that the appropriate temporal scope for this request is from January 1, 2013. In an effort to narrow the issues for the purpose of facilitating Plaintiff's initial protection, adidas restates this request as follows:

> **All documents concerning communications between or among Bowen Jr., Bowen Sr., or ~~-~~ Carrie Malacke and employees and agents ~~or any of Bowen Jr.'s or Bowen Sr.'s representatives and representatives~~ of any sports athletic apparel company, including but not limited to adidas, Nike, and Under Armour relating to inducements, gifts, or benefits Bowen Jr. may have received in connection with Bowen Jr.'s participation in a sporting event, team, or program.**

REQUEST 11

adidas accepts Plaintiff's response to this request, except that adidas asserts that the following documents are responsive and must be produced:  documents concerning communications with the NCAA, including documents in Plaintiff's custody or control relating to Plaintiff's or any other third party's communications with the NCAA.  adidas maintains that any documents concerning communications with the NCAA and relating to Plaintiff's decision to withdraw from the University of South Carolina are also responsive.

REQUEST 12

adidas maintains that the appropriate temporal scope for this request is January 1, 2013 to present.  The Parties agree that documents responsive to this request include documents and communications relating to received or potential benefits to Bowen Jr. that relate to Bowen Jr.'s status as a professional basketball player. Plaintiff also agrees that responsive documents should not be limited to Plaintiff's senior year of high school through the time he declared for the 2019 NBA draft, as Plaintiff originally proffered.  Plaintiff will produce statements of earnings relating to Bowen Jr.'s status as a professional basketball player, but Plaintiff refuses to produce "copies of checks, bank statements reflecting transactions or payments, and documents reflecting receipt of goods or services" as requested.  adidas maintains that such documents are potentially relevant to determining whether adidas's alleged conduct caused Plaintiff's alleged injuries, and the scope of  Plaintiff's damages.  In response to Plaintiff's comments on the term "benefit," adidas defines the term as follows:

> **Benefit.  The term "Benefit" refers to any thing or service of value that is offered to Plaintiff in connection with his participation on a basketball team**

Colin V. Ram                                  6                           October 16, 2020

> that is not generally made available on equal terms to all members of the team.

REQUEST 13

adidas does not accept Plaintiff's proffer in response to this request to produce only communications with the NBA, the NBA Players Association, or NBA teams regarding his decision to participate and/or withdraw from the 2018 and 2019 NBA drafts. adidas maintains that communications with agents or potential agents, past coaches, teammates, or other peers and immediate family are also responsive to this request. All communications that reflect Plaintiff's decision making as to whether to participate in the NBA draft, in any year, are responsive to the request and are potentially relevant to as to whether adidas's alleged conduct caused Plaintiff's alleged injuries. In an effort to narrow the issues for the purpose of facilitating Plaintiff's initial production, adidas restates this request as follows:

> **All documents and communications relating to (i) Bowen Jr.'s decision to participate~~ion~~ or decision not to participate in the NBA draft, including, ~~without limitation,~~ Bowen Jr.'s decision to declare for the 2018 and 2019 NBA drafts~~, Bowen Jr.'s~~ and his decision to withdraw from the 2018 NBA draft, (ii) his performance in the NBA Draft Combine and NBA Team workouts, and (iii) communications concerning his prospects for being drafted.**

REQUEST 14

Plaintiff agrees that Request 14 seeks potentially relevant information. In an effort to narrow the issues for the purpose of facilitating Plaintiff's initial production, adidas restates this request as follows:

> **All documents and communications between Bowen Jr. and coaches, the coaching staff, trainers, and administrators of the Sydney Kings, agents or potential agents regarding Bowen Jr.'s decision ~~relating to Bowen Jr.'s decision~~ to play professional basketball in Australia for the Sydney Kings and discussions regarding Bowen Jr.'s prospects and development as a basketball player.**

REQUEST 15

In an effort to narrow the issues for the purpose of facilitating Plaintiff's initial protection, adidas offered for the purposes of Plaintiff's initial production to limit this request to any executed contracts with any sports agents. Such contracts are potentially relevant to Plaintiff's purported damages, as a portion of Plaintiff's expected compensation would have gone to Plaintiff's agent instead of to him, and the contracts may be probative of the market value for Plaintiff's services as a professional athlete. Despite adidas's attempt to limit this request, Plaintiff refuses to produce any documents in response to this request and has confirmed that it is withholding documents responsive to this request.

Colin V. Ram                                7                            October 16, 2020

REQUEST 16

adidas maintains that January 1, 2013 to the present is the appropriate temporal scope for this request.  adidas maintains that what Plaintiff proffers to produce in response to this request is insufficient, as adidas is entitled to discovery regarding Plaintiff's realistic prospects for a successful professional career, and not merely the impact (if any) of Plaintiff's lack of experience competing in NCAA Division I basketball on his career prospects.  In an effort to narrow the issues for the purpose of facilitating Plaintiff's initial production, adidas restates this request as follows:

> **All documents and communications between or among Bowen Jr., Bowen Sr., or Carrie Malacke and high school, AAU, college or professional basketball coaches and coaching staff, agents and potential agents, or representatives of any professional basketball team or organization relating to Bowen Jr.'s development, prospects, and performance as a basketball player, including but not limited to, (a) assessments of Bowen Jr.'s skills and deficiencies by coaches, scouts, and professional teams; (b) the impact, if any, of Bowen Jr.'s lack of experience playing college basketball; and (c) the impact, if any, of Bowen Jr.'s experience playing professional basketball for the Sydney Kings.**

REQUEST 17

adidas accepts Plaintiff's proffer to produce "copies of his executed professional basketball contracts to play in the NBA, NBA G League, and Australia's National Basketball League." However, adidas also requires documents and communications relating to any offers to play basketball professionally, regardless of whether he accepted them, as these would be potentially relevant in determining whether Plaintiff turned down more lucrative offers to play for other teams.  Plaintiff has agreed to produce responsive documents accordingly.

