UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BRIAN BOWEN, II,<br><br>      Plaintiff,<br><br>  v.<br><br>JAMES GATTO, MERL CODE, CHRISTIAN DAWKINS, MUNISH SOOD, THOMAS GASSNOLA, and CHRISTOPHER RIVERS,<br><br>      Defendants,<br><br>and ADIDAS AMERICA, INC.,<br><br>      Defendant-Cross Claimant,<br><br>  v.<br><br>MUNISH SOOD and THOMAS GASSNOLA,<br><br>      Defendants-Cross Defendants,<br><br>and BRIAN BOWEN, SR.,<br><br>      Cross Defendant. | NO. 3:18-CV-3118-JFA |

**DECLARATION OF SARA VANDERHOFF**

I, Sara Vanderhoff, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare as follows:

1.    I am the Associate General Counsel for Global Brands & Trademarks for adidas International, Inc. in which capacity I represent Defendant adidas America, Inc. and the other entities in the adidas Group (collectively, "adidas") as their attorney ("adidas"). I submit this

declaration on personal knowledge and in support of adidas's memorandum in opposition to Plaintiff Brian Bowen Jr.'s motion to compel. I am over the age of 18 and competent to testify.

2.  adidas and Skechers USA, Inc. ("Skechers") are business competitors in the athletic footwear market. The two companies have long engaged in intellectual property disputes in courts and forums around the world, including before U.S. federal courts, German courts, and the U.S. Patent and Trademark Office. These intellectual property disputes, which are significant to both companies' businesses, have centered primarily on adidas's patents, trademarks, and trade dress for its footwear products.

3.  In 2018, Skechers and adidas engaged in negotiations to resolve their then-pending intellectual property disputes. Toward the end of those negotiations, Skechers filed an action against adidas, captioned *Skechers USA, Inc. v. Adidas America, Inc.*, No. 2:18-cv-03882 (C.D. Cal.) ("C.D. Cal. case"), asserting false advertising and unfair competition claims against adidas relating to alleged improper payments to basketball players. Those claims and the alleged facts underlying them had nothing whatsoever to do with the parties' intellectual property disputes. In my view, Skechers initiated the C.D. Cal. case in a transparent attempt to create leverage in the settlement negotiations. Accordingly, this negotiation tactic went nowhere—Skechers never served adidas with the summons and compliant, and there were no substantive communications about the claims in the C.D. Cal. case at any time between the parties.

4.  In May 2018, adidas and Skechers agreed to resolve all outstanding intellectual property disputes and entered into a confidential and commercially sensitive 70-page global settlement agreement ("Global IP Settlement"). The Global IP Settlement contains a release that extended to a number of intellectual property cases. Although the C.D. Cal. case was never served by Skechers on adidas, the release in the Global IP Settlement extended to that action,

too. To give context to the release, the Global IP Settlement also briefly states that Skechers filed the C.D. Cal. case and that adidas denied the factual claims in the case and any related liability. These are the only references to the C.D. Cal. case in the 70-page Global IP Settlement.

5.      The Global IP Settlement contains a confidentiality clause, because of the commercially sensitive intellectual property that is at issue in the settlement. That clause prohibits the parties from revealing its contents and terms, except under certain limited circumstances and with certain preconditions, including providing the non-disclosing party with the ability to seek protections.

6.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Portland, Oregon, on this seventh day of December, 2020.

*Sara M. Vanderhoff*

Sara Vanderhoff