IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Brian Bowen, II, <br><br> Plaintiff, <br><br> v. <br><br> Adidas America, Inc., James Gatto, Merl Code, Christian Dawkins, Munish Sood, Thomas Gassnola, and Christopher Rivers, <br><br> Defendants. <br><br> v. <br><br> Brian Bowen, Sr. <br><br> Cross-defendant. | C/A No.: 3:18-3118-JFA <br><br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Plaintiff Brian Bowen Jr.'s ("Plaintiff") motion to compel (ECF No. 168) directed at Defendant Christian Dawkins ("Dawkins" or "Defendant"). After a hearing before this Court on February 3, 2021, the Court took the matter under advisement. Having reviewed the briefs, related authorities submitted by the parties, and the record in this case, the Court denies Plaintiff's motion for the reasons described below.[1]

---

[1] The factual history underlying this case is set out at length in this Court's previous order (ECF No. 159) and need not be recounted herein to resolve the current discovery issues before the Court.

1

I.   **DISCUSSION**

Dawkins opposes Plaintiff's motion to compel solely on the basis that production of such evidence would violate the protective orders in place in two separate criminal appeals. Dawkins claims to possess what he characterizes as highly relevant documents that support his defense in this case but asserts this allegedly exculpatory material is subject to two "very active separate Protective Orders out of the Southern District of New York." (ECF No. 173) (referring to *United States v. Gatto*, No. 1:17-cr-00686-LAK and *United States v. Evans*, No. 1:17-cr-00684-ER). In his response in opposition, Dawkins opines that "regrettably until further Order of either this Court, or the Southern District of New York, [production of such materials] is interpreted to be barred." (ECF No. 173). Further, he agrees "the evidence is relevant" and would "gladly provide" it upon an order from this Court compelling its production. (ECF No. 173). Unfortunately, Dawkins implies the undersigned has the authority or willingness to modify the existing protective orders issued by two other federal judges, Judge Ramos and Judge Kaplan. That is not the case.

Principles of comity and respect for preexisting judicial orders generally compel the parties to return to the court that issued the existing protective order for any modifications. In fact, "[c]ourts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity, courtesy, and where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism." *Tucker v. Ohtsu Tire & Rubber Co., Ltd.,* 191

F.R.D. 495, 499–500 (D. Md. 2000) (citing *Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp.,* 111 F.R.D. 65, 67–68 (D. P.R. 1986) (concluding that the proper way for a third party to challenge a protective order is to move to intervene in the action in which it was issued, and principles of comity require a subsequent court to await a ruling by the court that issued the order); *Dushkin Pub'g Group, Inc. v. Kinko's Serv. Corp.,* 136 F.R.D. 334, 335 (D.D.C. 1991) (declining as a matter of comity and respect for another federal court to modify a protective order issued by the other court and instead requiring the party seeking the modification to first go to the issuing court).

As a matter of comity and courtesy, this Court respects the protective orders issued by the District Court for the Southern District of New York. Therefore, the Court will not compel production of discovery materials shielded by such protective orders. To the extent that the parties should desire to obtain those materials, that request should be addressed to the issuing courts in the Southern District of New York. Therefore, the parties should return to the courts that initially issued the respective protective orders to seek relief and request appropriate modifications. The Court instructs Plaintiff and Defendant to file a joint motion in each court requesting authorization or modification allowing for disclosure of the discovery sought in this civil case. The joint motion shall be filed within fourteen days of the date this order is entered. Should relief be granted, this Court anticipates filing its own protective order with substantially similar limitations to effectuate the same protections.

## II.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is denied (ECF No. 168) as it seeks discovery and other documents shielded pursuant to the protective orders issued by Judge Ramos and Judge Kaplan in the Southern District of New York.

IT IS SO ORDERED.

February 5, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge