

Deposition of:

# 30(B)(6)  John  Carns- De Bene Esse

*April 15, 2021*

In the Matter of:

## Bowen v. Adidas

Veritext Legal Solutions

800.743.DEPO (3376) | Calendar-carolinas@veritext.com  |
www.veritext.com

30(B)(6)  John  Carns- De Bene Esse                      April 15, 2021
Bowen v. Adidas

Page 1

1              IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF SOUTH CAROLINA

3                    COLUMBIA DIVISION

4                  C/A NO.: 3:18-3118-JFA

5

6                    BRIAN BOWEN II,

7                      Plaintiff,

8

9                          V.

10

11     ADIDAS AMERICA, INC.; JAMES GATTO; MERL CODE; CHRISTIAN

12      DAWKINS; MUNISH SOOD; THOMAS GASSNOLA; AND CHRISTOPHER

13                        RIVERS,

14                    Defendants.

15

16

17

18

19

20

21

22     VIDEOTAPED VIEOTELECONFERENCE

23     DEPONENT:  JOHN CARNS  30(B)(6) DE BENE ESSE

24     DATE:      APRIL 15, 2021

25     REPORTER:  LINDSEY N. JOHNSON

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 2

1                              APPEARANCES

2

3        ON BEHALF OF THE PLAINTIFF:

4        W. Mullins McLeod, Jr., Esq.

5        McLeod Law Group, LLC

6        3 Morris Street

7        Suite A

8        Post Office Box 21624

9        Charleston, South Carolina 29403

10       Telephone No.: 843-277-6655

11       E-mail: Mullins@mcleod-lawgroup.com

12       (Appeared Via Videoconference)

13

14       ON BEHALF OF THE DEFENDANT, CHRISTOPHER RIVERS:

15       Robert L. Lindholm, Esq.

16       Nelson Mullins Riley & Scarborough, LLP

17       One Wells Fargo Center

18       23rd Floor

19       301 South College Street

20       Charlotte, North Carolina 28202

21       Telephone No.: 704-417-3000

22       E-mail: Robert.lindholm@nelsonmullins.com

23       (Appeared Via Videoconference)

24

25

Page 3

1                    APPEARANCES (CONTINUED)

2

3      Wesley T. Moran, Esq.

4      Nelson Mullins Riley & Scarborough, LLP

5      Pinnacle Corporate Center

6      3751 Robert M. Grissom Parkway

7      Suite 300

8      Myrtle Beach, South Carolina 29577

9      Telephone No.: 843-448-3500

10     E-mail: Wes.moran@nelsonmullins.com

11     (Appeared Via Videoconference)

12

13     ON BEHALF OF THE DEFENDANT, ADIDAS AMERICA, INC.:

14     William H. Taft, V, Esq.

15     Tristan M. Ellis, Esq.

16     Debevoise & Plimpton, LLP

17     919 Third Avenue

18     New York, New York 10022

19     Telephone No.: 212-909-6000

20     E-mail: Whtaft@debevoise.com

21     E-mail: Tmellis@debevoise.com

22     (Appeared Via Videoconference)

23

24

25

Page 4

```
 1                   APPEARANCES (CONTINUED)

 2

 3     ON BEHALF OF THE DEFENDANT, JAMES GATTO:

 4     Deborah B. Barbier, Esq.

 5     Deborah Barbier, Attorney at Law

 6     1811 Pickens Street

 7     Columbia, South Carolina 29201

 8     Telephone No.: 803-445-1032

 9     E-mail: Dbb@deborahbarbier.com

10     (Appeared Via Videoconference)

11

12     ON BEHALF OF THE CROSS-CLAIM DEFENDANT, BRIAN BOWEN,

13     SR.:

14     Christopher M. Paschal, Esq.

15     Goings Law Firm, LLC

16     1510 Calhoun Street

17     Columbia, South Carolina 29201

18     Telephone No.: 803-350-9230

19     E-mail: Cpashcal@goingslawfirm.com

20     (Appeared Via Videoconference)

21

22

23

24

25
```

30(B)(6) John Carns- De Bene Esse                                April 15, 2021
Bowen v. Adidas

Page 5

1                    APPEARANCES (CONTINUED)

2

3       ON BEHALF OF THE DEPONENT:

4       Grahmn N. Morgan, Esq.

5       Dinsmore & Shohl, LLP

6       100 West Main Street

7       Suite 900

8       Lexington, Kentucky 40507

9       Telephone No.: 859-425-1000

10      E-mail: Grahmn.morgan@dinsmore.com

11      (Appeared Via Videoconference)

12

13

14      Also Present:

15      Ryan Adkins, Videographer/Videoconference Host

16

17

18

19

20

21

22

23

24

25

Page 6

1                        INDEX

2                                              Page

3     PROCEEDINGS                               9

4     DIRECT EXAMINATION BY MR. MCLEOD          11

5

6

7                      EXHIBITS

8     Exhibit                                  Page

9     Exhibit 1 - Plaintiff's Amended Cross Notice    11

10                of Videotaped Deposition for Use at

11                Trial of Rule 30(b)(6) Deposition of

12                University of Louisville (de benne esse)

13    Exhibit 2 - ULAA introduction                14

14    Exhibit 3 - Endorsement/Sponsorship Agreement    20

15    Exhibit 4 - Excerpts from NCAA Division 1    26

16                Manual August 2016-2017

17    Exhibit 5 - NCAA Amateurism Certification    32

18                Process Frequently Asked Questions

19    Exhibit 6 - Excerpt of Amateurism and        36

20                Athletics Eligibility Bylaws

21    Exhibit 7 - Notice of Allegations to the     59

22                President of University of Louisville

23    Exhibit 8 - Letter from Dinsmore & Shohl to    70

24                McLeod Law Group dated April 13, 2021

25

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 7

1                        EXHIBITS  (CONTINUED)

2      Exhibit                                              Page

3      Exhibit 9 - Excerpt of Mr. Carns' testimony    93

4                   in SDNY case on October 3, 2018

5      Exhibit 10 - Excerpt of Mr. Carns' testimony   98

6                   in SDNY case on October 4, 2018

7      Exhibit 11 - E-mail string Bates-stamped       109

8                   ULAA 056792 though ULAA 056795

9      Exhibit 12 - Text message log                  112

10     Exhibit 14 - Text message log                  114

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

30(B)(6)  John  Carns- De Bene Esse                        April 15, 2021
Bowen v. Adidas

Page 8

1                           STIPULATIONS

2

3        The Plaintiff's noticed 30(b)(6) deposition of JOHN

4        CARNS was taken at the office of Kentuckiana Court

5        Reporters, located at 730 West Main Street, Suite 101,

6        Louisville, Kentucky, 40202, via videoconference in

7        which all participants attended remotely, on Thursday,

8        the 15th day of April, 2021, at 3:45 p.m.; said

9        deposition was taken pursuant to the Federal Rules of

10       Civil Procedure.  The oath in this matter was sworn

11       remotely pursuant to FRCP 30.

12

13       It is agreed that Lindsey N. Johnson, being a Notary

14       Public and Court Reporter, may swear the witness and

15       that the reading and signing of the completed transcript

16       by the witness is not waived.

17

18

19

20

21

22

23

24

25

Page 9

1               PROCEEDINGS

2

3         VIDEOGRAPHER:  My name is Ryan Adkins.  I'm the

4    video technician today.  Lindsey Johnson is the

5    court reporter.

6         Today is Thursday, April 15, 2021.  The time is

7    3:45 p.m. We're convened by videoconference to take

8    the 30(b)(6) deposition of the University of

9    Louisville, taken by the plaintiff in the matter of

10   Brian Bowen, II, versus Adidas America,

11   Incorporated, James Gatto, Merl Code, Christian

12   Dawkins, Munish Sood, Thomas Gassnola, and

13   Christopher Rivers, pending in the United States

14   District Court for the District of South Carolina,

15   Columbia Division, Civil Action number

16   3:18-3118-JFA.

17        Will counsel please identify themselves for the

18   record?

19        MR. MCLEOD:  This is Mullins McLeod on behalf

20   of Brian Bowen, Junior.

21        MS. BARBIER:  Deborah Barbier on behalf of the

22   defendant, James Gatto.

23        MR. PASCHAL:  This is Christopher Paschal on

24   behalf of Brian Bowen, Senior.

25        MR. TAFT:  This is Will Taft on behalf of

30(B)(6)  John  Carns- De Bene Esse                        April 15, 2021
Bowen v. Adidas

                                                              Page 10

1      Adidas America.  I'm joined by Tristan Ellis.
2           MR. LINDHOLM:  Robert Lindholm on behalf of
3      defendant, Christopher Rivers.  I'm also joined by
4      my colleague, Wes Moran.
5           MR. MORGAN:  Grahmn Morgan on behalf of the
6      University of Louisville and John Carns.
7           VIDEOGRAPHER:  Will the court reporter please
8      swear the witness?
9           COURT REPORTER:  Mr. Carns, will you please
10     hold your driver's license up to the camera and wait
11     until it is focused?
12          Do all counsel present agree that the witness
13     is, in fact, Mr. Carnes?
14          MR. MORGAN:  Agreed.
15          MR. MCLEOD:  Agreed on behalf of Brian Bowen,
16     Junior.
17          MR. TAFT:  Agreed on behalf of Adidas America.
18          MS. BARBIER:  Agreed on behalf of James Gatto.
19          MR. LINDHOLM:  Agreed on behalf of Christopher
20     Rivers.
21          COURT REPORTER:  I think we had two people
22     talking at once.  Mr. Paschal, I think that you were
23     not heard.
24          MR. PASCHAL:  Okay.  That is who he is, and on
25     behalf of Brian Bowen, Senior, we're good to go.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

                                                        Page 11

1              COURT REPORTER:  Thank you.  Mr. Carnes, will

2         you please raise your right hand?  Do you swear or

3         affirm that the testimony you are about to give will

4         be the truth, the whole truth, and nothing but the

5         truth?

6              THE WITNESS:  I do.

7              COURT REPORTER:  Thank you.  Mr. McLeod.

8              (EXHIBIT 1 MARKED FOR IDENTIFICATION)

9              DIRECT EXAMINATION

10    BY MR. MCLEOD:

11         Q.   Mr. Carns, good afternoon.  How are you, sir?

12         A.   I'm good.  Thank you.

13         Q.   Good.  Can you hear me okay?

14         A.   Yes.

15         Q.   Good.  I'm going to ask you some questions,

16    obviously, about this case, and the most important

17    thing, sir, is that if you don't understand one of my

18    questions, will you please just let me know?

19         A.   Yes.

20         Q.   My purpose is not to trick you in any way.

21    All I want to hear today, for the benefit of this jury,

22    is your best, most truthful testimony on some matters

23    that are of pretty significant importance to my client;

24    is that fair?

25         A.   Yes, it is.

30(B)(6) John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 12

1          Q.   And so is it fair for me to assume if you

2     answer a question, you have, in fact, understood the

3     question?

4          A.   Yes.

5          Q.   Thank you, sir.  First off, let me ask you,

6     your title at the University of Louisville is actually

7     with the association; is that correct?

8          A.   Yes.

9          Q.   And could you share with the jury, please,

10    sir, whether the University of Louisville Athletic

11    Association is a separate entity than the

12    publicly-funded university academic side?

13             MR. MORGAN:  Objection to form.  Outside the

14        scope of the noticed deposition topics.

15             If you know, you can answer.  If you don't

16        know...

17         A.   I'm appointed by the University of Louisville

18    board.

19             I'm considered a University of Louisville

20    employee, however.

21    BY MR. MCLEOD:

22         Q.   Okay.  Do you understand, sir, that the

23    University of Louisville Athletic Association is a

24    non-profit legal entity?

25             MR. MORGAN:  Same objection.

30(B)(6)  John  Carns- De Bene Esse                      April 15, 2021
Bowen v. Adidas

Page 13

1          A.    Yes.

2          Q.    And, sir, do you understand that basically the

3    way that the athletics department is structured at the

4    University of Louisville, the association that is ULAA

5    governs all matters relating to student athletics at the

6    university; is that correct?

7          A.    No.  I don't believe that's correct.

8          Q.    Well, isn't it true, sir, that ULAA, again,

9    that's Athletic Association, has total and complete

10   control over matters like eligibility?

11         MR. MORGAN:  Objection to form.

12         A.    No, I do not believe -- I do not believe

13   that's correct.

14         MR. MCLEOD:  Just give us two seconds, please,

15         sir.

16         MR. TAFT:  Mullins, while we're waiting, can

17         counsel stipulate that objection to form is

18         objection for all parties?

19         MR. MCLEOD:  Well, this is the de bene esse, so

20         you-all have got to make your objections for the

21         record including all objections, so that's the way

22         this one will be done.

23         MR. TAFT:  So you want all counsel for each

24         party to make their objections?

25         MR. MCLEOD:  Correct.

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 14

1            MR. LINDHOLM:  Mullins, as to form, if I think

2       Will was just asking to form.

3            MR. MCLEOD:  As to form, I don't have -- as to

4       form, an objection of one is an objection to all,

5       but, otherwise, each represented party has the

6       burden of making their objections in a timely manner

7       during the trial testimony.

8            MR. TAFT:  Understood.  I was asking as to

9       form.

10   BY MR. MCLEOD:

11      Q.   Let me show you, Mr. Carns, this is a document

12   right now I'm just marking for the identification

13   purposes only, and it's Exhibit number 2, and this

14   information I just pulled off the website, and I'll give

15   you a minute just to review it real quickly, and I'm

16   just going to ask you whether or not -- a couple of

17   questions off of it, and then we'll get moving. How's

18   that?

19            (EXHIBIT 2 MARKED FOR IDENTIFICATION)

20      A.   Where is the document?

21      Q.   It's Exhibit 2.

22      A.   Okay.

23      Q.   Mr. Carns, if you would, please, sir, take a

24   minute and review that exhibit and tell me after you've

25   had a chance to, and we'll get going.

Page 15

1           MR. MORGAN:  I'm going to object again to the

2      deposition question on the basis that this is not

3      within the scope of the topics that we received for

4      this deposition.

5           Corporate structure, corporate formality, board

6      of directors, etcetera, is not within the scope of

7      that.

8           MR. MCLEOD:  I understand.  And this is not

9      going to take long at all.  I've just got to lay the

10     foundation for the fact that the Athletic

11     Association is a separate corporate entity,

12     particularly in light of the questions that were

13     elicited from him about the academic side and

14     whether or not he was declared eligible or

15     ineligible, so this shouldn't take but about five

16     minutes.

17  BY MR. MCLEOD:

18      Q.   Have you had a chance to look at Exhibit 2,

19  Mr. Carns?

20      A.   Yes.

21      Q.   All right.  And is it true, sir, that at the

22  University of Louisville, the athletics department is

23  within a legal entity known as the University of

24  Louisville Athletic Association, Inc.?

25           MR. MORGAN:  Objection to form.

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 16

1         A.    Yes.

2         Q.    And is that legal entity a non-profit, sir?

3         A.    Yes.

4         Q.    And -- I need exhibit -- looking at Exhibit

5    number 2 -- hold on one second.

6         A.    Yes.

7         Q.    So you see Exhibit 2, sir?

8         A.    Yes.

9         Q.    All right.  And according to this document,

10   the ULAA, the Athletic Association is a non-profit.  Do

11   you see that and agree with that, sir?

12        A.    Yes.

13        Q.    And under the first bullet point, this

14   document indicates that, "The Athletic Association

15   adopts and enforces the necessary rules and regulations

16   governing all questions pertaining to the eligibility of

17   players."  Do you agree with that, sir?

18        A.    That's how it reads, yes.

19        Q.    And the -- additionally, Exhibit 2 indicates

20   that -- that, "The Athletic Association has the power to

21   enforce and deal with intercollegiate relations."  Do

22   you see that?

23        A.    Yes.

24        Q.    And do you agree that the Athletic Association

25   does, in fact, have the power and authority to deal with

Page 17

1    the NCAA as it relates to Louisville athletics?

2              MR. TAFT:  Object to form.

3         A.   I agree to that to the -- through the people

4    that they appoint to do that, yes.

5         Q.   Right.  Well, I'll tell you what, make it

6    easy, how about just read, for the benefit of the ladies

7    and gentlemen of the jury, the first bullet point

8    beginning with the word "adopt" and ending with the word

9    "athletics"?

10        A.   "Adopt and enforce the necessary rules and

11   regulations governing all questions pertaining to the

12   eligibility of players, intercollegiate relations, and

13   membership in associations of universities and colleges

14   organized for the regulation of athletics."

15        Q.   Okay.  And, Mr. Carns, based upon your work

16   history at the University of Louisville and with regard

17   to compliance with NCAA bylaws and regulations, is what

18   you just read, for the benefit of the ladies and

19   gentlemen of the jury, consistent with your

20   understanding of the powers of the Athletic Association?

21             MR. MORGAN:  Objection to form.  Outside of the

22        scope of the topics requested of this witness as a

23        corporate representative.  I don't think any of your

24        topics, Mr. Mullins, even touched on the subject of

25        corporate authority.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 18

1    BY MR. MCLEOD:

2         Q.   You can answer, sir.

3         A.   Again, to the degree that -- the people that

4    they appoint to the positions within athletics enforces

5    those rules or works to enforce those rules, yes, I

6    would agree.

7         Q.   And when you say, "who they appoint," who are

8    you referring to, sir?

9         A.   To myself, the athletic director, the senior

10   staff.

11        Q.   But who is "they" that you're referring to?

12             MR. MORGAN:  Same objection.

13        A.   The Athletic Association.

14        Q.   Okay.  And is it true, sir, that at the

15   University of Louisville, the Athletic Association is

16   the entity that has the power and the authority to

17   handle matters such as player eligibility?

18             MR. MORGAN:  Objection to form.

19        A.   To the degree they appoint persons to do that,

20   yes.

21        Q.   All right.  And coming down further on

22   Exhibit 2, does the Athletic Association at the

23   University of Louisville also have the authority to

24   borrow money, guarantee debts, and give its notice,

25   notes, or other obligations, therefore, and a secure

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 19

1    payment thereof by pledging, assigning, or mortgaging

2    any property it may own?

3         A.   Yes.

4         Q.   And at the University of Louisville, does the

5    Athletic Association have the specific right, based upon

6    the corporate governing documents, to market and promote

7    the University of Louisville intercollegiate athletic

8    activities?

9         A.   Yes.

10        Q.   And, sir, the powers that we just covered,

11   were those powers also in place in calendar years 2016,

12   2017 through the present?

13        A.   To my knowledge, yes.

14        Q.   And, Mr. Carns, the contract that Louisville

15   Athletic Association entered into with Adidas was

16   entered into by the Athletic Association itself; isn't

17   that correct?

18            MR. MORGAN:  Objection.  Outside the scope of

19        the deposition topic and notice.

20            If you know, you can answer.  If you don't

21        know...

22        A.   I do not know.

23            MR. MCLEOD:  Okay.  Will you show me the

24        Louisville contract apparel sponsor deal dated --

25        this one.

30(B)(6)  John  Carns- De Bene Esse                      April 15, 2021
Bowen v. Adidas

Page 20

1                   (EXHIBIT 3 MARKED FOR IDENTIFICATION)

2        BY MR. MCLEOD:

3              Q.   Mr. Carns, do you have Exhibit 3 on your

4        screen?

5              A.   Yes, I do.

6              Q.   All right.  Let me first ask you:  You've seen

7        this document before, have you not?

8              A.   Yes.

9              Q.   And the athletic department -- or the Athletic

10       Association at Louisville entered into a contract with

11       Adidas dated July 1, 2014; is that correct?

12             A.   Yes.

13             Q.   And is what is before you in Exhibit 3 a fair

14       and accurate copy of the original contract between the

15       Athletic association and the apparel sponsor, Adidas?

16                  MR. MORGAN:  Objection to form.  Outside the

17            scope of this witness's notice of deposition.

18                  If you know...

19             A.   That's how it reads, yes.

20             Q.   All right.  Now, I'm going to show you the

21       amendment to this contract.

22                  MR. MORGAN:  Is this a separate exhibit?

23                  MR. MCLEOD:  Well, it may be in the same.

24            Actually, it is the same, so...

25       BY MR. MCLEOD:

30(B)(6)  John  Carns- De Bene Esse                                          April 15, 2021
Bowen v. Adidas

Page 21

1       Q.    All right.  Mr. Carns, what is Exhibit 3 is a

2    document entitled, "Endorsement Sponsorship Agreement,"

3    and it bears Bates stamp number ADID3164-A through

4    31667.  Do you see that?

5       A.    It's the same document we were on?

6       Q.    Yes, sir.

7       A.    Yes, I see it.

8       Q.    And is this the contract that was entered into

9    between

10   Adidas and the Athletic Association with regard to the

11   apparel rights and sponsorship rights at the college?

12      A.    Yes.

13      Q.    I'll come back to that in a bit.  So, Mr.

14   Carns, would it be fair to say that at Louisville, the

15   Athletic Association is the entity that controls and

16   governs the intercollegiate athletics that take place

17   there at the university?

18          MR. MORGAN:  Objection to form.

19      A.    To the extent that they appoint persons to

20   take those -- to undertake those duties, yes.

21      Q.    Okay.  And with regard to fielding of teams,

22   is it the Athletic Association that has the

23   responsibility to field athletic teams on behalf of the

24   university and intercollegiate play?

25          MR. MORGAN:  Objection to form.  Again, this

30(B)(6)  John  Carns- De Bene Esse

Bowen v. Adidas

April 15, 2021

Page 22

1       witness is not here on behalf of ULAA.  Unless I'm

2       missing something, you did not ask anyone from ULAA

3       to testify.

4            MR. MCLEOD:  Well, now, here's the reason why I

5       got to do this.  I can, I guess we can do ULAA.

6       Some things are pretty obvious, but they asked

7       questions earlier and got this witness to testify

8       that would lead the jury to believe that somebody in

9       the academic side of the university had some final

10      authority on whether or not Brian Bowen, a student-

11      athlete, was eligible or ineligible, and because

12      that was misleading, I'm trying to clear that up for

13      Mr. Carns' benefit, for the university's benefit,

14      and more particularly, for the association's

15      benefit.  We can do the easy stuff with him, and he

16      can cover it, or if you want me to keep moving, I'll

17      keep moving, whatever suits you.

18           MR. MORGAN:  Well, I guess, are you asking him

19      just as to his personal knowledge these questions --

20           MR. MCLEOD:  Yeah --

21           MR. MORGAN:  What I don't want -- what I don't

22      want you to do -- and I don't know whether you would

23      -- I don't want you to come back and say, "Look,

24      Mr. Carns wasn't properly prepared for this 30(b)(6)

25      deposition, and we've got a problem with the

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

                                                        Page 23

1           corporate representative."  I just want -- if you're

2           - - if you're good with his own personal knowledge

3           on these things, and he can answer, "I don't know,"

4           that's fine with me, too.

5                MR. MCLEOD:  Well, let's do that then.  That

6           would be fair enough.  I'm asking with regard to his

7           personal knowledge.

8                MR. MORGAN:  Okay.

9    BY MR. MCLEOD:

10           Q.   All right.  So, Mr. Carns, if you would, share

11   with me what your current job title is and which legal

12   entity you are employed by?

13           A.   My current title is senior associate athletic

14   director for compliance, the University of Louisville.

15           Q.   All right.  And are you paid by University of

16   Louisville Athletic Association, or are you paid by a

17   separate legal entity?

18           A.   I am paid through the University of Louisville

19   itself.

20           Q.   Okay.  When you go to work each day, is your

21   office in the athletic administration offices, or is

22   your office in the academic offices at the university?

23           A.   I'm in a building that has both athletic and

24   academic offices.

25           Q.   And what's the name of that building, sir?

30(B)(6) John Carns- De Bene Esse                         April 15, 2021
Bowen v. Adidas

Page 24

1          A.    Student Activities Center.

2          Q.    Okay.  Now, how long have you been in the role

3     of compliance as it relates to NCAA bylaws?

4          A.    About 22-and-a-half years.

5          Q.    All right.  And has your work been primarily

6     at Louisville, or have you worked at other places?

7          A.    It's been entirely at Louisville with the

8     exception of some interning I did during grad school at

9     the University of Miami.

10         Q.    Okay.  And would you agree with me, sir, that

11    college basketball has grown significantly in the last

12    20 years?

13              MR. MORGAN:  Objection to form.

14         A.    To some degree, yes.

15         Q.    And has its popularity and the revenues that

16    are generated there from -- grown significantly over the

17    last 20 years, just based upon your personal knowledge?

18         A.    You're speaking of basketball specifically?

19         Q.    Yes, sir, at the University of Louisville.

20         A.    Yes.

21         Q.    Kenny Johnson, who was deposed yesterday in

22    this case, was making roughly $550,000 a year as an

23    assistant basketball coach.  Do you know of any tenured

24    faculty members on the athletic side that make over half

25    a million dollars a year, based upon your personal

30(B)(6)  John  Carns- De Bene Esse                            April 15, 2021
Bowen v. Adidas

Page 25

1    knowledge?

2         A.   I don't know -- no.  I don't know what any

3    tenure faculty member makes at the University of

4    Louisville.

5         Q.   You don't have any personal knowledge of any

6    tenured faculty member making over $500,000, do you?

7         A.   No.

8         Q.   Now, when we talk about compliance, would you

9    agree with me that it is important to do our very best

10   to give accurate testimony?

11        MR. MORGAN:  Objection to form.  Objection to -

12        - objection to form.

13        You can answer, if you know.

14        A.   Yes.

15        Q.   And for the benefit of the ladies and

16   gentlemen of the jury, words have meaning do they not,

17   sir?

18        A.   Yes.

19        MR. TAFT:  Object to form.

20        Q.   And you are one of the lucky ones that got a

21   law degree and went into other another profession, but,

22   certainly, in the law, one of the things you are taught

23   is that there's a difference between the word "and" and

24   the word "or"; isn't that right?

25        MR. MORGAN:  Objection to form.

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 26

1          A.    No, I've never heard that.

2          Q.    All right.  Well, you've been in compliance

3     for over 20 years; is that right?

4          A.    Yes.

5          Q.    Would you agree with me, sir, that the word

6     "amateur" has a different meaning than the word

7     "eligibility" with regard to the NCAA bylaws?

8               MR. MORGAN:  Objection to form.  Objection to

9          asking this witness to give you an opinion on bylaw

10         language, legal or compliance-wise.

11         A.    I would agree that "amateur" and "eligibility"

12    have two different meanings, yes.

13    BY MR. MCLEOD:

14         Q.    And, in particular, they have two different

15    meanings within the NCAA bylaws, correct?

16              MR. MORGAN:  Objection to form.

17              MR. MCLEOD:  Give me the NCAA bylaws.  All of

18         them give me all of them.  All right.  Just -- are

19         you.

20              MR. MORGAN:  Are you asking him if amateurism

21         and eligibility are the same thing?

22              MR. MCLEOD:  I'm just walking through all these

23         exhibits, that way there's no way anybody can get

24         off course.

25              Let's load the bylaws, Exhibit 4, and let's

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 27

1          keep moving.  Give me one minute, sir, and we'll

2          load the bylaws up for you.

3                  THE WITNESS:  Okay.

4                  (EXHIBIT 4 MARKED FOR IDENTIFICATION)

5      BY MR. MCLEOD:

6          Q.   And first off, Mr. Carns, do you have

7      Exhibit 4 on your screen?

8          A.   One minute.  Yes, I do.

9          Q.   All right.  And Brian Bowen came to the

10     University of Louisville at the end of a heavy

11     recruiting battle in June 2017; is that correct?

12         A.   Yeah, I'm not familiar with the recruiting

13     battle, but, yes, he did come there at that time.

14         Q.   And the NCAA bylaws that were in effect at

15     that time were the 2016/2017 bylaws; is that correct?

16         A.   Correct.

17         Q.   All right.  If you will please, sir, scroll

18     down to page 55 of that exhibit, and, in particular,

19     bylaw 12.1.2.

20         A.   Okay.

21         Q.   All right.  And if you would, please, sir,

22     read for the record what the bylaws state with regard to

23     an individual losing amateur status?

24         A.   "Individual loses amateur status and, thus,

25     shall not be eligible for intercollegiate competition in

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 28

1    a particular sport if the individual uses his or her

2    athletic skill directly or indirectly for pay in any

3    form in that sport, accepts a promise of pay, even if

4    such pay is to be received following completion of

5    intercollegiate athletic participation, signs a contract

6    or commitment of any kind to play professional athletics

7    regardless of its legal enforceability or any

8    consideration received except is as permitted in

9    12.2.5.1."

10        Q.   And, Mr. Carns, isn't it true, sir, that the

11   NCAA is the sole governing body for all of its member

12   institutions including the University of Louisville and

13   the association?

14        A.   Yes.

15        Q.   And would you agree with me, sir, that the

16   NCAA bylaws are promulgated by the association that

17   being the NCAA and are given to the different membership

18   institutions including the University of Louisville?

19        A.   Yes.

20        Q.   And isn't it true, sir, that based upon your

21   career in compliance, the NCAA bylaws control issues

22   like amateur status and eligibility with regard to elite

23   prospects like Brian Bowen?

24        MR. LINDHOLM:  Objection.

25        A.   Yes.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 29

1          Q.    And, Mr. Carns, just so the jury is clear, the

2     membership institutions like University of Louisville

3     don't have the authority to draft their own definitions

4     or provisions of the governing bylaws, do they?

5                MR. MORGAN:  Objection to form.

6                You can answer.

7          A.    No.  We -- the -- we follow the legislation

8     that's passed by the membership to the NCAA, yes.

9          Q.    And, if you would, please, sir, on Exhibit 4,

10    do you see the different items, A through G, listed

11    underneath bylaw 12.1.2?

12         A.    Yes.

13         Q.    Would you agree with me, sir, that there is

14    zero evidence that Brian Bowen at any time violated any

15    provision of the subparagraph A, B, C, D, E, F, or G?

16                MR. LINDHOLM:  Objection.

17                MR. TAFT:  Object to form.

18                MS. BARBIER:  Object to the form.

19    BY MR. MCLEOD:

20         Q.    Mr. Carns, you can answer.

21         A.    I'm reading these -- the rest of the bylaws --

22    or the rest of the -- I mean, G, entered into agreement

23    with an agent is probably a question, but, yes, I think

24    you're correct.

25         Q.    So, Mr. Carns, the Athletic Association sent

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

                                                    Page 30

1    an e-mail the morning after the indictments were

2    announced in the Adidas bribery scandal, and that date

3    was May 27, 2017; is that correct?

4             MR. TAFT:  Object to form.

5             MR. MORGAN:  Object to form.

6        Q.   You can answer.

7        A.   Can you repeat that question, please?

8        Q.   Yes.  They showed you an e-mail earlier that

9    is dated, actually, September 27, 2017, that you

10   received that indicated that Brian Bowen was declared

11   ineligible.  Do you remember that?

12       A.   Yes.

13       Q.   All right.  So at the time that the University

14   of Louisville Athletic Association sent that e-mail,

15   would you agree with me, sir, that Brian Bowen was an

16   amateur athlete whose amateur status was intact, based

17   upon the plain reading of bylaw 12.1.2?

18            MR. TAFT:  Object to form.

19            MR. MORGAN:  Objection to form.

20       Q.   You can answer, sir.

21       A.   Yes.

22       Q.   And any insinuation that Brian was not an

23   amateur or was not qualified for participation in

24   intercollegiate athletics is flat wrong, isn't that

25   correct, sir, prior to that e-mail dated May 27, 2017?

                                                   Page 31

 1              MR. LINDHOLM:  Object to form.

 2              MR. MORGAN:  Object.

 3         A.   Yes.  He was certified as eligible prior to

 4    that.

 5         Q.   That's right.  And in order for an elite

 6    prospect like Brian to be certified as eligible, that

 7    process takes some time, does it not, sir?

 8              MR. LINDHOLM:  Object to form.

 9         A.   I don't follow the question.

10         Q.   Isn't it true, sir, that elite prospects like

11    Brian begin communicating with the NCAA Clearinghouse

12    while they're still in high school?

13         A.   Yes.

14         Q.   And isn't it true, sir, the reason -- one of

15    the reasons why they begin interacting with the

16    governing body, the NCAA, during their high school years

17    is because colleges don't want to recruit kids who are

18    not amateurs or who are otherwise ineligible to play?

19         A.   Well, they have to be -- I mean, they have to

20    be cleared by the NCAA eligible center prior to

21    enrolling, so they would have to, regardless, start that

22    process prior to enrolling at the institution.

23         Q.   That's right, sir.  So isn't it true that

24    Brian Bowen was cleared by the NCAA Clearinghouse and

25    certified as an eligible -- certified as being eligible

30(B)(6)  John  Carns- De Bene Esse                              April 15, 2021
Bowen v. Adidas

                                                                   Page 32

1     prior to enrolling at the University of Louisville?

2          A.   Yes.

3          Q.   And one of the reasons why Louisville wants to

4     ensure that the student-athlete is, in fact, eligible is

5     because scholarships at a place like Louisville are

6     precious commodities, are they not?

7               MR. LINDHOLM:  Object to form.

8          A.   Yeah.  I would say a scholarship anywhere in

9     Division 1 is significant.

10         Q.   All right.  And bylaw 12.1.2, there are

11    subparagraphs A through G.  Do you see the word "extra"

12    or "benefit" anywhere in the NCAA's definition of

13    "amateur status"?

14         A.   No.

15         Q.   Would you agree with me, sir, then that an

16    extra benefit does not disqualify automatically a

17    person's amateur status per the NCAA bylaws?

18              MR. LINDHOLM:  Objection to form.

19              MR. MORGAN:  Objection to form.

20         A.   It would depend on the benefit.

21              (EXHIBIT 5 MARKED FOR IDENTIFICATION)

22         Q.   Yes, sir.  Let me show you Exhibit 5.  Do you

23    have Exhibit 5 on your screen, sir?

24         A.   Yes.

25         Q.   All right.  And what is the top of that

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 33

1    document entitled?

2         A.    "Amateurism Certification Process Frequently

3    Asked Questions."

4         Q.    All right.  And let me ask you, sir, based

5    upon your 20 years working in compliance would NCAA

6    bylaws and regulations, you're familiar with the process

7    by which the NCAA Eligibility Center puts out

8    notifications to inform its membership institutions and

9    prospective elite prospects like Brian as to the process

10   of becoming certified, are you not, sir?

11        A.    Yes.

12        Q.    And does this exhibit, Exhibit number 5, look

13   familiar to you, as far as its format is concerned from

14   the NCAA Eligibility Center?

15        A.    Yes.

16        Q.    All right.  If you would please, sir, turn to

17   the last page of that document?

18        A.    Okay.

19        Q.    And do you see the question that begins with,

20   "Am I automatically ineligible"?

21        A.    Yes.

22        Q.    Could you please read that question for the

23   benefit of the ladies and gentlemen of the jury?

24        A.    Read the answer?

25        Q.    The question and the answer, please.

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 34

1          A.    "Am I automatically ineligible if I violated

2      the amateurism rules?  No.  The NCAA Eligibility Center

3      will review your sport participation history.  If there

4      are violations of NCAA amateurism rules, the NCAA

5      Eligibility Center may certify you with conditions which

6      must be fulfilled before you eligible for competition.

7      Conditions will be set based on which rule was violated

8      and the severity of the violation.  Such conditions may

9      include repayment of money or sitting out competition

10     for a specified number of games or both.  In some cases,

11     the NCAA Eligibility Center may determine that the

12     violations are such that permanent and ineligibility for

13     competition is the appropriate penalty."

14         Q.   And, Mr. Carns, having read that, for the

15     benefit of the ladies and gentlemen of the jury, is what

16     you read consistent with what your personal and

17     professional knowledge is with regard to the amateurism

18     certification process with the NCAA Eligibility Center?

