UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BRIAN BOWEN, II,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES GATTO, MERL CODE, CHRISTIAN DAWKINS, MUNISH SOOD, THOMAS GASSNOLA, and CHRISTOPHER RIVERS,<br><br>    Defendants,<br><br>and ADIDAS AMERICA, INC.,<br><br>    Defendant-Cross Claimant,<br><br>  v.<br><br>MUNISH SOOD and<br>THOMAS GASSNOLA,<br><br>    Defendants-Cross Defendants,<br><br>and BRIAN BOWEN, SR.,<br><br>    Cross Defendant. | No. 3:18-cv-3118-JFA |

**DEFENDANT ADIDAS AMERICA, INC.'S OPPOSITION
TO BOWEN JR.'S MOTION TO COMPEL**

Plaintiff Brian Bowen Jr.'s motion to compel interrogatory responses should be denied in full because Defendant adidas America, Inc. ("adidas") has since served Amended Responses to Bowen Jr.'s First Set of Interrogatories, providing all the information reasonably available and required at this stage in the proceeding. The Amended Responses have fully mooted Bowen Jr.'s motion, except for a single interrogatory regarding which of adidas's senior employees, officers,

and directors possess "knowledge" of NCAA Bylaws, which is vague, overbroad, and invalid. Additionally, Bowen Jr. has had more than half a year to obtain discovery in this case and received adidas's 200,000+ record production in September 2020. To the extent Bowen Jr. is insisting that any more is required of adidas, he is wrong.

The issues raised in Bowen Jr.'s motion fall in two categories: ***First***, the disputes over Interrogatories 1-5, 7, 11, and 12 are now moot, in light of adidas's Amended Responses:
(A) Bowen Jr.'s Interrogatories 1 and 2 are contention interrogatories, seeking evidence regarding adidas's crossclaims, and are not appropriate until after the close of discovery. Nevertheless, adidas has provided fulsome and sufficient responses to these contention interrogatories in its Amended Responses, meeting and exceeding its obligations.
(B) Bowen Jr.'s Interrogatories 3, 4, 5, and 7 request that adidas review its document production and supply Bowen Jr. with lists relating to various factual issues, something adidas certainly is not required to do. But adidas has, in the spirit of compromise, specifically identified 15 documents that contain information and analyses responsive to the requests. And (C) the disputes over Interrogatories 11 and 12 are likewise now moot, as adidas has supplied this information to Bowen Jr. in correspondence and the Amended Responses.

***Second***, Bowen Jr.'s Interrogatory 6 is vague and fatally overbroad in that it purports to require adidas to identify by name and job title every senior employee, officer, and director of adidas who possesses some undefined level of "knowledge" about very specific NCAA Bylaws. To the extent the interrogatory is somehow valid—which it isn't—it seeks information already in Bowen Jr.'s possession, as any relevant information would be contained in the documents identified by adidas in its Amended Response to Interrogatories 4, 5, and 7, adidas's prior response to Interrogatory 10, which adidas answered in full, seeking the identity of witnesses

2

concerning the facts of this case, and in the records produced by adidas to the SDNY federal prosecutors and to Bowen Jr.

For these reasons and those detailed below, Bowen Jr.'s motion should be denied.

## **BACKGROUND**

adidas served its responses to Bowen Jr.'s interrogatories on March 29, 2021. (Decl. of William H. Taft V ¶ 2.) One week later, in a phone call, counsel to Bowen Jr. raised various concerns regarding adidas's responses to Interrogatories 1-7, 11, and 12 (and did not take issue with adidas's responses to Interrogatories 8, 9, 10, and 13). (*Id.* ¶ 3.) On that call, counsel to adidas maintained the Company's position regarding adidas's response to Interrogatory 6, but stated adidas would review its responses to the other eight interrogatories and would send Bowen Jr. a letter on the matter "by the end of the week." (*Id.* ¶ 4.)

