# <u>EXHIBIT A</u>

*adidas's Amended Responses to Bowen Jr.'s Interrogatories*

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| BRIAN BOWEN, II,<br><br>                              Plaintiff,<br><br>       v.<br><br>JAMES GATTO, MERL CODE,<br>CHRISTIAN DAWKINS, MUNISH<br>SOOD, THOMAS GASSNOLA, and<br>CHRISTOPHER RIVERS,<br><br>                              Defendants,<br><br>and ADIDAS AMERICA, INC.,<br><br>                              Defendant-Crossclaimant,<br><br>       v.<br><br>MUNISH SOOD and<br>THOMAS GASSNOLA,<br><br>                              Defendants-Crossdefendants,<br><br>and BRIAN BOWEN, SR.,<br><br>                              Crossdefendant. | C.A. No. 3:18-cv-3118-JFA<br><br>**ADIDAS'S AMENDED RESPONSES TO PLAINTIFF BRIAN BOWEN JR.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant adidas America, Inc. ("adidas"), by its undersigned attorneys, hereby responds and objects to Plaintiff Brian Bowen Jr. ("Bowen Jr.")'s First Set of Interrogatories, dated February 26, 2021 (the "Interrogatories"). Subject to the following general and specific objections, adidas will furnish to Bowen Jr. information responsive to the Interrogatories described below based on the information currently available to adidas. adidas reserves the right to amend, supplement, or

modify its responses and objections at any time in the event that it obtains additional or different information as discovery is ongoing.

## INTRODUCTORY STATEMENT

1.      Nothing in adidas's responses and objections herein shall be construed as a waiver of adidas's rights to (*i*) object on the grounds of competency, relevance, materiality, hearsay, or any other proper grounds, to the use of any information provided in response to these Interrogatories, or the subject matter thereof, for any purpose, in whole or in part, in any subsequent stage or proceeding in this or any other action; (*ii*) object on any and all grounds, at any time, during any discovery procedure relating to subject matter of the information provided; (*iii*) object on any grounds to any request for further responses to these First Set of Interrogatories or any other discovery requests; or (*iv*) assert the attorney-client privilege, the work product doctrine, or any other privilege or right.

2.      Any inadvertent disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection from disclosure is not intended and should not be construed to constitute a waiver of such privilege, immunity, or protection.

3.      All of the General Objections and objections to Definitions and Instructions set forth herein are incorporated into each of the Specific Objections and Responses to the individual Interrogatories set forth below and have the same force and effect as if fully set forth therein. Without waiving any of the General Objections to the extent they apply to each of the individual Interrogatories, adidas may specifically refer to certain General Objections in responding to a particular Interrogatory.  Any objection or lack of an objection to any portion of an individual

Interrogatory shall not be deemed an admission that adidas can identify information in response to such Interrogatory.

## GENERAL OBJECTIONS

4.      adidas objects to the Interrogatories, Definitions and Instructions where they are unbounded in time or scope.  Unless otherwise stated, adidas will respond to the Interrogatories, Definitions and Instructions by providing information for the time period from January 1, 2014 to September 26, 2017 (the "relevant time period").

5.      adidas's objections and responses to the Interrogatories do not constitute, and shall not be interpreted as, adidas's agreement with, or admission as to the truth or accuracy of any legal or factual characterizations or allegations stated or implied in any of Bowen Jr.'s specific Interrogatories or Definitions.

6.      adidas objects to Definitions and Instruction Paragraph 17 as unduly burdensome to the extent it requires specification of the reason for inability to answer any portion of an Interrogatory.  adidas will answer these Interrogatories with information reasonably available to it as required by the Federal and Local Rules.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

**Interrogatory No. 1**

Please identify by full name the University of Kansas coaches referred to in paragraphs 17(a) and 18 of Adidas's crossclaims, provide a full description of each coach's coordination, and provide the names of the basketball players referred to as Player 2 and Player 3.

   a.   Paragraph 17(a): "From October 2016 through November 2017, Gatto and Gassnola used sham invoices to transfer approximately $90,000 of adidas funds in coordination with an assistant coach from the University of Kansas in efforts to recruit another high school basketball player ("Player 2") to commit to the school."

b.  Paragraph 18: "In September of 2017, Gatto and Gassnola worked with coaches at the University of Kansas to secure the commitment of a third amateur basketball player ("Player 3"). Gatto and Gassnola discussed by telephone a scheme to use "20 grand" of adidas' money to pay Player 3's family."

