**EXHIBIT 27**

Bowen Sr. Non-Prosecution Agreement



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 18, 2018

**EMAIL**

Anthony Ricco, Esq.
Steve Legon, Esq.
20 Vesey St # 400
New York, NY 10007

      **Re: Brian Bowen Sr.**

Dear Mr. Ricco and Mr. Legon:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will not criminally prosecute Brian Bowen Sr. ("Bowen") for any crimes (except for criminal tax violations, if any, as to which this Office cannot and does not make any agreement) related to: (1) his participation in a scheme, from approximately 2016 to approximately September 2017 to defraud one or more universities by receiving, or agreeing to receive, and concealing illicit payments from third parties in connection with the decision of his son, Brian Bowen Jr., to enroll in and play men's basketball for one of those universities, thereby (a) causing, and intending to cause, a university to provide an athletic scholarship to his son under false pretenses, namely the false representation that his son was eligible to compete in collegiate athletics, and (b) depriving, and intending to deprive, the universities of their right to control the use of their assets, including the decision of how to allocate a limited amount of athletic scholarships, and further exposing the universities to tangible economic harm, including monetary and other penalties imposed by the NCAA; and (2) his participation in a scheme to fraudulently obtain and misuse federal benefits, namely federal benefits provided through the Supplemental Nutrition Assistance Program, from approximately 2009 to approximately 2017, to the extent Bowen has disclosed such participation in these schemes to this Office as of the date of this Agreement.  With respect to the conduct described in paragraphs 1(a) and (b) above, Bowen has previously acknowledged and hereby affirms that he engaged in the scheme in order to obtain something of value for his son and his family, namely a college scholarship, under false pretenses, that he understood at the time he engaged in the scheme that the university would be misled, and that he knew what he was doing was wrong and illegal.

      Moreover, if Bowen fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution.  This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

      It is further understood that Bowen shall file accurate amended tax returns for the years 2015 through 2016, will file a true and accurate tax return for 2017, and will pay, or will enter into

04.26.2015



3502-13

Page 1 of 4

an agreement to pay, past taxes due and owing by him to the Internal Revenue Service, including applicable penalties, if any, on such terms and conditions as will be agreed upon between him and the Internal Revenue Service.

It is further understood that Bowen agrees to transfer $25,000 to the United States (the "Specific Property") pursuant to a payment schedule to be determined by this Office, as a substitute *res* for the proceeds of the criminal conduct covered by this agreement. The defendant consents to the forfeiture of the Specific Property to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), and shall not file a claim or a petition for remission or mitigation in any civil or administrative forfeiture proceeding involving the Specific Property or cause or assist anyone else in doing so. Bowen also waives all rights to service or notice of any civil or administrative forfeiture proceeding involving the Specific Property.

It is understood that Bowen (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and (g) shall commit no crimes whatsoever. Moreover, any assistance Bowen may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

It is understood that, should Bowen commit any crimes subsequent to the date of signing of this Agreement, or should the Government determine that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, Bowen shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against Bowen, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that if the Government has determined that Bowen has committed any crime after signing this Agreement or has given false, incomplete, or misleading testimony or information, or has otherwise violated any provision of this Agreement, (a) all statements made by Bowen to this Office or other designated law enforcement agents, and any testimony given by Bowen before a grand jury or other tribunal, whether prior to or subsequent to the signing of this

Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against Bowen; and (b) Bowen shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

It is further understood that this Agreement does not bind any federal, state or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of Bowen to the attention of other prosecuting offices, if requested by Bowen.

With respect to this matter, this Agreement supersedes all prior, if any, understandings, promises and/or conditions between this Office and Bowen. No additional promises, agreements, and conditions have been entered into other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

Very truly yours,

ROBERT S. KHUZAMI
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

By: _____
Edward B. Diskant/Noah Solowiejczyk
Eli J. Mark/Aline Flodr
Assistant United States Attorneys
(212) 637-2294/2473/2431/1110

APPROVED:

_____
LISA ZORNBERG
Chief, Criminal Division


AGREED AND CONSENTED TO:

_____        4-18-18
Brian Bowen, Sr.                Date

APPROVED:

_____        4-18-18
Anthony Ricco, Esq.             Date
Steven Legon, Esq.
Attorneys for Brian Bowen