**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Brian Bowen, II, | Civil Action No. 3:18-cv-03118-JFA |
| Plaintiff, | |
| vs. | **DEFENDANT CHRISTOPHER RIVERS'S MOTION FOR A PROTECTIVE ORDER ON NON-PARTY SUBPOENAS TO BANK OF AMERICA, N.A. AND BANK OF THE WEST** |
| Adidas America, Inc.; James Gatto; Merl Code; Christian Dawkins; Munish Sood; Thomas Gassnola; and Christopher Rivers, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Christopher Rivers respectfully moves this Court for a Protective Order prohibiting, or alternatively, limiting the scope of the discovery sought in Plaintiff Brian Bowen, II's non-party subpoenas to Bank of America, N.A. and Bank of the West (the "Subpoenas").[1]  Good cause exists to grant this Motion because the Subpoenas, which demand the production of *all* account statements for an 11-year period related to *all* bank accounts held by Mr. Rivers or his alleged company, In Your Eye Sports, Inc. are overly broad, seek irrelevant information, and constitute a fishing expedition that is an unwarranted invasion of privacy on Mr. Rivers.

**RELEVANT BACKGROUND**

On April 14, 2021, Plaintiff Brian Bowen II ("Plaintiff" or "Bowen Jr.") served three non-party subpoenas requesting bank records relating to accounts allegedly maintained by Mr. Rivers and/or Mr. Rivers's alleged company, In Your Eye Sports, Inc.  One of the subpoenas was directed to Bank of America, N.A. and the other two subpoenas were directed to Bank of the West. (*See*

---

[1] Counsel for Mr. Rivers met and conferred with counsel for Bowen Jr. to discuss the scope of the Subpoenas but has not been able to resolve the dispute that is the subject of this Motion.

1

Exhibits A-C.)[2] Specifically, the Bank of America subpoena requests: (1) copies of *all* account statements for *all* accounts held by Mr. Rivers and (2) copies of *all* account statements for Account No. XXXXXXXX5390 and Account No. XXXXXX8063. Similarly, the Bank of the West Subpoenas request: (1) copies of *all* account statements for *all* accounts held by Mr. Rivers and In Your Eye Sports, Inc. and (2) copies of *all* account statements for Account Numbers XXX-XXX-835, XXX-XXX-442, and XXX-XXX-320. In addition, all three of the Subpoenas request account statements from August 31, 2009, through January 1, 2020, and state that for the purposes of the requests contained therein, the banks "may produce monthly account statements that reflect *all deposits, withdrawals, and ACH transfers or wire transfers made into the responsive accounts*." (Exhibits A-C, at 6.)

As set forth in detail below, the Subpoenas impose an undue burden on Mr. Rivers for the following reasons:

(1) The Subpoenas are not limited to the subject matter relevant to the underlying action, and instead seek *all* bank records from accounts held by Mr. Rivers and his alleged company, In Your Eye Sports, Inc., with no limitation;

(2) The Subpoenas are not limited to a reasonable date scope and instead seek all bank records for an eleven-year period from 2009-2020, even though Plaintiff's Amended Complaint contends that the alleged conspiracy began "as early as 2014," and that he was injured in September 2017 when he claims to have been declared ineligible by the University of Louisville (Am. Compl. ¶¶ 232, 286); and

(3) The Subpoenas constitute an unwarranted fishing expedition, which the Fourth Circuit has repeatedly found to be improper under the Federal Rules.

As such, the Court should grant this Motion and issue an order prohibiting Plaintiff from seeking the documents requested in the Subpoenas, or alternatively, require Plaintiff to reissue the

---

[2] The two subpoenas served on Bank of the West are identical except that one was directed to the Bank of the West Legal Processing Department located at 13505 California Street, Omaha, NE 68154 and the other was directed to Bank of the West located at 180 Montgomery Street, San Francisco, CA 94104. (*See* Exhibits B and C respectively.)

