

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

April 12, 2021

**BY EMAIL**

Colin Ram
McLeod Law Group LLC
3 Morris Street, Suite A
Charleston, SC 29403

**adidas's Responses to Bowen Jr.'s First Interrogatories**

Dear Mr. Ram:

This letter follows our discussion on April 5, 2021, regarding Plaintiff Brian Bowen Jr.'s interrogatories to Defendant adidas America, Inc. and adidas's responses thereto.

As an initial matter, we were surprised that you chose to unnecessarily file a motion to compel on April 9, just three days after our productive meet-and-confer phone call. You stated in your motion that we pledged during our phone call to send you a letter by Thursday, April 8. (Mot. to Compel at 10, Apr. 9, 2021, ECF No. 211.) You either misheard or misremembered the conversation. While you suggested Thursday, I responded that we could get back to you by the end of the week. If you had been willing to continue our discussion, rather than rushing to the courthouse 10 days before the deadline imposed by Local Rule 37.01(A), we could have addressed your questions and provided you with additional information, narrowing the issues requiring the Court's attention.

In that context, adidas provides the following comments concerning its responses to Plaintiff's first interrogatories:

Interrogatory 1:

In our call, you asked us to identify by number the anonymous players in adidas's Crossclaims. "Player 2" is Billy Preston, and "Player 3" is Silvio de Sousa. Regarding your request for how the identified coaches "coordinated" with Defendants TJ Gassnola, James Gatto, and Chris Rivers, adidas believes that the identified coaches communicated with Gassnola, including through text messages, in an effort to secure de Sousa's commitment to the University of Kansas, but is still developing the support for its crossclaims, as it is entitled to do throughout the discovery period. *See Pauley v. CNE Poured Walls, Inc.*, No. 3:18-CV-01508, 2019

Colin Ram                                    2                          April 12, 2021

WL 3226996, at *1-2 (S.D.W. Va. July 17, 2019) (quoting *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)) ("[d]ue to the nature of contention interrogatories, they are more appropriately . . . at the end of the discovery period").

Interrogatory 2:

You also asked us to identify "Player 1" in adidas's Crossclaims and related allegations about coaches. "Player 1" is Dennis Smith Jr. You requested the names of any coaches other than Orlando Early who may be responsive to this Interrogatory. To adidas's knowledge at this point, Early is the only coach who is responsive. You also asked for adidas to identify how Early "coordinated" with Gassnola and Gatto. adidas believes Early communicated with Gassnola in an effort to secure Smith Jr.'s commitment to North Carolina State University, but is still developing the support for its crossclaims, as it is entitled to do throughout the discovery period. *See Pauley*, 2019 WL 3226996, at *1-2.

Interrogatories 3, 4, 5:

adidas identifies the following documents relating to adidas's awareness of (i) NCAA Division I coaches and university athletic department personnel with whom adidas personnel communicated, (ii) adidas personnel who knew about fund transfers and benefits sourced from adidas funds and resources that were provided to high school and collegiate basketball players and their families, and (iii) the list of players who received such benefits:

1. Presentation from adidas to United States Attorneys' Office, Southern District of New York ("USAO, SDNY"), "Presentation of Factual Findings," Dec. 19, 2018, adidas000000369-adidas000000411.

2. Presentation from adidas to USAO, SDNY, "Follow-up on Presentation on Factual Findings," Jan. 9, 2019, adidas000000412-adidas000000452.

3. Handout to USAO, SDNY, Jan. 9, 2019, adidas000000362-adidas000000362.

4. Presentation from adidas to USAO, SDNY, "Presentation on Application of Principles of Federal Prosecution of Business Organizations," Jan. 11, 2019, adidas000000284-adidas000000324.

