## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

BRIAN BOWEN, II,

          Plaintiff,

    v.

JAMES GATTO, MERL CODE,
CHRISTIAN DAWKINS, MUNISH
SOOD, THOMAS GASSNOLA, and
CHRISTOPHER RIVERS,

          Defendants,

and ADIDAS AMERICA, INC.,

        Defendant-Cross Claimant,

    v.

MUNISH SOOD and
THOMAS GASSNOLA,

       Defendants-Cross Defendants,

and BRIAN BOWEN, SR.,

       Cross Defendant.

No. 3:18-cv-3118-JFA


**DEFENDANT CHRISTOPHER
RIVERS'S REPLY IN SUPPORT OF
BILL OF COSTS**

Defendant Christopher Rivers ("Mr. Rivers") hereby submits this Reply in support of his Bill of Costs, which joins and expressly incorporates adidas America, Inc.'s ("adidas") Reply in Support of its Bill of Costs ("adidas' Reply") (ECF No. 276) and also addresses below certain points specific to Mr. Rivers raised in Plaintiff's Memorandum in Opposition of Bills of Costs Submitted by adidas, Rivers, and Gatto ("Plaintiff's Opposition") (ECF No. 273).

I.    **MR. RIVERS IS ENTITLED TO RECOVER COSTS HE INCURRED EVEN IF THOSE COSTS WERE ULTIMATELY PAID BY ADIDAS.**

Plaintiff argues—without citing any case law to support his position—that Mr. Rivers has "no basis to recover costs paid for by Defendant adidas." However, Plaintiff ignores the very standard he cited in his Opposition that supports the assertion that Mr. Rivers is, in fact, the appropriate party to seek recovery of costs in this matter—even if the recovery may be passed onto adidas. As Plaintiff stated, "[t]he party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." (Pl. Opposition at 12 (citing *Trusteees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).) Mr. Rivers is the party that initially incurred the costs, and he is also in the best position to show why the costs were necessary and reasonable. It would be nonsensical to require adidas and its counsel to petition for recovery of litigation costs and explain why those costs are necessary, when those costs were incurred as a result of Mr. Rivers defending this lawsuit. That is especially true here, where Mr. Rivers was represented by entirely separate counsel at a separate law firm.

Additionally, Mr. Rivers does not intend to "profit from Plaintiff by obtaining costs already reimbursed by adidas." (Pl.'s Opposition at 8.) Any award that Mr. Rivers receives for costs he incurred, but that were ultimately paid by adidas, will be passed on to adidas. As such, Mr. Rivers is entitled to recover the items included in his Bill of Costs.

II.    **MR. RIVERS IS ENTITLED TO THE COSTS ASSOCIATED WITH VIDEOTAPING THE DEPOSITION OF LOUISVILLE'S 30(b)(6) WITNESS, JOHN CARNS.**

In his Opposition, Plaintiff erroneously states that Mr. Rivers is not entitled to seek taxation of costs for videotaping the 30(b)(6) deposition of John Carns noticed by Mr. Rivers

because Mr. Carns appeared for a separate "*de bene esse*" deposition specifically noticed by Plaintiff for use at trial. (Pl.'s Opposition at 17.) This argument is without merit.

Mr. Rivers noticed the 30(b)(6) deposition of John Carns prior to Plaintiff separately noticing the purported "*de bene esse*" deposition of the same witness, and it still remains unclear why Plaintiff noticed this superfluous deposition. Just because Plaintiff noticed the Carns deposition as a "*de bene esse*" deposition, it does not preclude Mr. Rivers from using the video of the Carns deposition he noticed at trial. "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (de bene esse)." *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991) (citing Fed. R. Civ. P. 32). Indeed, Rule 32(a)(4) states that "[a] party may use for any purpose the deposition of a witness whether or not a party, if the court finds . . . (B) that the witness is more than 100 miles from the place or hearing or trial is outside the United States" or "(D) that the party offering the deposition could not procure the witness's attendance by subpoena." Moreover, where videotaped depositions are necessary for use at trial because the witness is beyond the court's subpoena power and there is no assurance that the witness will attend the trial, costs associated with videotaping the deposition are recoverable under Rule 54(d). *See Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, 2015 WL 1417058, at *5 (W.D. Va. Mar. 27, 2015) (awarding costs and stating that "Courts consider videotaped depositions as necessary for use at trial when the witnesses are beyond the court's subpoena power and there is no assurance that the witnesses will attend the trial"). That is exactly the case here where Mr. Carns is a Kentucky resident residing more than 100 miles from where this case would have been tried and is outside this Court's subpoena power.

For the reasons stated above, and in adidas' Reply, Mr. Rivers is entitled to all of the expenses set forth in his itemized Bill of Costs and respectfully requests that this Court order that Plaintiff pay such costs in accordance with Rule 54(d).

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  /s/Wesley T. Moran
     Cory E. Manning
     Federal Bar No. 9697
     E-Mail: cory.manning@nelsonmullins.com
     1320 Main Street / 17th Floor
     Post Office Box 11070 (29211-1070)
     Columbia, SC  29201
     (803) 799-2000

     Robert L. Lindholm (admitted *pro hac vice*)
     Federal Bar No. 52800
     E-Mail: robert.lindholm@nelsonmullins.com
     One Wells Fargo Center, 23rd Floor
     301 South College Street
     Charlotte, NC 28202
     (704) 417-3000

     Wesley T. Moran
     Federal Bar No. 12797
     E-Mail: wes.moran@nelsonmullins.com
     Pinnacle Corporate Center, Suite 300
     3751 Grisson Parkway
     Myrtle Beach, SC 29577
     (843) 946-5686

     *Attorneys for Defendant Christopher Rivers*

Columbia, SC
July 7, 2021