IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Bowen, II,<br><br>               Plaintiff,<br><br>v.<br><br>Adidas America, Inc., James Gatto, Merl Code, Christian Dawkins, Munish Sood, Thomas Gassnola, and Christopher Rivers,<br><br>               Defendants.<br><br>v.<br><br>Brian Bowen Sr.<br><br>               Crossdefendant. | C/A No.: 3:18-3118-JFA<br><br>**MEMORANDUM OPINION AND ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration and Relief from Judgment of the Court's Order Granting Defendants Summary Judgment (ECF No. 274). Brian Bowen, II ("Plaintiff" or "Bowen Jr.") files this motion pursuant to Rules 59(e) and 60(b)(3) of the Federal Rules of Civil Procedure and seeks to have this Court alter or amend its previous order filed May 24, 2021 (the "Order") (ECF No. 265) wherein this Court adjudicated Adidas America, Inc.'s ("Adidas") motion for summary judgment (ECF No. 212). Having been fully briefed, this motion is ripe for review.[1] For the reasons stated

---

[1] Adidas filed a response in opposition (ECF No. 281) to Plaintiff's motion that was joined by defendant Christopher Rivers ("Rivers") (ECF No. 284). Defendant James Gatto ("Gatto") also filed a response in opposition (ECF No. 283). Plaintiff timely filed a reply (ECF No. 285).

1

below, the Court finds no basis for disturbing its earlier decision. Accordingly, the motion to reconsider is respectfully denied. (ECF No. 274).

## I. FACTUAL AND PROCEDURAL HISTORY

The relevant factual and procedural history is outlined in the Court's Order at issue and is incorporated herein by reference. (ECF No. 265). By way of brief recitation, the Court determined Plaintiff's claimed harms were not to cognizable business or property interests and thus insufficient to confer standing under the Racketeer Influenced and Corrupt Organizations Act's ("RICO") statutory requirements. Accordingly, the Order granted summary judgment in favor of the defendants and dismissed Plaintiff's claims in their entirety.

## II. LEGAL STANDARD

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 Fed.Appx. 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A

motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Rule 60(b) allows the court to relieve "a party . . . from a final judgment, order, or proceeding" due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . ., misrepresentation, or misconduct"; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also United States v. Winestock*, 340 F.3d 200, 203–4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Id.* at 313. "A motion for reconsideration under Rule 60(b) is addressed to the sound discretion of the district court and...[is] generally granted only upon a showing of exceptional circumstances." *Lyles*, 2016 WL 1427324, at *1 (citation and internal quotation marks omitted).

Rule 60(b)(3) gives district courts the power to relieve a party from an adverse judgment because of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct *of an adverse party.*" Fed.R.Civ.P. 60(b)(3) (emphasis added). In *Schultz v. Butcher,* the Fourth Circuit held that a moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving

3

party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." 24 F.3d 626, 630 (4th Cir. 1994) (citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.,* 657 F.2d 68, 71 (4th Cir. 1981)). Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. *Schultz,* 24 F.3d at 630.

### III.    DISCUSSION

Plaintiff seeks reconsideration of the Court's Order pursuant to Rule 59(e) because he alleges that the Court "misconstrues the law governing standing, disregards significant evidence, and improperly substitutes its own findings for those of the jury." (ECF No. 274). Further, Plaintiff alleges that the "Order must be revisited to conform to binding precedent." (*Id.*). Plaintiff also moves the Court to set aside the Order pursuant to Rule 60(b)(3) on the ground that "Adidas and its counsel misrepresented material facts to the Court in obtaining summary judgment on the issue of standing." (*Id.* at 24–25). The Court addresses each of Plaintiff's specific criticisms below.

In his motion for reconsideration, Plaintiff challenges the Court's finding that his NCAA eligibility is not a cognizable business or property interest for the purposes of RICO standing. Plaintiff argues that the Court failed to cite to any controlling authority to support its holding and instead referred to "decisions in the due process context." (*Id.* at 6). However, the issue as to whether NCAA eligibility is a business or property interest

sufficient to confer RICO standing has already been argued and decided. Plaintiff cannot now re-litigate that issue. Accordingly, the Court denies Plaintiff's motion as to this point.

Furthermore, courts have employed competing theories of interpretation of the meaning of "business or property" for the purposes of determining what is a compensable harm under RICO. In defining what "business or property" must be injured to confer standing under civil RICO, courts have taken varying approaches. This includes relying on the primacy of legislative intent, looking to the plain language of the statute itself and ending the inquiry there, and interpreting the civil RICO provision in tandem with the Clayton Act. Finding civil RICO's legislative history insufficient, courts have also looked elsewhere to aid their inquiry. Courts relying on other sources of law have examined state law definitions of property to determine what constitutes "business or property" for purposes of civil RICO. Other courts interpreting "business or property" have relied on due process precedent for guidance, as this Court did in its Order. *See Deck v. Engineered Laminates*, 349 F.3d 1253 (10th Cir. 2003). Thus, Plaintiff's critique of this Court's reference to decisions in the due process context is not a basis upon which it should amend its ruling.