REQUEST 18

Plaintiff proffers to produce "statements of income and compensation he received as a professional basketball player, including sponsorship agreements, endorsement contracts, appearance fees, and player contracts."  adidas maintains that Plaintiff's tax returns are also potentially relevant and discoverable, as they may provide income and earnings information not included in statements of income, and Plaintiff's income is potentially relevant to his damages in this case.  Plaintiff refuses to produce his tax returns. adidas reserves the right to renew this request for production after reviewing the documents proffered by Plaintiff in response to Request 18.

REQUEST 19

Despite Plaintiff's objections, adidas maintains that documents concerning Bowen Jr's medical condition are highly relevant to an NBA player's draft prospects, assessments of a player's long-term viability in the NBA, and prospects for a successful career as a professional athlete.

Colin V. Ram					8					October 16, 2020

Plaintiff acknowledges that Bowen Jr's medical condition is potentially relevant to his performance in the NBA, but further objects that the request is overly broad. In an effort to facilitate Plaintiff's initial production of documents, adidas requests that Plaintiff initially produce the medical information that Plaintiff provided to the NBA to demonstrate his fitness and medical condition. In response, Plaintiff agrees to take adidas's position under consideration and notify adidas about whether he will produce information responsive to this request.

REQUEST 20

adidas accepts Plaintiff's proffer for this request.

REQUEST 21

adidas seeks all documents concerning communications with teammates or other players about the subject matter of this litigation. Plaintiff agrees to conduct a reasonable search for and produce documents responsive to this request.

REQUEST 22

adidas is requesting communications with all individuals who are current or former coaches, currently or formerly serve on coaching staffs, or are current or former representatives of current or former coaches or individuals on coaching staffs, relating to the alleged "Adidas Bribery Enterprise." Plaintiff agrees to conduct a reasonable search for and produce communications with all individuals who are current or former coaches or are currently serving or formerly served on coaching staffs that relate to the alleged "Adidas Bribery Enterprises."

REQUESTS 23 and 24

Plaintiff states there are no documents responsive to these requests.

REQUESTS 25-28

adidas accepts Plaintiff's responses to these requests.

**II.     adidas's Responses to Plaintiff's Requests**

A meet-and-confer conference regarding adidas's responses to Plaintiff's requests was held on September 25, 2020. The following is a summary of this conference

GENERAL OBJECTIONS:

In response to Plaintiff's questions regarding adidas's General Objections numbers three, four and six, adidas represents that adidas is not withholding any responsive documents on the basis of these objections.

Colin V. Ram                                       9                            October 16, 2020

REQUESTS 1 and 2

adidas is not withholding any responsive documents on the basis of its objections to Requests 1 or 2.

REQUESTS 3 and 4

Consistent with adidas's objections to these requests, the only documents that adidas is withholding are non-substantive communications with federal prosecutors, such as communications that concern the scheduling of calls or meetings, and other administrative matters. adidas will produce non-privileged documents constituting presentations, memoranda, legal analysis, and representations of fact exchanged between adidas and prosecutors.

REQUEST 5

adidas does not have custody or control over any documents that are responsive to this request.

REQUEST 6

adidas maintains its objections to this request. There are no internal reports of the internal investigation conducted by adidas related to the subject matter of this litigation that are not privileged. Plaintiff asked if any internal reports contained non-privileged exhibits that were not included in adidas's productions to the U.S. Attorney's Office for the Southern District of New York. adidas will conduct a reasonable search for and produce any such non-privileged exhibits that were not included in adidas's productions to the U.S. Attorney's Office for the Southern District of New York.

REQUEST 7

adidas maintains its objections to this request to the extent it seeks copies of agreements that are not recorded in personnel files and were not in force on or after January 1, 2013. That date is the beginning of the temporal scope of time for potentially relevant documents in this case, and a search for agreements that were not in force on that date and are not recorded in personnel files would be unduly burdensome.

REQUEST 8

adidas will conduct a reasonable search for and produce substantive correspondence with opposing counsel, O'Melveny & Myers LLP, regarding the identified case. adidas maintains its objection on grounds of relevance and overbreadth to the request for "all related electronic and hard copy communications" and is withholding documents based on that objection.

REQUEST 9

Consistent with adidas's objections to these requests, adidas is withholding non-substantive communications with the NCAA, such communications that concern the scheduling calls or meetings, and other administrative matters.

Colin V. Ram    10    October 16, 2020

REQUEST 10

Plaintiff clarified that "open records requests" refers to Freedom of Information Act requests or public information requests. adidas represents that it has made no such requests and therefore has no documents responsive to Request 10.

**III.    Conclusion**

adidas requires Plaintiff's immediate production of documents responsive to adidas's requests. Plaintiff made his initial partial production of documents in response to adidas's requests only yesterday. To the extent you have responses to this letter, disagree with any aspect of the account of our conferences, or wish to resolve any outstanding disputes, please reply promptly, and in any event by October 23rd. adidas reserves its right to compel Plaintiff to comply with its discovery obligations under the applicable rules.

Sincerely,

*/s/ Matthew D. Forbes*

Matthew D. Forbes