19         A.   It is -- it is, as it relates to the

20     pre-enrollment of a student-athlete, yes.

21         Q.   That's right.  Because amateurism relates to

22     primarily what happens before the student-athlete

23     enrolls at the member institution; isn't that correct?

24             MR. TAFT:  Object to form.

25             MR. MORGAN:  Objection to form.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 35

1          A.    I would not say that's correct.  The

2    eligibility center certifies amateurism based on

3    activities prior to enrollment, but amateurism still

4    applies after enrollment.

5          Q.    Okay.  Let me -- let me ask you this,

6    Mr. Carns: Isn't it true, sir, that according to the

7    NCAA bylaws and the - - things they have promulgated

8    there from, that if there is some violation of an

9    amateur rule while a student-athlete is in high school,

10   that does not automatically render that person

11   ineligible or affect their amateur status, isn't that

12   correct, sir?

13              MR. LINDHOLM:  Object to form.

14         A.    It would depend on the violation.

15         Q.    And would it also depend, sir, on the facts

16   and circumstances of a given case?

17         A.    Yes.

18         Q.    Okay.  And isn't the NCAA's overall mention

19   and purpose fairness to the student-athlete?

20              MR. LINDHOLM:  Object to form.

21              MR. MORGAN:  Object to form.

22         A.    Yes.  That's a goal.

23         Q.    Okay.  And do you believe that that is an

24   important goal?

25         A.    Yes.

30(B)(6)  John  Carns- De Bene Esse                           April 15, 2021
Bowen v. Adidas

Page 36

1          Q.    Now, once a student enrolls at a member

2     institution like Brian, did -- do other provisions in

3     the bylaws kick in, for example, extra benefit?

4          A.    Yes.

5          Q.    Okay.  Now, going back, sir, to Exhibit 4, and

6     in particular, if you could look at bylaw 12.01.3?

7              MR. TAFT:  Exhibit 4 appears to be an

8          incomplete version of the bylaws missing several

9          pages, including that bylaw.

10             MR. MCLEOD:  Give us one second.  We'll load it

11         up.  I'm sorry.

12    BY MR. MCLEOD:

13         Q.    Now, Mr. Carns, do you have -- I guess this is

14    Exhibit 6 on your screen?

15         A.    I do, yes.

16             (EXHIBIT 6 MARKED FOR IDENTIFICATION)

17         Q.    And, sir, when I asked you earlier whether or

18    not you would agree with me that words have meaning,

19    that is, in fact, true when it comes to the NCAA bylaws,

20    is it not?

21             MR. LINDHOLM:  Object to form.

22         A.    Yes.

23         Q.    For example, the bylaws as it relates to

24    amateurism, specifically distinguished between the words

25    "individual" and "student-athlete," do they not?

30(B)(6) John Carns- De Bene Esse                                      April 15, 2021
Bowen v. Adidas

                                                                        Page 37

1          A.    Yes.

2          Q.    And if you would, please, sir, for the benefit

3     of the ladies and gentlemen of the jury, could you read

4     into the record bylaw 12.01.3?

5          A.    "Individuals versus student-athlete.  NCAA

6     amateur status may be lost as a result of activities

7     prior to enrollment in college.  If NCAA rules specify

8     that an individual may or may not participate in certain

9     activities, this term refers to a person prior to and

10    after enrollment in a member institution.

11          If NCAA rules specify a student-athlete, the

12    legislation applies only to that person's activities

13    after enrollment."

14         Q.    Okay.  So you would agree me, sir, that for

15    purpose of amateurism under the NCAA bylaws, the word

16    "individual" has a separate and distinct meaning from

17    "student-athlete"?

18         A.    Per this -- yes.  Per this bylaw, yes.

19         Q.    Based on your 20 years of working in

20    compliance at a Division 1 school, does your personal

21    and professional knowledge disagree with what you just

22    shared with the ladies and gentlemen of the jury with

23    regard to the definition of "individual" and

24    "student-athlete" for purposes of amateurism?

25              MR. LINDHOLM:  Objection to form.

30(B)(6)  John  Carns- De Bene Esse                                    April 15, 2021
Bowen v. Adidas

Page 38

1              MR. TAFT:  Objection to form.

2         A.   No, I agree.

3         Q.   Do you agree, sir, with the bylaw 12.01.3 and

4    its definition?

5              MR. LINDHOLM:  Object to form.

6              MR. MORGAN:  Objection to form.

7         A.   I agree that the NCAA distinguishes

8    pre-enrollment to -- and post-enrollment, a

9    student-athlete is -- an individual is not a

10   student-athlete until after they enroll, yes, I would

11   agree with that.

12        Q.   Okay.  And you would agree with me, sir, that

13   the bylaw that was violated in the Adidas bribery scheme

14   that rendered Brian ineligible was contained in

15   bylaw 16, isn't that correct, sir?

16             MR. LINDHOLM:  Object to form.

17        A.   We never declared Brian ineligible.

18        Q.   We'll get to -- well, we'll do it the hard way

19   then.  Pull up the Banker e-mail.

20             OFFICE STAFF:  Defendant's Exhibit 6.

21             COURT REPORTER:  Excuse me -- yeah.  I have

22        there in the shot -- what's your name, ma'am?  You

23        said some words on the record, so I'm going to need

24        to identify you, please.

25             OFFICE STAFF:  Me?

30(B)(6)  John  Carns- De Bene Esse                      April 15, 2021
Bowen v. Adidas

Page 39

```
 1              MR. MCLEOD:  Yeah.  That's fine.
 2              COURT REPORTER:  If you could give me your
 3          first and last name, please.
 4              OFFICE STAFF:  Yeah.  She works with me.  She's
 5          the legal assistant.
 6              COURT REPORTER:  I will refer to her as "Office
 7          Staff," if everybody's in agreement.
 8              MR. MCLEOD:  That'll be fine.
 9              COURT REPORTER:  Well, he's in agreement.
10      BY MR. MCLEOD:
11          Q.   All right.  Mr. Carns, where did it go?
12              OFFICE STAFF:  Exhibit 6.
13          Q.   Do you have Exhibit 6 on your screen?
14          A.   Yes, I do.
15          Q.   All right.  And, sir, this is an e-mail that
16      was initiated by Matthew Banker; isn't that correct?
17          A.   Yes.
18          Q.   And did you receive a copy of this e-mail,
19      sir?
20          A.   Yes.
21          Q.   All right.  And the -- this e-mail, does it
22      indicate on here the time when it was originated?
23          A.   Yes.
24          Q.   What time was this e-mail originated?
25          A.   September -- Wednesday, September 27, 2017,
```

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 40

1    14:48.

2         Q.   And was this the date after the criminal

3    indictments were announced by the Department of Justice

4    with regard to the Adidas bribery scheme?

5         A.   Yes.

6         Q.   And did you receive this e-mail, sir, in the

7    regular and ordinary course of your employment with the

8    university?

9         A.   Yes.

10        Q.   And each of the recipients of this e-mail,

11   were they also employed by the university or the

12   Athletic Association?

13        A.   Yes.

14        Q.   Would you agree with me, sir, that this e-mail

15   states, "MBB student-athlete Brian Bowen has been

16   declared ineligible from athletics participation

17   effective immediately"?

18        A.   I would agree this is what -- that's the

19   wording in the -- the e-mail.  I do not agree that

20   that's the actions that were ultimately taken by the

21   institution.

22        Q.   Well, Matthew Banker was in what position on

23   September 27, 2017?

24        A.   Associate athletic director for compliance.

25        Q.   All right.  So as far as the chain of command

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 41

 1    goes, who was above Mr. Banker in the compliance
 2    department?
 3         A.   I was.
 4         Q.   All right.  And, sir, do you see where you
 5    received this e-mail?
 6         A.   Yes.
 7         Q.   Would you agree with me, sir, that nowhere in
 8    the university's production is an e-mail from you
 9    responding to this e-mail indicating that anything
10    contained in Exhibit 6 is inaccurate?
11         A.   I would agree that, yeah, there was no e-mail
12    sent to clarify the language in here, however, there are
13    documents that reflect what actually -- the steps we
14    actually undertook with holding him.
15         Q.   And what is your testimony in front of this
16    jury as to the steps that were taken with Brian's
17    eligibility?
18              MR. TAFT:   Objection.
19         A.   There were no steps taken to -- for his
20    eligibility.
21              We were -- we withheld him from practice and
22    competition.
23         Q.   Isn't it true, sir, that in other NCAA bylaws,
24    you are required to withhold after the student-athlete
25    becomes ineligible, isn't that correct, sir?

30(B)(6)  John  Carns- De Bene Esse                                    April 15, 2021
Bowen v. Adidas

Page 42

1              MR. MORGAN:  Objection to form.

2        A.   If -- yes, if an -- if the student-athlete is

3    ineligible, then, yes, we are required to withhold.

4        Q.   So would you agree with me again, sir, that

5    words have meaning?

6              MR. LINDHOLM:  Object to form.

7              MR. MORGAN:  Objection to form.

8        A.   Yes.

9        Q.   And the word "withhold" and the word

10   "ineligible" have separate and distinct meanings under

11   the NCAA bylaws, isn't that correct, sir?

12             MR. LINDHOLM:  Object to form.

13       A.   Correct.

14       Q.   First, before I get off of this Exhibit 6,

15   does this Exhibit 6 fairly and accurately depict the

16   e-mail that you received on this date in your capacity

17   as the head of compliance at the university?

18       A.   Yes.

19             MR. MCLEOD:  This time I move to have Exhibit 6

20        into evidence.

21       Q.   All right.  Mr. Carns, I'm pulling back up,

22   without objection on the prior exhibit, we'll move to

23   the next.  On Exhibit 4, I want to turn your attention

24   please, sir, to 12.11.

25             Do you have that bylaw in front of you, sir?

30(B)(6)  John  Carns- De Bene Esse                        April 15, 2021
Bowen v. Adidas

Page 43

1          A.    Yes.

2          Q.    And, again, sir, you would agree with me that

3     words have meaning; isn't that correct?

4               MR. LINDHOLM:  Object to form.

5          A.    Correct.

6          Q.    And would you agree with me, sir, that any

7     litigant or their attorney should try their very best

8     not to mislead the jury with regard to important terms

9     that are material to this case and the damages suffered

10    by Brian?

11               MR. LINDHOLM:  Object to form.

12               MR. TAFT:  Objection.

13               MR. MORGAN:  Objection to form.

14    BY MR. MCLEOD:

15         Q.    You can answer, sir.

16         A.    Yes.

17         Q.    Okay.  Now, if you would please, sir, for the

18    benefit of the ladies and gentlemen of the jury, could

19    you read into the record, 12.11.1, beginning with the

20    word, "If a student-athlete"?

21         A.    Okay.  Hold on a second.  I was at 12.1.1.

22         Q.    Okay.

23         A.    12.11.1?

24         Q.    Yes, sir.

25         A.    "If the student-athlete is ineligible under

30(B)(6) John Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

                                                    Page 44

1    the provisions of the constitution bylaws or other

2    regulations of the association, the institution shall be

3    obligated to apply immediately the applicable rule and

4    to withhold the student-athlete from all intercollegiate

5    competition.  The institution may appeal to the

6    committee on student-athlete reinstatement for

7    restoration of the student athlete's eligibility as

8    provided in 12.12 that concludes that the circumstances

9    warrant restoration."

10        Q.   And, sir, having read that definition for the

11   benefit of the ladies and gentlemen of jury, based upon

12   your work at University of Louisville, you agree, sir,

13   that that definition controls with regard to

14   ineligibility and withholding from participation, do you

15   not?

16             MR. LINDHOLM:  Objection to form.

17             MR. MORGAN:  Objection to form.

18        A.   If the student is declared ineligible, yes.

19        Q.   Okay.  And so, Mr. Banker's e-mail that we

20   just showed the jury was dated May 27 after -- I'm sorry

21   -- September 27 after the indictments, how could the

22   university have withheld Brian from participation during

23   the midnight hours between the indictments and that

24   e-mail, Exhibit 6?

25             MR. LINDHOLM:  Object to form.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 45

1              MR. MORGAN:  Object to form.  Argumentative.

2              MR. MCLEOD:  I'll ask -- yeah, that's fair

3        enough.

4              I'll give you -- I'll clean that up.

5        BY MR. MCLEOD:

6              Q.   Sir, are you familiar with when the

7        indictments were announced, are you not?

8              A.   Yes, I am.

9              Q.   And from the time that the indictments were

10       announced until the time that Mr. Banker sent you that

11       e-mail declaring Brian ineligible, do you have any

12       personal knowledge or any corporate knowledge on behalf

13       of the association of any action taken whatsoever with

14       regard to Brian playing basketball at University of

15       Louisville?

16             MR. LINDHOLM:  Object to form.

17             MR. TAFT:  Object to form.

18             A.   Yes.

19             Q.   And what action was taken?

20             A.   Brian was withheld from practice and

21       competition.

22             Q.   And when did that occur, sir?

23             A.   That decision occurred -- that decision was

24       made either the evening of the 26th or the morning of

25       the 27th.

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 46

1        Q.   And would you agree with me the reason was

2    because once you, as a director of compliance, learned

3    of the public indictments in the receipt of the bribery

4    payment, Brian was ineligible, isn't that true, sir?

5             MR. LINDHOLM:  Object to form.

6        A.   No, that's not true.

7        Q.   All right.  We'll get to that.  So you

8    disagree with that?

9        A.   We had concerns about the -- the allegations,

10   absolutely, but --

11       Q.   All right.  I'm sorry -

12       A.   -- we did determine he was ineligible.

13            COURT REPORTER:  I'm sorry.  What did you say,

14       Mr. Carns?  There was two people talking at once.

15       A.   We had concerns about those allegations

16   potentially affecting his eligibility, however, we did

17   not -- were not in the position at that time to declare

18   him ineligible.

19       Q.   Isn't it true, sir, that under the NCAA

20   bylaws, once an extra benefit is received, that receipt

21   of that extra benefit renders the student-athlete

22   ineligible, isn't that correct, sir?

23            MR. LINDHOLM:  Object to form.

24       A.   Yes, that is correct.  However, we had no --

25   we did not have enough information at that time to come

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 47

1    to that conclusion that it was received.  We were

2    working off -- it was a day after the indictments came

3    down.  There was, obviously, a lot of confusion and

4    things going on, and we were not in the position at that

5    time to make a -- make a decision on eligibility, which

6    is why we took the other route of withholding him from

7    practice and competition.

8         Q.   And so you withheld him for how long?  How

9    many hours?

10        A.   We withheld him from that point until he

11   transferred in January.

12        Q.   Let's go to rule -- bylaw 16, please, sir.

13        A.   Okay.

14        Q.   All right.  And let me first ask you to give

15   the jury a little bit of a background.  There was a time

16   when the NCAA bylaws prohibited student-athletes from

17   receiving extra benefits once enrolled at member

18   institutions; is that correct?

19        A.   That's still the rule.

20        Q.   That's still the rule.  And there was a time,

21   however, where the bylaws did not prohibit family

22   members from receiving extra benefits; isn't that

23   correct?

24        A.   I don't recall when that -- that time was or

25   when that --

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 48

1          Q.   Well, the jury will recall most likely, Cam

2     Newton.

3               Do you remember Cam Newton, who won the

4     Heisman trophy and the national championship at Auburn

5     University, and played --

6               MR. LINDHOLM:  Object to form of.

7          A.   Yes.

8          Q.   Okay.  And, sir, are you generally aware that

9     after Cam Newton's ordeal with the NCAA, the governing

10    body amended the bylaws so that if a family member

11    received compensation, it would be an extra benefit per

12    the NCAA bylaws, isn't that correct, sir?

13              MR. LINDHOLM:  Object to form.

14         A.   I believe -- my understanding of that was the

15    rules were changed to expand the agent bylaw to include

16    family members potentially being involved -- being

17    considered agents in those circumstances.

18         Q.   Let's look at 16.01.1, "Eligibility Effect of

19    Violation."  Do you see that?

20         A.   Yes.

21         Q.   And would you agree with me, sir, that

22    "eligibility" means eligibility?

23              MR. LINDHOLM:  Object to form.

24         A.   Yes.

25         Q.   Would you agree with me that the word "effect"

30(B)(6)  John  Carns- De Bene Esse                            April 15, 2021
Bowen v. Adidas

Page 49

1    spelled with an "E" as opposed to an "A" has meaning?

2         A.    Yes.

3         Q.    And share with me please, sir, the difference

4    between the word "effect" and the word "affect"?

5         A.    In this circumstance right now, I don't -- I

6    can't decipher the difference.  If you want to --

7         Q.    If you would --

8         A.    -- give me those definitions, I can decipher

9    them then.

10        Q.    That's okay.  How about, if you would please,

11   sir, read, for the ladies and gentlemen of the jury,

12   16.01.1 beginning with, "A student-athlete"?

13        A.    "A student-athlete shall not receive any extra

14   benefit.  Receipt by a student-athlete of an award,

15   benefit, or expense allowance not authorized by NCAA

16   legislation renders the student-athlete ineligible for

17   athletics competition in the sport for which the

18   improper award benefit or expense was received.  The

19   student-athlete receives an extra benefit not authorized

20   by NCAA legislation, the individual is ineligible in all

21   sports."

22        Q.    All right.  Mr. Carns, isn't it true, sir,

23   that under the definition of "extra benefit," which is

24   found in the middle of that page, "family member" is

25   included within the definition, isn't that correct, sir?

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 50

1         A.    Yes.

2         Q.    All right.  And so would you agree with me

3    then, sir, that when the Adidas bribe payment was

4    received by family member of elite prospect Brian Bowen,

5    he was rendered ineligible per Rule 16.01.1?

6              MR. LINDHOLM:  Object to form.

7              MR. TAFT:  Object to form.

8              MR. MORGAN:  Objection to form.  Objection to

9         asking this witness an opinion on the eligibility of

10        Brian Bowen. And, Mullins, I can only assume that

11        you are saying at some later point in time after

12        Brian Bowen was no longer a student-athlete at the

13        University of Louisville, his father was -- or

14        testified to something -- I don't know exactly what

15        it was -- in the Gatto trial.  Is that what you are

16        referring to?

17   BY MR. MCLEOD:

18        Q.    Mr. Carns, do you -- are you cognizant of the

19   fact that a bribe payment was paid to a family member of

20   elite prospect Brian Bowen?

21        A.    I was aware through the allegations in the

22   indictment on September 26.

23        Q.    As you sit here today, sir, are you cognizant

24   of the fact that a bribe payment was made in the Adidas

25   bribery scheme to one of Brian's family members?

Page 51

1            MR. LINDHOLM:  Object to form.

2            MR. MORGAN:  Object to form.

3            Mullins, when you say "cognizant," can you tell

4        -- can you explain what you mean by that?

5            MR. MCLEOD:  Yeah.

6    BY MR. MCLEOD:

7        Q.   "Cognizant" means are you aware?  Are you

8    aware, as you sit here today as a 30(b)(6) designee that

9    as part of the bribery scandal, a payment was made to

10   one of Brian's family members?

11       A.   As I sit here today?

12       Q.   Yes, sir.

13       A.   That was, I believe, determined in the jury

14   trial.  I did not -- I did not know that on

15   September 27, 2017.

16       Q.   Did you believe, sir, that the Department of

17   Justice had misled someone with regard to the bribe

18   payment that was made to Brian's family member?

19            MR. LINDHOLM:  Object to form.

20            MR. MORGAN:  And I'm going to object to the

21        form of that too, I mean, asking this witness to

22        testify about the credibility of the Department of

23        Justice, whatever broadness that would be, but

24        asking him to speculate based on an allegation in

25        the complaint we understand, I guess, was proven at

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 52

1          some level at the jury trial down the road, I don't
2          think that is a fair question for the witness,
3          especially one that's not here to testify on that
4          subject.
5                  MR. MCLEOD:  Yeah, so maybe we'll handle it
6          this way.
7    BY MR. MCLEOD:
8          Q.    So, Mr. Carns, what date were the criminal
9    indictments announced?
10         A.    I believe it was September 26, 2017.
11         Q.    All right.  And as head of compliance at the
12   University of Louisville, do you have any personal
13   knowledge at any time from September 26 until today of
14   you ever conducting an interview that there are written
15   notes there from -- with any coach at the University of
16   Louisville?
17         A.    Me personally conducting an interview?
18         Q.    That's right.
19         A.    As I sit here right now, I'm not aware.
20         Q.    And, sir, isn't it true, sir, that at no time
21   after the criminal indictments were announced, at no
22   time did the University of Louisville or the Athletic
23   Association ever do any type of internal investigation
24   to determine who, what, when, and where, isn't it that
25   true, sir?

Page 53

1          MR. LINDHOLM:  Object to form.

2          MR. TAFT:  Objection.

3     A.    No, that is not true.

4     Q.    As head of the compliance, share with this

5     jury who was interviewed of the coaches with regard to

6     who, what, when, where?

7          MR. MORGAN:  I'm going to object and say this

8          was not a topic of your notice.  Had you wanted to

9          know this information, you had the opportunity to

10         specify it in advance.

11         You also had the opportunity under the federal

12         rules to meet and confer with me as is required,

13         which no one did.

14         MR. MCLEOD:  I don't want -- I don't want the

15         document.  The reason why it's included in the

16         subject matter is because the cross-notice

17         specifically references the notice of allegations at

18         the university's response thereto.

19         So Mr. Carns --

20         MR. MORGAN:  And the university's response

21         thereto, which you know exist and that has been

22         produced in this case and you referenced it, sets

23         forth the information that the university has

24         already provided to the NCAA in over 60 pages.

25     BY MR. MCLEOD:

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 54

1          Q.    Mr. Carns, my question is really pretty
2     simple.  In September of 2017, were you the head of
3     compliance at the University of Louisville?
4          A.    Yes.
5          Q.    Do you have any personal knowledge, sir, of
6     any interviews being conducted with regard to who, what,
7     when, where, as it relates to the coaching staff at the
8     University of Louisville?
9          A.    During what time period?
10         Q.    From September 26, 2017, until September 2019.
11         A.    Yes, I have knowledge.
12         Q.    And what type of investigation happened, sir?
13              MR. MORGAN:  Object to form.  You are asking if
14         there were interviews, and he said yes, he has
15         knowledge of interviews.
16         A.    All -- all of those coaches on staff were
17     interviewed at one time or another during that -- the
18     course of that investigation.
19     BY MR. MCLEOD:
20         Q.    And, sir, do you have any personal knowledge,
21     or as a corporate designee, whether there are any
22     written documents related to those interviews?
23              MR. MORGAN:  Objection to form.  Outside the
24         scope.
25         Q.    You can answer, sir.

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 55

1         A.    There were interviews.  I mean, that could be

2    an attorney -- there could be an attorney privilege that

3    I didn't -- we had attorneys that conducted interviews.

4    The NCAA has attorneys that conducted interviews.

5         Q.    My question, sir is:  In your role and

6    capacity as the head of compliance at a member

7    institution, do you have any personal knowledge of any

8    interviews being conducted whereby there are any notes

9    or memorandum or tangible items generated as a result of

10   those interviews?

11            MR. MORGAN:  Object to the form.  Outside the

12        scope.

13            I think earlier in the other deposition we took

14        this morning, there was a reference to Brian Bowen

15        interview that was noted.

16            MR. MCLEOD:  That's my point.  The only person

17        that we have documentation that he interviewed was

18        Brian Bowen.

19   BY MR. MCLEOD:

20        Q.    So, sir, I'll ask you one last time.  Isn't it

21   true, sir, that you have no personal knowledge of having

22   conducted any interviews of coaches in any accompanying

23   documentation relating to those interviews, isn't that

24   true, sir?

25            MR. MORGAN:  Objection to form.  Compound

30(B)(6) John Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 56

1          question.

2              A.    I personally did not conduct any interviews

3      with coaches.

4              Q.    And, sir, as your role as head of compliance,

5      do you have any knowledge of any notes, memorandum, or

6      other things that were taken contemporaneous with the

7      interviews that you say took place?

8                   MR. LINDHOLM:  Object to form.

9                   MR. TAFT:  Object to form.

10                  MR. MORGAN:  Object to form.  Asked and

11           answered multiple times.

12     BY MR. MCLEOD:

13             Q.    You can answer, sir.  You can answer, sir.

14             A.    To the degree there were transcripts -- or by

15     the parties that did those interviews, then, yes, I

16     would say there is.

17             Q.    Have you produced those -- has the Athletic

18     Association produced those pursuant to the subpoena that

19     was issued by Defendant Rivers?

20                  MR. MORGAN:  Those what?

21                  MR. MCLEOD:  The memorandum that he is

22           testifying that exists that I don't think exists,

23           but if it does, I'm just trying to figure out where

24           they are.

25                  MR. MORGAN:  We objected to the document

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 57

1         production as being overly broad and vague.

2              MR. MCLEOD:  Okay.

3              MR. MORGAN:  We produced documents that were

4         responsive under the narrow topics that we gave.  If

5         there is a specific request for notes of interviews

6         to the extent that they are not privileged, we --

7         you know -- we don't think this was requested, but

8         if they were privileged, we would have withheld them

9         based on privilege.

10             MR. MCLEOD:  Okay.  I'll move on just for the

11        sake of time.

12    BY MR. MCLEOD:

13        Q.   Mr. Carns, going back to bylaw 16.01, would

14    you agree with me, sir, that under the bylaws, receipt

15    by a family member or a student-athlete renders the

16    student-athlete ineligible?

17             Would you agree with that, sir?

18        A.   Of an extra benefit -- if a family member

19    receives an extra benefit?

20        Q.   Yes, sir.

21        A.   Yes.

22        Q.   And are you aware, sir, that the Adidas

23    bribery payment was made to Brian's family member after

24    Brian entered into a four-year contract with the

25    Athletic Association?  Are you aware of that?

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 58

1              MR. TAFT:   Object.

2         A.   Yes.

3         Q.   And so the jury is clear on this issue, the

4    contract that Brian entered into whereby he pledged his

5    basketball labor and talents to the University of

6    Louisville, was dated June 1, 2017; is that correct?

7              MR. LINDHOLM:   Object to form.

8         A.   Yes.

9         Q.   And the Adidas bribe payment that was received

10   by his family member happened after June 1, 2017, isn't

11   that correct, sir?

12             MR. TAFT:   Object to form.

13        A.   Yes.

14        Q.   Now, they showed you a document earlier that

15   is Exhibit number 4.   Where is that document?

16        A.   Could I just go back and clarify something

17   related to extra benefits?

18        Q.   Yeah.

19        A.   So when we're talking about an "extra

20   benefit," that involves a -- would have to involve an

21   arrangement by an institutional employee or a

22   representative of the institution's athletic interest.

23        Q.   Are you trying -- well, I'll just ask you,

24   sir:  Is it your sworn testimony today that the receipt

25   of the Adidas bribery payment did not render Brian

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 59

1    ineligible per the plain reading of bylaw 16.01.1?

2                MR. LINDHOLM:  Object to form.

3                MR. TAFT:  Object to the form.

4        A.   I would say based on the institution's

5    position is that there was no involvement or special

6    arrangement by an institutional employee or a

7    representative of the institution's athletic interest.

8                (EXHIBIT 7 MARKED FOR IDENTIFICATION)

9        Q.   All right.  So let me show you a document that

10   is now marked as Exhibit 7.  Do you see that?

11       A.   Yes.

12       Q.   And you shared with the jury earlier, I

13   believe, sir, that the university does not have

14   authority to come up with its own regulations or the

15   administration of the regulations.

16                That's correct, isn't it, sir?

17                MR. LINDHOLM:  Object to form.

18                MR. MORGAN:  I'm going to object to the form,

19           too.  I think it's a slightly different question.

20       A.   We administer rules.  We don't create rules.

21                B.

22   BY MR. MCLEOD:

23       Q.   That's right.  And the document that is marked

24   as Exhibit 7, you've certainly seen this document

25   before, have you not?

30(B)(6) John Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 60

1        A.    Yes, I have.

2        Q.    Could you share with the ladies and gentlemen

3    of the jury the date of this document?  If you look at

4    page 2, you'll see the date.

5        A.    May 4, 2020.

6        Q.    And, sir, would you agree with me that when

7    the university received the notice of allegations from

8    the governing body, the NCAA, it was well downstream of

9    the bribe payment that was paid to Brian's family

10   member?

11            MR. LINDHOLM:  Object to form.

12       A.    Yes.

13       Q.    Would you agree with me, sir, that when the

14   University of Louisville received the notice from the

15   NCAA, it was after your sworn testimony in a criminal

16   case that resulted in the conviction of Defendants

17   Gatto, Defendants Dawkins, Defendants Code?  Would you

18   agree with that, sir?

19       A.    Yes.

20       Q.    And you would agree with me, sir, that during

21   the sworn testimony in the criminal case, testimony came

22   out relating to things that happened during Brian's AAU

23   days.  Are you aware of, sir?

24       A.    Yes.

25       Q.    All right.  Would you agree with me, sir, that

30(B)(6)  John  Carns- De Bene Esse                        April 15, 2021
Bowen v. Adidas

Page 61

1    what is marked as Exhibit Number 7 does not contain any

2    reference to anything that happened while Brian was a

3    teenager.  Would you agree with that?

4            MR. LINDHOLM:  Object to form.

5        A.   I haven't read the entire notice right now,

6    but I do not recall any reference to his pre-enrollment.

7        Q.   Okay.  And, in particular, isn't it true, sir,

8    that as far as the governing body is concerned, the

9    reason why Brian's eligibility was destroyed is the

10   receipt of the Adidas bribe payment that was a "extra

11   benefit," isn't that correct, sir?

12           MR. LINDHOLM:  Object to form.

13           MR. TAFT:  Object to form.

14       A.   I don't know that the reason -- we never

15   determined -- we never went through a reinstatement

16   process or declared him ineligible, so I'm not familiar

17   with his loss of -- the reason for his loss of the

18   eligibility and determination.

19       Q.   All right.  Well, let me ask you this, sir:

20   You've seen this document before?

21       A.   Yes.

22       Q.   And the format of this document is consistent

23   with other NCAA documents that contain notice of

24   allegations; is that correct?

25       A.   Correct.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 62

1          Q.    Is there anything in Exhibit number 7 that is
2     inaccurate to your knowledge, based upon the notice of
3     allegations that were received by the university in May
4     of 2020?
5               MR. LINDHOLM:  Object to form.
6               MR. MORGAN:  I'm sorry.  Mullins, are you
7          saying Exhibit 7?
8               Exhibit 7 is the notice of allegations.
9               MR. MCLEOD:  That's right.
10    BY MR. MCLEOD:
11         Q.    My question, Mr. Carns, is:  Mr. Carns, isn't
12    this, in fact, the notice of allegations that the NCAA
13    sent to Louisville?
14         A.    Yes.
15              MR. MCLEOD:  At this time, I move this into
16         evidence.  Are there objections?  All right.
17    BY MR. MCLEOD:
18         Q.    Mr. Carns, if you would, go to the first
19    paragraph under Heading B, "Allegations," and if you
20    would --
21              MR. TAFT:  Mullins -- Mullins --
22              MR. MCLEOD:  Yeah.
23              MR. TAFT:  Sorry.  Just -- I mean, this
24         document has extensive redactions in it.  I do think
25         we should meet and confer to figure out if there's a

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 63

1          more complete version that is available to the
2          extent you want to introduce, but we can address
3          that later if that's agreeable to you.
4               MR. MCLEOD:  Yeah, if there's another redacted
5          version, we can find that for purposes of now.  This
6          is the evidence for Mr. Carns.
7     BY MR. MCLEOD:
8          Q.   If you would go to paragraph B-1 and begin
9     reading, for the benefit of the ladies and gentlemen of
10    jury, at the word "it," and if you will stop where the
11    first redacted black "is"?
12         A.   Yes.
13              MR. MORGAN:  Mullins, let me know if you want
14         to do this, I've got -- per our prior discussion,
15         I've got a hard stop in 90 seconds that I've got to
16         jump off here.  You want to just pause?
17              MR. MCLEOD:  Well, I think we can probably read
18         this in 90 seconds.
19    BY MR. MCLEOD:
20         Q.   Mr. Carns, if you don't mind, please, sir,
21    reading, for the benefit ladies and gentlemen of the
22    jury, beginning with the word "it" and ending with where
23    it's blacked out after the word "to"?
24         A.   "It is alleged that from May through September
25    2017, the Adidas Corporation, Adidas, a representative

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 64

1    of the institution's athletic interests through its

2    employees James Gatto, then director of global sports

3    marketing for basketball and Merl Code, then consultant,

4    made $100,000 impermissible recruiting offer and

5    arranged for the provision of a $25,000 extra benefit

6    to."

7         Q.    All right.  And finish that sentence on the

8    backside of what's redacted, please, sir.

9         A.    "Of then men's basketball prospective and

10   enrolled student-athlete."

11        Q.    Isn't it true, sir, based upon you being head

12   of compliance and having received this notice of

13   allegations, that the name redacted there relates to the

14   bribe payment that was made to Brian's father?

15        A.    Yes.

16        Q.    And isn't it true, sir, that what you read,

17   for the benefit of the ladies and gentlemen of the jury,

18   refers to the $25,000 payment as a "extra benefit"?

19        A.    That's the allegation, yes.

20        Q.    Would you agree with me, sir, again that words

21   have meaning?

22              MR. LINDHOLM:  Object to form.

23              MR. TAFT:  Object to form.

24        A.    Yes.

25        Q.    And, sir, do you see in subparagraph B --

30(B)(6) John  Carns- De Bene Esse                       April 15, 2021
Bowen v. Adidas

Page 65

1        MR. MORGAN:  Mullins, I'm going to have to stop

2    now.

3        MR. MCLEOD:  Okay.  So we'll pick back up at

4    this, you know, 5:30, 5:35, whatever suits.

5        MR. MORGAN:  We'll be back on as soon as I can.

6    I don't know, hopefully around 5:30.

7        MR. MCLEOD:  All right.  10-4.

8        VIDEOGRAPHER:  We're going off the record.  The

9    time is 5:04.

10        (OFF THE RECORD)

11        VIDEOGRAPHER:  The time is 5:39.  We're back on

12    the record.

13        MR. LINDHOLM:  Mullins, it's -- Mullins, it's

14    Rob.  I want to note a general objection before we

15    get started here.

16        Pursuant to the federal rules, we object to

17    your characterization of this deposition as a de

18    bene esse deposition, and to the extent that you are

19    purporting to move documents into evidence and state

20    they're admitted in trial, we generally object to

21    that.  Moreover, we think that all of the objections

22    are preserved except those that are waived under

23    Federal Rule 32-D-3, and so I just wanted to put

24    that on the record before we get started.

25        MS. BARBIER:  I'll also join in Rob's

Page 66

1    objection, and I'll also object to the scope of the

2    questioning.  I think it exceeds the notice.  I'm

3    surprised the witness' lawyer is allowing him to

4    continue to answer them.  They're way outside the

5    notice.  You are asking him questions things only a

6    representative of the NCAA could answer, only the

7    representative of other entities could answer, and I

8    think it's completely improper and a waste of time.

9         MR. MCLEOD:  Are there any more objections?

10        MR. TAFT:  I mean, I will -- I'm going to join

11   the objection put on the record by Mr. Lindholm.

12        MR. MORGAN:  And I'll just state again, for the

13   record, I think we're outside the topic notice, too,

14   and if other defendants -- I'm not a party to the

15   case, but if other defendants agree, then, you know,

16   I think it would be incumbent upon you guys to take

17   a position that could be taken back to your judge

18   under the circumstances.  I don't know that there's

19   a mechanism for me to instruct the witness not to

20   answer because it's outside the scope, but I agree,

21   it's -- you know, there's only so much of a

22   deposition that we can do on an unnoticed deposition

23   with these topics, and, you know, on personal

24   knowledge, I guess, I can let Mr. Carns answer a few

25   more of these questions, but, you know, we're way

Page 67

1    past the hour of asking questions that are outside

2    that topic, so if any of the defendant counsel can

3    adjourn the deposition, we're not going to oppose

4    that.

5          MR. MCLEOD:  Are there any more objections?

6          All right.  First, with regard to the admission

7    of documents into evidence, I guess we can generally

8    disagree on the purpose of the de bene esse

9    deposition.  I think it is your-all's burden and

10   responsibility to state your objections at the time

11   the document is admitted, but I guess we can agree

12   to disagree on that.

13         Ms. Barbier, could you please, for the record,

14   identify which subject matters you believe are

15   outside the scope of the de bene esse deposition

16   notice and refer to the notice itself please, ma'am?

17   I just want to make sure the record's clear on that

18   objection.

19         MS. BARBIER:  I'm not referring -- what I'm

20   referring to are your questions that are related to

21   topics that would be relevant to a representative of

22   the Department of Justice, a representative of the

23   NCAA, a representative of other entities.

24         You're not asking him questions that he would

25   have personal knowledge of or that he would have

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 68

1     even knowledge of it if he had been prepared as a

2     30(b)(6) witness for those topics, so that's my

3     general objection.

4          MR. MCLEOD:  I understand.  Ms. Barbier, do you

5     not recognize that a vast majority of the questions

6     I have asked relate specifically to the first bullet

7     point in the deposition notice dated April 9, 2021,

8     and, in more particularly, the University of

9     Louisville's response to the NCAA's notice of

10    allegations and the NCAA's response the same?  Do

11    you disagree with that?

12         MS. BARBIER:  I disagree.  So you can just move

13    on and keep taking it, but that's my general

14    objection.

15         MR. MCLEOD:  Well, I also just want to make

16    sure that the record is clear for everybody.  In

17    addition, the de bene esse notice indicated in the

18    first paragraph of page 2, we requested that

19    Louisville designate an officer who has -- had full

20    knowledge of the matters contained within the

21    deposition notice that you-all sent, and I can

22    assure you that there are no questions that I've

23    asked that go outside the bounds of the questions

24    that you-all have already asked him in close to six

25    hours of examination, so already we can get moving.

30(B)(6)  John  Carns- De Bene Esse                     April 15, 2021
Bowen v. Adidas

Page 69

1              MR. MORGAN:  Well, I'll go ahead and also state
2         on the record that since there was contention made
3         about this witness and the University of Louisville,
4         I'll say your notice was late, which I objected to.
5         Your subpoena was inadequate, which I objected to,
6         and your topics were overly broad and vague, which I
7         objected to in advance and invited you-all to do
8         exactly what the federal rules must do, which is
9         meet and confer and try to narrow this deposition,
10        and I told you in my letter that I don't think you
11        guys complied with the rules -- the federal rules on
12        those particular topics.  I invited everyone to
13        call.  You never called me to narrow topics, and I
14        invited you to meet and confer, and you never met
15        and conferred.  You know, that's a new rule.  It's a
16        new part of the rule, so I'll give you the benefit
17        of the doubt on that, but, I mean, for this witness
18        to try to testify about these topics or for any
19        witness try to testify about the nature and the way
20        in which you drafted these topics, is impossible.
21        So, I mean, if you would have said, "Hey, Grahmn,
22        let's talk about this.  I want to talk to you a
23        little bit about these NCAA bylaws," that would be
24        one thing, but you never did, and that's why I'm
25        going to keep objecting.  I'm going to lodge this

Page 70

1       objection, and I'm going to object continuously to

2       the rest of these types of questions.

3              MR. MCLEOD:  Mr. Morgan, would you mind marking

4       that as a exhibit to the deposition, your letter to

5       my firm dated April 13, 2021.

6              MR. MORGAN:  If you want to mark it, you can.

7              MR. MCLEOD:  We'll mark this as Exhibit number

8       8.

9              And I'll just ask you, just so the record is

10      clear at this point, do you have any objections

11      other than what is stated in your letter,

12      April 13, 2021, where you inform my office that you-

13      all were going to produce Mr. Carns today pursuant

14      to the subpoena that we issued?

15             (EXHIBIT 8 MARKED FOR IDENTIFICATION)

16             MR. MORGAN:  Other than what's in the letter?

17             MR. MCLEOD:  Yes, sir.

18             MR. MORGAN:  And what I've said -- and what

19      I've said on the record?

20             MR. MCLEOD:  Yes, sir.

21             MR. MORGAN:  I'm not -- I'm not waiving the

22      right to make further objections, if that's what you

23      are asking.  I'm not exactly sure what you're asking

24      me.

25             MR. MCLEOD:  I'm asking you, as you sit in your

30(B)(6) John Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 71

1        chair now, do you have any other objections not
2        contained in your letter to my office for those that
3        you just stated on the record?  I just want to make
4        sure that I understand all of the objections that
5        you have, that's all.
6               MR. MORGAN:  Sure.  We object to the procedure,
7        the process, the lack of the meet and confer, the
8        failure to comply with the rule, and then I reserve
9        any other objections that might come up during the
10       deposition on questions that you ask.
11              I cannot obviously -- I cannot obviously
12       predict everything that you are going to ask, but I
13       certainly reserve the right to object on those
14       grounds, as well.
15              MR. MCLEOD:  Sure.  I understand.  All right.
16       Is everybody ready?
17              MR. MCLEOD:  Madam Court Reporter and
18       videographer, are we ready.
19              COURT REPORTER:  Yes.
20       BY MR. MCLEOD:
21              Q.  Mr. Carns, let me ask you, sir, in the notice
22       of allegations that the University of Louisville
23       received from its governing body, the NCAA, would you
24       agree with me, sir, that the notice of allegations
25       referenced in paragraph B-1 relate to an extra benefit

Page 72

1    paid to the family member of elite prospect, Brian

2    Bowen?

3            A.    Yes.

4            Q.    And there is a reference in this notice of

5    allegations, again, that's dated May 4, 2020, to an

6    extra benefit paid to Brian Bowen's family member in the

7    amount of $1,300. Do you see that?

8            A.    Yes.

9            Q.    And that extra benefit was paid, according to

10   this notice of allegations, by men's assistant

11   basketball coach, Kenny Johnson; is that right?

12           MR. MORGAN:  Objection to form.

13           A.    Yes.  That was the allegation.

14           Q.    Yes, sir.  And isn't it true, sir, that that

15   $1,300 payment to Brian's family member happened after

16   the Adidas bribe payment was made to Brian's family

17   member?

18           MR. TAFT:  Objection to form.

19           MR. MORGAN:  Object to form.

20           Q.    Isn't that true, sir?

21           A.    The institution's position is that it didn't

22   happen.

23           Q.    I'm sorry?

24           A.    The institution's position in the response was

25   that it did not occur.  The allegation states it.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

                                                                    Page 73

1           Q.    Okay.  So is it -- which did not occur, the
2     $1,300 cash payment or the $25,000 extra benefit?
3           A.    I was referring to the $1,300 cash payment
4     alleged.
5           Q.    Okay.  Yes, sir.  And it's -- so let's do it
6     this way:
7                 The $1,300 cash payment that is alleged, if
8     you will turn to page 2 of the notice of allegations.
9           A.    Okay.
10          Q.    And does it indicate in paragraph D the date
11    that the NCAA, the governing body, indicates that $1,300
12    cash payment was made?
13          A.    They allege on or about August 23, 2017.
14          Q.    Okay.  And based upon you having been head of
15    compliance at University of Louisville during this
16    timeframe, would you agree with me, sir, that
17    August 23, 2017, was after the Adidas bribe payment was
18    made to Brian's father?
19                MR. LINDHOLM:  Object to form.
20                MR. TAFT:  Object to form.
21                MR. MORGAN:  Object to form.  What was the day
22        that -- what was the date you allege that the
23        Adidas, as you call it, "bribe payment" was made?
24                MR. MCLEOD:  Well, let's -- guys -- all right.
25        Let's go back to the first page, Mr. Gatto [sic].

30(B)(6)  John  Carns- De Bene Esse      April 15, 2021
Bowen v. Adidas

Page 74

1      I'll just have you read it, and we'll move on.

2 BY MR. MCLEOD:

3      Q.   In paragraph B-1-A could you read, for the

4 benefit of the ladies and gentlemen of the jury,

5 beginning with the word "between" and ending with the

6 word "athlete"?

7       MS. BARBIER:   I object for the record.   His

8     name is not Mr. Gatto.

9      Q.   You can answer.

10      A.   "Between May 18 and June 1, 2017, Code and

11 Gatto impermissibly offered through Christian Dawkins,

12 an associate of and his family, $100,000 cash to -- in

13 exchange for to enroll at the institution as a men's

14 basketball student-athlete."

15      Q.   All right.   And, Mr. Carns, would you agree

16 with me that the dates of May 18, 2017, and

17 June 1, 2017, predate the date of August 23, 2017, on

18 the calendar?

19      A.   Yes.

20      Q.   All right.   If you would please, for the

21 benefit of the ladies and gentlemen of the jury, read

22 paragraph B beginning with the word "between"?

23      A.   "Between July 7 and August 1, 2017, Code and

24 Gatto arranged for the provision of an extra benefit in

25 the form of a $25,000 cash payment to following

30(B)(6)  John  Carns- De Bene Esse                         April 15, 2021
Bowen v. Adidas

Page 75

1    enrollment at the institution."

2         Q.   All right.  Sir, would you agree with me that

3    the date of August 1, 2017, predates the date of

4    August 23, 2017, on the calendar?

5         A.   Yes.

6         Q.   All right.  And with regard to what you just

7    read, for the benefit of the ladies and gentlemen of the

8    jury, Brian was, in fact, enrolled at the time the bribe

9    payment was received by his family member, was he not?

10             MR. LINDHOLM:  Object to form.

11             MR. TAFT:  Object to form.

12        Q.   You can answer.

13        A.   He was enrolled -- yes, he was enrolled during

14   that summer.  That would have been during that period.

15        Q.   And the four-year contract that was entered

16   into between Louisville and Brian was dated

17   June 1, 2017; is that correct?

18        A.   Correct.

19        Q.   And the bribe payment referenced in this

20   exhibit at B-1-B has a date of between July 7 and

21   August 1; is that correct?

22             MR. LINDHOLM:  Object to form.

23             MR. MORGAN:  Objection to form.

24        A.   Yes.

25        Q.   And you would agree with me that July comes

30(B)(6) John Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 76

1      after June on the calendar?

2           A.   Yes.

3           Q.   All right.  Now, isn't it true, sir, that as

4      far as the permissible contacts that are allowed for

5      prospective players, those provisions are in place for

6      the institution primarily; isn't that correct?

7                MR. LINDHOLM:  Object to form.

8                MR. MORGAN:  Same objection.

9           A.   I think they're in place for both.

10          Q.   Well, let me ask you this:  Based on the

11     bylaws, does the NCAA rely upon teenagers to know what

12     the permissible periods of contact are and to enforce

13     that scheme?

14               MS. BARBIER:  Objection.

15               MR. LINDHOLM:  Objection to form.

16          A.   No.

17          Q.   Under the NCAA bylaws, isn't it true, sir,

18     that it is up the member institutions to be

19     knowledgeable about when the teenager can be contacted

20     and enforcing those parts of the bylaws, isn't that

21     correct, sir?

22               MR. LINDHOLM:  Objection to form.

23               MS. BARBIER:  Objection.

24          A.   Yes.

25          Q.   And, Mr. Carns, with regard to the -- on the

30(B)(6)  John  Carns- De Bene Esse                     April 15, 2021
Bowen v. Adidas

Page 77

1      third page of the notice of allegations, the mention of
2      a contact in Las Vegas between July 19 and
3      July 25, 2016.  Do you see that?
4           A.   Yes.
5           Q.   What is referenced there under the NCAA bylaws
6      would be considered an institutional violation, would it
7      not, sir?
8                MR. LINDHOLM:  Object to form.
9                MS. BARBIER:  Objection.
10               MR. MORGAN:  Same objection.
11          A.   Yes.
12     BY MR. MCLEOD:
13          Q.   And isn't it true, sir, that under the NCAA
14     bylaws, that institutional violation shall not have any
15     effect on a student athlete's eligibility?
16               MS. BARBIER:  Objection.
17               MR. LINDHOLM:  Objection to form.
18          A.   Correct.
19          Q.   And we know that because the NCAA bylaws
20     specifically state that that impermissible conduct is
21     classified as a di minimus and restitution of
22     violations; isn't that correct?
23               MS. BARBIER:  Objection.
24               MR. LINDHOLM:  Objection to form.
25          A.   Yes.

Page 78

1          Q.   Now, let me show you NCAA bylaw 13.01.  Is it

2     on your screen, sir?

3               MR. MORGAN:  Is it Exhibit 4, Mullins?

4               MR. MCLEOD:  Yes.

5          A.   Which -- Exhibit 4?

6     BY MR. MCLEOD:

7          Q.   It's Exhibit 4, and it should be on your

8     screen now.

9          A.   13.01?

10         Q.   Yes, sir.  13.01.1.

11         A.   Okay.

12         Q.   All right.  Isn't it true, sir, that if a

13    representative of a member institution's athletic

14    interest is involved in impermissible recruiting, that

15    that fact alone shall render the student ineligible for

16    participation at that school?

17              MR. LINDHOLM:  Object to form.

18              MR. TAFT:  Object to form.

19              MS. BARBIER:  Objection.

20              MR. MORGAN:  Object to continuously asking this

21         witness for opinion testimony.

22    BY MR. MCLEOD:

23         Q.   Okay.  I'll ask you another way, Mr. Carns.

24    Could you read, for the benefit of the ladies and

25    gentlemen of the jury, NCAA bylaw 13.01.1 beginning with

Page 79

1    the word "the"?

2         A.    "The recruitment of a student-athlete by a

3    member institution or any representative of its

4    athletics interest in violation of the association's

5    legislation is acknowledged by the institution or

6    established in the association's infractions process

7    shall result in the student-athlete becoming ineligible

8    to represent that institution in intercollegiate

9    athletics.

10              Committee on student-athlete reinstatement may

11   restore the eligibility of the student-athlete involved

12   in such a violation only when circumstances clearly

13   warrant restoration."

14        Q.    All right.  Mr. Carns, that's -- that's

15   enough, unless you want to continue reading.  I'm just

16   trying for benefit of time.

17        A.    That's fine.

18        Q.    Okay.  So, Mr. Carns, isn't it true, sir, that

19   pursuant to these NCAA bylaws, if a representative of

20   the university's athletic interest or a member of the

21   university staff recruits in an impermissible manner,

22   that shall result in the student-athlete becoming

23   ineligible to represent that institution; isn't that

24   correct?

25              MR. LINDHOLM:  Object to form.

Page 80

1            MR. TAFT:  Object to form.

2            MS. BARBIER:  Objection.

3            MR. MORGAN:  The bylaw says what it says.

4       Asking this witness an opinion is improper.

5   BY MR. MCLEOD:

6       Q.   Okay.  Mr. Carns, do you agree with me that

7   the language that you read for the benefit of the ladies

8   and gentlemen of the jury was, in fact, the language

9   that was in place in that controlled -- in 2016 and

10  2017?

11            MS. BARBIER:  Objection.

12       A.   Yes.

13       Q.   Okay.  And I asked if you would agree with me

14  earlier that words have meaning, and I think you shared

15  with me that they do; is that right?

16            MR. LINDHOLM:  Object to form.

17            MR. TAFT:  Object.

18  BY MR. MCLEOD:

19       Q.   Sir?

20       A.   Yes.

21       Q.   And in 13.01.1, isn't it true, sir, that the

22  word "shall" is contained within the language that you

23  read for the benefit of the ladies and gentlemen of the

24  jury?

25            MS. BARBIER:  Objection.

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 81

1            MR. TAFT:  Objection.

2            MR. MORGAN:  Objection.  The bylaw says what it

3        says. Asking these witness these questions is

4        improper.

5    BY MR. MCLEOD:

6        Q.   You can answer, sir.

7        A.   The word "shall" is in that bylaw.

8        Q.   All right.  Now, in addition, doesn't this

9    bylaw clearly state that the student-athlete is

10   ineligible at the institution that engaged in the

11   impermissible recruiting violation, isn't that correct,

12   sir?

13           MS. BARBIER:  Objection.

14           MR. LINDHOLM:  Objection to form.

15       A.   That would include all recruiting violations.

16       Q.   Well, let me ask you, sir, in 13.01.1, would

17   you agree with me that it states, "Shall result in the

18   student athlete becoming ineligible to represent that

19   institution and intercollegiate athletics."  Would you

20   agree with me that's what the bylaw states?

21           MR. MORGAN:  Objection to form.  You did not

22       read the entire bylaw.

23       Q.   You can answer, sir.

24       A.   That's a section of that bylaw, yes.

25       Q.   I'll tell you what, read it again, for the

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 82

1    benefit of the ladies and gentlemen of the jury, just so

2    we have a clear record, beginning with the word "the"

3    and end with the word "restoration," please?

4         MR. LINDHOLM:  Object to form.

5         MR. MORGAN:  Okay.  Yeah, object to form.  You

6              know, if you want him to read the entire thing in

7              the record, I'm not sure why you want him to,

8              Mullins, but let's just have him read the whole

9              thing and we can agree if he read it correctly or

10             not.

11        MR. MCLEOD:  Well, it would be a lot quicker if

12             we would admit under oath that it says what it says,

13             but because he won't, I'm having to do the hard way.

14        MR. MORGAN:  I'm going to object to you making

15             the comments about the witness --

16        MR. MCLEOD:  We keep --

17        MR. MORGAN:  -- he is being truthful.  Your

18             questions are not appropriate, and you are asking

19             him to say things that are not in the bylaw or to

20             ask him to say that the bylaw says only part of what

21             it says.

22        MR. MCLEOD:  All right.  Mr. --

23        MR. MORGAN:  I'm not sure why -- I don't know

24             why, I just would like the record to be clear and

25             clean.  Again, we're not in this case, so I don't

Page 83

1        know why you are doing it this way, but if you want

2        him to read the bylaw, he can.  I think he should

3        read the whole thing, so we don't go back over and

4        over and over again.

5              THE WITNESS:  Okay.  I'll do exactly that.

6        BY MR. MCLEOD:

7        Q.   Okay.  Mr. Carns, read, for the benefit of

8   ladies and gentlemen of the jury, the first full

9   paragraph under bylaw 13.01.1.

10             MR. LINDHOLM:  Object to form.

11       A.   "The recruitment of a student-athlete by a

12  member institution or any representative of its athletic

13  interest in violation of the association's legislation

14  is acknowledged by the institution or established

15  through the association's infractions process shall

16  result in the student-athlete becoming ineligible to

17  represent that institution and intercollegiate athletes.

18  The committee of student-athlete reinstatement may

19  restore the eligibility of a student athlete of a

20  student involved in such violation only when

21  circumstances clearly warrant restoration.  The student

22  is responsible for his or her involvement in the

23  violation of the NCAA regulations during the student's

24  recruitment, and involvement in a Level 1 or Level 2

25  violation, see bylaw 19.1.1 and 19.1.2, may cause the

Page 84

```
 1      student to become permanently ineligible for

 2      intercollegiate athletic competition at that

 3      institution."

 4           Q.   Now, Mr. Carns, would you agree with me that

 5      the way that this bylaw operates is that if an

 6      institution or athletic representative engages in the

 7      impermissible recruiting, that that particular recruit

 8      is ineligible to participate at that particular school?

 9      Would you agree with me that?

10                MS. BARBIER:  Objection.

11                MR. MORGAN:  Object to form.

12                MR. LINDHOLM:  Object to form.

13                MR. MORGAN:  Objection to asking this witness

14           to give an opinion about how the NCAA --

15                MR. MCLEOD:  He's the head of -- he's head of

16           compliance.  Okay?  It's in the 30(b)(6) notice.

17           I'm trying to be deferential as I can, but we need

18           to keep moving because of time.

19      BY MR. MCLEOD:

20           Q.   Mr. Carns, isn't it true, sir, that under the

21      NCAA bylaws the way bylaw 13.01.1 is administered, based

22      upon your having worked in this area over 20 years, is

23      that if an institution engages the impermissible

24      recruiting, then that recruit is ineligible to

25      participate at that institution?
```

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 85

1          MR. LINDHOLM:  Object to form.

2          MS. BARBIER:  Objection.

3          MR. MORGAN:  Object to form and opinion

4      testimony.

5    BY MR. MCLEOD:

6          Q.   You can answer, sir.

7          A.   For violations -- for violations within the

8    bylaw that affect eligibility, yes.  There are bylaws in

9    the -- within 13 that do not affect eligibility.

10         Q.   Okay.  And, Mr. Carns, is one of the reasons,

11   from an enforcement standpoint, bylaw 13.01.1 is in

12   place is to prevent member institutions from benefiting

13   from illegal recruiting -- or improper recruiting?

14         MR. LINDHOLM:  Object to form.

15         MS. BARBIER:  Objection.

16         MR. MORGAN:  Objection to form.

17   BY MR. MCLEOD:

18         Q.   You can answer, sir.

19         A.   Yes.

20         Q.   Because without this bylaw, isn't it true,

21   sir, that if you -- if a university or member

22   institution secured the rights to an elite prospects

23   talent and basketball services, that they would be able

24   to benefit from that with no repercussions, isn't that

25   correct, sir?

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 86

1              MR. LINDHOLM:  Object to form.

2              MS. BARBIER:  Objection.

3              MR. MORGAN:  Objection to form.  Form and

4         opinion.

5    BY MR. MCLEOD:

6         Q.   You can answer, sir.

7              MR. MORGAN:  If you know.

8         A.    In some circumstances, yes.

9         Q.   Okay.  Now, Mr. Carns, in Brian's case, did

10   the University of Louisville ever seek to have his

11   eligibility reinstated after the bribe payment was

12   delivered to his father?

13             MR. LINDHOLM:  Object to form.

14             MS. BARBIER:  Objection.

15             MR. MORGAN:  I want to object to the form,

16        Mullins, only because you're asking this witness

17        about circumstances that I think even you say were

18        not established until after the SDNY trial and Brian

19        Bowen was no longer a student-athlete at the

20        University of Louisville.

21   BY MR. MCLEOD:

22        Q.   Mr. Carns, at any time while Brian was

23   enrolled at Louisville, did the university or its

24   athletic department ever seek reinstatement or

25   restoration of his eligibility?

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 87

1        A.    Because we did not declare him ineligible, we
2    did not seek reinstatement, no.
3        Q.    So the answer to my question is:  The
4    university or the Athletic Association never made any
5    efforts to have Brian's eligibility restored with the
6    governing body known as the NCAA; is that correct?
7             MR. LINDHOLM:  Objection.
8             MR. TAFT:  Objection.  Misstates his testimony.
9        Q.    You can answer, sir.
10       A.    We did not seek reinstatement, because we did
11   not declare this student-athlete ineligible, which is
12   needed before we can request reinstatement.
13       Q.    Mr. Carns, isn't it true, sir, that if Brian
14   had been reinstated, he would not have been able to play
15   at the University of Louisville?
16            MS. BARBIER:  Objection.
17            MR. LINDHOLM:  Object to form.
18            MR. MORGAN:  Objection to form.  Objection
19       asking this witness hypotheticals or opinion
20       testimony.
21   BY MR. MCLEOD:
22       Q.    You can answer, sir.
23       A.    I don't know.
24       Q.    Isn't it true, sir, that a reasonable
25   inference to be drawn from the fact that Louisville did

Page 88

1      not undertake any steps to restore Brian's eligibility

2      is because the school and the Athletic Association would

3      not benefit from his basketball labor or talents if his

4      eligibility was, in fact, restored?

5                MS. BARBIER:  Objection.

6                MR. LINDHOLM:  Objection to form.

7                MR. MORGAN:  Objection to form.  Objection to

8           the nature of the question -- the argumentative

9           nature of the question.

10          A.    No.

11          Q.    And share with me why I'm incorrect, sir?

12          A.    That wasn't contemplated in any of our

13     decision making at that time.

14          Q.    My question is based upon the language in this

15     rule, isn't it true, sir, that had Louisville sought

16     reinstatement, they would not have been able to benefit

17     from Brian's basketball labor and talent?

18                MR. LINDHOLM:  Object to form.

19                MS. BARBIER:  Objection.

20                MR. MORGAN:  Can you restate that question,

21          Mullins?

22                I'm sorry.

23     BY MR. MCLEOD:

24          Q.    Mr. Carns, having read by law 13.01.1, my

25     question to you is very simple:  Isn't it true that had

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 89

1      Louisville undertaken steps to restore Brian's

2      eligibility, he would not have been able to play at the

3      University of Louisville pursuant -- pursuant to this

4      bylaw?

5              MS. BARBIER:  Objection.

6              MR. LINDHOLM:  Object to form.

7              MR. MORGAN:  Objection.  I'm going to object

8          and say it misstates prior testimony.  It is -- if

9          you are assuming that the University of Louisville

10         would have sought reinstatement based on the fact

11         that they declared him ineligible, which you already

12         said they had not done multiple, Mullins, and then

13         you are hypothetical on top of --

14             MR. MCLEOD:  Let me -- let me just tell you-all

15         this.

16             I've tried to be as patient as I can.  There

17         can be no more speaking objections, number one, and,

18         number two, you-all asked me, and I agreed that an

19         objection of one is an objection for all, so there's

20         no need for everybody to object at the same time.

21         Your record is preserved as to the form of the

22         question.

23             I'm going to ask this question one last time.

24             MR. MORGAN:  Before you do that, Mullins, can I

25         just clarify?  You said when we started this

30(B)(6)  John  Carns- De Bene Esse                                    April 15, 2021
Bowen v. Adidas

Page 90

1              deposition that you wanted all objections on the

2              record.  That was what you started with I thought.

3                      MR. MCLEOD:  And we agreed except as to the

4              form of the question, and so there's no need for

5              everybody to state your objections as to the form.

6              If you still want to do it, then that is perfectly

7              fine.  I'm just letting you know that you are not

8              required to.  I'm going to ask this question for one

9              last time.

10     BY MR. MCLEOD:

11         Q.   Mr. Carns, isn't it true that pursuant to

12     bylaw 13.01.1 that had Brian's eligibility been

13     restored, he would not have been able to play at the

14     University of Louisville?

15                     MR. LINDHOLM:  Object to form.

16                     MR. TAFT:  Object to form.

17                     MR. MORGAN:  Same objection.

18     BY MR. MCLEOD:

19         Q.   You can answer, sir.

20         A.   The NCAA reinstatement staff would make that

21     decision, so I do not know the answer to that question.

22         Q.   Okay.  If Brian's eligibility was restored and

23     he was unable to play at Louisville per the NCAA bylaws,

24     would you agree with me that Louisville would not be

25     able to benefit from his basketball services and talent?

Page 91

1           MR. LINDHOLM:  Object to form.

2           MR. MORGAN:  Object to form.

3           MS. BARBIER:  Objection.

4    BY MR. MCLEOD:

5         Q.   You can answer, sir.

6         A.   Could you repeat that again, please?

7         Q.   If Brian's eligibility to play college

8    basketball was restored, would you agree with me, sir,

9    that he would not have been able to play basketball at

10   Louisville?

11          MR. LINDHOLM:  Object to form.

12          MR. MORGAN:  Object.

13        A.   I -- I don't know the answer to that question.

14        Q.   Okay.  Would you agree with me, sir, that if

15   Brian played basketball and prepared for the NBA at an

16   institution other than Louisville, then Louisville would

17   not be able to benefit from his basketball labor and

18   talent?

19          MS. BARBIER:  Objections.

20          MR. LINDHOLM:  Object to form.

21          MR. MORGAN:  Objection to form.

22        A.   Yes.

23   BY MR. MCLEOD:

24        Q.   Now, you testified in the criminal case, did

25   you not, sir?

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 92

1          A.    Yes.

2          Q.    And we've got your testimony, and going

3    through it, you appear to be rather forthcoming with

4    regards to the Government's questions, and let me first

5    ask you:  Was the purpose of your testimony at the

6    criminal trial that resulted in convictions of

7    Defendants Gatto, Code, and Dawkins in part to seek

8    restitution for injuries that the University of

9    Louisville claimed?

10              MR. LINDHOLM:  Object to form.

11              MR. MORGAN:  I'm going to object to the form.

12              And, Mullins, I don't know if it's customary to

13         take shots at witnesses as part of your questions or

14         not, but I think that's improper.  I'm just going to

15         note that, and, you know, there's only a certain

16         level of harassment and insinuation that I think Mr.

17         Carns should have to put up with.

18   BY MR. MCLEOD:

19         Q.    Mr. Carns, why did you go to New York and

20   testify in the criminal case?

21         A.    I was asked to testify by the attorneys, and I

22   agreed to.

23         Q.    And what was the subject matter of the

24   testimony that you offered to the jury in that case?

25         A.    The subject matter was the whole -- the

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 93

1    recruitment of Brian Bowen.

2         Q.   And did your testimony include, sir, sworn

3    testimony that the payment that was made to his father

4    rendered him ineligible?

5              MR. LINDHOLM:  Object to form.

6         A.   I don't recall the specific testimony.

7         Q.   Okay.  Well, I'll turn you to page 357.  I

8    think it's on your first day of sworn testimony.

9              MR. MORGAN:  Mullins, are you -- are you

10        loading something?

11             MR. MCLEOD:  Yeah.  We're trying to load his

12        testimony.  That way we're reading from the same

13        sheet of music, and that way --

14             MR. MORGAN:  Okay.  I was making sure I wasn't

15        missing anything.

16              (EXHIBIT 9 MARKED FOR IDENTIFICATION)

17   BY MR. MCLEOD:

18        Q.   All right.  Mr. Carns, do you have on your

19   screen --

20        A.   Yes.

21        Q.   All right.  And this is a transcription of

22   testimony in  the matter of the United States of America

23   versus James Gatto, AKA Jim, Merl Code, and Christian

24   Dawkins.  Do you see that?

25        A.   Yes.

30(B)(6)  John  Carns- De Bene Esse                        April 15, 2021
Bowen v. Adidas

                                                              Page 94

1        Q.    And is that the criminal trial that you gave
2    sworn testimony to as it relates to Brian Bowen's
3    ineligibility at the University of Louisville?
4             MR. MORGAN:  Objection to form.
5        A.    Yes.
6        Q.    All right.  If you would please, sir, come
7    down to page 357.
8        A.    Okay.
9        Q.    All right.
10            MR. LINDHOLM:  Mullins, for the record, is this
11        the full transcript of the trial?
12            MR. MCLEOD:  Yes.  This is the full transcript
13        of Day 1.  He testified over the course of two days.
14            MR. LINDHOLM:  Okay.  Thank you.
15   BY MR. MCLEOD:
16        Q.    So, Mr. Carns, do you see at the top of page
17   357, line 2?
18        A.    Yes.
19        Q.    All right.  And was that question asked of you
20   by the Department of Justice in the prosecution of
21   Defendant Gatto, Defendant Code, and Defendant Dawkins?
22        A.    Yes.
23        Q.    And was that question asked of you by the
24   Department of Justice as it relates to the ineligibility
25   of my client, Brian Bowen?

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 95

1              MR. LINDHOLM:  Object to form.

2         A.   I don't believe so.  I believe it was a

3    general question regarding --

4         Q.   Mr. Carns, were you there to testify about

5    general matters, or were you there to testify about the

6    university's injury as it relates to Brian Bowen losing

7    his eligibility?

8              MS. BARBIER:  Objection.

9              MR. LINDHOLM:  Object to form.

10             MR. MORGAN:  Object to form.  Mr. Carns was

11        trying to explain in the question you were

12        identifying was in relation to a broader topic that

13        the questioning attorney was asking.

14   BY MR. MCLEOD:

15        Q.   Mr. Carns, would you read, for the ladies and

16   gentlemen of the jury, the question that the Department

17   of Justice has asked you beginning on line 2?

18             MR. MORGAN:  So I'm just going to object to the

19        form of the question and suggest that the page

20        before that should also be read out of fairness for

21        completion.

22   BY MR. MCLEOD:

23        Q.   Would you please read that, sir?

24        A.   "So if a family member receives an improper

25   benefit without the student athlete's knowledge, does

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

                                                            Page 96

1     that affect the student-athlete's eligibility?"

2          Q.    And what was your answer, sir?

3          A.    "Yes."

4          Q.    And is that still truthful testimony as it

5     relates to impermissible extra benefits in the

6     eligibility consequences for student-athletes?

7               MR. LINDHOLM:  Object to form.

8          Q.    Mr. Carns?

9          A.    Yes.  If you have the -- if you have knowledge

10    and facts related to that, yes.

11         Q.    Okay.  So the question that begins on line 2

12    and your answer on line 5 is an accurate transcription

13    of your sworn testimony at the criminal proceeding; is

14    that correct?

15              MR. MORGAN:  I'm going to object to form.

16         A.    Yes.

17         Q.    Okay.  Now, let's go down to page 368 please,

18    sir, and let me first ask you:  Isn't it true, sir, that

19    in elite programs like Louisville, they don't offer

20    athletic scholarships to prospects who are ineligible

21    for competition?

22              MR. LINDHOLM:  Object to form.

23              MS. BARBIER:  Objection.

24         Q.    You can answer, Mr. Carns.

25         A.    It would depend on the reason for the

Page 97

1    ineligibility.

2         Q.   Well, let me ask you:  Does the university, to

3    your knowledge, issue scholarships to student-athletes

4    who are ineligible to compete?

5         MR. LINDHOLM:  Object to form.

6         A.   In circumstances like a transfer that have to

7    sit out a year who's ineligible for competition for that

8    year, yes, we would offer a scholarship for that year,

9    even though they were ineligible for competition.

10        Q.   All right.  Would read, for the benefit of the

11   ladies and gentlemen of the jury, the question that the

12   Department of Justice asked you beginning on line 16?

13        MR. MORGAN:  I'm going to say again, objection

14        to form under Rule 106, fairness and completeness.

15        He ought to be able to read into the record the

16        remainder of the transcript or portions before and

17        after.

18        MR. MCLEOD:  If you know, before, Mr. Carns,

19        you answer, if it -- if it suits you-all's purposes,

20        why don't we admit into evidence all of the sworn

21        testimony?  That way the rule of completeness is a

22        non-issue?  Is there any objection to that.

23        MR. MORGAN:  I don't think it's a non-issue.  I

24        mean, maybe the defendants would have a different

25        view, but just from my perspective, if you try to

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 98

1          admit this writing or recorded statement, I'm noting

2          the 106 objection for completeness and fairness.

3          It's your deposition.  You can go forward however

4          you want to, but I -- you know --

5              MR. MCLEOD:  So at this time, I'll move into

6          evidence Mr. Carns' sworn testimony in the criminal

7          trial that expanded the course of two days.

8              (EXHIBIT 10 MARKED FOR IDENTIFICATION)

9              MS. BARBIER:  Objection.

10             MR. LINDHOLM:  Objection.

11             MR. TAFT:  Objection.

12      BY MR. MCLEOD:

13          Q.   Mr. Carns, will you please, sir, read, for the

14      benefit of the ladies and gentlemen of the jury, the

15      question that begins on line 16?

16          A.   "Does the university, to your knowledge, issue

17      scholarships to student-athletes who are ineligible to

18      compete?"

19          Q.   What was your sworn response to that question,

20      sir?

21          A.   "No, they do not."

22          Q.   And what did the Department of Justice ask you

23      next?

24          A.   "Why not?"

25          Q.   And could you share, for the benefit of the

Page 99

```
 1    ladies and gentlemen of the jury, what your answer to

 2    that question was?

 3          A.   "Why don't they?  Because if they are

 4    ineligible to compete, you are using the scholarship for

 5    somebody that could be eligible primarily."

 6          Q.   Is that an accurate transcription of your

 7    testimony given during the criminal trial related to the

 8    Adidas bribery scheme?

 9               MR. LINDHOLM:  Object to form.

10          A.   Yes.

11               MS. BARBIER:  Objection.

12               MR. TAFT:  Objection.  Mullins, you had

13          previously represented that this was the full

14          transcript of the day on which he testified, and

15          it's clearly not.  I mean, we've got a cut off

16          question right here, so I'm not sure that this a --

17          obviously, this is not a complete exhibit.

18               MR. MCLEOD:  It is, but we'll keep going.

19    BY MR. MCLEOD:

20          Q.   Now, Mr. Carns, isn't it true, sir, that the

21    criminal trial that you testified to related to Brian

22    Bowen's ineligibility at the University of Louisville?

23               MS. BARBIER:  Objection.

24               MR. LINDHOLM:  Object to form.

25               MR. MORGAN:  Object to form.
```

Page 100

1    BY MR. MCLEOD:

2         Q.   You can answer, sir.

3         A.   That was -- yes.  That was part of the

4    testimony, yes.

5         Q.   And isn't it true, sir, that the University of

6    Louisville sought -- sought restitution, i.e., money in

7    that criminal proceeding as a result of Brian's

8    ineligibility at Louisville?

9              MR. LINDHOLM:  Object to form.

10             MS. BARBIER:  Objection.

11             MR. MORGAN:  Object to form.

12        A.   I believe that's correct, yes.

13   BY MR. MCLEOD:

14        Q.   Okay.  And in February of 2019, was Amy

15   Shoemaker deputy university counsel at the University of

16   Louisville?

17        A.   Yes.

18        Q.   And did Ms. Shoemaker submit on behalf of the

19   university a victim impact statement as it relates to

20   Brian's loss of his eligibility while at the University

21   of Louisville?

22        A.   Yes.

23        Q.   And is it your understanding, sir, that in

24   that victim impact statement, the University of

25   Louisville claimed harm as a result of Brian losing his

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 101

1    eligibility?

2            A.    Yes.

3            Q.    Would you agree with me, sir, that had Brian

4    not lost his eligibility, the university would not have

5    suffered any injury at all?

6            MR. LINDHOLM:  Object to form.

7            MS. BARBIER:  Objection.

8            MR. MORGAN:  Object to form.  This witness is

9        not -- this is not part of your notice about --

10       notice of deposition, period.  In fact, it's, you

11       know -- I don't know.

12           Court Reporter, can we go off the record, and I

13       want to find out how much time of testimony is left

14       in the seven- hour day under the federal rules.

15           MR. LINDHOLM:  And before we go off the record,

16       I'd just like to add that I object, as well, that

17       this is well beyond the scope of the topics.  Any

18       injury to Louisville is not included in the topics.

19           MR. MCLEOD:  Any other objections?

20           MS. BARBIER:  Yeah.  I join in all of the

21       objections.

22           MR. MCLEOD:  Okay.

23           MR. TAFT:  The description of the document is

24       hearsay, so I'll object there to the victim impact

25       statement.

30(B)(6) John Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

                                                           Page 102

1      BY MR. MCLEOD:

2            Q.    All right.  Mr. Carns, isn't it true, sir,

3      that had Brian's eligibility not been destroyed, the

4      university would not have suffered any injury at all?

5                  MS. BARBIER:  Objection.

6                  MR. LINDHOLM:  Objection to form.  Outside the

7            scope.

8            Q.   You can answer, sir.

9                  MR. MORGAN:  Objection.  Outside the scope.

10           This witness is not qualified to testify on those

11           matters, nor is he prepared to, since it wasn't part

12           of the 30(b)(6) notice.

13                 MR. MCLEOD:  Guys, I'm just going to warn you

14           for the last time, all right, these speaking

15           objections are improper under local rules.  It's

16           sanctionable conduct.  I've never filed a motion of

17           sanctions against a lawyer, and I'm not going to do

18           it now, but I'm going to ask you for the last time,

19           please stop, so we can get through this deposition.

20           You can resolve all your objections and everybody

21           can come to Judge Anderson and we can argue until

22           the cows come home, but these speaking objections

23           are flat out improper, and everyone one of you knows

24           it.

25     BY MR. MCLEOD:

30(B)(6) John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

                                                              Page 103

1          Q.   So, Mr. Carns, my question to you is:  Isn't

2     it true, sir, that had Brian's eligibility not been

3     destroyed, the university would have suffered no injury

4     at all?

5               MS. BARBIER:  Objection.

6               MR. LINDHOLM:  Object to form.

7          A.   I don't know the answer to that.

8          Q.   Tell me why you don't know the answer to that?

9               MR. LINDHOLM:  Object to form.

10         A.   I don't understand the eligibility.  I have no

11    involvement with his eligibility being destroyed.

12         Q.   Mr. Carns, are you not cognizant of the fact

13    that you testified under oath in a criminal proceeding

14    that related to restitution to the University of

15    Louisville?

16              MR. MORGAN:  Objection.  Argumentative.

17              MS. BARBIER:  Objection.

18         Q.   You can answer, sir.

19         A.   Yes, I'm aware I testified.

20         Q.   And, sir, isn't it true that you testified

21    about the value of the scholarship that was offered to

22    Brian Bowen, my client?

23              MR. LINDHOLM:  Object to form.

24         A.   Yes, I did testify to that.

25         Q.   And could you share with the ladies and

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 104

1    gentlemen of the jury the value of the scholarship based

2    upon your sworn testimony in the criminal proceeding?

3        A.   I don't recall.  Approximately, $41,000.

4        Q.   And what was your understanding of why you

5    testified to the cost of the value of a scholarship to

6    Brian Bowen in the criminal proceeding in New York?

7             MR. TAFT:  Objection to form.

8        A.   Because I was asked -- I was asked

9    specifically during 2017/'18 what was the approximate

10   cost of a scholarship.

11       Q.   Did you not understand, sir, that you were

12   testifying in support of the university's claim for

13   restitution in the criminal case?

14            MS. BARBIER:  Objection.

15       A.   At the time, I was just answering the

16   questions.

17       Q.   Okay.  Do you know whether the University of

18   Louisville represented to the court in New York and to

19   the NCAA that Brian was allowed to continue going to

20   class?

21            MR. MORGAN:  Objection to form.

22       A.   Yes, he was allowed to continue to go to

23   class.

24            MR. MORGAN:  Mullins, I think we're almost at

25       seven hours.  Do you have a -- do you have the time?

Page 105

1              MR. MCLEOD:  I'm at -- I've got 6:30.

2              MR. MORGAN:  Were you tracking?  Okay.  You got

3         6:30, so were you tracking how much time on the

4         record versus not?

5              MR. MCLEOD:  No.  I haven't been tracking it.

6         Obviously, this testimony is under the de bene

7         esse notice, and I think we're about an

8         hour-and-a-half into it.

9    BY MR. MCLEOD:

10        Q.   Mr. Carns, let me --

11             MR. MORGAN:  You've got seven hours of

12        testimony for the day, federal rules.

13             MR. MCLEOD:  Okay.

14             MR. MORGAN:  I don't mind giving you a little

15        extra time, but, I mean, you're so far off the

16        topics, that it's --

17             MR. MCLEOD:  Well, we're just going to have to

18        agree to disagree again, and if the speaking

19        objections stop, I think it will go a lot quicker.

20        I'll try my best to move as expeditiously as

21        possible.

22             MR. LINDHOLM:  Can we get a time check from the

23        court reporter?

24             COURT REPORTER:  Okay.  We were on the record

25        for the 30(b)(6) deposition of John Carns for three

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 106

1      hours, 37 minutes, and we've been on the record for

2      this cross-notice deposition for two hours, 11

3      minutes.

4            MR. MORGAN:  Thank you.

5            VIDEOGRAPHER:  Mr. Morgan, would it be possible

6      to close the blinds behind the witness?  We're

7      getting a lot of glare.

8            MR. MORGAN:  Oh, yeah.  Sure.

9            VIDEOGRAPHER:  Thank you.

10           MS. BARBIER:  I would just like to say that I

11     don't think it's fair to the witness to go beyond

12     seven hours.  I don't think that the rules

13     contemplate making a witness testify longer than

14     seven hours in one day, so I would ask that after

15     the seven-hour mark, we adjourn.

16           MR. MORGAN:  Yeah, I was going to say, I don't

17     disagree, and I'm hoping, Mullins, you can get

18     pretty close to being done or done here shortly, and

19     we can done, but I want to give you that

20     opportunity, of course.  I don't want to impede

21     that.  I did not -- I never agreed that we would go

22     on for another deposition for another seven hours.

23     I mean, I don't -- whatever you-all's procedure down

24     there in South Carolina, but the federal rules are

25     pretty clear about how much time a witness has to

Page 107

1      testify, so hopefully we can get done with it.

2           MR. MCLEOD:  Okay.  You-all ready to keep

3      going?

4  BY MR. MCLEOD:

5      Q.   Now, Mr. Carns, isn't it true, sir, that the

6  process of cutting off Brian's financial aid was already

7  in place the day after the indictments were announced by

8  the Department of Justice?

9           MR. LINDHOLM:  Object to form.

10     A.   No, it's not true.

11     Q.   Okay.  Were you involved in responding to the

12 subpoena that was issued to the University of Louisville

13 regarding this case?

14     A.   Yes.

15     Q.   Do you have those documents in front of you?

16     A.   No.

17     Q.   Do you know whether or not those documents

18 included an e-mail from you dated September 27, 2017, at

19 10:56 a.m.?

20     A.   No.

21     Q.   Do you believe in responding to a subpoena,

22 the university and Athletic Association has a

23 responsibility to comply in full?

24          MR. MORGAN:  Let me object to the form.  Asking

25     this witness legal opinions.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 108

1          MR. MCLEOD:  Did he have responsibility to

2     comply with judicial process?  What is your

3     objection as to the form of that question, sir?

4          MR. MORGAN:  You are asking him a legal

5     opinion.

6          MR. MCLEOD:  He's a lawyer.

7          MR. MORGAN:  He's not a lawyer for this

8     deposition.

9          MR. MCLEOD:  You don't have to be a lawyer to

10    know that when you get a subpoena, you have

11    obligations.

12         MR. MORGAN:  Mr. Mullins, you're directing

13    these questions to me, so I'll respond, so --

14         MR. MCLEOD:  I'm not going to argue with you.

15         MR. MORGAN:  No.  No.  You asked me the

16    question, so I'll respond.  There was a subpoena

17    directed to the University of Louisville we objected

18    to the breadth and scope.  We met and conferred and

19    narrowed that.  We complied with our obligations

20    under the subpoena, but, again, I never heard from

21    you on it, so if you've got a question about it, I'm

22    happy to talk to you off the record, so you don't

23    eat up your time.

24         MR. MCLEOD:  So, Mr. Morgan, can you share with

25    the court whether or not your subpoena response

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 109

1          included Exhibit 11 that is on the screen now?

2                 MR. MORGAN:  I don't see Exhibit 11.

3                 (EXHIBIT 11 MARKED FOR IDENTIFICATION)

4                 MR. MCLEOD:  It should be on your screen now.

5                 MR. MORGAN:  Exhibit 11, Tab 13, is not, I

6          don't believe, part of the response.  I think he

7          already testified about that, though.

8                 MR. MCLEOD:  I think we disagree on that.

9     BY MR. MCLEOD:

10          Q.   All right.  So do you have Exhibit 11 on your

11     screen?

12          A.   Yes.

13          Q.   Could you scroll down to the e-mail from Emily

14     Garr dated September 27, 2017?

15          A.   Yes.

16          Q.   And is that an e-mail that was sent by

17     Ms. Garr to Mr. Banker and copied to you?

18          A.   Yes.

19          Q.   And is this an accurate copy of the e-mail

20     that Ms. Garr sent you on this day, Wednesday,

21     September 27, 2017, at 10:54 a.m.?

22          A.   Yes.

23          Q.   And so the jury can put the September 27 date

24     in context, this is the morning following the

25     announcement of the indictments in the Adidas progress

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 110

1    scheme; is that correct?

2            MR. LINDHOLM:  Object to form.

3            MR. TAFT:  Object to form.

4            MS. BARBIER:  Objection.

5       A.   Yes, that's the day after.

6    BY MR. MCLEOD:

7       Q.   Okay.  And could you share with the ladies and

8    gentlemen of the jury the question that Ms. Garr posed

9    to you and Mr. Banker in this e-mail?

10      A.   "Should I post a hold to his account -- his

11   account with financial aid bursar to prevent any future

12   disbursement?

13           Next award is scheduled for October 5."

14      Q.   And could you scroll up, sir, to your response

15   at 10:56 a.m.?

16      A.   Yes.

17      Q.   Could you read that for the benefit of the

18   ladies and gentlemen of the jury?

19      A.   "Let's keep it as it is now for now.  We

20   haven't canceled it at this point."

21      Q.   Okay.  Now, going back to Ms. Garr's e-mail,

22   you were carbon copied on her e-mail, were you not?

23      A.   Yes.

24      Q.   And her e-mail was to Matthew Banker; isn't

25   that correct?

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 111

1        A.    Correct.

2        Q.    But upon immediate receipt of that e-mail, you

3    responded to both Ms. Garr and Mr. Banker; isn't that

4    correct?

5        A.    Correct.

6        Q.    And is this e-mail that you sent in response

7    to her question the e-mail that you, in fact, sent in

8    the ordinary course of your business as the director of

9    compliance at Louisville?

10       A.    Yes.

11            MR. MCLEOD:  I'll move to have this admitted

12       into evidence.

13       Q.    Now, Mr. Carns --

14            MS. BARBIER:  Objection.

15            MR. MCLEOD:  What's the --

16   BY MR. MCLEOD:

17       Q.    All right.  Mr. Carns, isn't it true that

18   according to this e-mail, you stated, "Let's keep the

19   financial aid as it is for now."  Isn't that true, sir?

20       A.    Yes.

21       Q.    Okay.  Now, in addition, are you aware, sir,

22   that there are text messages that were exchanged between

23   one of the Athletic Association's employees for Brian's

24   official visit?

25       A.    Brian wasn't on an official visit.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

                                                    Page 112

1              (EXHIBIT 12 MARKED FOR IDENTIFICATION)

2      BY MR. MCLEOD:

3          Q.    Mr. Carns, do you have Exhibit 12 on your

4      screen?

5          A.    Yes.

6          Q.    Now, will you go to text message 174?  Do you

7      see that one, 174 in the far left-hand corner?

8          A.    Yes.

9          Q.    Okay.  Have you -- as the head of compliance

10     at the University of Louisville, have you seen the text

11     message that is contained in Exhibit Number 12 before

12     today?

13         A.    I don't recall specifically seeing this text

14     message, no.

15         Q.    Okay.  Was Kenny Johnson employed by the

16     Louisville Athletic Association in May of 2017?

17         A.    Yes.

18         Q.    And was his salary approximately $550,000 at

19     that time?

20         A.    Yes.

21         Q.    And isn't it true, sir, that the university or

22     the Athletic Association provided his cell phone?

23         A.    I don't have direct knowledge of that, but

24     most likely, yes.

25         Q.    Okay.  And in the right-hand column,

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 113

1    Mr. Johnson has testified that these texts are accurate

2    transcriptions of the texts that he sent or received.

3    Could you read for the record, please, sir, beginning

4    with the word "the"?

5         A.    "The goal is to have him back by Thursday, but

6    going to let him take the night so he thinks he came to

7    this decision by himself."

8         Q.    Okay.  And at any time after May 3, 2017, did

9    you share with the NCAA or anybody outside of the

10   university that the university's records indicate that

11   Brian was being manipulated on May 30, 2017, to believe

12   that his choice was Louisville was "his own decision"?

13              MR. LINDHOLM:  Object to form.

14              MR. MORGAN:  Object to form.

15        Q.    Did you share that with anybody, sir?

16        A.    I don't recall.

17        Q.    Okay.  Now, do you see text message -- bear

18   with us.

19              Sorry, sir.  I'll keep going while we find

20   this particular exhibit, but to keep us moving along,

21   isn't it true, sir, that under the NCAA bylaws, as head

22   of compliance, you have access to employees' cell phones

23   and that they are required to cooperate if any NCAA

24   violations are suspected?

25        A.    Correct.

30(B)(6)  John  Carns- De Bene Esse                      April 15, 2021
Bowen v. Adidas

Page 114

1          Q.    And, in particular, sir, that power is given

2     to you by bylaw 10.1 of the NCAA bylaws; is that

3     correct?

4          A.    I don't know the exact bylaw, but yes.

5          Q.    Okay.  Do you know whether or not anybody at

6     the University of Louisville or its Athletic Association

7     has ever shared Kenny Johnson's text messages to the

8     NCAA?

9          A.    Yes.

10          Q.    Who shared the text messages from Kenny

11     Johnson with the NCAA?

12          A.    I don't know who directly provided them to

13     them.

14          Q.    Let me show you exhibit -- bear with us.

15     Sorry.

16              MR. MCLEOD:  Why don't we take a quick

17         five-minute break.  Five minutes.  I just hate to

18         slow it down trying to find this document.

19              VIDEOGRAPHER:  We're going off the record.  The

20         time is 6:45.

21               (OFF THE RECORD)

22              VIDEOGRAPHER:  We're back on the record.  The

23         time is 6:50.

24               (EXHIBIT 14 MARKED FOR IDENTIFICATION)

25     BY MR. MCLEOD:

30(B)(6)  John  Carns- De Bene Esse                              April 15, 2021
Bowen v. Adidas

Page 115

1        Q.   Mr. Carns, what's on the screen now is Exhibit

2    number 14, and, in particular, if you'll look, please,

3    sir, at text message 161.  Do you see that text?

4        A.   Yes.

5        Q.   Okay.  And do you see in the far right-hand

6    column the words, "I just sent the text to Rivers that

7    we had a good visit?"  Do you see that?

8        A.   Yes.

9        Q.   Do you understand the Rivers referenced in

10   that text message works for Adidas?

11           MR. MORGAN:  Objection to form.

12       A.   I'm aware there was a Rivers that worked at

13   Adidas.

14           I'm not -- I don't know of the origin of this

15   text message or the intent.

16       Q.   And the Rivers that you are familiar with that

17   worked for Adidas, his first name is Chris; is that

18   correct?

19       A.   Correct.

20       Q.   All right.  Now, in text message 162, could

21   you read that for the record, please?

22       A.   "They liked it.  I just need to talk with

23   Adidas when I'm away from them and get back with them,

24   and we should be good."

25       Q.   And do you understand, sir, that this was a

Page 116

1    text message that was received by Kenny Johnson who was

2    the assistant coach under Rick Pitino on May 30, 2017?

3              MS. BARBIER:  Objection.

4              MR. MORGAN:  Objection to form.

5         A.   Yes.

6         Q.   Have you, from May 30, 2017 until today, ever

7    disclosed to the NCAA that Kenny Johnson received a text

8    indicating that Adidas was involved in Brian's visit to

9    Louisville?

10             MR. LINDHOLM:  Object to form.

11             MS. BARBIER:  Objection.

12             MR. MORGAN:  Object to form.

13        A.   I don't recall, no.

14   BY MR. MCLEOD:

15        Q.   You had no personal knowledge of anybody under

16   your direction having ever shared with the NCAA that

17   Adidas was involved in the recruiting of Brian Bowen; is

18   that correct?

19             MS. BARBIER:  Objection.

20             MR. LINDHOLM:  Object to form.

21        A.   Correct.  I have no personal knowledge.

22        Q.   Okay.  Now, would you agree with me, sir, that

23   it would be impermissible for Adidas to be involved in

24   the recruitment of Brian on May 30, 2017, pursuant to

25   the NCAA bylaws that were in place at that time?

Page 117

1             MS. BARBIER:  Objection.

2             MR. LINDHOLM:  Object to form.

3        A.   I don't know.  I can't make a blanket

4    statement that, yeah, that's -- that would be true.

5        Q.   Are you familiar with Rule 6.4, Mr. Carns, in

6    the NCAA bylaws?

7        A.   Not specifically off the top of my head, no.

8        Q.   Well, let me first ask you this:  Isn't it

9    true, sir, that on May 30, 2017, Adidas was a

10   representative of Louisville's athletic interest?

11            MR. TAFT:  Object to form.

12            MR. MORGAN:  Object to form.

13            MR. LINDHOLM:  Object to form.

14   BY MR. MCLEOD:

15       Q.   You can answer.

16       A.   No.  The institution's position is they were

17   not.

18       Q.   And what is the basis for that position?

19       A.   The basis is detailed in our response to the

20   NCAA.

21       Q.   All right.  If you'll go to bylaw 6.4.2.

22            MR. MORGAN:  Mullins, are you loading that, or

23       is it already in?

24            MR. MCLEOD:  It should be on his screen.

25   BY MR. MCLEOD:

30(B)(6) John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 118

1          Q.    Do you have that, Exhibit 4?

2          A.    Exhibit 4?

3          Q.    Yes, sir.

4          A.    Yes.

5          Q.    All right.  And in 2017, did the NCAA bylaws

6     have in effect, Rule 6.41 through 6.422 [sic]?

7          A.    Yes.

8          Q.    All right.  And for Rule 6.4.2, could you read

9     the first paragraph, for the benefit of the ladies and

10    gentlemen of the jury?

11         A.    6.42?

12         Q.    Yes, sir.

13         A.    "An institution's responsibility for the

14    conduct of its intercollegiate athletic program shall

15    include responsibility for the acts of individuals,

16    corporate entity, e.g., apparel or equipment

17    manufacturer or other organization when a member of the

18    institution's executive or athletics administration, or

19    athletics department staff member has knowledge or

20    should have knowledge that such an individual corporate

21    entity or other organization has participated in or is a

22    member of an agency or organization described in

23    constitution 6.4.1 has made financial contributions to

24    the athletic department or to an athletic booster

25    organization of that institution has been requested by

Page 119

1    the athletics department to assist in the recruitment of

2    prospective student-athletes or is assisting in the

3    recruitment of prospective student-athletes, had

4    assisted, or is assisting in providing benefits to

5    enrolled student-athletes or is otherwise involved in

6    promoting the institution's athletic program."

7         Q.   All right.  Mr. Carns, isn't it true, sir,

8    that Adidas has made significant financial contributions

9    to the Louisville athletics department since at least

10   the beginning of 2014?

11        MR. TAFT:  Object to form.

12        MS. BARBIER:  Objection.

13        Q.   Isn't it true, sir?

14        A.   Not in accordance with this bylaw.

15        Q.   My question to you is:  Has Adidas made

16   significant financial contributions to Louisville's

17   athletic department since beginning in at least 2014?

18        MS. BARBIER:  Objection.

19        MR. TAFT:  Object to form.  Asked and answered.

20        Q.   You can answer, sir.

21        A.   Adidas has a corporate sponsorship agreement

22   with the university.

23        Q.   Pursuant to that corporate sponsorship

24   agreement, has Adidas made significant financial

25   contributions to the athletics department?

30(B)(6) John Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 120

1              MS. BARBIER:  Objection.

2              MR. TAFT:  Object to form.

3              MR. MORGAN:  Same objection.

4       A.    There's financial considerations in the

5    agreement, yes.

6    BY MR. MCLEOD:

7       Q.    And isn't it true, sir, that that contract

8    between Adidas and Louisville is specifically with the

9    athletic association, isn't that true, sir?

10             MS. BARBIER:  Objection.

11      A.    Yes, that's my understanding.

12      Q.    And the Louisville Athletic Association is a

13   non-profit legal entity that handles athletics at the

14   University of Louisville; isn't that correct?

15             MS. BARBIER:  Objection.

16             MR. MORGAN:  Same objection as before.  Asked

17        and answered several times, hours ago.

18   BY MR. MCLEOD:

19      Q.    You can answer.

20      A.    Yes.  To the degree I'm not sure that it

21   handles athletics purview, but they are an athletics

22   association at the University of Louisville, yes.

23      Q.    Would you agree with me, sir, that beginning

24   in at least 2014, Adidas has been involved in the

25   promotion of the institution's athletic program?

Page 121

1           MS. BARBIER:  Objection.

2           MR. LINDHOLM:  Object to form.

3      A.   I don't -- I'm not exactly -- I do not have

4    knowledge of that directly.

5      Q.   Would you agree with me, sir, that words have

6    meaning?

7           MR. LINDHOLM:  Object to form.

8           MS. BARBIER:  Objection.

9           MR. MCLEOD:  Would you agree with me that words

10      have meaning, Ms. Barbier, you have an objection to

11      that?

12           MR. TAFT:  Asked and answered.

13           MS. BARBIER:  Yeah, you've asked him that about

14      25 times, so I object.

15           MR. MCLEOD:  I have to keep asking it.

16    BY MR. MCLEOD:

17      Q.   Sir, what does the word "sponsorship" mean to

18    you?

19      A.   "Sponsorship" is providing financial

20    compensation to a party.

21      Q.   Okay.  Let's turn back if you will please,

22    sir, to Exhibit number 3.  Do you have that in front of

23    you?

24      A.   Yes.

25      Q.   All right.  And this is, in fact, the contract

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 122

1    that Adidas entered into with the University of

2    Louisville Athletic Association, correct?

3         A.    Correct.

4             MR. TAFT:  Object to form.

5         Q.    And this contract was entered into between the

6    Athletic Association and Adidas on July 1, 2014; is that

7    correct?

8         A.    That's correct.

9         Q.    And then was this original contract amended

10   after the Adidas bribery scheme wherein the terms and

11   conditions related to compensation increase

12   significantly?

13            MR. TAFT:  Object to form.

14            MR. MORGAN:  Objection.  Outside the scope.

15        A.    I don't know when the amendment was made.

16        Q.    Mr. Carns, you -- you are familiar with the

17   sponsorship deal between Adidas and the Athletic

18   Association, are you not?

19        A.    I'm aware of the sponsorship agreement, yes.

20        Q.    And you've seen it many times; is that

21   correct?

22        A.    I don't know that I would say many times, but

23   I've seen it, yes.

24        Q.    Because in your role as -- in the compliance,

25   it's part of your responsibility to be knowledgeable

30(B)(6) John  Carns- De Bene Esse                                April 15, 2021
Bowen v. Adidas

Page 123

1      about any apparel contracts that the Athletic

2      Association enters into; isn't that correct?

3                  MR. LINDHOLM:  Objection to form.

4                  MS. BARBIER:  Objection.

5                  MR. MORGAN:  Objection to form.

6      BY MR. MCLEOD:

7           Q.   You can answer, sir.

8           A.   To a degree, yes.

9           Q.   Is there anything in Exhibit 3 that does not

10     appear to be accurate with your understanding of the

11     contract between Adidas and the Louisville Athletic

12     Association?

13                 MR. LINDHOLM:  Object to form.

14                 MR. TAFT:  Object to form.

15          A.   I'm not aware of anything in there, no.

16                 MR. MCLEOD:  At this time, we'll move to have

17     Exhibit 3 admitted into evidence if it's not already.

18                 MS. BARMIER:  Objection.

19                 MR. TAFT:  Objection.

20     BY MR. MCLEOD:

21          Q.   Okay.  Mr. Carns, on the first page of the

22     contract, could you read, for the benefit of the ladies

23     and gentlemen of the jury, what is in bold capital

24     letters and underlined?

25          A.   At the very top?

Page 124

1        Q.    Yes, sir.

2        A.    "Endorsement Sponsorship Agreement."

3        Q.    And would you agree with me, sir, that those

4    words are synonymous with promotion?

5            MR. LINDHOLM:  Objection to form.

6            MR. MORGAN:  Objection to form.

7            MS. BARBIER:  Objection.

8    BY MR. MCLEOD:

9        Q.    You can answer, sir.

10       A.    I don't know -- I don't -- I don't believe

11   they are synonymous, or I don't -- I haven't considered

12   that.

13       Q.    Mr. Carns, under this agreement, isn't it

14   true, sir, that the Athletic Association receives

15   significant contribution from Adidas?

16           MR. LINDHOLM:  Object to form.

17           MS. BARBIER:  Objection.

18           MR. MORGAN:  Objection.  Asked and answered.

19   BY MR. MCLEOD:

20       Q.    You can answer, sir.

21           MR. MORGAN:  Outside the scope.

22           Go ahead.

23       A.    They receive -- yes, they receive compensation

24   through the agreement.

25       Q.    Basically, your having worked in the

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 125

1    compliance office, do you believe that the $160 million

2    is significant compensation or insignificant

3    compensation?

4              MS. BARBIER:  Objection.

5         A.   Signific -- Significant --

6              COURT REPORTER:  I'm sorry, Mr. Carns.  I

7         didn't get that.

8         A.   Significant.

9              COURT REPORTER:  Thank you.

10   BY MR. MCLEOD:

11        Q.   All right.  Mr. Carns, let me show you -- I

12   want to direct your attention to paragraph -- I want to

13   make sure I get the right one.  Hold on one second.

14   While I'm looking, could you just share for me please,

15   sir, what your understanding of the sponsorship contract

16   is between Adidas and the University of Louisville?

17             MR. LINDHOLM:  Objection to form.

18             MR. TAFT:  Objection to form.

19             MR. LINDHOLM:  Outside the scope.

20   BY MR. MCLEOD:

21        Q.   You can answer, sir.

22        A.   Basically, Adidas would provide -- would be

23   the apparel manufacturer for the university.

24        Q.   All right.  And what rights do you understand

25   were given by the university to the Louisville -- with

Page 126

1    regard to its promotion of Louisville?

2              MR. LINDHOLM:  Object to form.

3         A.   What rights?

4         Q.   Yes, sir.

5         A.   Were given to who?

6         Q.   To Adidas.

7         A.   The right to -- for the university to be the

8    exclusive -- or for Adidas to be the exclusive apparel

9    manufacturer to the university to the department --

10   athletic department.

11        Q.   Okay.  And so the right or the privilege

12   regarding the sponsorship was given from the Athletic

13   Association to Adidas; is that correct?

14             MR. LINDHOLM:  Object to form.

15        A.   Yes.

16        Q.   All right.  And, in particular, do you see in

17   this Exhibit number 3, the paragraph E?

18        A.   Which page are you on?

19        Q.   Page 8.

20        A.   Yes.

21        Q.   All right.  Could you read, please, sir, the

22   first sentence, for the benefit of the ladies and

23   gentlemen of the jury?

24        A.   "University agrees it shall not permit the

25   trade name, trademark logo or any other identification

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 127

1    of any person, company, or business entity other than

2    Adidas, the university or subject to Adidas reasonable

3    right of approval, any recognized governing athletic

4    conference which the university is a member to appear on

5    Adidas products on or used by the coaches, staff, or

6    team members."

7        Q.    Okay.  So you would agree with me, sir, that

8    one of the terms in this promotional contract was that

9    Adidas purchased the exclusive right for their logo to

10   be placed on Louisville athletic uniforms and gear; is

11   that correct?

12       A.    I wouldn't classify it as a promotional

13   contract.

14       Q.    How about describe for me what your

15   understanding of what you just read, for the benefit of

16   the ladies and gentlemen of the jury, means?

17       A.    That the university has an exclusive apparel

18   contract with Adidas to wear their apparel.

19       Q.    Okay.  And does that paragraph also indicate

20   that Adidas has the exclusive rights to put their logo

21   on university apparel and uniforms?

22       A.    Yes.

23       Q.    Now, if you will, come to the next page

24   beginning on number 7, isn't it true, sir, that this

25   contract between Adidas and the Athletic Association

30(B)(6)  John  Carns- De Bene Esse

Bowen v. Adidas

April 15, 2021

Page 128

1    contain specific endorsement rights?

2          A.   Yes.

3          Q.   And isn't it true, sir, that the endorsement

4    rights listed in paragraph 7 are all rights that the

5    university conferred to Adidas in exchange for

6    consideration known as money?

7               MR. MORGAN:  Objection to form.  Legal opinion.

8               Contract speaks for itself.

9          Q.   Mr. Carns, in paragraph 7-A, would you read

10   that, for the benefit of the ladies and gentlemen of the

11   jury?

12         A.   "University grants to Adidas the right and

13   license during the contract term to use the university

14   endorsement within the contract territory in connection

15   with the advertisement, promotion, and sale of Adidas

16   product" --

17         Q.   Okay.

18         A.   -- "otherwise provided, herein, in the

19   university shall retain all rights in and to

20   university's name and endorsement."

21         Q.   All right.  How about paragraph B?  Could you

22   read that for the benefit of the ladies and gentlemen of

23   the jury?

24         A.   "Adidas shall have the exclusive right

25   throughout the contract term to advertise, publicly

Page 129

1     represent, market, and otherwise promote the fact that

2     it is the exclusive supplier to the university of

3     designated products, including by identifying or

4     referring to its products as the official designated

5     product of University of Louisville" --

6          Q.    Okay.

7          A.    -- "or similar representations."

8          Q.    Would you agree with me, sir, that you what

9     you just read, for the benefit of the ladies and

10    gentlemen of the jury, indicates that this contract

11    gives Adidas the right to publicly represent and to

12    market university products?

13              MR. LINDHOLM:  Object to form.

14         A.    They had the right to market their own

15    products.

16         Q.    Sir, isn't it true, sir, that paragraph B

17    specifically says "products of University of

18    Louisville"?

19         A.    It's referring to their products as the

20    official product of the University of Louisville --

21         Q.    Okay.

22         A.    -- the way I read it.

23         Q.    Will you read, for the ladies and gentlemen of

24    the jury, paragraph C?

25         A.    "University on behalf of coach and each

Page 130

1    university athletic program grants to Adidas the

2    exclusive right and license during the contract term and

3    within the contract territory to use the coach

4    endorsement in connection with the advertisement

5    promotion and sale of products.  Each coach shall retain

6    all other rights in and to his or her name and

7    endorsement and either university nor any coach shall be

8    prevented from using, permitting, or licensing others to

9    use his or her name or endorsement in connection with

10   the advertisement, promotion, or sale of any product or

11   service other than products."

12       Q.    Mr. Carns, isn't it true, sir, that you have

13   testified under oath before that Adidas was a

14   representative of Louisville's athletic interest in May

15   2017?

16       A.    In a specific context, yes.

17       Q.    And in that specific context where you

18   provided that sworn testimony, you were referring to the

19   NCAA bylaws and the definition of a representative of an

20   athletic interest, is that correct, sir?

21           MR. LINDHOLM:  Object to form.

22       A.    Yes.  That -- my -- that testimony was my

23   opinion specific to wording in a specific bylaw, not to

24   the specifics of this case.

25       Q.    Well, let me ask you, sir, in your opinion,

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 131

1    was Adidas a representative of the university's athletic

2    interest in May 2017?

3          A.   The institution position is no, that it was

4    not --

5          Q.   I asked for your personal --

6          A.   -- based on the fact of this case.  My

7    personal opinion --

8                MR. MORGAN:  Object to asking this witness

9          personal opinions.  That's clearly improper.

10         Q.   You can answer, Mr. Carns.

11         A.   My personal opinion now is based on the facts

12   -- the specific facts of this case that they are not a

13   representative of the institution's athletic interest.

14         Q.   Let me ask you this:  Do you believe, based

15   upon your work at the University of Louisville and as

16   the head of compliance, that the contract that's in

17   Exhibit 3 creates Adidas as being a representative of

18   the university's athletic interest?

19         A.   No.

20               MR. LINDHOLM:  Object to form.

21         Q.   Share with me why you disagree with that?

22         A.   Because there's more to -- there more to the

23   bylaw and other -- other bylaws on the face than just

24   blanket-stating that any corporate sponsorship agreement

25   like this is automatically -- somebody becomes a booster

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 132

1    or representative of the athletic interest.

2         Q.   All right.  Mr. Carns, I want to direct your

3    attention back to Exhibit 10, and I'll ask you again:

4    Did you provide sworn testimony in the criminal

5    proceeding?

6         A.   Yes.

7         Q.   And were you truthful and honest in your

8    testimony before that court and that jury?

9         A.   Yes.

10        Q.   I'm going to turn you to page 402 of Exhibit

11   10, and I'll give you a second to look at that page.

12        A.   402?

13        Q.   Page 402, Exhibit 10.  Yes, sir.

14        MR. MORGAN:  I'll make the same objection about

15       completeness and fairness.

16        A.   I'm on 402.  What number?

17        Q.   Yeah, start with --

18        A.   With what?

19        Q.   -- line 23.

20        A.   "If a member of the school's athletic apparel

21   sponsor, that is if a representative Adidas was involved

22   in such a payment, would that have impact on the

23   penalties?"

24        Q.   And was that the question asked of you by the

25   Department of Justice in the criminal proceeding in New

Page 133

1    York?

2         A.    Yes.

3         Q.    And what was your answer please, sir?

4         A.    "Potentially that can, as well."

5         Q.    And what was the Department of Justice next

6    question to you, sir?

7         A.    "Why?"

8         Q.    And what was your answer?

9         A.    "Because of the fact that sponsors, per NCAA

10   rules, are considered representatives of the university

11   athletic interest."

12        Q.    Mr. Carns, isn't it true, sir, that the

13   contract between the University of Louisville Athletic

14   Association and Adidas is referred to as a sponsorship

15   agreement?

16        A.    Yes.

17        Q.    Now, the testimony that you gave under oath in

18   New York, is that accurate testimony, and is the

19   transcription of what you just read, for the benefit of

20   the ladies and gentlemen of the jury, in fact, an

21   accurate reflection of your sworn testimony in the

22   criminal case?

23             MR. LINDHOLM:  Object to form.

24             MS. BARBIER:  Objection.

25        A.    Based upon my knowledge of the rule at that

30(B)(6)  John  Carns- De Bene Esse                        April 15, 2021
Bowen v. Adidas

Page 134

1      time, yes.

2            Q.    Okay.  Now, has the NCAA taken steps to give

3      some sort of jurisdiction for the governing body to

4      apparel companies like Adidas in the bylaws?

5            MR. LINDHOLM:  Objection to form.

6            A.    I don't understand the question.

7            Q.    All right.  Let's go back to bylaw 6.4.

8            MR. LINDHOLM:  Mullins, what exhibit is that

9        in?

10            MR. MCLEOD:  Exhibit 4.

11            Q.    Do you have that on your screen please, sir?

12            A.    Yes.

13            Q.    All right.  And do you see by law 6.4.2.1?

14            A.    Yes.

15            Q.    What is the purpose of that bylaw?  What does

16      it do?

17            MR. TAFT:  Object to form.

18            Q.    You can answer, sir.

19            A.    You are asking me the meaning of 6.4.2.1?

20            Q.    Yes.  Based upon your having worked in

21      compliance for the last 20 years, what's your

22      understanding of what that bylaw means?

23            MR. MORGAN:  Objection to form.

24            MR. LINDHOLM:  Object to form.

25            MS. BARBIER:  Objection.

Page 135

```
 1    BY MR. MCLEOD:
 2         Q.   Sir, you may answer.
 3         A.   Yes.  I'm reading these bylaws.
 4              MR. MORGAN:  Same objection as to form.
 5         Q.   Are you ready, Mr. Carns?
 6              MR. MORGAN:  Let the record reflect he is
 7         reading the bylaw that you asked him to opine on.
 8         Q.   Yeah.  Take your time.
 9         A.   It allows for -- the way I read it, it allows
10    for a benefit to be withheld if the individual has
11    engaged in a conduct that's determined to be a violation
12    of NCAA legislation.
13         Q.   And that was 6.4.2.1?
14         A.   Yes.
15         Q.   Okay.  Does that bylaw also require that any
16    endorsement contract between the institution and the
17    endorser contain a clause that states that if they
18    violate bylaws, whatever privileges or rights contained
19    within that endorsement contract will be revoked?
20              MR. MORGAN:  Objection to form.
21         A.   It says "may be withheld."
22         Q.   Okay.  And your understanding of that bylaw,
23    sir, is that any promotional contracts with Louisville
24    and any companies like Adidas shall have a clause
25    requiring the for-profit company to comply with NCAA
```

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 136

1    bylaws; is that correct?

2              MR. LINDHOLM:  Object to form.

3              MR. TAFT:  Object to form.

4              MR. MORGAN:  Objection.

5         A.   Yes.  I think that's a fair reading.

6    BY MR. MCLEOD:

7         Q.   Okay.  Going back now, sir, to exhibit number

8    -- going back to Exhibit 3, sir, will you please tell me

9    where in this promotional contract between Adidas and

10   the athletic association, it contains the clause that is

11   required by NCAA bylaw 6.4.2.1?

12             MR. LINDHOLM:  Objection to form.

13             MR. MORGAN:  Objection to form.

14             MS. BARBIER:  Objection.

15   BY MR. MCLEOD:

16        Q.   You can answer, sir.  Take your time.

17             MR. MORGAN:  Do you understand the question,

18        John?

19             THE WITNESS:  I'm looking for...

20             MR. LINDHOLM:  I would just let the record

21        reflect that this exhibit is 33 pages long.

22             MR. MCLEOD:  Well, we can shorten the timeframe

23        a little bit.  Let me direct you, sir, to page 12.

24             MR. MORGAN:  Page 12 of Exhibit 4?  You mean

25        the PDF?

30(B)(6) John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 137

1              MR. MCLEOD:   Page 12 of Exhibit 3.

2       BY MR. MCLEOD:

3              Q.   Do you have that in front of you, sir?

4              A.   Yes.

5              Q.   Would you agree with me that beginning in

6       paragraph 12 of this sponsorship agreement between the

7       Athletic Association and Adidas, it contains provisions

8       under the general heading of "Rights of Termination"?

9              A.   Yes.

10             Q.   And are there, in particular, five enumerated

11      sections in paragraph A?

12             A.   Yes.

13             Q.   Now, with regard to paragraph 12-A, that right

14      to terminate belongs to Adidas, does it not?

15             A.   Yes.

16             MR. LINDHOLM:   Object to form.

17             Q.   And according to the terms of this paragraph,

18      Adidas can terminate the agreement immediately upon

19      written notice to the university in the event of certain

20      occurrences; is that correct?

21             A.   Yes.

22             Q.   One of which is if the Louisville Men's

23      basketball team fails to wear Adidas products; isn't

24      that correct?

25             A.   Yes.

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 138

1          Q.   And this paragraph also indicates that if an

2     elite prospect like Brian tapes his ankle and the tape

3     covers up Adidas' trademark logo, Adidas can terminate

4     the contract immediately, isn't that correct, sir?

5               MR. TAFT:  Object to form.

6          A.   I don't know the process or timing for

7     terminating immediately, but it indicates that they have

8     to display the Adidas logo on their footwear.

9          Q.   And if any elite prospect like Brian were to

10    cover up incidentally that logo, that would be grounds

11    for the termination pursuant to the sponsorship

12    agreement; isn't that correct?

13              MR. LINDHOLM:  Objection to form.

14              MR. TAFT:  Object to form.

15         A.   I don't know.

16         Q.   How about number 2?  Would you read that for

17    the benefit of the ladies and gentlemen of the jury?

18         A.   "Any coach fails to perform any material

19    obligations provided for in this agreement and the

20    university fails to cause such coach to cure such

21    breach, curable within ten days of the university

22    receipt of written notice from Adidas."

23         Q.   Mr. Carns, would you agree that right of

24    termination belongs to Adidas and not the university?

25         A.   Under that -- that number, yes.

30(B)(6)  John  Carns- De Bene Esse                          April 15, 2021
Bowen v. Adidas

Page 139

1          Q.    And number 3, would you agree with me, sir,
2     that the right to termination contained in that
3     paragraph again belongs to Adidas and not the Athletic
4     Association?
5          A.    Yes.
6          Q.    And number 4, would you agree with me, sir,
7     that, again, that right to termination belongs to Adidas
8     and not the Athletic Association?
9          A.    Yes.
10         Q.    And paragraph 5, again, that right to
11    termination belongs to Adidas and not the Athletic
12    Association, correct?
13         A.    Yes.
14         Q.    Now, beginning of paragraph C, would you read,
15    for the benefit of the ladies and gentlemen of the jury,
16    that first sentence that begins with "the"?
17         A.    "The university shall have the right to
18    terminate this agreement immediately upon written notice
19    to Adidas in the event that."
20         Q.    And is it true, sir, that there are three
21    enumerated instances wherein the university would have
22    the right to terminate this sponsorship agreement?
23         A.    Yes.
24         Q.    The first being if the money runs out; isn't
25    that true?

30(B)(6) John Carns- De Bene Esse                         April 15, 2021
Bowen v. Adidas

Page 140

1        A.   Yes.

2        Q.   The second being if Adidas breaches any

3    material terms in this agreement and fails to cure such

4    breach within 45 days is that the second instance?

5        A.   Yes.

6             MR. LINDHOLM:  Object to form.

7        Q.   And the third instance where the university

8    would have the right to terminate, again, relates to the

9    flow of money, does it not?

10            MR. LINDHOLM:  Object to form.

11            MR. MORGAN:  Object to form.

12       A.   Yeah.  Failure to make a payment to the

13   university.

14       Q.   And failing to make a payment means that

15   Adidas owes the university money per its sponsorship

16   agreement, and if they stop paying, the university can

17   terminate the sponsorship agreement, correct?

18            MR. LINDHOLM:  Object to form.

19            MR. TAFT:  Object to form.

20       A.   Yes.

21       Q.   All right.  Can you share with me please, sir,

22   where in paragraph 12-C of Exhibit 3 there is any

23   language that relates to the NCAA bylaws and compliance

24   therewith?

25            MR. TAFT:  Object to form.

30(B)(6) John Carns- De Bene Esse                              April 15, 2021
Bowen v. Adidas

Page 141

1              MS. BARBIER:  Objection.

2              MR. MORGAN:  Object to form.

3         A.   I don't see any language in it specifically.

4    BY MR. MCLEOD:

5         Q.   Okay.

6              MS. BARBIER:  Can I ask the court reporter to -

7         - or the videographer to tell us how long we've been

8         going now, combined with the 30(b)(6) deposition.

9              COURT REPORTER:  Yes.  We were on the record

10        for the 30(b)(6) deposition for three hours, 37

11        minutes, and we've been on the record in this

12        deposition for three hours -- three hours eight

13        minutes.

14             MS. BARBIER:  Okay.  I'm going to ask that we

15        adjourn in seven hours in fairness to the witness

16        and to the parties.

17   BY MR. MCLEOD:

18        Q.   Mr. Carns --

19        A.   Yeah.

20        Q.   -- going back to paragraph 12-C in Exhibit 3,

21   can you share with the ladies and gentlemen of the jury

22   whether there is any language in the termination

23   provisions that relates to the requirement that Adidas

24   comply with NCAA bylaws?

25             MR. TAFT:  Object to form.

30(B)(6) John Carns- De Bene Esse                                    April 15, 2021
Bowen v. Adidas

                                                              Page 142

1           A.    There's no specific wording to that effect.

2           Q.    And, Mr. Carns, would you agree with me too,

3     sir, that nowhere in this paragraph does it indicate

4     that the benefits or the privileges given to Adidas in

5     this sponsorship agreement will be withheld if Adidas

6     fails to comply with NCAA bylaws?

7                 MR. LINDHOLM:  Object to form.

8           A.    There's no specific language to that

9     statement.

10          Q.    And would you agree with me, sir, that there's

11    no language in Exhibit 3 that indicates that if Adidas

12    is involved in conduct in violation of NCAA legislation

13    that the benefits and the privileges contained in this

14    promotional agreement will be withheld?

15                MR. LINDHOLM:  Object to form.

16          A.    There's no specific language to that

17    statement.

18          Q.    Would you agree with me, sir, that in the

19    absence of that language, this $160 million sponsorship

20    deal is in violation of NCAA bylaws?

21                MR. LINDHOLM:  Object to form.

22                MR. TAFT:  Object to form.

23          Q.    You can answer.

24          A.    No.  I don't have the knowledge to make that

25    determination.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 143

1        Q.    You do agree, sir, that the language in Rule

2    6.4.21 is required to be in any sponsorship or

3    promotional agreement, correct?

4            MR. MORGAN:  Objection to form.  Argumentative.

5        Asked and answered.  We've gone through the bylaw

6        multiple times.

7            MR. MCLEOD:  I'll tell you what we'll do.

8        Let's -- this is what we'll do.  Who was that

9        speaking objection from?

10           MR. MORGAN:  That was from me.

11           MR. MCLEOD:  Okay.  So this is what we'll do.

12       Ms. Barbier, we'll postpone the deposition.

13       The deposition is not over, and we'll have a hearing

14       before Judge Anderson before I resume the

15       examination, and hopefully once we get some better

16       ground rules, we'll go a little quicker.

17           Madam Court Reporter, I need a rush, rough copy

18       of the transcript at your earliest convenience.

19           Mr. Videographer, we do not need a video yet.

20           So everybody can go home, and when we get back

21       together, it will go a lot quicker.

22           MR. TAFT:  Mullins, I imagine there's going to

23       be a few objections here.  I'm going to object in

24       advance any effort to recall this witness for a

25       second day of testimony.

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 144

1              MR. MORGAN:  I will, too.  There's about 15

2        more minute left on the seven hours.  I mean,

3        hopefully you are getting close.  The asked and

4        answered was -- you know, it's close to seven hours.

5        It's past 7:00 right now, and I would ask that you

6        go ahead and try to complete this witness, Mullins.

7              MR. MCLEOD:  So let me -- let me, just for your

8        benefit, sir, explain to you that speaking

9        objections are improper in a de bene esse

10       deposition, and they are improper in front of a

11       jury, and there's a reason, because federal courts

12       and all circuits have determined that coaching

13       witnesses is improper.  Now, there have been

14       speaking objections after speaking objections during

15       this testimony, and as a result, you cannot eat up

16       my time with your improper speaking objections, so I

17       am going to provide each of you the benefit of what

18       Ms. Barbier has asked for, and so we don't have to

19       argue anymore, we'll go before Judge Anderson, and

20       perhaps we'll have Mr. Carns come to Columbia and

21       testify in front of Judge Anderson, and that way

22       this stuff won't happen.

23             MR. MORGAN:  Mullins, for the record, this is

24       Grahmn Morgan on behalf of University of Louisville.

25       We will stay here, as I've said, to finish your

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 145

1    deposition, if you are getting close.  You've got

2    15 minutes left.  As I said earlier, if you need to

3    go a little bit longer, I'm happy to.  We've got to

4    get this finished.  Mr. Carns has been on the record

5    for, you know, past eight hours, and as I said

6    earlier, we're outside the topics.

7         MR. LINDHOLM:  It's Rob.  I join in Mr. Taft's

8    objections.  Look, most of us have been working

9    together on this case for some time now.  I just ask

10   that -- Mr. Carns is here as a third-party witness.

11   If there is any way we can come to a resolution and

12   finish him up here, I don't think it's fair to have

13   to bring him back again, so I just ask that if

14   there's any way we can finish it up tonight, we can

15   try to do that.

16        MR. MORGAN:  I think Mr. Carns would appreciate

17   that.

18        MR. MCLEOD:  If you-all will agree to stop

19   making the speaking objections, and if Ms. Barbier

20   will agree on the record that I am allowed to finish

21   my examination, I'll finish tonight, otherwise,

22   we'll recess the deposition, and we'll take it in

23   front of Judge Anderson.  I don't have any other

24   choice.

25        MR. LINDHOLM:  Do you have an estimate of how

Page 146

```
1        much time you have left?
2            MR. MCLEOD:  It depends on the speaking
3        objections. I don't know any other way to say it.
4            MR. LINDHOLM:  I hear what you're saying,
5        Mullins, even if you -- even if they are improper
6        speaking objections, they're not taking up that much
7        time.  So I'm just -- how much -- how much time do
8        you think you have left?
9            MR. MCLEOD:  I hope I could be done in an hour.
10           MR. MORGAN:  Mullins, may I have a standing
11       objection to this being outside the scope of the
12       topics noticed and to form?
13           MR. MCLEOD:  All right.  We're going to recess
14       the deposition.
15           MR. MORGAN:  We're staying here as long as I
16       can have that.  I probably won't have to make
17       another objection.
18           MR. MCLEOD:  Yeah, well, we'll recess the
19       deposition.
20           I think this is the only way to do it and let
21       the judge get involved and set some boundaries and
22       some parameters, and it will go much quicker.  So I
23       think that's probably the best thing to do.  I'm
24       tired of all of these objections that -- you are
25       objecting to the question being outside the scope,
```

Page 147

1      and that's fine.  We will go address this in front

2      of Judge Anderson, and he can rule whether or not my

3      questions are, in fact, outside the scope of

4      30(b)(6) or they're within the scope of the

5      30(b)(6), and that way you -- your rights won't be

6      prejudiced at all.  This is your protection and your

7      benefit, because I certainly don't want any issue at

8      the time of time of trial with regard to the

9      admissibility of this evidence, which proves a lot

10      of things, a lot.

11          So Madam Court Reporter, I think we'll adjourn

12      the deposition.

13          MR. LINDHOLM:  Mullins -- Mullins, the witness

14      has been answering all those questions, despite the

15      objections that they are outside the scope.  I don't

16      believe that Mr. Morgan's instructed him not to

17      answer any of them, so, you know, we can resolve

18      later on whether those are proper objections or not

19      or whether these topics are appropriate or not, but

20      he has answered all of the questions.

21          MR. MORGAN:  I agree with that.  I mean, if you

22      feel like I've objected improperly, I think I

23      disagree, but I think if you just give me the

24      standing objection, I don't have to ever say another

25      word, because it seems like every one of these are

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 148

1      outside the topic.
2             MR. MCLEOD:  So, Madam Court Reporter, will you
3      give me -- I know you probably feel like the
4      timekeeper.  Will you give us the hours of
5      questioning under the discovery deposition that
6      Mr. Rivers' counsel noticed?
7             COURT REPORTER:  Three hours, 37 minutes.
8             MR. MCLEOD:  All right.  And under my notice,
9      how long have we been going?
10            COURT REPORTER:  Three hours, 16 minutes --
11            MR. MCLEOD:  All right.
12            COURT REPORTER:  -- and counting.
13            MR. MCLEOD:  So we'll recess -- yeah, so we'll
14     recess today.  I've got close to four hours left
15     under my de bene esse, and I'll bring this up with
16     Judge Anderson.  I hope we can get clarification,
17     and when we get back together, it will move much
18     quicker.
19            MR. MORGAN:  So for the record, Grahmn Morgan
20     on behalf of the University of Louisville, Mr. Carns
21     is here. He's willing to stay longer to finish if
22     there's some end in sight.
23            It is -- I don't know what time it is at this
24     point.  It's 7:40 p.m. in the evening.  We are
25     asking that the plaintiff finish up whatever line of

30(B)(6)  John  Carns- De Bene Esse                April 15, 2021
Bowen v. Adidas

Page 149

1     questioning he has.  Although, I think we're well

2     within our rights at seven hours today, so, you

3     know, just for the record.

4          MR. MCLEOD:  All right.  Madam Court Reporter,

5     I think we are done for today.

6          Anybody else got anything you-all want to put

7     on the record?

8          Mr. Carns, I'm sorry we're going to have visit

9     again, but, you know, because of the subpoena power

10    in a RICO case, you'll have to testify at trial

11    perhaps, anyway, but hopefully we only have to meet

12    once -- one more time.

13         All right.  Everybody, we're going to sign off.

14    Have a good evening.

15         VIDEOGRAPHER:  We are going off the record.

16    The time is 7:42.

17              (DEPOSITION CONCLUDED AT 7:42 P.M.)

18

19

20

21

22

23

24

25

30(B)(6)  John  Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 150

1                    CERTIFICATE OF REPORTER

2              COMMONWEALTH OF KENTUCKY AT LARGE

3

4      I do hereby certify that the witness in the foregoing

5      transcript was taken on the date, and at the time and

6      place set out on the Title page hereof, by me after

7      first being duly sworn to testify the truth, the whole

8      truth, and nothing but the truth; and that the said

9      matter was recorded by me and then reduced to

10     typewritten form under my direction, and constitutes a

11     true record of the transcript as taken, all to the best

12     of my skill and ability. I certify that I am not a

13     relative or employee of either counsel and that I am in

14     no way interested financially, directly or indirectly,

15     in this action.

16

17

18

19

20

21

22     LINDSEY JOHNSON,

23     COURT REPORTER/NOTARY

24     MY COMMISSION EXPIRES:05/24/2023

25     SUBMITTED ON: 04/20/2021

Page 151

1    John  Carns

2    john@gocards.com

3                           April 20, 2021

4    RE:    Bowen, II, Brian v. Adidas America, Inc., et al.

5          4/15/2021, 30(B)(6) John Carns- De Bene Esse (#4538547)

6          The above-referenced transcript is available for

7    review.

8          Within the applicable timeframe, the witness should

9    read the testimony to verify its accuracy. If there are

10   any changes, the witness should note those with the

11   reason, on the attached Errata Sheet.

12         The witness should sign the Acknowledgment of

13   Deponent and Errata and return to the deposing attorney.

14   Copies should be sent to all counsel, and to Veritext at

15   cs-carolinas@veritext.com

16

17    Return completed errata within 30 days from

18   receipt of testimony.

19     If the witness fails to do so within the time

20   allotted, the transcript may be used as if signed.

21

22                     Yours,

23                     Veritext Legal Solutions

24

25

```
                                            Page 152

 1    Bowen, II, Brian v. Adidas America, Inc., et al.

 2    30(B)(6) John Carns- De Bene Esse (#4538547)

 3              E R R A T A   S H E E T

 4    PAGE_____ LINE_____ CHANGE_____

 5    _____

 6    REASON_____

 7    PAGE_____ LINE_____ CHANGE_____

 8    _____

 9    REASON_____

10    PAGE_____ LINE_____ CHANGE_____

11    _____

12    REASON_____

13    PAGE_____ LINE_____ CHANGE_____

14    _____

15    REASON_____

16    PAGE_____ LINE_____ CHANGE_____

17    _____

18    REASON_____

19    PAGE_____ LINE_____ CHANGE_____

20    _____

21    REASON_____

22

23    _____    _____

24    30(B)(6) John Carns- De Bene Esse           Date

25
```

30(B)(6) John Carns- De Bene Esse                    April 15, 2021
Bowen v. Adidas

Page 153

1    Bowen, II, Brian v. Adidas America, Inc., et al.

2    30(B)(6)  John  Carns- De Bene Esse (#4538547)

3                    ACKNOWLEDGEMENT OF DEPONENT

4        I, John  Carns, do hereby declare that I

5    have read the foregoing transcript, I have made any

6    corrections, additions, or changes I deemed necessary as

7    noted above to be appended hereto, and that the same is

8    a true, correct and complete transcript of the testimony

9    given by me.

10

11   _____      _____

12   30(B)(6) John Carns- De Bene Esse            Date

13   *If notary is required

14                    SUBSCRIBED AND SWORN TO BEFORE ME THIS

15                    _____ DAY OF _____, 20____.

16

17

18                    _____

19                    NOTARY PUBLIC

20

21

22

23

24

25

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[& - 31667]**

Page 1

| & |
|---|
| **&**   2:16 3:4,16 5:5 6:23 |

| 0 |
|---|
| **04/20/2021**   150:25 |
| **05/24/2023**   150:24 |
| **056792**   7:8 |
| **056795**   7:8 |

| 1 |
|---|
| **1**   6:9,15 11:8 20:11 32:9 37:20 58:6,10 63:8 71:25 74:3,10,17 74:23 75:3,17,20 75:21 83:24 94:13 122:6 |
| **1,300**   72:7,15 73:2 73:3,7,11 |
| **10**   7:5 98:8 132:3 132:11,13 |
| **10-4**   65:7 |
| **10.1**   114:2 |
| **100**   5:6 |
| **100,000**   64:4 74:12 |
| **10022**   3:18 |
| **101**   8:5 |
| **106**   97:14 98:2 |
| **109**   7:7 |
| **10:54**   109:21 |
| **10:56**   107:19 110:15 |
| **11**   6:4,9 7:7 106:2 109:1,2,3,5,10 |
| **112**   7:9 |
| **114**   7:10 |
| **12**   7:9 112:1,3,11 136:23,24 137:1,6 137:13 140:22 141:20 |

**12.01.3**   36:6 37:4 38:3
**12.1.1.**   43:21
**12.1.2**   29:11 30:17 32:10
**12.1.2.**   27:19
**12.11.**   42:24
**12.11.1**   43:19,23
**12.12**   44:8
**12.2.5.1.**   28:9
**13**   6:24 70:5,12 85:9 109:5
**13.01**   78:9
**13.01.**   78:1
**13.01.1**   78:25 80:21 81:16 84:21 85:11 88:24 90:12
**13.01.1.**   78:10 83:9
**14**   6:13 7:10 114:24 115:2
**14:48**   40:1
**15**   1:24 9:6 144:1 145:2
**1510**   4:16
**15th**   8:8
**16**   38:15 47:12 97:12 98:15 148:10
**16.01**   57:13
**16.01.1**   48:18 49:12 50:5 59:1
**160**   125:1 142:19
**161**   115:3
**162**   115:20
**174**   112:6,7
**18**   74:10,16 104:9
**1811**   4:6
**19**   77:2
**19.1.1**   83:25
**19.1.2**   83:25

| 2 |
|---|
| **2**   6:13 14:13,19,21 15:18 16:5,7,19 18:22 60:4 68:18 73:8 83:24 94:17 95:17 96:11 138:16 |
| **20**   6:14 24:12,17 26:3 33:5 37:19 84:22 134:21 151:3 153:15 |
| **2014**   20:11 119:10 119:17 120:24 122:6 |
| **2016**   19:11 77:3 80:9 |
| **2016-2017**   6:16 |
| **2016/2017**   27:15 |
| **2017**   19:12 27:11 30:3,9,25 39:25 40:23 51:15 52:10 54:2,10 58:6,10 63:25 73:13,17 74:10,16,17,17,23 75:3,4,17 80:10 104:9 107:18 109:14,21 112:16 113:8,11 116:2,6 116:24 117:9 118:5 130:15 131:2 |
| **2018**   7:4,6 |
| **2019**   54:10 100:14 |
| **2020**   60:5 62:4 72:5 |
| **2021**   1:24 6:24 8:8 9:6 68:7 70:5,12 151:3 |
| **212-909-6000**   3:19 |
| **21624**   2:8 |

| 22 |   24:4 |
|---|---|
| **23**   73:13,17 74:17 75:4 132:19 |
| **23rd**   2:18 |
| **2408**   150:20 |
| **25**   77:3 121:14 |
| **25,000**   64:5,18 73:2 74:25 |
| **26**   6:15 50:22 52:10,13 54:10 |
| **26th**   45:24 |
| **27**   30:3,9,25 39:25 40:23 44:20,21 51:15 107:18 109:14,21,23 |
| **27th**   45:25 |
| **28202**   2:20 |
| **29201**   4:7,17 |
| **29403**   2:9 |
| **29577**   3:8 |

| 3 |
|---|
| **3**   2:6 6:14 7:4 20:1 20:3,13 21:1 65:23 113:8 121:22 123:9,17 126:17 131:17 136:8 137:1 139:1 140:22 141:20 142:11 |
| **30**   1:23 6:11 8:3 8:11 9:8 22:24 51:8 68:2 84:16 102:12 105:25 113:11 116:2,6,24 117:9 141:8,10 147:4,5 151:5,17 152:2,24 153:2,12 |
| **300**   3:7 |
| **301**   2:19 |
| **31667**   21:4 |

3:18-cv-03118-JFA    Date Filed 04/22/21    Entry Number 225-26    Page 156 of 187

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[32 - adidas]

Page 2

| 32 6:17 65:23 | 6 | 8 | accurately 42:15 |
|---|---|---|---|

**32** 6:17 65:23
**33** 136:21
**357** 93:7 94:7,17
**36** 6:19
**368** 96:17
**37** 106:1 141:10
148:7
**3751** 3:6
**3:18-3118** 1:4 9:16
**3:45** 8:8 9:7

**4**

**4** 6:15 7:6 26:25
27:4,7 29:9 36:5,7
42:23 58:15 60:5
72:5 78:3,5,7
118:1,2 134:10
136:24 139:6
**4/15/2021** 151:5
**402** 132:10,12,13
132:16
**40202** 8:6
**40507** 5:8
**41,000** 104:3
**45** 140:4
**4538547** 151:5
152:2 153:2

**5**

**5** 6:17 32:21,22,23
33:12 96:12
110:13 139:10
**500,000** 25:6
**55** 27:18
**550,000** 24:22
112:18
**59** 6:21
**5:04** 65:9
**5:30** 65:4,6
**5:35** 65:4
**5:39** 65:11

**6**

**6** 1:23 6:11,19 8:3
9:8 22:24 36:14
36:16 38:20 39:12
39:13 41:10 42:14
42:15,19 44:24
51:8 68:2 84:16
102:12 105:25
141:8,10 147:4,5
151:5 152:2,24
153:2,12
**6.4** 117:5
**6.4.** 134:7
**6.4.1** 118:23
**6.4.2** 118:8
**6.4.2.** 117:21
**6.4.2.1** 134:13,19
135:13 136:11
**6.4.21** 143:2
**6.41** 118:6
**6.42** 118:11
**6.422** 118:6
**60** 53:24
**6:30** 105:1,3
**6:45** 114:20
**6:50** 114:23

**7**

**7** 6:21 59:8,10,24
61:1 62:1,7,8
74:23 75:20
127:24 128:4,9
**70** 6:23
**704-417-3000** 2:21
**730** 8:5
**7:00** 144:5
**7:40** 148:24
**7:42** 149:16,17

**8**

**8** 6:23 70:8,15
126:19
**803-350-9230** 4:18
**803-445-1032** 4:8
**843-277-6655** 2:10
**843-448-3500** 3:9
**859-425-1000** 5:9

**9**

**9** 6:3 7:3 68:7
93:16
**90** 63:15,18
**900** 5:7
**919** 3:17
**93** 7:3
**98** 7:5

**a**

**a.m.** 107:19
109:21 110:15
**aau** 60:22
**ability** 150:12
**able** 85:23 87:14
88:16 89:2 90:13
90:25 91:9,17
97:15
**absence** 142:19
**absolutely** 46:10
**academic** 12:12
15:13 22:9 23:22
23:24
**accepts** 28:3
**access** 113:22
**accompanying**
55:22
**account** 110:10,11
**accuracy** 151:9
**accurate** 20:14
25:10 96:12 99:6
109:19 113:1
123:10 133:18,21

**accurately** 42:15
**acknowledged**
79:5 83:14
**acknowledgement**
153:3
**acknowledgment**
151:12
**action** 9:15 45:13
45:19 150:15
**actions** 40:20
**activities** 19:8
24:1 35:3 37:6,9
37:12
**acts** 118:15
**add** 101:16
**addition** 68:17
81:8 111:21
**additionally** 16:19
**additions** 153:6
**address** 63:2
147:1
**adid3164** 21:3
**adidas** 1:11 3:13
9:10 10:1,17
19:15 20:11,15
21:10 30:2 38:13
40:4 50:3,24
57:22 58:9,25
61:10 63:25,25
72:16 73:17,23
99:8 109:25
115:10,13,17,23
116:8,17,23 117:9
119:8,15,21,24
120:8,24 122:1,6
122:10,17 123:11
124:15 125:16,22
126:6,8,13 127:2,2
127:5,9,18,20,25
128:5,12,15,24
129:11 130:1,13

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[adidas - answered]**

Page 3

131:1,17 132:21
133:14 134:4
135:24 136:9
137:7,14,18,23
138:3,3,8,22,24
139:3,7,11,19
140:2,15 141:23
142:4,5,11 151:4
152:1 153:1
**adjourn** 67:3
106:15 141:15
147:11
**adkins** 5:15 9:3
**administer** 59:20
**administered**
84:21
**administration**
23:21 59:15
118:18
**admissibility**
147:9
**admission** 67:6
**admit** 82:12 97:20
98:1
**admitted** 65:20
67:11 111:11
123:17
**adopt** 17:8,10
**adopts** 16:15
**advance** 53:10
69:7 143:24
**advertise** 128:25
**advertisement**
128:15 130:4,10
**affect** 35:11 49:4
85:8,9 96:1
**affirm** 11:3
**afternoon** 11:11
**agency** 118:22
**agent** 29:23 48:15

**agents** 48:17
**ago** 120:17
**agree** 10:12 16:11
16:17,24 17:3
18:6 24:10 25:9
26:5,11 28:15
29:13 30:15 32:15
36:18 37:14 38:2
38:3,7,11,12 40:14
40:18,19 41:7,11
42:4 43:2,6 44:12
46:1 48:21,25
50:2 57:14,17
60:6,13,18,20,25
61:3 64:20 66:15
66:20 67:11 71:24
73:16 74:15 75:2
75:25 80:6,13
81:17,20 82:9
84:4,9 90:24 91:8
91:14 101:13
105:18 116:22
120:23 121:5,9
124:3 127:7 129:8
137:5 138:23
139:1,6 142:2,10
142:18 143:1
145:18,20 147:21
**agreeable** 63:3
**agreed** 8:13 10:14
10:15,17,18,19
89:18 90:3 92:22
106:21
**agreement** 6:14
21:2 29:22 39:7,9
119:21,24 120:5
122:19 124:2,13
124:24 131:24
133:15 137:6,18
138:12,19 139:18
139:22 140:3,16

140:17 142:5,14
143:3
**agrees** 126:24
**ahead** 69:1 124:22
144:6
**aid** 107:6 110:11
111:19
**aka** 93:23
**al** 151:4 152:1
153:1
**allegation** 51:24
64:19 72:13,25
**allegations** 6:21
46:9,15 50:21
53:17 60:7 61:24
62:3,8,12,19 64:13
68:10 71:22,24
72:5,10 73:8 77:1
**allege** 73:13,22
**alleged** 63:24 73:4
73:7
**allotted** 151:20
**allowance** 49:15
**allowed** 76:4
104:19,22 145:20
**allowing** 66:3
**allows** 135:9,9
**amateur** 26:6,11
27:23,24 28:22
30:16,16,23 32:13
32:17 35:9,11
37:6
**amateurism** 6:17
6:19 26:20 33:2
34:2,4,17,21 35:2
35:3 36:24 37:15
37:24
**amateurs** 31:18

**amended** 6:9
48:10 122:9
**amendment** 20:21
122:15
**america** 1:11 3:13
9:10 10:1,17
93:22 151:4 152:1
153:1
**amount** 72:7
**amy** 100:14
**anderson** 102:21
143:14 144:19,21
145:23 147:2
148:16
**ankle** 138:2
**announced** 30:2
40:3 45:7,10 52:9
52:21 107:7
**announcement**
109:25
**answer** 12:2,15
18:2 19:20 23:3
25:13 29:6,20
30:6,20 33:24,25
43:15 54:25 56:13
56:13 66:4,6,7,20
66:24 74:9 75:12
81:6,23 85:6,18
86:6 87:3,9,22
90:19,21 91:5,13
96:2,12,24 97:19
99:1 100:2 102:8
103:7,8,18 117:15
119:20 120:19
123:7 124:9,20
125:21 131:10
133:3,8 134:18
135:2 136:16
142:23 147:17
**answered** 56:11
119:19 120:17

3:18-cv-03118-JFA    Date Filed 04/22/21    Entry Number 225-26    Page 158 of 187

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[answered - athletics]

Page 4

121:12 124:18
143:5 144:4
147:20
**answering** 104:15
147:14
**anybody** 26:23
113:9,15 114:5
116:15 149:6
**anymore** 144:19
**anyway** 149:11
**apparel** 19:24
20:15 21:11
118:16 123:1
125:23 126:8
127:17,18,21
132:20 134:4
**appeal** 44:5
**appear** 92:3
123:10 127:4
**appearances** 2:1
3:1 4:1 5:1
**appeared** 2:12,23
3:11,22 4:10,20
5:11
**appears** 36:7
**appended** 153:7
**applicable** 44:3
151:8
**applies** 35:4 37:12
**apply** 44:3
**appoint** 17:4 18:4
18:7,19 21:19
**appointed** 12:17
**appreciate** 145:16
**appropriate** 34:13
82:18 147:19
**approval** 127:3
**approximate**
104:9
**approximately**
104:3 112:18

**april** 1:24 6:24 8:8
9:6 68:7 70:5,12
151:3
**area** 84:22
**argue** 102:21
108:14 144:19
**argumentative**
45:1 88:8 103:16
143:4
**arranged** 64:5
74:24
**arrangement**
58:21 59:6
**asked** 6:18 22:6
33:3 36:17 56:10
68:6,23,24 80:13
89:18 92:21 94:19
94:23 95:17 97:12
104:8,8 108:15
119:19 120:16
121:12,13 124:18
131:5 132:24
135:7 143:5 144:3
144:18
**asking** 14:2,8
22:18 23:6 26:9
26:20 50:9 51:21
51:24 54:13 66:5
67:1,24 70:23,23
70:25 78:20 80:4
81:3 82:18 84:13
86:16 87:19 95:13
107:24 108:4
121:15 131:8
134:19 148:25
**assigning** 19:1
**assist** 119:1
**assistant** 24:23
39:5 72:10 116:2
**assisted** 119:4

**assisting** 119:2,4
**associate** 23:13
40:24 74:12
**association** 12:7
12:11,23 13:4,9
15:11,24 16:10,14
16:20,24 17:20
18:13,15,22 19:5
19:15,16 20:10,15
21:10,15,22 23:16
28:13,16 29:25
30:14 40:12 44:2
45:13 52:23 56:18
57:25 87:4 88:2
107:22 112:16,22
114:6 120:9,12,22
122:2,6,18 123:2
123:12 124:14
126:13 127:25
133:14 136:10
137:7 139:4,8,12
**association's**
22:14 79:4,6
83:13,15 111:23
**associations** 17:13
**assume** 12:1 50:10
**assuming** 89:9
**assure** 68:22
**athlete** 22:11
30:16 32:4 34:20
34:22 35:9,19
36:25 37:5,11,17
37:24 38:9,10
40:15 41:24 42:2
43:20,25 44:4,6
46:21 49:12,13,14
49:16,19 50:12
57:15,16 64:10
74:6,14 79:2,7,10
79:11,22 81:9,18
83:11,16,18,19

86:19 87:11
**athlete's** 44:7
77:15 95:25 96:1
**athletes** 47:16
83:17 96:6 97:3
98:17 119:2,3,5
**athletic** 12:10,23
13:9 15:10,24
16:10,14,20,24
17:20 18:9,13,15
18:22 19:5,7,15,16
20:9,9,15 21:10,15
21:22,23 23:13,16
23:21,23 24:24
28:2,5 29:25
30:14 40:12,24
52:22 56:17 57:25
58:22 59:7 64:1
78:13 79:20 83:12
84:2,6 86:24 87:4
88:2 96:20 107:22
111:23 112:16,22
114:6 117:10
118:14,24,24
119:6,17 120:9,12
120:25 122:2,6,17
123:1,11 124:14
126:10,12 127:3
127:10,25 130:1
130:14,20 131:1
131:13,18 132:1
132:20 133:11,13
136:10 137:7
139:3,8,11
**athletics** 6:20 13:3
13:5 15:22 17:1,9
17:14 18:4 21:16
28:6 30:24 40:16
49:17 79:4,9
81:19 118:18,19
119:1,9,25 120:13

3:18-cv-03118-JFA    Date Filed 04/22/21    Entry Number 225-26    Page 159 of 187

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[athletics - benefit]

Page 5

120:21,21
**attached** 151:11
**attended** 8:7
**attention** 42:23
  125:12 132:3
**attorney** 4:5 43:7
  55:2,2 95:13
  151:13
**attorneys** 55:3,4
  92:21
**auburn** 48:4
**august** 6:16 73:13
  73:17 74:17,23
  75:3,4,21
**authority** 16:25
  17:25 18:16,23
  22:10 29:3 59:14
**authorized** 49:15
  49:19
**automatically**
  32:16 33:20 34:1
  35:10 131:25
**available** 63:1
  151:6
**avenue** 3:17
**award** 49:14,18
  110:13
**aware** 48:8 50:21
  51:7,8 52:19
  57:22,25 60:23
  103:19 111:21
  115:12 122:19
  123:15

**b**

**b** 1:23 4:4 6:11 8:3
  9:8 22:24 29:15
  51:8 59:21 62:19
  63:8 64:25 68:2
  71:25 74:3,22
  75:20,20 84:16
  102:12 105:25

128:21 129:16
  141:8,10 147:4,5
  151:5 152:2,24
  153:2,12
**back** 21:13 22:23
  36:5 42:21 57:13
  58:16 65:3,5,11
  66:17 73:25 83:3
  110:21 113:5
  114:22 115:23
  121:21 132:3
  134:7 136:7,8
  141:20 143:20
  145:13 148:17
**background** 47:15
**backside** 64:8
**banker** 38:19
  39:16 40:22 41:1
  45:10 109:17
  110:9,24 111:3
**banker's** 44:19
**barbier** 4:4,5 9:21
  9:21 10:18 29:18
  65:25 67:13,19
  68:4,12 74:7
  76:14,23 77:9,16
  77:23 78:19 80:2
  80:11,25 81:13
  84:10 85:2,15
  86:2,14 87:16
  88:5,19 89:5 91:3
  91:19 95:8 96:23
  98:9 99:11,23
  100:10 101:7,20
  102:5 103:5,17
  104:14 106:10
  110:4 111:14
  116:3,11,19 117:1
  119:12,18 120:1
  120:10,15 121:1,8
  121:10,13 123:4

124:7,17 125:4
  133:24 134:25
  136:14 141:1,6,14
  143:12 144:18
  145:19
**barmier** 123:18
**based** 17:15 19:5
  24:17,25 28:20
  30:16 33:4 34:7
  35:2 37:19 44:11
  51:24 57:9 59:4
  62:2 64:11 73:14
  76:10 84:21 88:14
  89:10 104:1 131:6
  131:11,14 133:25
  134:20
**basically** 13:2
  124:25 125:22
**basis** 15:2 117:18
  117:19
**basketball** 24:11
  24:18,23 45:14
  58:5 64:3,9 72:11
  74:14 85:23 88:3
  88:17 90:25 91:8
  91:9,15,17 137:23
**bates** 7:7 21:3
**battle** 27:11,13
**beach** 3:8
**bear** 113:17
  114:14
**bears** 21:3
**becoming** 33:10
  79:7,22 81:18
  83:16
**beginning** 17:8
  43:19 49:12 63:22
  74:5,22 78:25
  82:2 95:17 97:12
  113:3 119:10,17
  120:23 127:24

137:5 139:14
**begins** 33:19 96:11
  98:15 139:16
**behalf** 2:3,14 3:13
  4:3,12 5:3 9:19,21
  9:24,25 10:2,5,15
  10:17,18,19,25
  21:23 22:1 45:12
  100:18 129:25
  144:24 148:20
**believe** 13:7,12,12
  22:8 35:23 48:14
  51:13,16 52:10
  59:13 67:14 95:2
  95:2 100:12
  107:21 109:6
  113:11 124:10
  125:1 131:14
  147:16
**belongs** 137:14
  138:24 139:3,7,11
**bene** 1:23 13:19
  65:18 67:8,15
  68:17 105:6 144:9
  148:15 151:5
  152:2,24 153:2,12
**benefit** 11:21 17:6
  17:18 22:13,13,15
  25:15 32:12,16,20
  33:23 34:15 36:3
  37:2 43:18 44:11
  46:20,21 48:11
  49:14,15,18,19,23
  57:18,19 58:20
  61:11 63:9,21
  64:5,17,18 69:16
  71:25 72:6,9 73:2
  74:4,21,24 75:7
  78:24 79:16 80:7
  80:23 82:1 83:7
  85:24 88:3,16

3:18-cv-03118-JFA    Date Filed 04/22/21    Entry Number 225-26    Page 160 of 187

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[benefit - carnes]

Page 6

90:25 91:17 95:25 97:10 98:14,25 110:17 118:9 123:22 126:22 127:15 128:10,22 129:9 133:19 135:10 138:17 139:15 144:8,17 147:7
**benefiting** 85:12
**benefits** 47:17,22 58:17 96:5 119:4 142:4,13
**benne** 6:12
**best** 11:22 25:9 43:7 105:20 146:23 150:11
**better** 143:15
**beyond** 101:17 106:11
**bit** 21:13 47:15 69:23 136:23 145:3
**black** 63:11
**blacked** 63:23
**blanket** 117:3 131:24
**blinds** 106:6
**board** 12:18 15:5
**body** 28:11 31:16 48:10 60:8 61:8 71:23 73:11 87:6 134:3
**bold** 123:23
**booster** 118:24 131:25
**borrow** 18:24
**boundaries** 146:21
**bounds** 68:23
**bowen** 1:6 4:12 9:10,20,24 10:15

10:25 22:10 27:9 28:23 29:14 30:10 30:15 31:24 40:15 50:4,10,12,20 55:14,18 72:2 86:19 93:1 94:25 95:6 103:22 104:6 116:17 151:4 152:1 153:1
**bowen's** 72:6 94:2 99:22
**box** 2:8
**breach** 138:21 140:4
**breaches** 140:2
**breadth** 108:18
**break** 114:17
**brian** 1:6 4:12 9:10,20,24 10:15 10:25 22:10 27:9 28:23 29:14 30:10 30:15,22 31:6,11 31:24 33:9 36:2 38:14,17 40:15 43:10 44:22 45:11 45:14,20 46:4 50:4,10,12,20 55:14,18 57:24 58:4,25 61:2 72:1 72:6 75:8,16 86:18,22 87:13 91:15 93:1 94:2 94:25 95:6 99:21 100:25 101:3 103:22 104:6,19 111:25 113:11 116:17,24 138:2,9 151:4 152:1 153:1
**brian's** 41:16 50:25 51:10,18 57:23 60:9,22

61:9 64:14 72:15 72:16 73:18 86:9 87:5 88:1,17 89:1 90:12,22 91:7 100:7,20 102:3 103:2 107:6 111:23 116:8
**bribe** 50:3,19,24 51:17 58:9 60:9 61:10 64:14 72:16 73:17,23 75:8,19 86:11
**bribery** 30:2 38:13 40:4 46:3 50:25 51:9 57:23 58:25 99:8 122:10
**bring** 145:13 148:15
**broad** 57:1 69:6
**broader** 95:12
**broadness** 51:23
**building** 23:23,25
**bullet** 16:13 17:7 68:6
**burden** 14:6 67:9
**bursar** 110:11
**business** 111:8 127:1
**bylaw** 26:9 27:19 29:11 30:17 32:10 36:6,9 37:4,18 38:3,13,15 42:25 47:12 48:15 57:13 59:1 78:1,25 80:3 81:2,7,9,20,22,24 82:19,20 83:2,9,25 84:5,21 85:8,11,20 89:4 90:12 114:2 114:4 117:21 119:14 130:23 131:23 134:7,15

134:22 135:7,15 135:22 136:11 143:5
**bylaws** 6:20 17:17 24:3 26:7,15,17,25 27:2,14,15,22 28:16,21 29:4,21 32:17 33:6 35:7 36:3,8,19,23 37:15 41:23 42:11 44:1 46:20 47:16,21 48:10,12 57:14 69:23 76:11,17,20 77:5,14,19 79:19 84:21 85:8 90:23 113:21 114:2 116:25 117:6 118:5 130:19 131:23 134:4 135:3,18 136:1 140:23 141:24 142:6,20

**c**

**c** 1:4 29:15 129:24 139:14 140:22 141:20
**calendar** 19:11 74:18 75:4 76:1
**calhoun** 4:16
**call** 69:13 73:23
**called** 69:13
**cam** 48:1,3,9
**camera** 10:10
**canceled** 110:20
**capacity** 42:16 55:6
**capital** 123:23
**carbon** 110:22
**career** 28:21
**carnes** 10:13 11:1

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[carns - come]**

Page 7

carns 1:23 7:3,5
8:4 10:6,9 11:11
14:11,23 15:19
17:15 19:14 20:3
21:1,14 22:13,24
23:10 27:6 28:10
29:1,20,25 34:14
35:6 36:13 39:11
42:21 46:14 49:22
50:18 52:8 53:19
54:1 57:13 62:11
62:11,18 63:6,20
66:24 70:13 71:21
74:15 76:25 78:23
79:14,18 80:6
83:7 84:4,20
85:10 86:9,22
87:13 88:24 90:11
92:17,19 93:18
94:16 95:4,10,15
96:8,24 97:18
98:6,13 99:20
102:2 103:1,12
105:10,25 107:5
111:13,17 112:3
115:1 117:5 119:7
122:16 123:21
124:13 125:6,11
128:9 130:12
131:10 132:2
133:12 135:5
138:23 141:18
142:2 144:20
145:4,10,16
148:20 149:8
151:1,5 152:2,24
153:2,4,12
carolina 1:2 2:9,20
3:8 4:7,17 9:14
106:24

carolinas 151:15
case 7:4,6 11:16
24:22 35:16 43:9
53:22 60:16,21
66:15 82:25 86:9
91:24 92:20,24
104:13 107:13
130:24 131:6,12
133:22 145:9
149:10
cases 34:10
cash 73:2,3,7,12
74:12,25
cause 83:25
138:20
cell 112:22 113:22
center 2:17 3:5
24:1 31:20 33:7
33:14 34:2,5,11,18
35:2
certain 37:8 92:15
137:19
certainly 25:22
59:24 71:13 147:7
certificate 150:1
certification 6:17
33:2 34:18
certified 31:3,6,25
31:25 33:10
certifies 35:2
certify 34:5 150:4
150:12
chain 40:25
chair 71:1
championship
48:4
chance 14:25
15:18
change 152:4,7,10
152:13,16,19

changed 48:15
changes 151:10
153:6
characterization
65:17
charleston 2:9
charlotte 2:20
check 105:22
choice 113:12
145:24
chris 115:17
christian 1:11
9:11 74:11 93:23
christopher 1:12
2:14 4:14 9:13,23
10:3,19
circuits 144:12
circumstance 49:5
circumstances
35:16 44:8 48:17
66:18 79:12 83:21
86:8,17 97:6
civil 8:10 9:15
claim 4:12 104:12
claimed 92:9
100:25
clarification
148:16
clarify 41:12
58:16 89:25
class 104:20,23
classified 77:21
classify 127:12
clause 135:17,24
136:10
clean 45:4 82:25
clear 22:12 29:1
58:3 67:17 68:16
70:10 82:2,24
106:25

cleared 31:20,24
clearinghouse
31:11,24
clearly 79:12 81:9
83:21 99:15 131:9
client 11:23 94:25
103:22
close 68:24 106:6
106:18 144:3,4
145:1 148:14
coach 24:23 52:15
72:11 116:2
129:25 130:3,5,7
138:18,20
coaches 53:5
54:14 55:22 56:3
127:5
coaching 54:7
144:12
code 1:11 9:11
60:17 64:3 74:10
74:23 92:7 93:23
94:21
cognizant 50:18
50:23 51:3,7
103:12
colleague 10:4
college 2:19 21:11
24:11 37:7 91:7
colleges 17:13
31:17
columbia 1:3 4:7
4:17 9:15 144:20
column 112:25
115:6
combined 141:8
come 21:13 22:23
27:13 46:25 59:14
71:9 94:6 102:21
102:22 127:23
144:20 145:11

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[comes - corner]

Page 8

comes 36:19 75:25
coming 18:21
command 40:25
comments 82:15
commission
  150:24
commitment 28:6
committee 44:6
  79:10 83:18
commodities 32:6
commonwealth
  150:2
communicating
  31:11
companies 134:4
  135:24
company 127:1
  135:25
compensation
  48:11 121:20
  122:11 124:23
  125:2,3
compete 97:4
  98:18 99:4
competition 27:25
  34:6,9,13 41:22
  44:5 45:21 47:7
  49:17 84:2 96:21
  97:7,9
complaint 51:25
complete 13:9
  63:1 99:17 144:6
  153:8
completed 8:15
  151:17
completely 66:8
completeness
  97:14,21 98:2
  132:15
completion 28:4
  95:21

compliance 17:17
  23:14 24:3 25:8
  26:2,10 28:21
  33:5 37:20 40:24
  41:1 42:17 46:2
  52:11 53:4 54:3
  55:6 56:4 64:12
  73:15 84:16 111:9
  112:9 113:22
  122:24 125:1
  131:16 134:21
  140:23
complied 69:11
  108:19
comply 71:8
  107:23 108:2
  135:25 141:24
  142:6
compound 55:25
concerned 33:13
  61:8
concerns 46:9,15
concluded 149:17
concludes 44:8
conclusion 47:1
conditions 34:5,7
  34:8 122:11
conduct 56:2
  77:20 102:16
  118:14 135:11
  142:12
conducted 54:6
  55:3,4,8,22
conducting 52:14
  52:17
confer 53:12 62:25
  69:9,14 71:7
conference 127:4
conferred 69:15
  108:18 128:5

confusion 47:3
connection 128:14
  130:4,9
consequences 96:6
consideration 28:8
  128:6
considerations
  120:4
considered 12:19
  48:17 77:6 124:11
  133:10
consistent 17:19
  34:16 61:22
constitutes 150:10
constitution 44:1
  118:23
consultant 64:3
contact 76:12 77:2
contacted 76:19
contacts 76:4
contain 61:1,23
  128:1 135:17
contained 38:14
  41:10 68:20 71:2
  80:22 112:11
  135:18 139:2
  142:13
contains 136:10
  137:7
contemplate
  106:13
contemplated
  88:12
contemporaneous
  56:6
contention 69:2
context 109:24
  130:16,17
continue 66:4
  79:15 104:19,22

continued 3:1 4:1
  5:1 7:1
continuously 70:1
  78:20
contract 19:14,24
  20:10,14,21 21:8
  28:5 57:24 58:4
  75:15 120:7
  121:25 122:5,9
  123:11,22 125:15
  127:8,13,18,25
  128:8,13,14,25
  129:10 130:2,3
  131:16 133:13
  135:16,19 136:9
  138:4
contracts 123:1
  135:23
contribution
  124:15
contributions
  118:23 119:8,16
  119:25
control 13:10
  28:21
controlled 80:9
controls 21:15
  44:13
convened 9:7
convenience
  143:18
conviction 60:16
convictions 92:6
cooperate 113:23
copied 109:17
  110:22
copies 151:14
copy 20:14 39:18
  109:19 143:17
corner 112:7

[corporate - department]

corporate 3:5 15:5
15:5,11 17:23,25
19:6 23:1 45:12
54:21 118:16,20
119:21,23 131:24
corporation 63:25
correct 12:7 13:6
13:7,13,25 19:17
20:11 26:15 27:11
27:15,16 29:24
30:3,25 34:23
35:1,12 38:15
39:16 41:25 42:11
42:13 43:3,5
46:22,24 47:18,23
48:12 49:25 58:6
58:11 59:16 61:11
61:24,25 75:17,18
75:21 76:6,21
77:18,22 79:24
81:11 85:25 87:6
96:14 100:12
110:1,25 111:1,4,5
113:25 114:3
115:18,19 116:18
116:21 120:14
122:2,3,7,8,21
123:2 126:13
127:11 130:20
136:1 137:20,24
138:4,12 139:12
140:17 143:3
153:8
corrections 153:6
correctly 82:9
cost 104:5,10
counsel 9:17 10:12
13:17,23 67:2
100:15 148:6
150:13 151:14

counting 148:12
couple 14:16
course 26:24 40:7
54:18 94:13 98:7
106:20 111:8
court 1:1 8:4,14
9:5,14 10:7,9,21
11:1,7 38:21 39:2
39:6,9 46:13
71:17,19 101:12
104:18 105:23,24
108:25 125:6,9
132:8 141:6,9
143:17 147:11
148:2,7,10,12
149:4 150:23
courts 144:11
cover 22:16
138:10
covered 19:10
covers 138:3
cows 102:22
cpashcal 4:19
create 59:20
creates 131:17
credibility 51:22
criminal 40:2 52:8
52:21 60:15,21
91:24 92:6,20
94:1 96:13 98:6
99:7,21 100:7
103:13 104:2,6,13
132:4,25 133:22
cross 4:12 6:9
53:16 106:2
cs 151:15
curable 138:21
cure 138:20 140:3
current 23:11,13
customary 92:12

cut 99:15
cutting 107:6

**d**

d 29:15 65:23
73:10
damages 43:9
date 1:24 30:2
40:2 42:16 52:8
60:3,4 73:10,22
74:17 75:3,3,20
109:23 150:5
152:24 153:12
dated 6:24 19:24
20:11 30:9,25
44:20 58:6 68:7
70:5 72:5 75:16
107:18 109:14
dates 74:16
dawkins 1:12 9:12
60:17 74:11 92:7
93:24 94:21
day 8:8 23:20 47:2
73:21 93:8 94:13
99:14 101:14
105:12 106:14
107:7 109:20
110:5 143:25
153:15
days 60:23 94:13
98:7 138:21 140:4
151:17
dbb 4:9
de 1:23 6:12 13:19
65:17 67:8,15
68:17 105:6 144:9
148:15 151:5
152:2,24 153:2,12
deal 16:21,25
19:24 122:17
142:20

debevoise 3:16
debevoise.com
3:20,21
deborah 4:4,5
9:21
deborahbarbier....
4:9
debts 18:24
decipher 49:6,8
decision 45:23,23
47:5 88:13 90:21
113:7,12
declare 46:17 87:1
87:11 153:4
declared 15:14
30:10 38:17 40:16
44:18 61:16 89:11
declaring 45:11
deemed 153:6
defendant 2:14
3:13 4:3,12 9:22
10:3 56:19 67:2
94:21,21,21
defendant's 38:20
defendants 1:14
60:16,17,17 66:14
66:15 92:7 97:24
deferential 84:17
definition 32:12
37:23 38:4 44:10
44:13 49:23,25
130:19
definitions 29:3
49:8
degree 18:3,19
24:14 25:21 56:14
120:20 123:8
delivered 86:12
department 13:3
15:22 20:9 40:3
41:2 51:16,22

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[department - eligibility]

Page 10

67:22 86:24 94:20 94:24 95:16 97:12 98:22 107:8 118:19,24 119:1,9 119:17,25 126:9 126:10 132:25 133:5
**depend** 32:20 35:14,15 96:25
**depends** 146:2
**depict** 42:15
**deponent** 1:23 5:3 151:13 153:3
**deposed** 24:21
**deposing** 151:13
**deposition** 6:10,11 8:3,9 9:8 12:14 15:2,4 19:19 20:17 22:25 55:13 65:17,18 66:22,22 67:3,9,15 68:7,21 69:9 70:4 71:10 90:1 98:3 101:10 102:19 105:25 106:2,22 108:8 141:8,10,12 143:12,13 144:10 145:1,22 146:14 146:19 147:12 148:5 149:17
**deputy** 100:15
**describe** 127:14
**described** 118:22
**description** 101:23
**designate** 68:19
**designated** 129:3 129:4
**designee** 51:8 54:21
**despite** 147:14

**destroyed** 61:9 102:3 103:3,11
**detailed** 117:19
**determination** 61:18 142:25
**determine** 34:11 46:12 52:24
**determined** 51:13 61:15 135:11 144:12
**di** 77:21
**difference** 25:23 49:3,6
**different** 26:6,12 26:14 28:17 29:10 59:19 97:24
**dinsmore** 5:5 6:23
**dinsmore.com** 5:10
**direct** 6:4 11:9 112:23 125:12 132:2 136:23
**directed** 108:17
**directing** 108:12
**direction** 116:16 150:10
**directly** 28:2 114:12 121:4 150:14
**director** 18:9 23:14 40:24 46:2 64:2 111:8
**directors** 15:6
**disagree** 37:21 46:8 67:8,12 68:11,12 105:18 106:17 109:8 131:21 147:23
**disbursement** 110:12

**disclosed** 116:7
**discovery** 148:5
**discussion** 63:14
**display** 138:8
**disqualify** 32:16
**distinct** 37:16 42:10
**distinguished** 36:24
**distinguishes** 38:7
**district** 1:1,2 9:14 9:14
**division** 1:3 6:15 9:15 32:9 37:20
**document** 14:11 14:20 16:9,14 20:7 21:2,5 33:1 33:17 53:15 56:25 58:14,15 59:9,23 59:24 60:3 61:20 61:22 62:24 67:11 101:23 114:18
**documentation** 55:17,23
**documents** 19:6 41:13 54:22 57:3 61:23 65:19 67:7 107:15,17
**doing** 83:1
**dollars** 24:25
**doubt** 69:17
**downstream** 60:8
**draft** 29:3
**drafted** 69:20
**drawn** 87:25
**driver's** 10:10
**duly** 150:7
**duties** 21:20

**e**

**e** 2:11,22 3:10,20 3:21 4:9,19 5:10 7:7 29:15 30:1,8 30:14,25 38:19 39:15,18,21,24 40:6,10,14,19 41:5 41:8,9,11 42:16 44:19,24 45:11 49:1 107:18 109:13,16,19 110:9,21,22,24 111:2,6,7,18 126:17 152:3,3,3
**e.g.** 118:16
**earlier** 22:7 30:8 36:17 55:13 58:14 59:12 80:14 145:2 145:6
**earliest** 143:18
**easy** 17:6 22:15
**eat** 108:23 144:15
**effect** 27:14 48:18 48:25 49:4 77:15 118:6 142:1
**effective** 40:17
**effort** 143:24
**efforts** 87:5
**eight** 141:12 145:5
**either** 45:24 130:7 150:13
**elicited** 15:13
**eligibility** 6:20 13:10 16:16 17:12 18:17 26:7,11,21 28:22 33:7,14 34:2,5,11,18 35:2 41:17,20 44:7 46:16 47:5 48:18 48:22,22 50:9 61:9,18 77:15

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[eligibility - extensive]

Page 11

79:11 83:19 85:8
85:9 86:11,25
87:5 88:1,4 89:2
90:12,22 91:7
95:7 96:1,6
100:20 101:1,4
102:3 103:2,10,11
eligible  15:14
22:11 27:25 31:3
31:6,20,25,25 32:4
34:6 99:5
elite  28:22 31:5,10
33:9 50:4,20 72:1
85:22 96:19 138:2
138:9
ellis  3:15 10:1
emily  109:13
employed  23:12
40:11 112:15
employee  12:20
58:21 59:6 150:13
employees  64:2
111:23 113:22
employment  40:7
endorsement  6:14
21:2 124:2 128:1
128:3,14,20 130:4
130:7,9 135:16,19
endorser  135:17
enforce  16:21
17:10 18:5 76:12
enforceability
28:7
enforcement
85:11
enforces  16:15
18:4
enforcing  76:20
engaged  81:10
135:11

engages  84:6,23
enroll  38:10 74:13
enrolled  47:17
64:10 75:8,13,13
86:23 119:5
enrolling  31:21,22
32:1
enrollment  34:20
35:3,4 37:7,10,13
38:8,8 61:6 75:1
enrolls  34:23 36:1
ensure  32:4
entered  19:15,16
20:10 21:8 29:22
57:24 58:4 75:15
122:1,5
enters  123:2
entire  61:5 81:22
82:6
entirely  24:7
entities  66:7 67:23
entitled  21:2 33:1
entity  12:11,24
15:11,23 16:2
18:16 21:15 23:12
23:17 118:16,21
120:13 127:1
enumerated
137:10 139:21
equipment  118:16
errata  151:11,13
151:17
especially  52:3
esq  2:4,15 3:3,14
3:15 4:4,14 5:4
esse  1:23 6:12
13:19 65:18 67:8
67:15 68:17 105:7
144:9 148:15
151:5 152:2,24
153:2,12

established  79:6
83:14 86:18
estimate  145:25
et  151:4 152:1
153:1
etcetera  15:6
evening  45:24
148:24 149:14
event  137:19
139:19
everybody  68:16
71:16 89:20 90:5
102:20 143:20
149:13
everybody's  39:7
evidence  29:14
42:20 62:16 63:6
65:19 67:7 97:20
98:6 111:12
123:17 147:9
exact  114:4
exactly  50:14 69:8
70:23 83:5 121:3
examination  6:4
11:9 68:25 143:15
145:21
example  36:3,23
exceeds  66:2
exception  24:8
excerpt  6:19 7:3,5
excerpts  6:15
exchange  74:13
128:5
exchanged  111:22
exclusive  126:8,8
127:9,17,20
128:24 129:2
130:2
excuse  38:21
executive  118:18

exhibit  6:8,9,13,14
6:15,17,19,21,23
7:2,3,5,7,9,10 11:8
14:13,19,21,24
15:18 16:4,4,7,19
18:22 20:1,3,13,22
21:1 26:25 27:4,7
27:18 29:9 32:21
32:22,23 33:12,12
36:5,7,14,16 38:20
39:12,13 41:10
42:14,15,19,22,23
44:24 58:15 59:8
59:10,24 61:1
62:1,7,8 70:4,7,15
75:20 78:3,5,7
93:16 98:8 99:17
109:1,2,3,5,10
112:1,3,11 113:20
114:14,24 115:1
118:1,2 121:22
123:9,17 126:17
131:17 132:3,10
132:13 134:8,10
136:7,8,21,24
137:1 140:22
141:20 142:11
exhibits  6:7 7:1
26:23
exist  53:21
exists  56:22,22
expand  48:15
expanded  98:7
expeditiously
105:20
expense  49:15,18
expires  150:24
explain  51:4 95:11
144:8
extensive  62:24

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[extent - form]**

Page 12

extent 21:19 57:6
63:2 65:18
extra 32:11,16
36:3 46:20,21
47:17,22 48:11
49:13,19,23 57:18
57:19 58:17,19
61:10 64:5,18
71:25 72:6,9 73:2
74:24 96:5 105:15

**f**

f 29:15
face 131:23
fact 10:13 12:2
15:10 16:25 32:4
36:19 50:19,24
62:12 75:8 78:15
80:8 87:25 88:4
89:10 101:10
103:12 111:7
121:25 129:1
131:6 133:9,20
147:3
facts 35:15 96:10
131:11,12
faculty 24:24 25:3
25:6
failing 140:14
fails 137:23
138:18,20 140:3
142:6 151:19
failure 71:8
140:12
fair 11:24 12:1
20:13 21:14 23:6
45:2 52:2 106:11
136:5 145:12
fairly 42:15
fairness 35:19
95:20 97:14 98:2
132:15 141:15

familiar 27:12
33:6,13 45:6
61:16 115:16
117:5 122:16
family 47:21 48:10
48:16 49:24 50:4
50:19,25 51:10,18
57:15,18,23 58:10
60:9 72:1,6,15,16
74:12 75:9 95:24
far 33:13 40:25
61:8 76:4 105:15
112:7 115:5
fargo 2:17
father 50:13 64:14
73:18 86:12 93:3
february 100:14
federal 8:9 53:11
65:16,23 69:8,11
101:14 105:12
106:24 144:11
feel 147:22 148:3
field 21:23
fielding 21:21
figure 56:23 62:25
filed 102:16
final 22:9
financial 107:6
110:11 111:19
118:23 119:8,16
119:24 120:4
121:19
financially 150:14
find 63:5 101:13
113:19 114:18
fine 23:4 39:1,8
79:17 90:7 147:1
finish 64:7 144:25
145:12,14,20,21
148:21,25

finished 145:4
firm 4:15 70:5
first 12:5 16:13
17:7 20:6 27:6
39:3 42:14 47:14
62:18 63:11 67:6
68:6,18 73:25
83:8 92:4 93:8
96:18 115:17
117:8 118:9
123:21 126:22
139:16,24 150:7
five 15:15 114:17
114:17 137:10
flat 30:24 102:23
floor 2:18
flow 140:9
focused 10:11
follow 29:7 31:9
following 28:4
74:25 109:24
footwear 138:8
foregoing 150:4
153:5
form 12:13 13:11
13:17 14:1,2,3,4,9
15:25 17:2,21
18:18 20:16 21:18
21:25 24:13 25:11
25:12,19,25 26:8
26:16 28:3 29:5
29:17,18 30:4,5,18
30:19 31:1,8 32:7
32:18,19 34:24,25
35:13,20,21 36:21
37:25 38:1,5,6,16
42:1,6,7,12 43:4
43:11,13 44:16,17
44:25 45:1,16,17
46:5,23 48:6,13,23
50:6,7,8 51:1,2,19

51:21 53:1 54:13
54:23 55:11,25
56:8,9,10 58:7,12
59:2,3,17,18 60:11
61:4,12,13 62:5
64:22,23 72:12,18
72:19 73:19,20,21
74:25 75:10,11,22
75:23 76:7,15,22
77:8,17,24 78:17
78:18 79:25 80:1
80:16 81:14,21
82:4,5 83:10
84:11,12 85:1,3,14
85:16 86:1,3,3,13
86:15 87:17,18
88:6,7,18 89:6,21
90:4,5,15,16 91:1
91:2,11,20,21
92:10,11 93:5
94:4 95:1,9,10,19
96:7,15,22 97:5,14
99:9,24,25 100:9
100:11 101:6,8
102:6 103:6,9,23
104:7,21 107:9,24
108:3 110:2,3
113:13,14 115:11
116:4,10,12,20
117:2,11,12,13
119:11,19 120:2
121:2,7 122:4,13
123:3,5,13,14
124:5,6,16 125:17
125:18 126:2,14
128:7 129:13
130:21 131:20
133:23 134:5,17
134:23,24 135:4
135:20 136:2,3,12
136:13 137:16

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[form - hand]

Page 13

138:5,13,14 140:6
140:10,11,18,19
140:25 141:2,25
142:7,15,21,22
143:4 146:12
150:10
**formality** 15:5
**format** 33:13
61:22
**forth** 53:23
**forthcoming** 92:3
**forward** 98:3
**found** 49:24
**foundation** 15:10
**four** 57:24 75:15
148:14
**frcp** 8:11
**frequently** 6:18
33:2
**front** 41:15 42:25
107:15 121:22
137:3 144:10,21
145:23 147:1
**fulfilled** 34:6
**full** 68:19 83:8
94:11,12 99:13
107:23
**funded** 12:12
**further** 18:21
70:22
**future** 110:11

**g**

**g** 29:10,15,22
32:11
**games** 34:10
**garr** 109:14,17,20
110:8 111:3
**garr's** 110:21
**gassnola** 1:12 9:12
**gatto** 1:11 4:3 9:11
9:22 10:18 50:15

60:17 64:2 73:25
74:8,11,24 92:7
93:23 94:21
**gear** 127:10
**general** 65:14 68:3
68:13 95:3,5
137:8
**generally** 48:8
65:20 67:7
**generated** 24:16
55:9
**gentlemen** 17:7,19
25:16 33:23 34:15
37:3,22 43:18
44:11 49:11 60:2
63:9,21 64:17
74:4,21 75:7
78:25 80:8,23
82:1 83:8 95:16
97:11 98:14 99:1
104:1 110:8,18
118:10 123:23
126:23 127:16
128:10,22 129:10
129:23 133:20
138:17 139:15
141:21
**getting** 106:7
144:3 145:1
**give** 11:3 13:14
14:14 18:24 25:10
26:9,17,18 27:1
36:10 39:2 45:4
47:14 49:8 69:16
84:14 106:19
132:11 134:2
147:23 148:3,4
**given** 28:17 35:16
99:7 114:1 125:25
126:5,12 142:4
153:9

**gives** 129:11
**giving** 105:14
**glare** 106:7
**global** 64:2
**go** 10:25 23:20
39:11 47:12 58:16
62:18 63:8 68:23
69:1 73:25 83:3
92:19 96:17 98:3
101:12,15 104:22
105:19 106:11,21
112:6 117:21
124:22 134:7
143:16,20,21
144:6,19 145:3
146:22 147:1
**goal** 35:22,24
113:5
**gocards.com**
151:2
**goes** 41:1
**going** 11:15 14:16
14:25 15:1,9
20:20 36:5 38:23
47:4 51:20 53:7
57:13 59:18 65:1
65:8 66:10 67:3
69:25,25 70:1,13
71:12 82:14 89:7
89:23 90:8 92:2
92:11,14 95:18
96:15 97:13 99:18
102:13,17,18
104:19 105:17
106:16 107:3
108:14 110:21
113:6,19 114:19
132:10 136:7,8
141:8,14,20
143:22,23 144:17
146:13 148:9

149:8,13,15
**goings** 4:15
**goingslawfirm.c...**
4:19
**good** 10:25 11:11
11:12,13,15 23:2
115:7,24 149:14
**governing** 16:16
17:11 19:6 28:11
29:4 31:16 48:9
60:8 61:8 71:23
73:11 87:6 127:3
134:3
**government's** 92:4
**governs** 13:5
21:16
**grad** 24:8
**grahmn** 5:4 10:5
69:21 144:24
148:19
**grahmn.morgan**
5:10
**grants** 128:12
130:1
**grissom** 3:6
**ground** 143:16
**grounds** 71:14
138:10
**group** 2:5 6:24
**grown** 24:11,16
**guarantee** 18:24
**guess** 22:5,18
36:13 51:25 66:24
67:7,11
**guys** 66:16 69:11
73:24 102:13

**h**

**h** 3:14 152:3
**half** 24:4,24 105:8
**hand** 11:2 112:7
112:25 115:5

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[handle - ineligible]

Page 14

handle 18:17 52:5
handles 120:13,21
happen 72:22
  144:22
happened 54:12
  58:10 60:22 61:2
  72:5
happens 34:22
happy 108:22
  145:3
harassment 92:16
hard 38:18 63:15
  82:13
harm 100:25
hate 114:17
head 42:17 52:11
  53:4 54:2 55:6
  56:4 64:11 73:14
  84:15,15 112:9
  113:21 117:7
  131:16
heading 62:19
  137:8
hear 11:13,21
  146:4
heard 10:23 26:1
  108:20
hearing 143:13
hearsay 101:24
heavy 27:10
heisman 48:4
hereof 150:6
hereto 153:7
hey 69:21
high 31:12,16 35:9
history 17:16 34:3
hold 10:10 16:5
  43:21 110:10
  125:13
holding 41:14

home 102:22
  143:20
honest 132:7
hope 146:9 148:16
hopefully 65:6
  107:1 143:15
  144:3 149:11
hoping 106:17
host 5:15
hour 67:1 101:14
  105:8 106:15
  146:9
hours 44:23 47:9
  68:25 104:25
  105:11 106:1,2,12
  106:14,22 120:17
  141:10,12,12,15
  144:2,4 145:5
  148:4,7,10,14
  149:2
how's 14:17
hypothetical
  89:13
hypotheticals
  87:19

i

i.e. 100:6
identification 11:8
  14:12,19 20:1
  27:4 32:21 36:16
  59:8 70:15 93:16
  98:8 109:3 112:1
  114:24 126:25
identify 9:17
  38:24 67:14
identifying 95:12
  129:3
ii 1:6 9:10 151:4
  152:1 153:1
illegal 85:13

imagine 143:22
immediate 111:2
immediately 40:17
  44:3 137:18 138:4
  138:7 139:18
impact 100:19,24
  101:24 132:22
impede 106:20
impermissible
  64:4 77:20 78:14
  79:21 81:11 84:7
  84:23 96:5 116:23
impermissibly
  74:11
importance 11:23
important 11:16
  25:9 35:24 43:8
impossible 69:20
improper 49:18
  66:8 80:4 81:4
  85:13 92:14 95:24
  102:15,23 131:9
  144:9,10,13,16
  146:5
improperly
  147:22
inaccurate 41:10
  62:2
inadequate 69:5
incidentally
  138:10
include 34:9 48:15
  81:15 93:2 118:15
included 49:25
  53:15 101:18
  107:18 109:1
including 13:21
  28:12,18 36:9
  129:3
incomplete 36:8

incorporated 9:11
incorrect 88:11
increase 122:11
incumbent 66:16
index 6:1
indicate 39:22
  73:10 113:10
  127:19 142:3
indicated 30:10
  68:17
indicates 16:14,19
  73:11 129:10
  138:1,7 142:11
indicating 41:9
  116:8
indictment 50:22
indictments 30:1
  40:3 44:21,23
  45:7,9 46:3 47:2
  52:9,21 107:7
  109:25
indirectly 28:2
  150:14
individual 27:23
  27:24 28:1 36:25
  37:8,16,23 38:9
  49:20 118:20
  135:10
individuals 37:5
  118:15
ineligibility 34:12
  44:14 94:3,24
  97:1 99:22 100:8
ineligible 15:15
  22:11 30:11 31:18
  33:20 34:1 35:11
  38:14,17 40:16
  41:25 42:3,10
  43:25 44:18 45:11
  46:4,12,18,22
  49:16,20 50:5

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[ineligible - keep]

Page 15

57:16 59:1 61:16
78:15 79:7,23
81:10,18 83:16
84:1,8,24 87:1,11
89:11 93:4 96:20
97:4,7,9 98:17
99:4
**inference** 87:25
**inform** 33:8 70:12
**information** 14:14
46:25 53:9,23
**infractions** 79:6
83:15
**initiated** 39:16
**injuries** 92:8
**injury** 95:6 101:5
101:18 102:4
103:3
**insignificant** 125:2
**insinuation** 30:22
92:16
**instance** 140:4,7
**instances** 139:21
**institution** 31:22
34:23 36:2 37:10
40:21 44:2,5 55:7
74:13 75:1 76:6
79:3,5,8,23 81:10
81:19 83:12,14,17
84:3,6,23,25 85:22
91:16 118:25
131:3 135:16
**institution's** 58:22
59:4,7 64:1 72:21
72:24 78:13
117:16 118:13,18
119:6 120:25
131:13
**institutional** 58:21
59:6 77:6,14

**institutions** 28:12
28:18 29:2 33:8
47:18 76:18 85:12
**instruct** 66:19
**instructed** 147:16
**intact** 30:16
**intent** 115:15
**interacting** 31:15
**intercollegiate**
16:21 17:12 19:7
21:16,24 27:25
28:5 30:24 44:4
79:8 81:19 83:17
84:2 118:14
**interest** 58:22 59:7
78:14 79:4,20
83:13 117:10
130:14,20 131:2
131:13,18 132:1
133:11
**interested** 150:14
**interests** 64:1
**internal** 52:23
**interning** 24:8
**interview** 52:14,17
55:15
**interviewed** 53:5
54:17 55:17
**interviews** 54:6,14
54:15,22 55:1,3,4
55:8,10,22,23 56:2
56:7,15 57:5
**introduce** 63:2
**introduction** 6:13
**investigation**
52:23 54:12,18
**invited** 69:7,12,14
**involve** 58:20
**involved** 48:16
78:14 79:11 83:20
107:11 116:8,17

116:23 119:5
120:24 132:21
142:12 146:21
**involvement** 59:5
83:22,24 103:11
**involves** 58:20
**issue** 58:3 97:3,22
97:23 98:16 147:7
**issued** 56:19 70:14
107:12
**issues** 28:21
**items** 29:10 55:9

**j**

**james** 1:11 4:3
9:11,22 10:18
64:2 93:23
**january** 47:11
**jfa** 1:4 9:16
**jim** 93:23
**job** 23:11
**john** 1:23 8:3 10:6
105:25 136:18
151:1,2,5 152:2,24
153:2,4,12
**johnson** 1:25 8:13
9:4 24:21 72:11
112:15 113:1
114:11 116:1,7
150:22
**johnson's** 114:7
**join** 65:25 66:10
101:20 145:7
**joined** 10:1,3
**jr** 2:4
**judge** 66:17
102:21 143:14
144:19,21 145:23
146:21 147:2
148:16
**judicial** 108:2

**july** 20:11 74:23
75:20,25 77:2,3
122:6
**jump** 63:16
**june** 27:11 58:6,10
74:10,17 75:17
76:1
**junior** 9:20 10:16
**jurisdiction** 134:3
**jury** 11:21 12:9
17:7,19 22:8
25:16 29:1 33:23
34:15 37:3,22
41:16 43:8,18
44:11,20 47:15
48:1 49:11 51:13
52:1 53:5 58:3
59:12 60:3 63:10
63:22 64:17 74:4
74:21 75:8 78:25
80:8,24 82:1 83:8
92:24 95:16 97:11
98:14 99:1 104:1
109:23 110:8,18
118:10 123:23
126:23 127:16
128:11,23 129:10
129:24 132:8
133:20 138:17
139:15 141:21
144:11
**justice** 40:3 51:17
51:23 67:22 94:20
94:24 95:17 97:12
98:22 107:8
132:25 133:5

**k**

**keep** 22:16,17 27:1
68:13 69:25 82:16
84:18 99:18 107:2
110:19 111:18

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[keep - line]**

Page 16

113:19,20 121:15
**kenny** 24:21 72:11
  112:15 114:7,10
  116:1,7
**kentuckiana** 8:4
**kentucky** 5:8 8:6
  150:2
**kick** 36:3
**kids** 31:17
**kind** 28:6
**know** 11:18 12:15
  12:16 19:20,21,22
  20:18 22:22 23:3
  24:23 25:2,2,13
  50:14 51:14 53:9
  53:21 57:7 61:14
  63:13 65:4,6
  66:15,18,21,23,25
  69:15 76:11 77:19
  82:6,23 83:1 86:7
  87:23 90:7,21
  91:13 92:12,15
  97:18 98:4 101:11
  101:11 103:7,8
  104:17 107:17
  108:10 114:4,5,12
  115:14 117:3
  122:15,22 124:10
  138:6,15 144:4
  145:5 146:3
  147:17 148:3,23
  149:3,9
**knowledge** 19:13
  22:19 23:2,7
  24:17 25:1,5
  34:17 37:21 45:12
  45:12 52:13 54:5
  54:11,15,20 55:7
  55:21 56:5 62:2
  66:24 67:25 68:1
  68:20 95:25 96:9

97:3 98:16 112:23
  116:15,21 118:19
  118:20 121:4
  133:25 142:24
**knowledgeable**
  76:19 122:25
**known** 15:23 87:6
  128:6
**knows** 102:23

**l**

**l** 2:15
**labor** 58:5 88:3,17
  91:17
**lack** 71:7
**ladies** 17:6,18
  25:15 33:23 34:15
  37:3,22 43:18
  44:11 49:11 60:2
  63:9,21 64:17
  74:4,21 75:7
  78:24 80:7,23
  82:1 83:8 95:15
  97:11 98:14 99:1
  103:25 110:7,18
  118:9 123:22
  126:22 127:16
  128:10,22 129:9
  129:23 133:20
  138:17 139:15
  141:21
**language** 26:10
  41:12 80:7,8,22
  88:14 140:23
  141:3,22 142:8,11
  142:16,19 143:1
**large** 150:2
**las** 77:2
**late** 69:4
**law** 2:5 4:5,15
  6:24 25:21,22
  88:24 134:13

**lawgroup.com**
  2:11
**lawyer** 66:3
  102:17 108:6,7,9
**lay** 15:9
**lead** 22:8
**learned** 46:2
**left** 101:13 112:7
  144:2 145:2 146:1
  146:8 148:14
**legal** 12:24 15:23
  16:2 23:11,17
  26:10 28:7 39:5
  107:25 108:4
  120:13 128:7
  151:23
**legislation** 29:7
  37:12 49:16,20
  79:5 83:13 135:12
  142:12
**letter** 6:23 69:10
  70:4,11,16 71:2
**letters** 123:24
**letting** 90:7
**level** 52:1 83:24,24
  92:16
**lexington** 5:8
**license** 10:10
  128:13 130:2
**licensing** 130:8
**light** 15:12
**liked** 115:22
**lindholm** 2:15
  10:2,2,19 14:1
  28:24 29:16 31:1
  31:8 32:7,18
  35:13,20 36:21
  37:25 38:5,16
  42:6,12 43:4,11
  44:16,25 45:16
  46:5,23 48:6,13,23

50:6 51:1,19 53:1
  56:8 58:7 59:2,17
  60:11 61:4,12
  62:5 64:22 65:13
  66:11 73:19 75:10
  75:22 76:7,15,22
  77:8,17,24 78:17
  79:25 80:16 81:14
  82:4 83:10 84:12
  85:1,14 86:1,13
  87:7,17 88:6,18
  89:6 90:15 91:1
  91:11,20 92:10
  93:5 94:10,14
  95:1,9 96:7,22
  97:5 98:10 99:9
  99:24 100:9 101:6
  101:15 102:6
  103:6,9,23 105:22
  107:9 110:2
  113:13 116:10,20
  117:2,13 121:2,7
  123:3,13 124:5,16
  125:17,19 126:2
  126:14 129:13
  130:21 131:20
  133:23 134:5,8,24
  136:2,12,20
  137:16 138:13
  140:6,10,18 142:7
  142:15,21 145:7
  145:25 146:4
  147:13
**lindsey** 1:25 8:13
  9:4 150:22
**line** 94:17 95:17
  96:11,12 97:12
  98:15 132:19
  148:25 152:4,7,10
  152:13,16,19

3:18-cv-03118-JFA    Date Filed 04/22/21    Entry Number 225-26    Page 171 of 187

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[listed - mcleod]

Page 17

listed   29:10 128:4
litigant   43:7
little   47:15 69:23
   105:14 136:23
   143:16 145:3
llc   2:5 4:15
llp   2:16 3:4,16 5:5
load   26:25 27:2
   36:10 93:11
loading   93:10
   117:22
local   102:15
located   8:5
lodge   69:25
log   7:9,10
logo   126:25 127:9
   127:20 138:3,8,10
long   15:9 24:2
   47:8 136:21 141:7
   146:15 148:9
longer   50:12 86:19
   106:13 145:3
   148:21
look   15:18 22:23
   33:12 36:6 48:18
   60:3 115:2 132:11
   145:8
looking   16:4
   125:14 136:19
loses   27:24
losing   27:23 95:6
   100:25
loss   61:17,17
   100:20
lost   37:6 101:4
lot   47:3 82:11
   105:19 106:7
   143:21 147:9,10
louisville   6:12,22
   8:6 9:9 10:6 12:6
   12:10,17,19,23

13:4 15:22,24
17:1,16 18:15,23
19:4,7,14,24 20:10
21:14 23:14,16,18
24:6,7,19 25:4
27:10 28:12,18
29:2 30:14 32:1,3
32:5 44:12 45:15
50:13 52:12,16,22
54:3,8 58:6 60:14
62:13 68:19 69:3
71:22 73:15 75:16
86:10,20,23 87:15
87:25 88:15 89:1
89:3,9 90:14,23,24
91:10,16,16 92:9
94:3 96:19 99:22
100:6,8,16,21,25
101:18 103:15
104:18 107:12
108:17 111:9
112:10,16 113:12
114:6 116:9 119:9
120:8,12,14,22
122:2 123:11
125:16,25 126:1
127:10 129:5,18
129:20 131:15
133:13 135:23
137:22 144:24
148:20
louisville's   68:9
   117:10 119:16
   130:14
lucky   25:20

m

m   3:6,15 4:14
ma'am   38:22
   67:16
madam   71:17
   143:17 147:11

148:2 149:4
mail   2:11,22 3:10
   3:20,21 4:9,19
   5:10 7:7 30:1,8,14
   30:25 38:19 39:15
   39:18,21,24 40:6
   40:10,14,19 41:5,8
   41:9,11 42:16
   44:19,24 45:11
   107:18 109:13,16
   109:19 110:9,21
   110:22,24 111:2,6
   111:7,18
main   5:6 8:5
majority   68:5
making   14:6 24:22
   25:6 82:14 88:13
   93:14 106:13
   145:19
manipulated
   113:11
manner   14:6
   79:21
manual   6:16
manufacturer
   118:17 125:23
   126:9
mark   70:6,7
   106:15
marked   11:8
   14:19 20:1 27:4
   32:21 36:16 59:8
   59:10,23 61:1
   70:15 93:16 98:8
   109:3 112:1
   114:24
market   19:6 129:1
   129:12,14
marketing   64:3
marking   14:12
   70:3

material   43:9
   138:18 140:3
matter   8:10 9:9
   53:16 92:23,25
   93:22 150:9
matters   11:22
   13:5,10 18:17
   67:14 68:20 95:5
   102:11
matthew   39:16
   40:22 110:24
mbb   40:15
mcleod   2:4,5,11
   6:4,24 9:19,19
   10:15 11:7,10
   12:21 13:14,19,25
   14:3,10 15:8,17
   18:1 19:23 20:2
   20:23,25 22:4,20
   23:5,9 26:13,17,22
   27:5 29:19 36:10
   36:12 39:1,8,10
   42:19 43:14 45:2
   45:5 50:17 51:5,6
   52:5,7 53:14,25
   54:19 55:16,19
   56:12,21 57:2,10
   57:12 59:22 62:9
   62:10,15,17,22
   63:4,7,17,19 65:3
   65:7 66:9 67:5
   68:4,15 70:3,7,17
   70:20,25 71:15,17
   71:20 73:24 74:2
   77:12 78:4,6,22
   80:5,18 81:5
   82:11,16,22 83:6
   84:15,19 85:5,17
   86:5,21 87:21
   88:23 89:14 90:3
   90:10,18 91:4,23

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[mcleod - move]**

Page 18

92:18 93:11,17
94:12,15 95:14,22
97:18 98:5,12
99:18,19 100:1,13
101:19,22 102:1
102:13,25 105:1,5
105:9,13,17 107:2
107:4 108:1,6,9,14
108:24 109:4,8,9
110:6 111:11,15
111:16 112:2
114:16,25 116:14
117:14,24,25
120:6,18 121:9,15
121:16 123:6,16
123:20 124:8,19
125:10,20 134:10
135:1 136:6,15,22
137:1,2 141:4,17
143:7,11 144:7
145:18 146:2,9,13
146:18 148:2,8,11
148:13 149:4
**mean** 29:22 31:19
51:4,21 55:1
62:23 66:10 69:17
69:21 97:24 99:15
105:15 106:23
121:17 136:24
144:2 147:21
**meaning** 25:16
26:6 36:18 37:16
42:5 43:3 49:1
64:21 80:14 121:6
121:10 134:19
**meanings** 26:12
26:15 42:10
**means** 48:22 51:7
127:16 134:22
140:14

**mechanism** 66:19
**meet** 53:12 62:25
69:9,14 71:7
149:11
**member** 25:3,6
28:11 34:23 36:1
37:10 47:17 48:10
49:24 50:4,19
51:18 55:6 57:15
57:18,23 58:10
60:10 72:1,6,15,17
75:9 76:18 78:13
79:3,20 83:12
85:12,21 95:24
118:17,19,22
127:4 132:20
**members** 24:24
47:22 48:16 50:25
51:10 127:6
**membership**
17:13 28:17 29:2
29:8 33:8
**memorandum**
55:9 56:5,21
**men's** 64:9 72:10
74:13 137:22
**mention** 35:18
77:1
**merl** 1:11 9:11
64:3 93:23
**message** 7:9,10
112:6,11,14
113:17 115:3,10
115:15,20 116:1
**messages** 111:22
114:7,10
**met** 69:14 108:18
**miami** 24:9
**middle** 49:24
**midnight** 44:23

**million** 24:25
125:1 142:19
**mind** 63:20 70:3
105:14
**minimus** 77:21
**minute** 14:15,24
27:1,8 114:17
144:2
**minutes** 15:16
106:1,3 114:17
141:11,13 145:2
148:7,10
**mislead** 43:8
**misleading** 22:12
**misled** 51:17
**missing** 22:2 36:8
93:15
**misstates** 87:8
89:8
**money** 18:24 34:9
100:6 128:6
139:24 140:9,15
**moran** 3:3 10:4
**morgan** 5:4 10:5,5
10:14 12:13,25
13:11 15:1,25
17:21 18:12,18
19:18 20:16,22
21:18,25 22:18,21
23:8 24:13 25:11
25:25 26:8,16,20
29:5 30:5,19 31:2
32:19 34:25 35:21
38:6 42:1,7 43:13
44:17 45:1 50:8
51:2,20 53:7,20
54:13,23 55:11,25
56:10,20,25 57:3
59:18 62:6 63:13
65:1,5 66:12 69:1
70:3,6,16,18,21

71:6 72:12,19
73:21 75:23 76:8
77:10 78:3,20
80:3 81:2,21 82:5
82:14,17,23 84:11
84:13 85:3,16
86:3,7,15 87:18
88:7,20 89:7,24
90:17 91:2,12,21
92:11 93:9,14
94:4 95:10,18
96:15 97:13,23
99:25 100:11
101:8 102:9
103:16 104:21,24
105:2,11,14 106:4
106:5,8,16 107:24
108:4,7,12,15,24
109:2,5 113:14
115:11 116:4,12
117:12,22 120:3
120:16 122:14
123:5 124:6,18,21
128:7 131:8
132:14 134:23
135:4,6,20 136:4
136:13,17,24
140:11 141:2
143:4,10 144:1,23
144:24 145:16
146:10,15 147:21
148:19,19
**morgan's** 147:16
**morning** 30:1
45:24 55:14
109:24
**morris** 2:6
**mortgaging** 19:1
**motion** 102:16
**move** 42:19,22
57:10 62:15 65:19

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[move - object]

Page 19

68:12 74:1 98:5
105:20 111:11
123:16 148:17
**moving** 14:17
22:16,17 27:1
68:25 84:18
113:20
**mullins** 2:4,11,16
3:4 9:19 13:16
14:1 17:24 50:10
51:3 62:6,21,21
63:13 65:1,13,13
78:3 82:8 86:16
88:21 89:12,24
92:12 93:9 94:10
99:12 104:24
106:17 108:12
117:22 134:8
143:22 144:6,23
146:5,10 147:13
147:13
**multiple** 56:11
89:12 143:6
**munish** 1:12 9:12
**music** 93:13
**myrtle** 3:8

**n**

**n** 1:25 5:4 8:13
**name** 9:3 23:25
38:22 39:3 64:13
74:8 115:17
126:25 128:20
130:6,9
**narrow** 57:4 69:9
69:13
**narrowed** 108:19
**national** 48:4
**nature** 69:19 88:8
88:9
**nba** 91:15

**ncaa** 6:15,17 17:1
17:17 24:3 26:7
26:15,17 27:14
28:11,16,17,21
29:8 31:11,16,20
31:24 32:17 33:5
33:7,14 34:2,4,4
34:11,18 35:7
36:19 37:5,7,11,15
38:7 41:23 42:11
46:19 47:16 48:9
48:12 49:15,20
53:24 55:4 60:8
60:15 61:23 62:12
66:6 67:23 69:23
71:23 73:11 76:11
76:17 77:5,13,19
78:1,25 79:19
83:23 84:14,21
87:6 90:20,23
104:19 113:9,21
113:23 114:2,8,11
116:7,16,25 117:6
117:20 118:5
130:19 133:9
134:2 135:12,25
136:11 140:23
141:24 142:6,12
142:20
**ncaa's** 32:12 35:18
68:9,10
**necessary** 16:15
17:10 153:6
**need** 16:4 38:23
84:17 89:20 90:4
115:22 143:17,19
145:2
**needed** 87:12
**nelson** 2:16 3:4
**nelsonmullins.c...**
2:22 3:10

**never** 26:1 38:17
61:14,15 69:13,14
69:24 87:4 102:16
106:21 108:20
**new** 3:18,18 69:15
69:16 92:19 104:6
104:18 132:25
133:18
**newton** 48:2,3
**newton's** 48:9
**night** 113:6
**non** 12:24 16:2,10
97:22,23 120:13
**north** 2:20
**notary** 8:13
150:23 153:13,19
**note** 65:14 92:15
151:10
**noted** 55:15 153:7
**notes** 18:25 52:15
55:8 56:5 57:5
**notice** 6:9,21
18:24 19:19 20:17
53:8,16,17 60:7,14
61:5,23 62:2,8,12
64:12 66:2,5,13
67:16,16 68:7,9,17
68:21 69:4 71:21
71:24 72:4,10
73:8 77:1 84:16
101:9,10 102:12
105:7 106:2
137:19 138:22
139:18 148:8
**noticed** 8:3 12:14
146:12 148:6
**notifications** 33:8
**noting** 98:1
**number** 9:15
14:13 16:5 21:3
33:12 34:10 58:15

61:1 62:1 70:7
89:17,18 112:11
115:2 121:22
126:17 127:24
132:16 136:7
138:16,25 139:1,6

**o**

**oath** 8:10 82:12
103:13 130:13
133:17
**object** 15:1 17:2
25:19 29:17,18
30:4,5,18 31:1,2,8
32:7 34:24 35:13
35:20,21 36:21
38:5,16 42:6,12
43:4,11 44:25
45:1,16,17 46:5,23
48:6,13,23 50:6,7
51:1,2,19,20 53:1
53:7 54:13 55:11
56:8,9,10 58:1,7
58:12 59:2,3,17,18
60:11 61:4,12,13
62:5 64:22,23
65:16,20 66:1
70:1 71:6,13
72:19 73:19,20,21
74:7 75:10,11,22
76:7 77:8 78:17
78:18,20 79:25
80:1,16,17 82:4,5
82:14 83:10 84:11
84:12 85:1,3,14
86:1,13,15 87:17
88:18 89:6,7,20
90:15,16 91:1,2,11
91:12,20 92:10,11
93:5 95:1,9,10,18
96:7,15,22 97:5
99:9,24,25 100:9

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[object - organization]**

Page 20

100:11 101:6,8,16
101:24 103:6,9,23
107:9,24 110:2,3
113:13,14 116:10
116:12,20 117:2
117:11,12,13
119:11,19 120:2
121:2,7,14 122:4
122:13 123:13,14
124:16 126:2,14
129:13 130:21
131:8,20 133:23
134:17,24 136:2,3
137:16 138:5,14
140:6,10,11,18,19
140:25 141:2,25
142:7,15,21,22
143:23
**objected** 56:25
69:4,5,7 108:17
147:22
**objecting** 69:25
146:25
**objection** 12:13,25
13:11,17,18 14:4,4
15:25 17:21 18:12
18:18 19:18 20:16
21:18,25 24:13
25:11,11,12,25
26:8,8,16 28:24
29:5,16 30:19
32:18,19 34:25
37:25 38:1,6
41:18 42:1,7,22
43:12,13 44:16,17
50:8,8 53:24 54:23
55:25 65:14 66:1
66:11 67:18 68:3
68:14 70:1 72:12
72:18 75:23 76:8
76:14,15,22,23

77:9,10,16,17,23
77:24 78:19 80:2
80:11,25 81:1,2,13
81:14,21 84:10,13
85:2,15,16 86:2,3
86:14 87:7,8,16,18
87:18 88:5,6,7,7
88:19 89:5,7,19,19
90:17 91:3,21
94:4 95:8 96:23
97:13,22 98:2,9,10
98:11 99:11,12,23
100:10 101:7
102:5,6,9 103:5,16
103:17 104:7,14
104:21 108:3
110:4 111:14
115:11 116:3,4,11
116:19 117:1
119:12,18 120:1,3
120:10,15,16
121:1,8,10 122:14
123:3,4,5,18,19
124:5,6,7,17,18
125:4,17,18 128:7
132:14 133:24
134:5,23,25 135:4
135:20 136:4,12
136:13,14 138:13
141:1 143:4,9
146:11,17 147:24
**objections** 13:20
13:21,24 14:6
62:16 65:21 66:9
67:5,10 70:10,22
71:1,4,9 89:17
90:1,5 91:19
101:19,21 102:15
102:20,22 105:19
143:23 144:9,14
144:14,16 145:8

145:19 146:3,6,24
147:15,18
**obligated** 44:3
**obligations** 18:25
108:11,19 138:19
**obvious** 22:6
**obviously** 11:16
47:3 71:11,11
99:17 105:6
**occur** 45:22 72:25
73:1
**occurred** 45:23
**occurrences**
137:20
**october** 7:4,6
110:13
**offer** 64:4 96:19
97:8
**offered** 74:11
92:24 103:21
**office** 2:8 8:4
23:21,22 38:20,25
39:4,6,12 70:12
71:2 125:1
**officer** 68:19
**offices** 23:21,22,24
**official** 111:24,25
129:4,20
**oh** 106:8
**okay** 10:24 11:13
12:22 14:22 17:15
18:14 19:23 21:21
23:8,20 24:2,10
27:3,20 33:18
35:5,18,23 36:5
37:14 38:12 43:17
43:21,22 44:19
47:13 48:8 49:10
57:2,10 61:7 65:3
73:1,5,9,14 78:11
78:23 79:18 80:6

80:13 82:5 83:5,7
84:16 85:10 86:9
90:22 91:14 93:7
93:14 94:8,14
96:11,17 100:14
101:22 104:17
105:2,13,24 107:2
107:11 110:7,21
111:21 112:9,15
112:25 113:8,17
114:5 115:5
116:22 121:21
123:21 126:11
127:7,19 128:17
129:6,21 134:2
135:15,22 136:7
141:5,14 143:11
**once** 10:22 36:1
46:2,14,20 47:17
143:15 149:12
**ones** 25:20
**operates** 84:5
**opine** 135:7
**opinion** 26:9 50:9
78:21 80:4 84:14
85:3 86:4 87:19
108:5 128:7
130:23,25 131:7
131:11
**opinions** 107:25
131:9
**opportunity** 53:9
53:11 106:20
**oppose** 67:3
**opposed** 49:1
**ordeal** 48:9
**order** 31:5
**ordinary** 40:7
111:8
**organization**
118:17,21,22,25

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[organized - please]

Page 21

organized 17:14
origin 115:14
original 20:14
  122:9
originated 39:22
  39:24
ought 97:15
outside 12:13
  17:21 19:18 20:16
  54:23 55:11 66:4
  66:13,20 67:1,15
  68:23 102:6,9
  113:9 122:14
  124:21 125:19
  145:6 146:11,25
  147:3,15 148:1
overall 35:18
overly 57:1 69:6
owes 140:15

**p**

p.m. 8:8 9:7
  148:24 149:17
page 6:2,8 7:2
  27:18 33:17 49:24
  60:4 68:18 73:8
  73:25 77:1 93:7
  94:7,16 95:19
  96:17 123:21
  126:18,19 127:23
  132:10,11,13
  136:23,24 137:1
  150:6 152:4,7,10
  152:13,16,19
pages 36:9 53:24
  136:21
paid 23:15,16,18
  50:19 60:9 72:1,6
  72:9
paragraph 62:19
  63:8 68:18 71:25
  73:10 74:3,22

83:9 118:9 125:12
  126:17 127:19
  128:4,9,21 129:16
  129:24 137:6,11
  137:13,17 138:1
  139:3,10,14
  140:22 141:20
  142:3
parameters
  146:22
parkway 3:6
part 51:9 69:16
  82:20 92:7,13
  100:3 101:9
  102:11 109:6
  122:25
participants 8:7
participate 37:8
  84:8,25
participated
  118:21
participation 28:5
  30:23 34:3 40:16
  44:14,22 78:16
particular 26:14
  27:18 28:1 36:6
  61:7 69:12 84:7,8
  113:20 114:1
  115:2 126:16
  137:10
particularly 15:12
  22:14 68:8
parties 13:18
  56:15 141:16
parts 76:20
party 13:24 14:5
  66:14 121:20
  145:10
paschal 4:14 9:23
  9:23 10:22,24

passed 29:8
patient 89:16
pause 63:16
pay 28:2,3,4
paying 140:16
payment 19:1 46:4
  50:3,19,24 51:9,18
  57:23 58:9,25
  60:9 61:10 64:14
  64:18 72:15,16
  73:2,3,7,12,17,23
  74:25 75:9,19
  86:11 93:3 132:22
  140:12,14
pdf 136:25
penalties 132:23
penalty 34:13
pending 9:13
people 10:21 17:3
  18:3 46:14
perfectly 90:6
perform 138:18
period 54:9 75:14
  101:10
periods 76:12
permanent 34:12
permanently 84:1
permissible 76:4
  76:12
permit 126:24
permitted 28:8
permitting 130:8
person 35:10 37:9
  55:16 127:1
person's 32:17
  37:12
personal 22:19
  23:2,7 24:17,25
  25:5 34:16 37:20
  45:12 52:12 54:5
  54:20 55:7,21

66:23 67:25
  116:15,21 131:5,7
  131:9,11
personally 52:17
  56:2
persons 18:19
  21:19
perspective 97:25
pertaining 16:16
  17:11
phone 112:22
phones 113:22
pick 65:3
pickens 4:6
pinnacle 3:5
pitino 116:2
place 19:11 21:16
  32:5 56:7 76:5,9
  80:9 85:12 107:7
  116:25 150:6
placed 127:10
places 24:6
plain 30:17 59:1
plaintiff 1:7 2:3
  9:9 148:25
plaintiff's 6:9 8:3
play 21:24 28:6
  31:18 87:14 89:2
  90:13,23 91:7,9
played 48:5 91:15
player 18:17
players 16:17
  17:12 76:5
playing 45:14
please 9:17 10:7,9
  11:2,18 12:9
  13:14 14:23 27:17
  27:21 29:9 30:7
  33:16,22,25 37:2
  38:24 39:3 42:24
  43:17 47:12 49:3

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[please - purpose]

Page 22

49:10 63:20 64:8
67:13,16 74:20
82:3 91:6 94:6
95:23 96:17 98:13
102:19 113:3
115:2,21 121:21
125:14 126:21
133:3 134:11
136:8 140:21
**pledged** 58:4
**pledging** 19:1
**plimpton** 3:16
**point** 16:13 17:7
47:10 50:11 55:16
68:7 70:10 110:20
148:24
**popularity** 24:15
**portions** 97:16
**posed** 110:8
**position** 40:22
46:17 47:4 59:5
66:17 72:21,24
117:16,18 131:3
**positions** 18:4
**possible** 105:21
106:5
**post** 2:8 38:8
110:10
**postpone** 143:12
**potentially** 46:16
48:16 133:4
**power** 16:20,25
18:16 114:1 149:9
**powers** 17:20
19:10,11
**practice** 41:21
45:20 47:7
**pre** 34:20 38:8
61:6
**precious** 32:6

**predate** 74:17
**predates** 75:3
**predict** 71:12
**prejudiced** 147:6
**prepared** 22:24
68:1 91:15 102:11
**present** 5:14 10:12
19:12
**preserved** 65:22
89:21
**president** 6:22
**pretty** 11:23 22:6
54:1 106:18,25
**prevent** 85:12
110:11
**prevented** 130:8
**previously** 99:13
**primarily** 24:5
34:22 76:6 99:5
**prior** 30:25 31:3
31:20,22 32:1
35:3 37:7,9 42:22
63:14 89:8
**privilege** 55:2 57:9
126:11
**privileged** 57:6,8
**privileges** 135:18
142:4,13
**probably** 29:23
63:17 146:16,23
148:3
**problem** 22:25
**procedure** 8:10
71:6 106:23
**proceeding** 96:13
100:7 103:13
104:2,6 132:5,25
**proceedings** 6:3
9:1
**process** 6:18 31:7
31:22 33:2,6,9

34:18 61:16 71:7
79:6 83:15 107:6
108:2 138:6
**produce** 70:13
**produced** 53:22
56:17,18 57:3
**product** 128:16
129:5,20 130:10
**production** 41:8
57:1
**products** 127:5
129:3,4,12,15,17
129:19 130:5,11
137:23
**profession** 25:21
**professional** 28:6
34:17 37:21
**profit** 12:24 16:2
16:10 120:13
135:25
**program** 118:14
119:6 120:25
130:1
**programs** 96:19
**progress** 109:25
**prohibit** 47:21
**prohibited** 47:16
**promise** 28:3
**promote** 19:6
129:1
**promoting** 119:6
**promotion** 120:25
124:4 126:1
128:15 130:5,10
**promotional** 127:8
127:12 135:23
136:9 142:14
143:3
**promulgated**
28:16 35:7

**proper** 147:18
**properly** 22:24
**property** 19:2
**prosecution** 94:20
**prospect** 31:6 50:4
50:20 72:1 138:2
138:9
**prospective** 33:9
64:9 76:5 119:2,3
**prospects** 28:23
31:10 33:9 85:22
96:20
**protection** 147:6
**proven** 51:25
**proves** 147:9
**provide** 125:22
132:4 144:17
**provided** 44:8
53:24 112:22
114:12 128:18
130:18 138:19
**providing** 119:4
121:19
**provision** 29:15
64:5 74:24
**provisions** 29:4
36:2 44:1 76:5
137:7 141:23
**public** 8:14 46:3
153:19
**publicly** 12:12
128:25 129:11
**pull** 38:19
**pulled** 14:14
**pulling** 42:21
**purchased** 127:9
**purporting** 65:19
**purpose** 11:20
35:19 37:15 67:8
92:5 134:15

3:18-cv-03118-JFA    Date Filed 04/22/21    Entry Number 225-26    Page 177 of 187

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[purposes - referring]

Page 23

purposes 14:13
37:24 63:5 97:19
pursuant 8:9,11
56:18 65:16 70:13
79:19 89:3,3
90:11 116:24
119:23 138:11
purview 120:21
put 65:23 66:11
92:17 109:23
127:20 149:6
puts 33:7

**q**

qualified 30:23
102:10
question 12:2,3
15:2 29:23 30:7
31:9 33:19,22,25
52:2 54:1 55:5
56:1 59:19 62:11
87:3 88:8,9,14,20
88:25 89:22,23
90:4,8,21 91:13
94:19,23 95:3,11
95:16,19 96:11
97:11 98:15,19
99:2,16 103:1
108:3,16,21 110:8
111:7 119:15
132:24 133:6
134:6 136:17
146:25
questioning 66:2
95:13 148:5 149:1
questions 6:18
11:15,18 14:17
15:12 16:16 17:11
22:7,19 33:3 66:5
66:25 67:1,20,24
68:5,22,23 70:2
71:10 81:3 82:18

92:4,13 104:16
108:13 147:3,14
147:20
quick 114:16
quicker 82:11
105:19 143:16,21
146:22 148:18
quickly 14:15

**r**

r 152:3,3
raise 11:2
read 17:6,18 27:22
33:22,24 34:14,16
37:3 43:19 44:10
49:11 61:5 63:17
64:16 74:1,3,21
75:7 78:24 80:7
80:23 81:22,25
82:6,8,9 83:2,3,7
88:24 95:15,20,23
97:10,15 98:13
110:17 113:3
115:21 118:8
123:22 126:21
127:15 128:9,22
129:9,22,23
133:19 135:9
138:16 139:14
151:9 153:5
reading 8:15
29:21 30:17 59:1
63:9,21 79:15
93:12 135:3,7
136:5
reads 16:18 20:19
ready 71:16,18
107:2 135:5
real 14:15
really 54:1
reason 22:4 31:14
46:1 53:15 61:9

61:14,17 96:25
144:11 151:11
152:6,9,12,15,18
152:21
reasonable 87:24
127:2
reasons 31:15 32:3
85:10
recall 47:24 48:1
61:6 93:6 104:3
112:13 113:16
116:13 143:24
receipt 46:3,20
49:14 57:14 58:24
61:10 111:2
138:22 151:18
receive 39:18 40:6
49:13 124:23,23
received 15:3 28:4
28:8 30:10 41:5
42:16 46:20 47:1
48:11 49:18 50:4
58:9 60:7,14 62:3
64:12 71:23 75:9
113:2 116:1,7
receives 49:19
57:19 95:24
124:14
receiving 47:17,22
recess 145:22
146:13,18 148:13
148:14
recipients 40:10
recognize 68:5
recognized 127:3
record 9:18 13:21
27:22 37:4 38:23
43:19 65:8,10,12
65:24 66:11,13
67:13 68:16 69:2
70:9,19 71:3 74:7

82:2,7,24 89:21
90:2 94:10 97:15
101:12,15 105:4
105:24 106:1
108:22 113:3
114:19,21,22
115:21 135:6
136:20 141:9,11
144:23 145:4,20
148:19 149:3,7,15
150:11
record's 67:17
recorded 98:1
150:9
records 113:10
recruit 31:17 84:7
84:24
recruiting 27:11
27:12 64:4 78:14
81:11,15 84:7,24
85:13,13 116:17
recruitment 79:2
83:11,24 93:1
116:24 119:1,3
recruits 79:21
redacted 63:4,11
64:8,13
redactions 62:24
reduced 150:9
refer 39:6 67:16
reference 55:14
61:2,6 72:4
referenced 53:22
71:25 75:19 77:5
115:9 151:6
references 53:17
referred 133:14
referring 18:8,11
50:16 67:19,20
73:3 129:4,19
130:18

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[refers - right]

refers 37:9 64:18
reflect 41:13 135:6
  136:21
reflection 133:21
regard 17:16
  21:10,21 23:6
  26:7 27:22 28:22
  34:17 37:23 40:4
  43:8 44:13 45:14
  51:17 53:5 54:6
  67:6 75:6 76:25
  126:1 137:13
  147:8
regarding 95:3
  107:13 126:12
regardless 28:7
  31:21
regards 92:4
regular 40:7
regulation 17:14
regulations 16:15
  17:11,17 33:6
  44:2 59:14,15
  83:23
reinstated 86:11
  87:14
reinstatement
  44:6 61:15 79:10
  83:18 86:24 87:2
  87:10,12 88:16
  89:10 90:20
relate 68:6 71:25
related 54:22
  58:17 67:20 96:10
  99:7,21 103:14
  122:11
relates 17:1 24:3
  34:19,21 36:23
  54:7 64:13 94:2
  94:24 95:6 96:5
  100:19 140:8,23

141:23
relating 13:5
  55:23 60:22
relation 95:12
relations 16:21
  17:12
relative 150:13
relevant 67:21
rely 76:11
remainder 97:16
remember 30:11
  48:3
remotely 8:7,11
render 35:10
  58:25 78:15
rendered 38:14
  50:5 93:4
renders 46:21
  49:16 57:15
repayment 34:9
repeat 30:7 91:6
repercussions
  85:24
reporter 1:25 8:14
  9:5 10:7,9,21 11:1
  11:7 38:21 39:2,6
  39:9 46:13 71:17
  71:19 101:12
  105:23,24 125:6,9
  141:6,9 143:17
  147:11 148:2,7,10
  148:12 149:4
  150:1,23
reporters 8:5
represent 79:8,23
  81:18 83:17 129:1
  129:11
representations
  129:7
representative
  17:23 23:1 58:22

59:7 63:25 66:6,7
  67:21,22,23 78:13
  79:3,19 83:12
  84:6 117:10
  130:14,19 131:1
  131:13,17 132:1
  132:21
representatives
  133:10
represented 14:5
  99:13 104:18
request 57:5 87:12
requested 17:22
  57:7 68:18 118:25
require 135:15
required 41:24
  42:3 53:12 90:8
  113:23 136:11
  143:2 153:13
requirement
  141:23
requiring 135:25
reserve 71:8,13
resolution 145:11
resolve 102:20
  147:17
respond 108:13,16
responded 111:3
responding 41:9
  107:11,21
response 53:18,20
  68:9,10 72:24
  98:19 108:25
  109:6 110:14
  111:6 117:19
responsibility
  21:23 67:10
  107:23 108:1
  118:13,15 122:25
responsible 83:22

responsive 57:4
rest 29:21,22 70:2
restate 88:20
restitution 77:21
  92:8 100:6 103:14
  104:13
restoration 44:7,9
  79:13 82:3 83:21
  86:25
restore 79:11
  83:19 88:1 89:1
restored 87:5 88:4
  90:13,22 91:8
result 37:6 55:9
  79:7,22 81:17
  83:16 100:7,25
  144:15
resulted 60:16
  92:6
resume 143:14
retain 128:19
  130:5
return 151:13,17
revenues 24:15
review 14:15,24
  34:3 151:7
revoked 135:19
rick 116:2
rico 149:10
right 11:2 14:12
  15:21 16:9 17:5
  18:21 19:5 20:6
  20:20 21:1 23:10
  23:15 24:5 25:24
  26:2,3,18 27:9,17
  27:21 30:13 31:5
  31:23 32:10,25
  33:4,16 34:21
  39:11,15,21 40:25
  41:4 42:21 46:7
  46:11 47:14 49:5

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[right - service]**

Page 25

49:22 50:2 52:11
52:18,19 59:9,23
60:25 61:5,19
62:9,16 64:7 65:7
67:6 70:22 71:13
71:15 72:11 73:24
74:15,20 75:2,6
76:3 78:12 79:14
80:15 81:8 82:22
93:18,21 94:6,9,19
97:10 99:16 102:2
102:14 109:10
111:17 112:25
115:5,20 117:21
118:5,8 119:7
121:25 125:11,13
125:24 126:7,11
126:16,21 127:3,9
128:12,21,24
129:11,14 130:2
132:2 134:7,13
137:13 138:23
139:2,7,10,17,22
140:8,21 144:5
146:13 148:8,11
149:4,13
**rights** 21:11,11
85:22 125:24
126:3 127:20
128:1,4,4,19 130:6
135:18 137:8
147:5 149:2
**riley** 2:16 3:4
**rivers** 1:13 2:14
9:13 10:3,20
56:19 115:6,9,12
115:16 148:6
**road** 52:1
**rob** 65:14 145:7
**rob's** 65:25

**robert** 2:15 3:6
10:2
**robert.lindholm**
2:22
**role** 24:2 55:5 56:4
122:24
**rough** 143:17
**roughly** 24:22
**route** 47:6
**rule** 6:11 34:7 35:9
44:3 47:12,19,20
50:5 65:23 69:15
69:16 71:8 88:15
97:14,21 117:5
118:6,8 133:25
143:1 147:2
**rules** 8:9 16:15
17:10 18:5,5 34:2
34:4 37:7,11
48:15 53:12 59:20
59:20 65:16 69:8
69:11,11 101:14
102:15 105:12
106:12,24 133:10
143:16
**runs** 139:24
**rush** 143:17
**ryan** 5:15 9:3

---

**s**

---

**s** 152:3
**sake** 57:11
**salary** 112:18
**sale** 128:15 130:5
130:10
**sanctionable**
102:16
**sanctions** 102:17
**saying** 50:11 62:7
146:4
**says** 80:3,3 81:2,3
82:12,12,20,21

129:17 135:21
**scandal** 30:2 51:9
**scarborough** 2:16
3:4
**scheduled** 110:13
**scheme** 38:13 40:4
50:25 76:13 99:8
110:1 122:10
**scholarship** 32:8
97:8 99:4 103:21
104:1,5,10
**scholarships** 32:5
96:20 97:3 98:17
**school** 24:8 31:12
31:16 35:9 37:20
78:16 84:8 88:2
**school's** 132:20
**scope** 12:14 15:3,6
17:22 19:18 20:17
54:24 55:12 66:1
66:20 67:15
101:17 102:7,9
108:18 122:14
124:21 125:19
146:11,25 147:3,4
147:15
**screen** 20:4 27:7
32:23 36:14 39:13
78:2,8 93:19
109:1,4,11 112:4
115:1 117:24
134:11
**scroll** 27:17
109:13 110:14
**sdny** 7:4,6 86:18
**second** 16:5 36:10
43:21 125:13
132:11 140:2,4
143:25
**seconds** 13:14
63:15,18

**section** 81:24
**sections** 137:11
**secure** 18:25
**secured** 85:22
**see** 16:7,11,22
21:4,7 29:10
32:11 33:19 41:4
48:19 59:10 60:4
64:25 72:7 77:3
83:25 93:24 94:16
109:2 112:7
113:17 115:3,5,7
126:16 134:13
141:3
**seeing** 112:13
**seek** 86:10,24 87:2
87:10 92:7
**seen** 20:6 59:24
61:20 112:10
122:20,23
**senior** 9:24 10:25
18:9 23:13
**sent** 29:25 30:14
41:12 45:10 62:13
68:21 109:16,20
111:6,7 113:2
115:6 151:14
**sentence** 64:7
126:22 139:16
**separate** 12:11
15:11 20:22 23:17
37:16 42:10
**september** 30:9
39:25,25 40:23
44:21 50:22 51:15
52:10,13 54:2,10
54:10 63:24
107:18 109:14,21
109:23
**service** 130:11

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[services - specifically]

Page 26

services  85:23
  90:25
set  34:7 146:21
  150:6
sets  53:22
seven  101:14
  104:25 105:11
  106:12,14,15,22
  141:15 144:2,4
  149:2
severity  34:8
share  12:9 23:10
  49:3 53:4 60:2
  88:11 98:25
  103:25 108:24
  110:7 113:9,15
  125:14 131:21
  140:21 141:21
shared  37:22
  59:12 80:14 114:7
  114:10 116:16
sheet  93:13 151:11
shoemaker  100:15
  100:18
shohl  5:5 6:23
shorten  136:22
shortly  106:18
shot  38:22
shots  92:13
show  14:11 19:23
  20:20 32:22 59:9
  78:1 114:14
  125:11
showed  30:8 44:20
  58:14
sic  73:25 118:6
side  12:12 15:13
  22:9 24:24
sight  148:22
sign  149:13 151:12

signature  150:20
signed  151:20
signific  125:5
significant  11:23
  32:9 119:8,16,24
  124:15 125:2,5,8
significantly  24:11
  24:16 122:12
signing  8:15
signs  28:5
similar  129:7
simple  54:2 88:25
sir  11:11,17 12:5
  12:10,22 13:2,8,15
  14:23 15:21 16:2
  16:7,11,17 18:2,8
  18:14 19:10 21:6
  23:25 24:10,19
  25:17 26:5 27:1
  27:17,21 28:10,15
  28:20 29:9,13
  30:15,20,25 31:7
  31:10,14,23 32:15
  32:22,23 33:4,10
  33:16 35:6,12,15
  36:5,17 37:2,14
  38:3,12,15 39:15
  39:19 40:6,14
  41:4,7,23,25 42:4
  42:11,24,25 43:2,6
  43:15,17,24 44:10
  44:12 45:6,22
  46:4,19,22 47:12
  48:8,12,21 49:3,11
  49:22,25 50:3,23
  51:12,16 52:20,20
  52:25 54:5,12,20
  54:25 55:5,20,21
  55:24 56:4,13,13
  57:14,17,20,22
  58:11,24 59:13,16

60:6,13,18,20,23
  60:25 61:7,11,19
  63:20 64:8,11,16
  64:20,25 70:17,20
  71:21,24 72:14,14
  72:20 73:5,16
  75:2 76:3,17,21
  77:7,13 78:2,10,12
  79:18 80:19,21
  81:6,12,16,23
  84:20 85:6,18,21
  85:25 86:6 87:9
  87:13,22,24 88:11
  88:15 90:19 91:5
  91:8,14,25 93:2
  94:6 95:23 96:2
  96:18,18 98:13,20
  99:20 100:2,5,23
  101:3 102:2,8
  103:2,18,20
  104:11 107:5
  108:3 110:14
  111:19,21 112:21
  113:3,15,19,21
  114:1 115:3,25
  116:22 117:9
  118:3,12 119:7,13
  119:20 120:7,9,23
  121:5,17,22 123:7
  124:1,3,9,14,20
  125:15,21 126:4
  126:21 127:7,24
  128:3 129:8,16,16
  130:12,20,25
  132:13 133:3,6,12
  134:11,18 135:2
  135:23 136:7,8,16
  136:23 137:3
  138:4 139:1,6,20
  140:21 142:3,10
  142:18 143:1

144:8
sit  50:23 51:8,11
  52:19 70:25 97:7
sitting  34:9
six  68:24
skill  28:2 150:12
slightly  59:19
slow  114:18
sole  28:11
solutions  151:23
somebody  22:8
  99:5 131:25
sood  1:12 9:12
soon  65:5
sorry  36:11 44:20
  46:11,13 62:6,23
  72:23 88:22
  113:19 114:15
  125:6 149:8
sort  134:3
sought  88:15
  89:10 100:6,6
south  1:2 2:9,19
  3:8 4:7,17 9:14
  106:24
speaking  24:18
  89:17 102:14,22
  105:18 143:9
  144:8,14,14,16
  145:19 146:2,6
speaks  128:8
special  59:5
specific  19:5 57:5
  93:6 128:1 130:16
  130:17,23,23
  131:12 142:1,8,16
specifically  24:18
  36:24 53:17 68:6
  77:20 104:9
  112:13 117:7
  120:8 129:17

[specifically - taken]

Page 27

141:3
**specifics** 130:24
**specified** 34:10
**specify** 37:7,11
53:10
**speculate** 51:24
**spelled** 49:1
**sponsor** 19:24
20:15 132:21
**sponsors** 133:9
**sponsorship** 6:14
21:2,11 119:21,23
121:17,19 122:17
122:19 124:2
125:15 126:12
131:24 133:14
137:6 138:11
139:22 140:15,17
142:5,19 143:2
**sport** 28:1,3 34:3
49:17
**sports** 49:21 64:2
**sr** 4:13
**staff** 18:10 38:20
38:25 39:4,7,12
54:7,16 79:21
90:20 118:19
127:5
**stamp** 21:3
**stamped** 7:7
**standing** 146:10
147:24
**standpoint** 85:11
**start** 31:21 132:17
**started** 65:15,24
89:25 90:2
**state** 27:22 65:19
66:12 67:10 69:1
77:20 81:9 90:5
**stated** 70:11 71:3
111:18

**statement** 98:1
100:19,24 101:25
117:4 142:9,17
**states** 1:1 9:13
40:15 72:25 81:17
81:20 93:22
135:17
**stating** 131:24
**status** 27:23,24
28:22 30:16 32:13
32:17 35:11 37:6
**stay** 144:25 148:21
**staying** 146:15
**steps** 41:13,16,19
88:1 89:1 134:2
**stipulate** 13:17
**stipulations** 8:1
**stop** 63:10,15 65:1
102:19 105:19
140:16 145:18
**street** 2:6,19 4:6
4:16 5:6 8:5
**string** 7:7
**structure** 15:5
**structured** 13:3
**student** 13:5 22:10
24:1 32:4 34:20
34:22 35:9,19
36:1,25 37:5,11,17
37:24 38:9,10
40:15 41:24 42:2
43:20,25 44:4,6,7
44:18 46:21 47:16
49:12,13,14,16,19
50:12 57:15,16
64:10 74:14 77:15
78:15 79:2,7,10,11
79:22 81:9,18
83:11,16,18,19,20
83:21 84:1 86:19
87:11 95:25 96:1

96:6 97:3 98:17
119:2,3,5
**student's** 83:23
**stuff** 22:15 144:22
**subject** 17:24 52:4
53:16 67:14 92:23
92:25 127:2
**submit** 100:18
**submitted** 150:25
**subparagraph**
29:15 64:25
**subparagraphs**
32:11
**subpoena** 56:18
69:5 70:14 107:12
107:21 108:10,16
108:20,25 149:9
**subscribed** 153:14
**suffered** 43:9
101:5 102:4 103:3
**suggest** 95:19
**suite** 2:7 3:7 5:7
8:5
**suits** 22:17 65:4
97:19
**summer** 75:14
**supplier** 129:2
**support** 104:12
**sure** 67:17 68:16
70:23 71:4,6,15
82:7,23 93:14
99:16 106:8
120:20 125:13
**surprised** 66:3
**suspected** 113:24
**swear** 8:14 10:8
11:2
**sworn** 8:10 58:24
60:15,21 93:2,8
94:2 96:13 97:20
98:6,19 104:2

130:18 132:4
133:21 150:7
153:14
**synonymous**
124:4,11

**t**

**t** 3:3 152:3,3
**tab** 109:5
**taft** 3:14 9:25,25
10:17 13:16,23
14:8 17:2 25:19
29:17 30:4,18
34:24 36:7 38:1
41:18 43:12 45:17
50:7 53:2 56:9
58:1,12 59:3
61:13 62:21,23
64:23 66:10 72:18
73:20 75:11 78:18
80:1,17 81:1 87:8
90:16 98:11 99:12
101:23 104:7
110:3 117:11
119:11,19 120:2
121:12 122:4,13
123:14,19 125:18
134:17 136:3
138:5,14 140:19
140:25 141:25
142:22 143:22
**taft's** 145:7
**take** 9:7 14:23
15:9,15 21:16,20
66:16 92:13 113:6
114:16 135:8
136:16 145:22
**taken** 8:4,9 9:9
40:20 41:16,19
45:13,19 56:6
66:17 134:2 150:5
150:11

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[takes - top]**

Page 28

takes 31:7
talent 85:23 88:17
  90:25 91:18
talents 58:5 88:3
talk 25:8 69:22,22
  108:22 115:22
talking 10:22
  46:14 58:19
tangible 55:9
tape 138:2
tapes 138:2
taught 25:22
team 127:6 137:23
teams 21:21,23
technician 9:4
teenager 61:3
  76:19
teenagers 76:11
telephone 2:10,21
  3:9,19 4:8,18 5:9
tell 14:24 17:5
  51:3 81:25 89:14
  103:8 136:8 141:7
  143:7
ten 138:21
tenure 25:3
tenured 24:23
  25:6
term 37:9 128:13
  128:25 130:2
terminate 137:14
  137:18 138:3
  139:18,22 140:8
  140:17
terminating 138:7
termination 137:8
  138:11,24 139:2,7
  139:11 141:22
terms 43:8 122:10
  127:8 137:17
  140:3

territory 128:14
  130:3
testified 50:14
  91:24 94:13 99:14
  99:21 103:13,19
  103:20 104:5
  109:7 113:1
  130:13
testify 22:3,7
  51:22 52:3 69:18
  69:19 92:20,21
  95:4,5 102:10
  103:24 106:13
  107:1 144:21
  149:10 150:7
testifying 56:22
  104:12
testimony 7:3,5
  11:3,22 14:7
  25:10 41:15 58:24
  60:15,21,21 78:21
  85:4 87:8,20 89:8
  92:2,5,24 93:2,3,6
  93:8,12,22 94:2
  96:4,13 97:21
  98:6 99:7 100:4
  101:13 104:2
  105:6,12 130:18
  130:22 132:4,8
  133:17,18,21
  143:25 144:15
  151:9,18 153:8
text 7:9,10 111:22
  112:6,10,13
  113:17 114:7,10
  115:3,3,6,10,15,20
  116:1,7
texts 113:1,2
thank 11:1,7,12
  12:5 94:14 106:4
  106:9 125:9

thereof 19:1
thereto 53:18,21
therewith 140:24
thing 11:17 26:21
  69:24 82:6,9 83:3
  146:23
things 22:6 23:3
  25:22 35:7 47:4
  56:6 60:22 66:5
  82:19 147:10
think 10:21,22
  14:1 17:23 29:23
  52:2 55:13 56:22
  57:7 59:19 62:24
  63:17 65:21 66:2
  66:8,13,16 67:9
  69:10 76:9 80:14
  83:2 86:17 92:14
  92:16 93:8 97:23
  104:24 105:7,19
  106:11,12 109:6,8
  136:5 145:12,16
  146:8,20,23
  147:11,22,23
  149:1,5
thinks 113:6
third 3:17 77:1
  140:7 145:10
thomas 1:12 9:12
thought 90:2
three 105:25
  139:20 141:10,12
  141:12 148:7,10
thursday 8:7 9:6
  113:5
time 9:6 27:13,15
  29:14 30:13 31:7
  39:22,24 42:19
  45:9,10 46:17,25
  47:5,15,20,24
  50:11 52:13,20,22

54:9,17 55:20
  57:11 62:15 65:9
  65:11 66:8 67:10
  75:8 79:16 84:18
  86:22 88:13 89:20
  89:23 90:9 98:5
  101:13 102:14,18
  104:15,25 105:3
  105:15,22 106:25
  108:23 112:19
  113:8 114:20,23
  116:25 123:16
  134:1 135:8
  136:16 144:16
  145:9 146:1,7,7
  147:8,8 148:23
  149:12,16 150:5
  151:19
timeframe 73:16
  136:22 151:8
timekeeper 148:4
timely 14:6
times 56:11
  120:17 121:14
  122:20,22 143:6
timing 138:6
tired 146:24
title 12:6 23:11,13
  150:6
tmellis 3:21
today 9:4,6 11:21
  50:23 51:8,11
  52:13 58:24 70:13
  112:12 116:6
  148:14 149:2,5
told 69:10
tonight 145:14,21
top 32:25 89:13
  94:16 117:7
  123:25

30(B)(6) John Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[topic - university's]

Page 29

topic   19:19 53:8
66:13 67:2 95:12
148:1
topics   12:14 15:3
17:22,24 57:4
66:23 67:21 68:2
69:6,12,13,18,20
101:17,18 105:16
145:6 146:12
147:19
total   13:9
touched   17:24
tracking   105:2,3,5
trade   126:25
trademark   126:25
138:3
transcript   8:15
94:11,12 97:16
99:14 143:18
150:5,11 151:6,20
153:5,8
transcription
93:21 96:12 99:6
133:19
transcriptions
113:2
transcripts   56:14
transfer   97:6
transferred   47:11
trial   6:11 14:7
50:15 51:14 52:1
65:20 86:18 92:6
94:1,11 98:7 99:7
99:21 147:8
149:10
trick   11:20
tried   89:16
tristan   3:15 10:1
trophy   48:4
true   13:8 15:21
18:14 28:10,20

31:10,14,23 35:6
36:19 41:23 46:4
46:6,19 49:22
52:20,25 53:3
55:21,24 61:7
64:11,16 72:14,20
76:3,17 77:13
78:12 79:18 80:21
84:20 85:20 87:13
87:24 88:15,25
90:11 96:18 99:20
100:5 102:2 103:2
103:20 107:5,10
111:17,19 112:21
113:21 117:4,9
119:7,13 120:7,9
124:14 127:24
128:3 129:16
130:12 133:12
139:20,25 150:11
153:8
truth   11:4,4,5
150:7,8,8
truthful   11:22
82:17 96:4 132:7
try   43:7 69:9,18
69:19 97:25
105:20 144:6
145:15
trying   22:12 56:23
58:23 79:16 84:17
93:11 95:11
114:18
turn   33:16 42:23
73:8 93:7 121:21
132:10
two   10:21 13:14
26:12,14 46:14
89:18 94:13 98:7
106:2

type   52:23 54:12
types   70:2
typewritten
150:10

**u**

ulaa   6:13 7:8,8
13:4,8 16:10 22:1
22:2,5
ultimately   40:20
unable   90:23
underlined   123:24
underneath   29:11
understand   11:17
12:22 13:2 15:8
51:25 68:4 71:4
71:15 103:10
104:11 115:9,25
125:24 134:6
136:17
understanding
17:20 48:14
100:23 104:4
120:11 123:10
125:15 127:15
134:22 135:22
understood   12:2
14:8
undertake   21:20
88:1
undertaken   89:1
undertook   41:14
uniforms   127:10
127:21
united   1:1 9:13
93:22
universities   17:13
university   6:12,22
9:8 10:6 12:6,10
12:12,17,19,23
13:4,6 15:22,23
17:16 18:15,23

19:4,7 21:17,24
22:9 23:14,15,18
23:22 24:9,19
25:3 27:10 28:12
28:18 29:2 30:13
32:1 40:8,11
42:17 44:12,22
45:14 48:5 50:13
52:12,15,22 53:23
54:3,8 58:5 59:13
60:7,14 62:3 68:8
69:3 71:22 73:15
79:21 85:21 86:10
86:20,23 87:4,15
89:3,9 90:14 92:8
94:3 97:2 98:16
99:22 100:5,15,15
100:19,20,24
101:4 102:4 103:3
103:14 104:17
107:12,22 108:17
112:10,21 113:10
114:6 119:22
120:14,22 122:1
125:16,23,25
126:7,9,24 127:2,4
127:17,21 128:5
128:12,13,19
129:2,5,12,17,20
129:25 130:1,7
131:15 133:10,13
137:19 138:20,21
138:24 139:17,21
140:7,13,15,16
144:24 148:20
university's   22:13
41:8 53:18,20
79:20 95:6 104:12
113:10 128:20
131:1,18

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

[unnoticed - writing]

Page 30

**unnoticed** 66:22
**use** 6:10 128:13 130:3,9
**uses** 28:1

**v**

**v** 1:9 3:14 151:4 152:1 153:1
**vague** 57:1 69:6
**value** 103:21 104:1,5
**vast** 68:5
**vegas** 77:2
**verify** 151:9
**veritext** 151:14,23
**veritext.com** 151:15
**version** 36:8 63:1 63:5
**versus** 9:10 37:5 93:23 105:4
**victim** 100:19,24 101:24
**video** 9:4 143:19
**videoconference** 2:12,23 3:11,22 4:10,20 5:11,15 8:6 9:7
**videographer** 5:15 9:3 10:7 65:8,11 71:18 106:5,9 114:19,22 141:7 143:19 149:15
**videotaped** 1:22 6:10
**vieoteleconferen...** 1:22
**view** 97:25
**violate** 135:18
**violated** 29:14 34:1,7 38:13

**violation** 34:8 35:8 35:14 48:19 77:6 77:14 79:4,12 81:11 83:13,20,23 83:25 135:11 142:12,20
**violations** 34:4,12 77:22 81:15 85:7 85:7 113:24
**visit** 111:24,25 115:7 116:8 149:8

**w**

**w** 2:4
**wait** 10:10
**waiting** 13:16
**waived** 8:16 65:22
**waiving** 70:21
**walking** 26:22
**want** 11:21 13:23 22:16,21,22,23 23:1 31:17 42:23 49:6 53:14,14 63:2,13,16 65:14 67:17 68:15 69:22 70:6 71:3 79:15 82:6,7 83:1 86:15 90:6 98:4 101:13 106:19,20 125:12 125:12 132:2 147:7 149:6
**wanted** 53:8 65:23 90:1
**wants** 32:3
**warn** 102:13
**warrant** 44:9 79:13 83:21
**waste** 66:8
**way** 11:20 13:3,21 26:23,23 38:18 52:6 66:4,25 69:19 73:6 78:23

82:13 83:1 84:5 84:21 93:12,13 97:21 129:22 135:9 144:21 145:11,14 146:3 146:20 147:5 150:14
**we've** 22:25 92:2 99:15 106:1 141:7 141:11 143:5 145:3
**wear** 127:18 137:23
**website** 14:14
**wednesday** 39:25 109:20
**wells** 2:17
**went** 25:21 61:15
**wes** 10:4
**wes.moran** 3:10
**wesley** 3:3
**west** 5:6 8:5
**whatsoever** 45:13
**whtaft** 3:20
**william** 3:14
**willing** 148:21
**wise** 26:10
**withheld** 41:21 44:22 45:20 47:8 47:10 57:8 135:10 135:21 142:5,14
**withhold** 41:24 42:3,9 44:4
**withholding** 44:14 47:6
**witness** 8:14,16 10:8,12 11:6 17:22 22:1,7 26:9 27:3 50:9 51:21 52:2 66:3,19 68:2 69:3,17,19 78:21

80:4 81:3 82:15 83:5 84:13 86:16 87:19 101:8 102:10 106:6,11 106:13,25 107:25 131:8 136:19 141:15 143:24 144:6 145:10 147:13 150:4 151:8,10,12,19
**witness's** 20:17
**witnesses** 92:13 144:13
**won** 48:3
**word** 17:8,8 25:23 25:24 26:5,6 32:11 37:15 42:9 42:9 43:20 48:25 49:4,4 63:10,22,23 74:5,6,22 79:1 80:22 81:7 82:2,3 113:4 121:17 147:25
**wording** 40:19 130:23 142:1
**words** 25:16 36:18 36:24 38:23 42:5 43:3 64:20 80:14 115:6 121:5,9 124:4
**work** 17:15 23:20 24:5 44:12 131:15
**worked** 24:6 84:22 115:12,17 124:25 134:20
**working** 33:5 37:19 47:2 145:8
**works** 18:5 39:4 115:10
**writing** 98:1

30(B)(6)  John  Carns- De Bene Esse
Bowen v. Adidas

April 15, 2021

**[written - zero]**

Page 31

| | |
|---|---|
| **written**   52:14 | |
| 54:22 137:19 | |
| 138:22 139:18 | |
| **wrong**   30:24 | |

**y**

| | |
|---|---|
| **yeah**   22:20 27:12 | |
| 32:8 38:21 39:1,4 | |
| 41:11 45:2 51:5 | |
| 52:5 58:18 62:22 | |
| 63:4 82:5 93:11 | |
| 101:20 106:8,16 | |
| 117:4 121:13 | |
| 132:17 135:8 | |
| 140:12 141:19 | |
| 146:18 148:13 | |
| **year**   24:22,25 | |
| 57:24 75:15 97:7 | |
| 97:8,8 | |
| **years**   19:11 24:4 | |
| 24:12,17 26:3 | |
| 31:16 33:5 37:19 | |
| 84:22 134:21 | |
| **yesterday**   24:21 | |
| **york**   3:18,18 | |
| 92:19 104:6,18 | |
| 133:1,18 | |

**z**

| | |
|---|---|
| **zero**   29:14 | |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the
foregoing transcript is a true, correct and complete
transcript of the colloquies, questions and answers
as submitted by the court reporter. Veritext Legal
Solutions further represents that the attached
exhibits, if any, are true, correct and complete
documents as submitted by the court reporter and/or
attorneys in relation to this deposition and that
the documents were processed in accordance with
our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining
the confidentiality of client and witness information,
in accordance with the regulations promulgated under
the Health Insurance Portability and Accountability
Act (HIPAA), as amended with respect to protected
health information and the Gramm-Leach-Bliley Act, as
amended, with respect to Personally Identifiable
Information (PII). Physical transcripts and exhibits
are managed under strict facility and personnel access
controls. Electronic files of documents are stored
in encrypted form and are transmitted in an encrypted
fashion to authenticated parties who are permitted to
access the material. Our data is hosted in a Tier 4
SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and
State regulations with respect to the provision of
court reporting services, and maintains its neutrality
and independence regardless of relationship or the
financial outcome of any litigation. Veritext requires
adherence to the foregoing professional and ethical
standards from all of its subcontractors in their
independent contractor agreements.

Inquiries about Veritext Legal Solutions'
confidentiality and security policies and practices
should be directed to Veritext's Client Services
Associates indicated on the cover of this document or
at www.veritext.com.