On Friday, April 9, 2021, Bowen Jr. filed his motion to compel responses to his interrogatories, only four days after the meet-and-confer call, and 10 days prior to Bowen Jr.'s deadline. (Bowen Jr.'s Mot. to Compel, Apr. 8, 2021, ECF No. 211); *see also* DSC Local Rule 37.01(A) (providing a party 21 days to file a motion to compel). On April 12, 2021, counsel to adidas sent counsel to Bowen Jr. a letter providing additional information regarding eight of the nine disputed interrogatories. (Taft Decl. ¶ 5.) Then, on April 23, 2021, adidas served Bowen Jr. with formal Amended Responses to the interrogatories. (adidas's Am. Resp. to Bowen Jr.'s Interrogatories, Apr. 23, 2021 [Ex. A].) Bowen Jr. has not replied to adidas's April 12, 2021 letter.

# ARGUMENT

**I.    The disputes over Interrogatories 1-5, 7, 11, and 12 are now moot, given the information provided in adidas's Amended Responses.**

  *A.    adidas has provided all information reasonably available at this stage of the case in response to Interrogatories 1 and 2.*

With regard to Interrogatories 1 and 2, Bowen Jr. sought details regarding certain aspects of adidas's crossclaims, including adidas's allegations of "coordination" between University of Kansas and North Carolina State University coaches and Defendants TJ Gassnola and Gatto. (Bowen Jr. Mot. at 2-4.) These interrogatories are "contention interrogator[ies]" in that they seek "the facts underlying a [party's] contention." *Mountain Valley Pipeline, LLC v. 6.5 Acres of Land Owned by Sizemore Inc. of Va.*, No. 7:18-CV-610, 2019 WL 8918904, at *2 (W.D. Va. Apr. 5, 2019) (quoting *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)). Such interrogatories are typically inappropriate before the close of discovery. *Id*. ("Due to the nature of contention interrogatories, they are more appropriately used . . . at the end of the discovery period.").

Nonetheless, in response, adidas initially provided the names of certain individuals. In its Amended Responses, adidas has further clarified and described its position regarding the relevant allegations in its crossclaims: specifically, adidas stands by its allegation that Gassnola and Gatto conspired to defraud adidas of corporate funds for the purpose of directing payments to the families of high school athletes. (adidas's Crossclaims at 44, ¶¶ 12, 13, Apr. 16, 2020, ECF No. 116.) Regarding the allegations identified in Interrogatory 1 seeking information about the nature of the "coordination," Gassnola had awareness of which prospective athletes had been or were being recruited based on requests for information received from University of Kansas coaches. (*See* adidas's Am. Resp. at 4-5 (noting that Kansas's coaches "acknowledged speaking with Gassnola about how Kansas's recruiting efforts were going with particular prospective

student-athletes"). However, adidas does not seek to prove in its crossclaims that coaches at the University of Kansas were involved in, aware of, or had reason to be aware of payments made to the families of any prospective student-athletes, as that is not the basis of Cross-Defendants' liability to adidas. Nevertheless, in response to Interrogatory 1, adidas has confirmed that it is "unaware of any information showing that coaches at the University of Kansas were involved in, aware of, or had reason to be aware of payments" made to recruits' family members. (*See* adidas's Am. Resp. at 4 and 5 as to Player 2 and Player 3, respectively).

Regarding Interrogatory 2, adidas identified the at-issue coach at North Carolina State University and confirmed that he is "the only coach whose identity is responsive to this Interrogatory." (*Id.* at 6.) Regarding that coach's "coordination" with Gassnola, adidas's Amended Responses cited Gassnola's prior testimony that the coach began coordinating after Player 1 "had committed to attend North Carolina State," when the coach "'reached out to [Gassnola], that there were some issues surrounding [Player 1] and the people around him.'" (*Id.* (quoting *Gatto* trial transcript).) adidas also noted in its responses that Gassnola further testified that he subsequently met the coach to provide him $40,000 to be provided to an associate of Mr. Smith Jr. (*Id.*)

These amended responses from adidas set forth the responsive information available to adidas, which is equally available to Bowen Jr., and more than satisfy its obligation to "furnish information that is available to it and that can be given without undue labor and expense." *Albert S. Smyth Co. v. Motes*, No. CV CCB-17-677, 2019 WL 10959830, at *3 (D. Md. May 9, 2019) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 357 (D. Md. 2012)); *see also Nix v. Holbrook*, No. CIV.A. 5:13-02173, 2015 WL 733778, at *2 (D.S.C. Feb. 20, 2015)

("[D]iscovery is not limitless and the court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'").

### B. adidas's Amended Responses to Interrogatories 3, 4, 5, and 7 are sufficient—adidas identified documents providing the requested analyses.

With regard to Interrogatories 3, 4, 5, and 7, Bowen Jr. requested that adidas provide to him lists of all: (i) NCAA Division I coaches and university athletic department personnel with whom adidas personnel communicated regarding payments to players' families; (ii) adidas personnel who knew about fund transfers and benefits sourced from adidas funds and resources that were provided to high school and collegiate basketball players and their families; (iii) players who received such benefits; and (iv) adidas's knowledge of fund transfers to Zion Williamson in which adidas employees or contractors may have been involved. (Bowen Jr. Mot. at 4-5.)

In adidas's responses, adidas referred Bowen Jr. to three investigation summaries it provided to the United States Attorney's Office, Southern District of New York, which Bowen Jr.'s counsel argued was insufficient. (*Id*. at 5-7.) Now, in adidas's Amended Response, adidas has identified 12 additional documents from adidas's document production that provide information responsive to Bowen Jr.'s requests. These documents include emails from and to Defendants TJ Gassnola, Jim Gatto, and Chris Rivers, and documents evidencing potential fund transfers facilitated by Rivers. (adidas's Am. Responses at 8, 9, 12.) This information satisfies adidas's obligations.

To the extent Bowen Jr. expects adidas to review, on the eve of the close of discovery, all the documents adidas produced to him in September and provide him with an analysis of various factual findings, that is plainly an abuse of the discovery process. "[A] party cannot ordinarily be forced to prepare its opponent's case." Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2174

6

(3d ed.). "[I]nterrogatories that require a party to make extensive investigations, research, or compilation or evaluation of data for the opposing party are in many circumstances improper." *Id.*; *see also Wonderland Switzerland AG v. Britax Child Safety, Inc.*, No. 0:19-CV-02475-JMC, 2020 WL 6365382, at *4–5 (D.S.C. Oct. 29, 2020) (quoting Fed. R. Civ. P. 33(d)) ("Rule 33(d) allows a party to supply business records in response to an interrogatory if . . . 'the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served.'").

Here, Bowen Jr.'s Interrogatories 3, 4, 5, and 7 improperly attempt to "use interrogatories to evade the burden of compiling data at [his] own expense." Wright & Miller, Fed. Prac. & Proc. Deskbook § 92 (2d ed). In the face of such requests, adidas's production of documents and identification of guiding documents within that production meets and exceeds the requirements imposed by the Federal Rules of Procedure and the Local Rules of this Court. *See id.* (stating that a party answering an interrogatory may "make available its records from which an answer can be found" where the "burden of finding the answer is substantially the same for the party serving the interrogatory as for the party served").

### C.     *The fee information requested in Interrogatories 11 and 12 has been provided.*

With its amended responses, adidas has provided all the fee and cost information requested in Interrogatories 11 and 12. (*See* adidas's Am. Responses at 18, 19.)

\*     \*     \*

Given the information supplied in adidas's Amended Responses, the disputes over Interrogatories 1-5, 7, 11, and 12 are moot.

7

**II.  Interrogatory 6's request for adidas employees' "knowledge" of NCAA Bylaws is vague and overbroad, and requests information already in Bowen Jr.'s possession.**

Bowen Jr. also insists on adidas responding to an entirely vague and overbroad interrogatory demanding a list of all senior adidas employees who had "knowledge" of particular "NCAA Bylaws." (Bowen Jr. Mot. at 7-8.) This interrogatory is fatally flawed, and adidas should not be required to attempt an answer, because adidas has already identified related documents containing information relevant to the claims and defenses in this case, and the interrogatory is vague and overbroad.

*First*, the term "knowledge" in this context is vague, in that it fails to provide "fair notice of what is required, restricted, or prohibited." *Vagueness*, Black's Law Dictionary (11th ed. 2019); *see also United States v. Whorley*, 550 F. 3d 326, 333 (4th Cir. 2008) (stating that vagueness, in another context, is defined to include any term that "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "authorizes or even encourages arbitrary and discriminatory enforcement"). Bowen Jr.'s interrogatory does not explain what he means by "knowledge" of the identified "NCAA Bylaws." For example, does an individual have sufficient knowledge if they possess or possessed a general familiarity with the concepts of NCAA amateurism? Or does the individual need to have an understanding of the specific NCAA Bylaws, by number and text? The interrogatory on its face does not say, and Bowen Jr. has declined to provide adidas with more specificity.

*Second*, the Interrogatory is overbroad in that it is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To the extent Bowen Jr. suggests the interrogatory should be read expansively (*see* Bowen Jr. Mot at 7 (stating Bowen Jr.'s "vague" and "ambiguous" terms should be given the "most inclusive meaning as it defined by Merriam-Webster")), it would

8

require adidas to interview literally every current and former senior adidas employee to determine how much they knew, as a very general matter, about NCAA rules during a two-year period that ended almost four years ago. Such an exercise is totally unmoored from what happened to Bowen Jr. at the UofL, and Bowen Jr. has offered no explanation on how it is reasonably targeted to the identification of discoverable material.

*Third*, this interrogatory suffers from the same fatal problem as Interrogatories 3, 4, 5, and 7—it seeks to "use interrogatories to evade the burden of compiling data at [Bowen Jr.'s] own expense." Wright & Miller, Fed. Prac. & Proc. Deskbook § 92 (2d ed). To the extent adidas employees connected to the facts of this case had knowledge of any NCAA rules, discoverable information evidencing such knowledge—or the lack of knowledge—would be reflected in the documents produced by adidas to Bowen Jr. (and previously to the SDNY federal prosecutors), as well as in deposition testimony. Moreover, at this advanced stage of discovery, even if this were a reasonable request, it was particularly unreasonable for Bowen Jr. to refuse to narrow this interrogatory even to specific adidas employees. As noted above, adidas's Amended Responses to Interrogatories 3, 4, 5, and 7 specifically identify various documents containing information about the knowledge (and lack of knowledge) of adidas employees as related to the facts of Bowen Jr.'s allegations.

In sum, no further response to the vague and overbroad Interrogatory 6 is required.

## CONCLUSION

Bowen Jr.'s motion to compel should be denied because adidas has responded to Bowen Jr.'s valid interrogatories with all of the information reasonably available and required at this point in time. The issues with regard to Interrogatories 1-5, 7, 11, and 12 are therefore moot. Interrogatory 6 is vague and overbroad, and all potentially relevant information is already available to Bowen Jr. within adidas's document production.

Respectfully submitted,

By: */s/ Matthew T. Richardson*

Matthew T. Richardson (D.S.C. Id. No. 7791)
Mary Lucille ("Lucy") Dinkins (D.S.C. No. 11961)
WYCHE
807 Gervais Street, Suite 301
Columbia, South Carolina 29201
Tel: (803) 254-6542
mrichardson@wyche.com
ldinkins@wyche.com

Andrew J. Ceresney (admitted *pro hac vice*)
William H. Taft V (admitted *pro hac vice*)
Nathan S. Richards (admitted *pro hac vice*)
Matthew D. Forbes (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
aceresney@debevoise.com
whtaft@debevoise.com
nsrichards@debevoise.com
mforbes@debevoise.com

*Counsel to Defendant adidas America, Inc.*

Dated: April 23, 2021