## Amended Response to Interrogatory No. 1

 Subject to and without waiving the foregoing general objections, adidas identifies the following individuals referenced in its crossclaims:  "Player 2" is Billy Preston, and "Player 3" is Silvio De Sousa.

The assistant coach referenced in Paragraph 17(a) of adidas's crossclaim is Kurtis Townsend.  The Enforcement Written Reply of the NCAA in Case No. 00874 dated May 4, 2020, describes, at pages 6 to 10, various contacts between Assistant Coach Townsend and T.J. Gassnola that are temporally related to the recruitment of Billy Preston.  The same document also indicates that Coach Townsend spoke with Gassnola to gather information relevant to Preston's recruitment.  Apart from the information contained in that document and other public submissions in NCAA Case No. 00874, and the trial testimony of Gassnola in *United States v. Gatto*, 17-cr-686 (S.D.N.Y.), adidas has no knowledge of coordination between Coach Townsend and Gatto or Gassnola relating to the recruitment of Preston.  Specifically, adidas is unaware at this time of any information showing that coaches at the University of Kansas were involved in, aware of, or had reason to be aware of payments made to Preston's family members. Gassnola testified that coaches at the University of Kansas were not aware of or involved in any such payments, and that he took steps to conceal such payments from the University of Kansas coaching staff.  Furthermore, the responses filed by the University of Kansas, Coach Self, and Coach Townsend in response to the NCAA Notice of Allegations in Case No. 00874 deny any awareness of or involvement with the payments to Preston's family members.

The coaches referenced in Paragraph 18 of adidas's crossclaim are Coach Townsend and Coach Bill Self.  The Enforcement Written Reply of the NCAA in Case No. 00874 dated May 4, 2020, indicates, at page 21, that Coach Self acknowledged speaking with Gassnola about how Kansas's recruiting efforts were going with particular prospective student-athletes and that Gassnola and Townsend spoke often about Kansas's recruitment of prospects.  The same document also describes, at pages 31 to 33, discussions between Gassnola and Coach Townsend and Coach Self, wherein Self and Townsend ask Gassnola to assist De Sousa's guardian to secure athletic apparel for an Angolan basketball team.  Additional documents apparently relating to these discussions were introduced as exhibits in *United States v. Gatto* as DX 156, DX 160-1, DX 160-2, DX 163, and DX 192.  In addition, the transcript of that trial at Tr. 1198 - 1202 describes an additional communication between De Sousa's guardian and Coach Townsend and Coach Townsend and Gassnola.  That document was marked DX 162 but excluded from trial.  Apart from the information contained in the foregoing documents and other public submissions in NCAA Case No. 00874, and the trial testimony of Gassnola in *United States v. Gatto*, adidas has no knowledge of coordination between Coach Townsend or Coach Self and Gatto or Gassnola relating to the recruitment of De Sousa.  Specifically, adidas is unaware at this time of any information showing that coaches at the University of Kansas were involved in, aware of, or had reason to be aware of payments made to De Sousa's family members.  Gassnola testified that coaches at the University of Kansas were not aware of or involved in any such payments, and that he took steps to conceal such payments from the University of Kansas coaching staff.  Furthermore, the responses filed by the University of Kansas, Coach Self, and Coach Townsend in response to the NCAA Notice of Allegations in Case no. 00874 deny any awareness of or involvement with the payments to De Sousa's family members.

**Interrogatory No. 2**

Please identify by full name each of the North Carolina State University "coaches" referred to in paragraph 16(a) of Adidas's crossclaims in which you allege: "In the fall of 2015, Gassnola and Gatto worked together with coaches at North Carolina State University ("N.C. State") to secure the commitment of a high school basketball player ("Player 1") to play at N.C. State."  In your response, please provide a full description of each coach's coordination, and identify the player referenced as Player 1.

**Amended Response to Interrogatory No. 2**

Subject to and without waiving the foregoing general objections, adidas identifies the following individuals referenced in its crossclaims:  "Player 1" is Dennis Smith Jr.  To adidas's knowledge, Orlando Early is the only coach whose identity is responsive to this Interrogatory. As described in the testimony of Gassnola in *United States v. Gatto*, and addressed in detail in the publicly available documents relating to the NCAA's Notice of Allegations in Case No. 00935 dated July 9, 2019, including the response of North Carolina State to those allegations dated December 9, 2019, the coordination between Gassnola and Coach Early relating to Dennis Smith Jr. began after Smith Jr. had committed to attend North Carolina State. As described by Gassnola at the trial, the coordination began when Coach Early "reached out to [Gassnola], that there were some issues surrounding Dennis and the people around him."  Tr. 998.  Gassnola further testified that he subsequently met with Early to provide him $40,000 to be provided to an associate of Smith Jr.  Tr. 1000.

**Interrogatory No. 3**

Please identify all other NCAA Division I coaches or university athletic department personnel with whom Adidas Personnel (e.g., Adidas officers, directors, employees, consultants, and/or contractors) communicated with prior to September 26, 2017, regarding the payment of money or other tangible benefits to the families or guardians of amateur high school or NCAA Division I basketball players.  For each such person identified, please provide the name(s) of the individuals involved the communications, their university/team affiliation at the time of the communication, the dates of each communication, and the identities of the families or guardians discussed.

**Amended Response to Interrogatory No. 3**

adidas objects to Interrogatory No. 3 on the grounds that it is overbroad and not

proportionate to the needs of this litigation because it seeks information related to persons

irrelevant to claims and defenses of this litigation, is unbounded in time given the lack of a

beginning date, and seeks information beyond the scope of the definition of the "college

basketball bribery scheme" as that term is defined in this case.

adidas further objects to the extent Interrogatory No. 3 imposes an obligation to identify

information in the possession of former employees, consultants, contractors, or other individuals

not accessible to adidas.

Subject to and without waiving the foregoing general and specific objections, adidas

responds that at this time it is not aware of any communications between other NCAA Division I

coaches or university athletic department personnel and adidas officers, directors, employees,

consultants, and/or contractors from January 1, 2013 to September 26, 2017, discussing the

payment of money or other tangible benefits to the families or guardians of amateur high school

or NCAA Division I basketball players.

**Interrogatory No. 4**

Please identify all Adidas Personnel (e.g., Adidas officers, directors, employees, consultants, and/or contractors) who had knowledge, prior to September 26, 2017, that money or other tangible benefits from Adidas were provided to the families or guardians of amateur high school or NCAA Division I basketball players. For each such person identified, please provide a summary sufficient to inform Plaintiff of the basis of your understanding of the person's knowledge. This request excludes those persons whose sole knowledge is of the provision of standard team merchandise and apparel provided to AAU and NCAA teams sponsored by Adidas.

**Response to Interrogatory No. 4**

adidas objects to Interrogatory No. 4 on the grounds that it is overbroad and not

proportionate to the needs of this litigation because it seeks information related to persons

7

irrelevant to claims and defenses of this litigation, is unbounded in time given the lack of a beginning date, and seeks information beyond the scope of the definition of the "college basketball bribery scheme" as that term is defined in this case. adidas further objects to this Interrogatory's request for information protected from discovery by the attorney-client privilege and the work product doctrine.

adidas additionally objects to this Interrogatory's request for information that is already available to Bowen Jr. through the documents produced to Bowen Jr. from adidas, which include the documents that adidas produced to the U.S. Attorney's Office for the Southern District of New York ("S.D.N.Y.").

adidas further objects to the extent Interrogatory No. 4 imposes an obligation to identify information in the possession of former employees, consultants, contractors, or other individuals not accessible to adidas.

Subject to and without waiving the foregoing general and specific objections, adidas responds that prior to September 26, 2017 its officers and directors had no knowledge that money or other tangible benefits from adidas were provided to the families or guardians of amateur high school or NCAA Division I basketball players, other than the provision of standard team merchandise and apparel provided to AAU and NCAA teams sponsored by adidas.

adidas further responds by identifying the following documents identifying adidas employees, consultants, or contractors responsive to Interrogatory No. 4 and the basis of adidas's understanding of such person's knowledge.

1. Presentation from adidas to USAO, SDNY, "Presentation of Factual Findings," Dec. 19, 2018, adidas000000369-adidas000000411.

2. Presentation from adidas to USAO, SDNY, "Follow-up on Presentation on Factual Findings," Jan. 9, 2019, adidas000000412-adidas000000452.

3. Handout to USAO, SDNY, Jan. 9, 2019, adidas000000362-adidas000000368.

4. Presentation from adidas to USAO, SDNY, "Presentation on Application of Principles of Federal Prosecution of Business Organizations," Jan. 11, 2019, adidas000000284-adidas000000324.

5. Handout to USAO, SDNY, Jan. 11, 2019, adidas000000356-adidas000000361.

6. Email from David Sandler to Russell Capone, Edward B. Diskant, Aline R. Flodr, Eli J. Mark, and Noah Solowiejczyk, Assistant U.S. Att'ys, S.D.N.Y., copying Andrew Levine, Andrew Ceresney, and Miheer Mhatre, Feb. 5, 2019, adidas000000325, including the following attachments:

   a. Overview of Corporate Resolutions Reached with USAO, SDNY (1): adidas000000326.

   b. Corporate Resolutions Reached with USAO, SDNY (2): adidas000000327-adidas000000334.

   c. Related documents: adidas000000335- adidas000000342.

   d. Letter from Andrew Ceresney and Andrew Levine to Russell Capone, Edward B. Diskant, Aline R. Flodr, Eli J. Mark, and Noah Solowiejczyk, Assistant U.S. Att'ys, S.D.N.Y., Feb. 5, 2019, adidas000000343-adidas000000355.

7. Email from TJ Gassnola to Jim Gatto regarding expenses, including those for "Ayton Family," Sept. 30, 2015, ADID000006352-ADID000006353.

8. Emails between Chris Williams and Chris Rivers, May 9-10, 2017, ADID0000028066.

9. Testimony and exhibits introduced during trial in the matters *United States v. Gatto*, No. 17-cr-686 (S.D.N.Y.) and *United States v. Dawkins*, No. 17-cr-684 (S.D.N.Y.).

10. Publicly available versions of the Notice of Allegations in NCAA Case No.s 00843 (University of Louisville); 00874 (University of Kansas);  and 00935 (North Carolina State University) and subsequent filings relating to those Notices of Allegations.

To the extent that adidas is in possession of additional non-privileged information that is responsive to this Interrogatory, adidas refers Bowen Jr. to documents that adidas has produced in response to Bowen Jr.'s document requests and to the USAO, SDNY.

adidas interprets the appropriate date range for this Interrogatory to be January 1, 2013 to October 13, 2017.

**Interrogatory No. 5**

Please identify all current or former amateur high school or NCAA Division I basketball players whose families and/or guardians were provided money directly or indirectly from Adidas for the purpose of recruiting those athletes to play basketball for AAU teams or universities sponsored by Adidas. For each such player identified, please state the amount of money paid and the date(s) of each payment, and identify all Adidas personnel who were aware of such payments prior to September 26, 2017.

**Amended Response to Interrogatory No. 5**

adidas objects to Interrogatory No. 5 on the grounds that it is overbroad and not proportionate to the needs of this litigation because it seeks information related to persons irrelevant to claims and defenses of this litigation, is unbounded in time given the lack of a beginning date, and seeks information beyond the scope of the definition of the "college basketball bribery scheme" as that term is defined in this case. adidas further objects to this Interrogatory's request for information protected from discovery by the attorney-client privilege and the work product doctrine.

adidas additionally objects to this Interrogatory's request for information that is already available to Bowen Jr. through the documents produced to Bowen Jr. from adidas, which include the documents that adidas produced to the USAO, SDNY.

adidas further objects to the extent Interrogatory No. 5 imposes an obligation to identify information in the possession of former employees, consultants, contractors or other individuals not accessible to adidas.

Subject to and without waiving the foregoing general and specific objections, adidas refers Bowen Jr. to the documents identified in adidas's response to Interrogatory 4. To the extent that adidas is in possession of additional non-privileged information that is responsive to this Interrogatory, adidas refers Bowen Jr. to documents that adidas has produced in response to Bowen Jr.'s document requests and to the USAO, SDNY.

adidas interprets the appropriate date range for this Interrogatory to be January 1, 2013 to October 13, 2017.

**Interrogatory No. 6**

Please identify the names and job titles of all Adidas senior level employees and/or corporate officers and directors who had knowledge at any time during the period January 2015 through September 2017 of the NCAA Division I Bylaws addressing Amateurism and Athletics Eligibility and Recruiting as set forth in Articles 12 and 13 of the NCAA Division I Manual.

**Response to Interrogatory No. 6**

adidas objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous with respect to the meaning of the term "knowledge" as it is used in this context.  adidas further objects that the Interrogatory is overbroad and not proportionate to the needs of this litigation because adidas's officers' and directors' knowledge or lack of knowledge of particular NCAA Division I Bylaws has no bearing on any claims or defenses in this case.  adidas further objects that the Interrogatory seeks information that is not reasonably knowable by adidas, including in that not all individuals who were officers or directors during the stated timeframe remain at adidas today.

**Interrogatory No. 7**

Please describe all payments made by Adidas personnel to the family of Zion Williamson prior to April 2019 and include in your response a complete description of the purpose of each payment.

**Amended Response to Interrogatory No. 7**

adidas objects to Interrogatory No. 7 on the grounds that it seeks information that is already available to Bowen Jr. through the documents produced to Bowen Jr. from adidas, including the documents that adidas produced to the USAO, SDNY.

adidas further objects to the extent Interrogatory No. 7 imposes an obligation to identify information in the possession of former employees, consultants, contractors, or other individuals not accessible to adidas.

Subject to and without waiving the foregoing general and specific objections, adidas states that it has not interviewed or deposed Rivers or Zion Williamson, but is aware of certain documents suggesting that certain fund transfers to Williamson or his family may have occurred. adidas identified the specific documents in its April 12, 2021 letter to counsel for Bowen Jr.

adidas does not have knowledge of the specific purpose of these transfers. To the extent Williamson may have received any additional transfers of funds, adidas refers Bowen Jr. to documents that adidas has produced to the USAO, SDNY.

**Interrogatory No. 8**

Please state whether Adidas has disclosed to the NCAA or its representatives (1) the names of high school and college players (other than Plaintiff, Billy Preston, Silvio DeSousa, and Dennis Smith, Jr.) whose families were paid money by Adidas employees, consultants, and/or contractors; and (2) the names of athletic department personnel, including coaches, from universities sponsored by Adidas who had knowledge of, or "coordinated," such payments to players' families. For each such disclosure, please provide a description that includes the date of disclosure, the manner of disclosure (i.e., oral, written), the name of the person to whom the disclosure was made, and a summary of the information disclosed.

**Response to Interrogatory No. 8**

Subject to and without waiving the foregoing general objections, adidas states that it has not made any statements referenced in Interrogatory No. 8 to the NCAA or its representatives.

**Interrogatory No. 9**

Please state whether Adidas hired or paid for a private investigator to collect information about Plaintiff Brian Bowen, such as through interviews with his childhood friends, teachers, neighbors, or coaches. If so, please identify the name of the firm and/or private investigator(s) hired to do this work (e.g., Mintz Group, etc.).

**Response to Interrogatory No. 9**

Subject to and without waiving the foregoing general objections, adidas states that it

hired and paid the Mintz Group to collect information about Bowen Jr.

**Interrogatory No. 10**

To the extent not identified above, please identify the names and addresses of all other persons known to Adidas to be witnesses concerning the facts of this case. Indicate whether or not written or recorded statements have been taken from the witnesses, indicate who has possession of such statements, and indicate whether Adidas intends to call the individual as a witness at trial of this case. For each person, set forth a summary sufficient to inform the Plaintiff of the important facts known to or observed by such witness.

**Response to Interrogatory No. 10**

adidas objects to Interrogatory No. 10 because it imposes an obligation to provide witness

information greater than is required by the Federal and Local Rules. Subject to and without

waiving the foregoing objections, adidas identifies the following persons as witnesses concerning

the alleged facts of this case:

1. Trevor Ames

   a. Address: adidas America, Inc., adidas Village, 5055 North Greeley Ave., Portland, OR 97217.

   b. Recorded Statement: No.

   c. adidas Witness: adidas has not yet determined whether it intends to call Ames as a witness at trial.

   d. Knowledge: Ames has knowledge of adidas's process for approval and payment of invoices, including with respect to invoices that are the subject of Bowen Jr.'s allegations.

2. Nate Bjorkgren

   a. Address: Unknown.

   b. Recorded Statement: No.

   c. adidas Witness: adidas has not yet determined whether it intends to call Bjorkgren as a witness at trial.

13

    d.  Knowledge:  Bjorkgren has knowledge of Bowen Jr.'s performance as a player on the Indiana Pacers and the Fort Wayne Mad Ants.

3.  Brian Bowen Jr.

    a.  Address:  914 North Alabama Street, Indianapolis, IN 46202.

    b.  Recorded Statement:  No.

    c.  adidas Witness:  adidas intends to call Bowen Jr. as a witness at trial.

    d.  Knowledge:  Bowen Jr. has knowledge of benefits received by and offered to him and his family during his amateur career; the scheme to misappropriate adidas's funds; Bowen Jr.'s choice to attend and depart the University of Louisville and the University of South Carolina, including events related to his recruitment to play for the University of Louisville; and Bowen Jr.'s professional basketball career, including his conditioning, skill, and other attributes compared to successful professional basketball players.

4.  Brian Bowen Sr.

    a.  Address:  826 Sherman Road, Saginaw, MI 48604.

    b.  Recorded Statement:  No.

    c.  adidas Witness:  adidas intends to call Bowen Sr. as a witness at trial.

    d.  Knowledge:  Bowen Sr. has knowledge of benefits received by and offered to the Bowen family during Bowen Jr.'s amateur career; the scheme to misappropriate adidas's funds; and Bowen Jr.'s choice to attend and depart the University of Louisville and the University of South Carolina, including events related to his recruitment to play for the University of Louisville.

5.  Chad Buchanan

    a.  Address:  Unknown.

    b.  Recorded Statement:  No.

    c.  adidas Witness:  adidas has not yet determined whether it intends to call Buchanan as a witness at trial.

    d.  Knowledge:  Buchanan has knowledge of the Indiana Pacers' employment decisions with regard to Bowen Jr.

6.  Merl Code

    a.  Address:  Unknown.

b. Recorded Statement:  No.

c. adidas Witness:  adidas has not yet determined whether it intends to call Code as a witness at trial.

d. Knowledge:  Code has knowledge of payments made to the Bowen family during Bowen Jr.'s amateur career and the scheme to misappropriate adidas's funds.

7. Dan Cutler

   a. Address:  14 Morning Star Drive, Hadley, MA 01035.

   b. Recorded Statement:  No.

   c. adidas Witness:  adidas has not yet determined whether it intends to call  Cutler as a witness at trial.

   d. Knowledge:  Cutler has knowledge of the organization, activities, and practices of adidas's grassroots basketball marketing department.

8. Christian Dawkins

   a. Address:  Unknown.

   b. Recorded Statement:  No.

   c. adidas Witness:  adidas has not yet determined whether it intends to call  Dawkins as a witness at trial.

   d. Knowledge:  Dawkins has knowledge of the Bowen family's longstanding acceptance of benefits and payments in violation of NCAA rules.

9. Thomas Gassnola

   a. Address:  184 Lockland Avenue, Ludlow, MA 01056-2820.

   b. Recorded Statement:  No.

   c. adidas Witness:  adidas has not yet determined whether it intends to call Gassnola as a witness at trial.

   d. Knowledge:  Gassnola has knowledge of the scheme to misappropriate adidas's funds.

10. Lindsay Harksen

   a. Address:  adidas America, Inc., adidas Village, 5055 North Greeley Ave., Portland, OR 97217.

15

b.  Recorded Statement:  No.

c.  adidas Witness:  adidas has not yet determined whether it intends to call Harksen as a witness at trial.

d.  Knowledge:  Harksen has knowledge of adidas's process for approval and payment of invoices, including with respect to invoices that are the subject of Bowen Jr.'s allegations.

11. Shane Heirman

a.  Address:  Unknown.

b.  Recorded Statement:  No.

c.  adidas Witness:  adidas has not yet determined whether it intends to call  Heirman as a witness at trial.

d.  Knowledge:  Heirman has knowledge of Bowen Jr.'s relative basketball skill and payments made to the Bowen family during Bowen Jr.'s amateur career.

12. Edwin Janes

a.  Address:  adidas America, Inc., adidas Village, 5055 North Greeley Ave., Portland, OR 97217.

b.  Recorded Statement:  No.

c.  adidas Witness:  adidas has not yet determined whether it intends to call Janes as a witness at trial.

d.  Knowledge:  Janes has knowledge of adidas's process for approval and payment of invoices, including with respect to invoices that are the subject of Bowen Jr.'s allegations.

13. Kenny Johnson

a.  Address:  Unknown.

b.  Recorded Statement:  No.

c.  adidas Witness:  adidas has not yet determined whether it intends to call  Johnson as a witness at trial.

d.  Knowledge:  Johnson has knowledge of Bowen Jr.'s relative basketball skill; payments made to the Bowen family during Bowen Jr.'s amateur career; the scheme to misappropriate adidas's funds; events related to Bowen Jr.'s recruitment to play for the University of Louisville; and NCAA eligibility rules.

14. Carrie Malecke

    a. Address:  914 North Alabama Street, Indianapolis, IN 46202.

    b. Recorded Statement:  No.

    c. adidas Witness:  adidas has not yet determined whether it intends to call Malecke as a witness at trial.

    d. Knowledge:  Malecke has knowledge of benefits received by and offered to the Bowen family during Bowen Jr.'s amateur career; Bowen Jr.'s choice to attend and depart from the University of Louisville and the University of South Carolina; and the scheme to misappropriate adidas's funds.

15. Chris McGuire

    a. Address:  adidas America, Inc., adidas Village, 5055 North Greeley Ave., Portland, OR 97217.

    b. Recorded Statement:  No.

    c. adidas Witness:  adidas has not yet determined whether it intends to call  McGuire as a witness at trial.

    d. Knowledge:  McGuire has knowledge of adidas's process for approval and payment of invoices, including with respect to invoices that are the subject of Bowen Jr.'s allegations; the organization and activities of adidas's grassroots basketball marketing department; and adidas's policies and practices related to amateur basketball players.

16. Jason Setchen

    a. Address:  2601 S Bayshore Dr., Suite 750, Miami, FL 33133.

    b. Recorded Statement:  No.

    c. adidas Witness:  adidas has not yet determined whether it intends to call  Rosenthal as a witness at trial.

    d. Knowledge:  Setchen has knowledge of the investigations respectively performed by the University of Louisville, the University of South Carolina, and the NCAA into Bowen Jr.'s eligibility to play NCAA basketball.  Setchen also has knowledge regarding Setchen's withdrawals from the University of Louisville and the University of South Carolina.

17. Brandon Rosenthal

    a. Address:  10990 Wilshire Blvd, Los Angeles, CA 90024.

    b.  Recorded Statement:  No.

    c.  adidas Witness:  adidas has not yet determined whether it intends to call Rosenthal as a witness at trial.

    d.  Knowledge:  Rosenthal has knowledge related to Bowen Jr.'s withdrawal from the 2018 NBA draft, participation in the 2019 NBA draft, and professional basketball career.

18. Munish Sood

    a.  Address:  19 Abby Ct., Trenton, NJ 08691-1307.

    b.  Recorded Statement:  No.

    c.  adidas Witness:  adidas has not yet determined whether it intends to call Sood as a witness at trial.

    d.  Knowledge: Sood has knowledge of payments made to the Bowen family during Bowen Jr.'s amateur career and the scheme to misappropriate adidas's funds.

19. Tai Streets

    a.  Address:  Unknown.

    b.  Recorded Statement:  No.

    c.  adidas Witness: adidas has not yet determined whether it intends to call  Streets as a witness at trial.

    d.  Knowledge: Streets has knowledge of Bowen Jr.'s relative basketball skill and payments made to the Bowen family during Bowen Jr.'s amateur career.

adidas will provide any additional information regarding witnesses in its pretrial brief, as required by Local Rule 26.05.

## **Interrogatory No. 11**

Please state whether Adidas agreed to pay or reimburse any portion of the attorney's fees or costs of any defendant in this case and, if so, please identify the name of the defendant and the amount of attorney's fees and costs that Adidas agreed to pay or reimburse.

## **Amended Response to Interrogatory No. 11**

adidas objects to Interrogatory No. 11 on the grounds that it is not proportional to the

needs of the case because it seeks information that is irrelevant to claims and defenses of this

litigation.  Subject to and without waiving the foregoing general and specific objections, adidas

states that it is paying James Gatto's and Chris Rivers's attorney's fees and costs for this case.

adidas has not agreed to pay a particular amount.

**Interrogatory No. 12**

Please state whether Adidas agreed to pay or reimburse any portion of the attorney's fees
or costs incurred by Defendants James Gatto, Merl Code, and/or Christian Dawkins in
connection with their criminal defense in *United States v. Gatto*, Case No. 17-cr-686 (LAK)
(S.D.N.Y.).  If so, please state the total amount of attorney's fees and costs that Adidas paid or
reimbursed for each defendant.

**Amended Response to Interrogatory No. 12**

adidas objects to Interrogatory No. 12 on the grounds that it is not proportional to the

needs of the case because it seeks information that is irrelevant to claims and defenses of this

litigation.

Subject to and without waiving the foregoing general and specific objections, adidas

states that it has paid James Gatto's attorney's fees and costs related to the case captioned as

*United States v. Gatto*, No. 17-cr-686 (LAK) (S.D.N.Y.).  The amount of James Gatto's fees was

provided to counsel for Bowen Jr. in adidas's April 12, 2021 letter to counsel for Bowen Jr.

adidas has not paid either Merl Code's or Christian Dawkins's attorney's fees or costs.

**Interrogatory No. 13**

Please state whether Adidas paid or agreed to pay any portion of the restitution ordered to
be paid to the victims in the criminal case *United States v. Gatto*, Case No. 17-cr-686 (LAK)
(S.D.N.Y.), or whether Adidas reimbursed others who made such restitution payments.  If so,
please state the amount of the payment and the person or entity to whom such payments were
made.

**Response to Interrogatory No. 13**

Subject to and without waiving the foregoing general and specific objections, adidas states that it has not paid, agreed to pay, or reimbursed restitution payments in relation to the criminal case *United States v. Gatto*, Case No. 17-cr-686 (LAK) (S.D.N.Y.).

Dated: April 23, 2021                    Respectfully submitted,

Matthew T. Richardson (D.S.C. Id. No. 7791)
Mary Lucille ("Lucy") Dinkins (D.S.C. No. 11961)
WYCHE
807 Gervais Street, Suite 301
Columbia, South Carolina 29201
Tel: (803) 254-6542
mrichardson@wyche.com
ldinkins@wyche.com

Andrew J. Ceresney (admitted *pro hac vice*)
William H. Taft V (admitted *pro hac vice*)
Nathan S. Richards (admitted *pro hac vice*)
Matthew D. Forbes (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
aceresney@debevoise.com
whtaft@debevoise.com
nsrichards@debevoise.com
mforbes@debevoise.com

*Counsel to Defendant adidas America Inc.*