Subpoenas with requests that are more limited in scope and more narrowly tailored to request information related to the subject matter of this litigation.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 26(c) permits a court to issue a protective order to protect a party or non-party from "annoyance, embarrassment, oppression, or undue burden or expense," regardless of whether the moving party is seeking to prevent the disclosure of information by a nonparty. *Kappel v. Garris*, 2020 WL 707123, at *2 (D.S.C. Feb. 12, 2020).[3] Courts have found that subpoenas impose an "undue burden" in "situations where the subpoena seeks information irrelevant to the case," or where the subpoena is overly broad. *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) (internal quotation marks omitted).

Subpoenas must impose parameters limiting their scope to evidence relevant in the underlying litigation, i.e., evidence relevant to the claims and defenses in the case. *See In re Subpoenas for Documents Issued to Thompson McMullan, P.C.*, 2016 WL 1071016, at *4, 6 (E.D. Va. Mar. 17, 2016).[4] Moreover, a request is overbroad when it contains an unreasonably large date scope, *see Wellin v. Wellin*, 2015 WL 5785709, at *29-30 (D.S.C. July 31, 2015), or when it

---

[3] South Carolina courts and others within the Fourth Circuit have held that even if a party does not have standing to challenge a third-party subpoena under Rule 45 – i.e., even if the party does not have a "personal right or privilege" in the information sought – that party nevertheless has standing to challenge the third-party subpoena by seeking a protective order under Rule 26 standards. *See HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) (finding that the defendant had "standing to challenge the subpoenas under Rule 26 standards, regardless of whether [it has] standing to bring a motion to quash under Rule 45") (internal quotation marks omitted); *Kappel*, 2020 WL 707123, at *2 (D.S.C. Feb. 12, 2020 ("[T]he court need not consider whether [a party has a personal right or privilege in bank records or records held by a CPA] because [the defendant] seeks, in the alternative, a protective order, and courts generally find that a party can seek a protective order for a third party subpoena."); *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 240 n.2, 241 (E.D. Va. 2012) (collecting cases). Here, Mr. Rivers clearly has standing to challenge the Subpoenas.

[4] "Relevance is [ ] the foundation for any request for production, regardless of the individual to whom a request is made." *Cook v. Howard*, 484 Fed. Appx. 805, 812 (4th Cir. 2012).

"does not limit the [documents] requested to those containing subject matter relevant to the underlying action." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). In particular, South Carolina courts have held that blanket subpoena requests for "all [] financial records" of a person or entity is overly broad and fails to properly articulate why all such documents are needed. *See Charleston Equities, Inc. v. Winslett*, 2018 WL 5778301, at *6 (D.S.C. Jan. 24, 2018) (Anderson, J.) (finding third-party subpoena seeking "all financial records" and "all income tax returns" of a particular entity to be "overly broad, unduly burdensome, and not proportional to the needs of this case").

Additionally, because Rule 26 standards apply to third-party subpoenas, the Court must limit the "extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C); *see also Nix v. Holbrook*, 2015 WL 791213, at *1 (D.S.C. Feb. 25, 2015) ("Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production.")

**I.    The Subpoenas are Overly Broad Because They Are Not Limited by Subject Matter.**

The Subpoenas served by Plaintiff are overly broad and seek irrelevant information because they are not limited to the subject matter relevant to the underlying action. Instead the subpoenas seek "***all*** account statements" reflecting "***all*** deposits, withdrawals, and ACH transfers or wire transfers made into" accounts held by Mr. Rivers and/or his alleged company, In Your Eye Sports, Inc., for an 11-year period. *See* Exhibits A-C.

Numerous courts within the Fourth Circuit have held that third-party subpoenas making blanket requests for "all documents" untethered to any specific claim or defense in the litigation

4

are overly broad and, therefore, impose an undue burden. *See, e.g.*, *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 612 (quashing third-party party subpoena seeking "all emails" from recipient because subpoena did not "limit the e-mails requested to those containing subject matter relevant to the underlying action"); *Peña v. Burger King Corp.*, No. 2:12cv248, 2012 WL 12547064, at *2 (E.D. Va. Sept. 21, 2012) (untailored third-party subpoenas were "overbroad, and could be quashed on th[at] basis alone without addressing relevance").[5] Indeed, this Court has previously held that blanket subpoena requests for "all[] financial records," without any additional detail, "is overly broad and fails to properly articulate why all such documents are needed." *Winslett*, 2018 WL 5778301, at *6 (quashing third-party subpoena seeking "all of the financial records" for a particular entity).

This is due in large part to the fact that such blanket requests almost always "include privileged and personal information unrelated to [] the litigation," *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 612, a concern that is particularly acute where, as here, a third-party subpoena seeks all documents related to any accounts Mr. Rivers may have, without somehow tying the document requests to the subject matter of the litigation. To avoid this issue, courts require third-party subpoenas to be "tailored to a particular purpose." *Singletary*, 289 F.R.D. at 241.

Here, each of the Subpoenas uses the same overly broad language without any reference to the subject matter of this litigation, and "seek "***all*** account statements" reflecting "***all*** deposits,

---

[5] Other jurisdictions are in accord. *See, e.g.*, *Federal Deposit Ins. Corp. v. Mercantile Nat. Bank of Chicago*, 84 F.R.D. 345, 350 (N.D. Ill. 1979) (requiring modification of third-party subpoena seeking "any and all documents" because the plaintiff failed to demonstrate "any particular nexus to the issues raised by [the] complaint"); *Continental Resources v. PXP Gulf Coast*, 2006 WL 980747 at *3 (E.D. La. April 11, 2006) (modifying third-party subpoena upon objection of the defendant because the scope of the requests in the subpoena went beyond matters relevant to the claims in the lawsuit).

withdrawals, and ACH transfers or wire transfers made into" accounts held by Mr. Rivers and/or his alleged company, In Your Eye Sports, Inc. The Subpoenas, for example, are not limited to those that may be used for business, but request the production of all account statements, even those that may be used for personal or household family expenses. Quite clearly, without being tailored to subject matter of this case, the Subpoenas could implicate a large number of private and personal documents that have no relevance whatsoever to this litigation. Given the sheer overbreadth of the Subpoenas at issue, Plaintiff should be prohibited, entirely, from seeking the information requested therein, or at the very least, be ordered to reissue the Subpoenas such that the scope of the information requested bears some relation to the underlying litigation. *See Kappel*, 2020 WL 707123, at *5 (granting motion for protective order on third-party subpoena because the information sought was "irrelevant" to the action).

## II. The Subpoenas are Overly Broad Because They Are Not Limited by A Reasonable Date Scope.

The Subpoenas are also overly broad and seek irrelevant information because they are not limited to a reasonable date scope and instead seek bank records for an eleven-year period from 2009-2020, when Plaintiff's own Amended Complaint contends that the alleged conspiracy did not begin until 2014 and that Plaintiff's alleged injury occurred on September 27, 2017, the day he alleges the University of Louisville declared him ineligible to compete in NCAA basketball. (Am. Compl. ¶ 232, 286.)

One of the hallmarks of an overly broad subpoena is an unreasonably large date scope implicating documents that have no relevance whatsoever to the claims or defenses in the underlying litigation. *See, e.g.*, *Wellin*, 2015 WL 5785709, at *29-30 (limiting date scope of third-party subpoenas served on financial institutions with accounts held by the defendant from "2003-

6

present" to "2009-2013"). In determining what a reasonable date scope should be, courts look to, among other things, the factual allegations underpinning the complaint. *Id.*

In examining the factual allegations in Plaintiff's Amended Complaint, Plaintiff contends that the alleged conspiracy began "as early as 2014." (Am. Compl. ¶ 286.) Yet, the Subpoenas seek information dating back to August 31, 2009, approximately five years prior to the alleged formation of the alleged conspiracy. Similarly, Plaintiff seeks documents through January 1, 2020, which is over two and a half years after Plaintiff claims to have been injured. (*See id.* ¶ 286.)

Given the lack of any reasonable date scope and the sheer overbreadth of the Subpoenas, Plaintiff should be prohibited from seeking the information requested therein. Alternatively, the Subpoenas should be limited to the time period between January 1, 2014 through September 27, 2017, and re-served in accordance with the relevancy standards outlined in this Motion.

### III. The Subpoenas are a Fishing Expedition that Impose an Undue Burden on Mr. Rivers.

In addition to being overly broad and implicating material completely irrelevant to this litigation, the Subpoenas impose an undue burden on Mr. Rivers because they require the production of financial records that are completely irrelevant to this case. Permitting Plaintiff access to such information, without at least limiting requests to the subject matter of the litigation, would constitute an unwarranted invasion of Mr. Rivers's privacy. Plaintiff could have tailored his requests in any number of ways, including limiting the date scope of his requests to time periods when Mr. Rivers or In Your Eye Sports, Inc. were alleged to have participated in the scheme.

By not limiting the Subpoenas as suggested above, Plaintiff has embarked on a fishing expedition, which the Fourth Circuit, and courts within it, have consistently found is improper

under the Federal Rule of Civil Procedure.[6] Therefore, this Court should adhere to Fourth Circuit precedent and similarly find that the Subpoenas served on Bank of America and Bank of the West are an improper fishing expedition and prohibit Plaintiff from pursuing the overbroad document requests contained therein.

## CONCLUSION

A set forth above, the Subpoenas served on Bank of America and Bank of the West are overbroad because they are not reasonably limited in time and are not tailored to request information related to the subject matter of the litigation. As such, compliance with the Subpoenas would involve an unwarranted fishing expedition into bank accounts bearing no relation whatsoever to the claims and defenses at issue in this lawsuit.

Additionally, the undue burden imposed by the Subpoenas far outweighs Plaintiff's interests in obtaining the information requested therein. Indeed, Plaintiff himself claims the fraudulent scheme complained of in the Amended Complaint did not begin until at least 2014, which is nearly five years after August 31, 2009—the beginning of the time period for which the banks statements are requested in the Subpoenas. Therefore, seeking all bank statements related to accounts held by Mr. Rivers or In Your Eye Sports, Inc. dating back to August 31, 2009, is unlikely to provide additional information that will benefit Plaintiff in his case against defendants. Similarly, any bank statements created after September 27, 2017—the date Plaintiff claims to have

---

[6] The discovery process "should not become merely a fishing expedition," *see Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc.*, 853 F.2d 1139, 1147 (4th Cir. 1988), and therefore it is imperative to ensure that any discovery allowed – including third-party discovery – is calculated to lead to the discovery of admissible evidence. *See First Nat. Bank v. First Nat. Bank of the South*, No. 6:07–2182–HMH, 2008 WL 2636866, at *1 (D.S.C. July 3, 2008). Where the requesting party "present[s] no intelligible explanation of how [the requested materials are relevant] . . .[,] the requests have every indicia of the quintessential fishing expedition." *Cook*, 484 Fed. Appx. at 812-13 (affirming the district court's quashing of third-party subpoena seeking information unrelated to the underlying litigation).

been injured by the University of Louisville declaring him ineligible—are also completely irrelevant to the case and are unlikely to benefit Plaintiff in his pursuit of his claims.

Therefore, because the burden imposed by the Subpoenas outweighs the benefit that may be gained by Plaintiff, this Court should grant Mr. Rivers's Motion and prohibit Plaintiff from seeking the information requested in the Subpoenas. Alternatively, Plaintiff should be required to reissue the Subpoenas with document requests that are tailored to the subject matter of the litigation as indicated above.

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/* Cory E. Manning
Cory E. Manning
Federal Bar No. 9697
E-Mail: cory.manning@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000

Robert L. Lindholm (admitted *pro hac vice*)
Federal Bar No. 52800
E-Mail: robert.lindholm@nelsonmullins.com
One Wells Fargo Center, 23rd Floor
301 South College Street
Charlotte, NC 28202
(704) 417-3000

Wesley T. Moran
Federal Bar No. 12797
E-Mail: wes.moran@nelsonmullins.com
3751 Robert M Grissom Parkway
Myrtle Beach, SC 29577-6412
(843) 946-5600

*Attorneys for Defendant Christopher Rivers*

Columbia, SC
April 27, 2021