5. Handout to USAO, SDNY, Jan. 11, 2019, adidas000000356-adidas000000361.

6. Email from David Sandler to Russell Capone, Edward B. Diskant, Aline R. Flodr, Eli J. Mark, and Noah Solowiejczyk, Assistant U.S. Att'ys,

S.D.N.Y., copying Andrew Levine, Andrew Ceresney, and Miheer Mhatre, Feb. 5, 2019, adidas000000325, including the following attachments:

    a. Overview of Corporate Resolutions Reached with SDNY (1): adidas000000326.

    b. Corporate Resolutions Reached with SDNY (2): adidas000000327-adidas000000334.

    c. Related documents: adidas000000335- adidas000000342.

    d. Letter from Andrew Ceresney and Andrew Levine to Russell Capone, Edward B. Diskant, Aline R. Flodr, Eli J. Mark, and Noah Solowiejczyk, Assistant U.S. Att'ys, S.D.N.Y., Feb. 5, 2019, adidas000000343-adidas000000355.

7. Email from TJ Gassnola to Jim Gatto regarding expenses, including those for "Ayton Family," Sept. 30, 2015, ADID000006352-ADID000006353.

8. Emails between Chris Williams and Chris Rivers note "Payment for Melody [Brown]," mother of Christian, May 9-10, 2017, ADID0000028066.

9. Exhibits introduced during trial in the matters *United States v. Gatto*, No. 17-cr-686 (SDNY) and *United States v. Dawkins*, No. 17-cr-684 (SDNY).

To the extent that adidas is in possession of additional non-privileged information that is responsive to Interrogatories 3, 4, and 5, adidas directs you to the documents adidas produced to Bowen Jr. and the U.S. Attorney's Office, SDNY.

adidas interprets the appropriate date range for these Interrogatories to be January 1, 2013 to October 13, 2017.

Interrogatory 6:

adidas maintains its objections to this interrogatory.

Interrogatory 7:

You requested additional information regarding adidas's knowledge of fund transfers to Zion Williamson in which adidas employees or contractors may have been involved.  adidas has not interviewed or deposed Rivers or Zion Williamson, but is aware of the following documents suggesting that certain fund transfers to Mr. Williamson or his family may have occurred:

1. Potential transfers from Defendant Chris Rivers that may have been to Lee Anderson, Zion Williamson's step-father.  (ADID000089229.)

Colin Ram                                    4                            April 12, 2021

- o November 14, 2016 transfer of $404

- o February 14, 2017 transfer of $1,107

- o March 10, 2017 transfer of $560

- o April 12, 2017 transfer of $560

- o May 12, 2017 transfer of $560

- o July 10, 2017 transfer of $1,030

- o August 8, 2017 transfer of $343

- o August 10, 2017 transfer of $110

- o September 12, 2017 transfer of $800

2. Other potential transfers that may have occurred:

- o Rivers may have transferred $3,000 per month to the Williamson family for an unspecified period of time. (ADID0000197349-51.)

- o Rivers may have transferred $1,000 to the Williamson family. (ADID000089470.)

adidas does not know the specific purpose of these transfers. To the extent Mr. Williamson may have received any additional transfers of funds, adidas directs Bowen Jr. to the documents produced by adidas to SDNY, which are in your possession.

Interrogatories 8, 9, 10:

You took no issue with adidas's responses to these interrogatories.

Interrogatory 11:

adidas is paying Gatto's and Rivers's attorney's fees and costs for this case. adidas has not agreed to pay a particular amount. adidas maintains all objections regarding the admissibility of evidence disclosing this fact.

Interrogatory 12:

adidas paid and is paying Gatto's attorney's fees and costs related to the case captioned as *United States v. Gatto*, No. 17-cr-686 (LAK) (S.D.N.Y.). Gatto's fees and costs to date are $███████. adidas designates the amount of fees and costs paid as confidential, pursuant to the Court's Confidentiality Order. adidas did not

Colin Ram                                    5                          April 12, 2021

and is not paying either Merl Code's or Christian Dawkins's attorney's fees or costs. adidas maintains all objections regarding the admissibility of evidence disclosing these facts.

Interrogatory 13:

You took no issue with adidas's response to this interrogatory.

* * *

adidas will serve a supplemental response to Bowen Jr.'s First Interrogatories reflecting this additional information.

Sincerely,

/s/ *William H. Taft V*

William H. Taft V