Next, Plaintiff contends that the Court committed clear error in failing to find he had a property interest in the contractual benefits that he had secured through the Athletic Tender Agreement. (ECF No. 274 at 12). Plaintiff argues the Court erred in failing to interpret the contract's overriding purpose as being to develop Plaintiff's basketball career. (*Id.* at 14). Plaintiff acknowledges he already made this argument to the Court and

5

"[r]econsideration is not warranted on the basis of alleged clear error when the court has already 'squarely addressed and rejected' the arguments the party raises in its motion seeking reconsideration." *United States v. Clenney*, 2009 WL 10677501, at *2 (E.D. Va. July 15, 2009). Plaintiff's motion merely recycles arguments the Court has previously addressed and rejected; thus, it does not justify Plaintiff's arrogation of limited judicial resources.

Plaintiff also argues that the Court erred in finding that his legal fees—incurred while attempting to regain his NCAA eligibility—could not constitute an injury sufficient to confer standing. Specifically, Plaintiff contends the Court erred in finding that he did not pay the legal fees and costs by overlooking evidence and testimony regarding the existence of an engagement agreement between Plaintiff and the attorney who was retained to seek his NCAA eligibility reinstatement. However, Plaintiff's lengthy arguments ignore the Court's determination that even if Plaintiff had paid the legal fees, they are not recoverable because they derive from a non-cognizable harm, and a RICO plaintiff cannot recover for derivative injuries. (ECF No. 265 at 12).

Additionally, Plaintiff challenges the Court's holding that Plaintiff's lost professional earnings are an unrecoverable expectancy interest rather than an injury to his business or property. Plaintiff avers that the Court erred in finding his reduced basketball skills constitute a personal injury. (ECF No. 274 at 26). Plaintiff also takes issue with the Court's determination that his lost professional earnings are speculative because he "provided substantial proof . . . of his certainty to have been drafted in the NBA." (*Id.* at

28). This is merely a restatement of Plaintiff's prior arguments and their repetition is a misuse of Rule 59(e). The Court adequately addressed this issue in its Order and therefore declines to alter its findings.

Plaintiff also seeks relief from the judgment under Rule 60(b)(3) on the ground that "Adidas and its counsel misrepresented material facts to the Court in obtaining summary judgment on the issue of standing." (ECF No. 274 at 24–25). Specifically, Plaintiff alleges Adidas falsely represented to the Court that Plaintiff did not retain or pay Setchen's firm for legal services provided in connection with his efforts to regain his NCAA eligibility. Plaintiff's arguments fail to satisfy the demanding standard for setting aside a judgment pursuant to Rule 60(b)(3). Plaintiff fails to coherently explain how the alleged misconduct impacted the Court's resolution of his claims, as the Order held that even if Plaintiff had incurred and paid the fees, they are not recoverable because they are derivative from a non-cognizable harm, and a RICO plaintiff cannot recover for derivative injuries. Furthermore, Plaintiff does not prove by clear and convincing evidence that the alleged misconduct prevented him from fully presenting his case. As a result, Plaintiff's claims of fraud are insufficient to merit relief from judgment under Rule 60(b)(3).

Plaintiff seeks to rely on the Supreme Court's recent decision in *NCAA v. Alston* as a *deus ex machina* in this case, citing it as an intervening change in controlling law. 141 S. Ct. 2141 (2021). In *Alston*, the Supreme Court held that the district court's injunction pertaining to certain NCAA rules limiting the education-related benefits that schools may make available to student-athletes is consistent with established antitrust principles. *Id.*

3:18-cv-03118-JFA     Date Filed 08/20/21    Entry Number 286     Page 8 of 9

*Alston* is not binding precedent for the specific issues in this case. Plaintiff's argument that the Court must have implicitly reached the issue of standing under an "independent obligation to determine whether subject-matter jurisdiction exists" strains credulity, as statutory standing "does not implicate subject-matter jurisdiction." *Lexmark Int'l, Inc. v. Static Control Components, Inc* 134 S. Ct. 1377, 1387–88 & n.4 (2014).

Plaintiff appears to rely on an implicit holding in *Alston* as to a point that was neither argued nor decided in the opinion. Such silent holdings (even if relevant here) are no holdings at all. *See Webster v. Fall,* 266 U.S. 507, 510 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."). The Supreme Court did not address, let alone change, the law on RICO standing or whether NCAA eligibility is a business or property interest. While Justice Kavanaugh's concurrence advanced the national debate regarding amateurism in college sports and underscored questions that the NCAA's remaining rules related to compensation raise under anti-trust laws, it also emphasized the narrow scope of the case. *See Alston*, 141 S. Ct. 2141, 2166–67 (2021). To the extent Plaintiff contends that *Alston* warrants this Court's reconsideration of its Order, this argument is without merit.

Plaintiff's motion is conspicuously a "vehicle for rearguing the law, raising new arguments, [and] petitioning [the Court] to change its mind." *Lyles v. Reynolds*, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Plaintiff has failed to show an intervening change in controlling law, clear error, or a manifest injustice warranting reconsideration under Rule 59(e). Further, the

Court finds no evidence of fraud which would satisfy Rule 60(b)(3). Although Plaintiff disagrees with the Court's analysis, the Court finds that Plaintiff's motion has failed to present the Court with any basis upon which it should amend its ruling. It is, therefore, respectfully denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment (ECF No. 274) is denied.

IT IS SO ORDERED.

August 20, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge