IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Bowen, II, <br><br> Plaintiff, <br><br> v. <br><br> Adidas America, Inc., James Gatto, Merl Code, Christian Dawkins, Munish Sood, Thomas Gassnola, and Christopher Rivers, <br><br> Defendants. <br><br> v. <br><br> Brian Bowen Sr. <br><br> Crossdefendant. | C/A No.: 3:18-3118-JFA <br><br><br> **MEMORANDUM OPINION AND ORDER** |

## I.     INTRODUCTION

This matter is before the Court for a ruling on bills of costs filed by defendants Adidas America, Inc. ("Adidas") for $44,798.94 (ECF No. 269), Christopher Rivers ("Rivers") for $8,765.20 (ECF No. 270), and James Gatto ("Gatto") for $1,216.50 (ECF No. 272) (collectively, "Defendants"), to which Plaintiff Brian Bowen, II ("Plaintiff" or "Bowen Jr.") has interposed objections (ECF Nos. 273). Plaintiff argues that all costs should be denied due to his financial circumstances, among other reasons. Alternatively,

1

Plaintiff argues that specific costs should be denied on various grounds. Having been fully briefed, this motion is ripe for review.[1]

## II.  LEGAL STANDARD

Fed. R. Civ. P. 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Local Rule 54.03 states that a "bill of costs may include all items set forth in the relevant statutes and rules and is subject to final approval by the court."

Relevant here, 28 U.S.C. § 1920 states that a "judge . . . may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; [and] (5) Docket fees under section 1923 of this title."

These rules create a presumption that costs are to be awarded to the prevailing party. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome this presumption, a district court must justify its decision to deny costs by articulating some good reason for doing so." *Id.* (cleaned up). Some factors a court may consider in determining not to award costs include: (1) misconduct by the prevailing party worthy of a penalty; (2) the losing party's inability to pay; (3) excessiveness of the requested cost in a particular case; (4) the limited value of the prevailing party's victory; (5) or the closeness

---

[1] Adidas filed a reply (ECF No. 276) to Plaintiff's objections, joined by defendant Rivers (ECF No. 277). Defendant Gatto also timely filed a reply (ECF No. 279).

2

and difficulty of the issues decided. *Id.* "Although the losing party's good faith in pursuing an action is a 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.*

### III.   DISCUSSION

Plaintiff initially seeks a stay of an award of costs pending appeal, arguing it would promote judicial economy, conserve the parties' resources, and allow the parties to effectively frame any remaining fee disputes for the Court after the resolution of an appeal. This Court disagrees. This issue has been fully briefed and the Court therefore sees no benefit in a delayed resolution. Thus, the Court exercises its discretion and declines to defer the taxation of costs pending the resolution of Plaintiff's appeal.

Plaintiff also argues, *inter alia*, that the Court should deny an award of costs altogether because of Defendants' misconduct; Plaintiff's inability to pay; Adidas's allegedly using the costs as leverage in regard to an appeal; the standing issue, which was the basis for the Court's granting Defendants' summary judgment, being "close and difficult"; and Adidas's failure to separate costs associated with its failed cross-claims against third-parties. The Court addresses these arguments in turn.

Plaintiff argues that the Court should not award costs because the standing issue required "close and difficult analysis." However, the Court does not regard this case as so close or difficult as to warrant denying the prevailing party costs. While the Court acknowledges that "closeness of the issues" is one of the established reasons to deny costs, this was resolved on a summary judgment motion and does not meet the criteria for what

3

courts generally recognize as close for purposes of Rule 54(d)(1). *See Grochowski v. Sci. Applications Int'l Corp.*, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) ("The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case. Courts that have denied costs based on this factor generally have done so following a lengthy trial that adjudicated novel issues." (internal and external citations omitted)).

Plaintiff's cursory argument based on inability to pay is also unavailing. Plaintiff's brief simply states that Plaintiff has been unemployed since April 23, 2021. There is no reference to Plaintiff's other sources of revenue, assets, or net worth. "Upon its review, the court observes that, beyond mere argument, Plaintiff has not demonstrated either an inability to pay costs or that an injustice would occur if he was required to pay costs." *Bigleman v. Kennametal Inc.*, 2019 WL 6524647, at *2 (D.S.C. Dec. 4, 2019). Therefore, Plaintiff's objection is respectfully overruled.

Plaintiff makes a myriad of other tangential arguments, most of which are of limited persuasive value to the Court. Plaintiff avers the Court should not award costs to Adidas because it did not segregate between costs incurred in its defense of Plaintiff's claims and the pursuit of its own crossclaims. However, this argument is unsubstantiated. Adidas asserts that all costs sought in its motion relate to its defense against Plaintiff's claims and Plaintiff fails to offer any argument showing this is not the case. Furthermore, despite his contention that Gatto and Rivers should not be awarded costs because Adidas funded their defenses, Plaintiff cites no authority supporting that proposition.

4

Plaintiff's allegations of misconduct similarly miss the mark. Plaintiff's argument centers on the misconduct alleged in the complaint which is inapplicable here. Plaintiff advances no arguments supporting a finding of misconduct during the litigation of this lawsuit that would justify the denial of costs. Plaintiff further argues that Adidas is using the threat of taxable costs as leverage to force him to waive his right to appeal but fails to provide the Court with more than a bald assertion to support the Court's denial of costs. Moreover, Plaintiff offers no support for the proposition that a party should be denied costs merely because they seek to avoid further litigation.

Lastly, Plaintiff's argument based on the parties' comparative economic power is also misplaced. Rule 54(d) creates a presumption in favor of an award of costs to the prevailing party. Fed, R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *see also Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999)("Moreover, the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths."). Plaintiff's objections are therefore respectfully overruled.

Consequently, the Court finds Defendants are entitled to certain costs under Rule 54(d), though less than they seek. While an award of costs to the prevailing party is usual, the inclusion of various items within that award rests with the sound discretion of the trial court. *See Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D. Md. 1968), *aff'd* 415 F.2d 55 (4th Cir. 1969) (recognizing that a trial court possesses broad discretionary powers in allowance or disallowance of costs).

5

Plaintiff challenges as duplicative Defendants' pursuit of costs for videotapes and transcripts of the same depositions. This Court agrees. Although prevailing parties may be able to recover costs for both a videotape and a transcript of a deposition in certain situations, the requesting party must show an independent, legitimate use for both the transcription and the video recording before both sets of costs can be recovered. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999). Here, Adidas argues that these depositions were recorded to aid in "trial preparation." Additionally, several defendants note that certain witnesses were video recorded because they were outside of the court's subpoena power. Despite these arguments, Defendants have failed to show why the use of written transcripts could not serve the same purposes. Thus, Adidas has failed to show that video recordings of these depositions serve a necessary and independent purpose in this litigation. Therefore, the Court declines to award the costs associated with video taping depositions. This conclusion applies equally to all defendants.

Plaintiff also objects to paying costs for rough transcripts and expedited transcripts. In response, Adidas reasons that "[a] party may tax costs for rough transcripts and expedited deposition transcripts where such delivery is reasonable based on the facts of the case." *Sierra Club v. Va. Elec. & Power Co.*, 2:15-cv-112, 2017 WL 8786513, at *4 (E.D. Va. Dec. 12, 2017). Adidas asserts expedition and a rough transcript of Cutler's deposition was required to support its urgent motion for a protective order (ECF No. 202). Thus, the Court finds that the expedited transcript was reasonably necessary for use in this case, and the cost of the expedited transcript will not be excluded from the award. Similarly, Adidas argues rough transcripts for the depositions of Armstrong (3/26/21), Setchen (4/9/21),

Johnson (4/14/21), and Carns (4/15/21) were necessary given contemporaneous discovery motions and motions for summary judgment, and for Janes and Ames (12/2/20) given their proximity to another deposition (of McGuire on 12/8/20) on related factual issues. The Court is satisfied Adidas has stated such costs were necessary to the litigation.[2]

Plaintiff also challenges whether *pro hac vice* fees are taxable costs under section 1920. Adidas counters that district courts in this Circuit have recently allowed *pro hac vice* motion fees as taxable costs. *See, e.g.*, *Phillips & Jordan, Inc. v. McCarthy Improvement Co.*, No. 5:18-CV-00559-JMC, 2021 WL 364644, at *5 (D.S.C. Feb. 3, 2021) (noting a split of authority among the Circuits and within the courts of the district and holding that *pro hac vice* "costs are taxable because . . . they amount to fees of the Clerk" under 28 U.S.C. § 1920(1)), *appeal filed*, No. 21-1228 (4th Cir. Mar. 2, 2021). The Court agrees with this reasoning and includes the fees as taxable costs.

While they are entitled to some taxable costs, Defendants have submitted numerous invoices containing a plethora of charges and fees, the necessity of which is indiscernible to the Court. Because Defendants' litany of other requested costs lacks sufficient detail and documentation for the Court to conduct a meaningful review, these costs are disallowed. The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th Cir.1994). Failure to provide supporting documentation verifying the costs

---

[2] Rivers does not similarly substantiate the cost of a $508.50 rough draft of Plaintiff's deposition. It is thus disallowed.

incurred and the services rendered can be grounds for denial of costs. *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D.Fla.1997).

Here, the Court finds that Defendants have not carried their burden with respect to a litany of miscellaneous charges and fees, including, *inter alia*, video synchronization of deposition film with the related transcripts, real-time feed costs during the deposition, and amounts listed within "Exhibit and Administration Amounts." Some of these charges involve the costs for synchronizing the video depositions and are outside the scope of § 1920, as are the costs associated with "media and cloud services," which is a phrase entirely undefined and, thus, unsupported. Other excluded costs include $45.00 Adidas claims as copy charges incurred in this litigation "for the cost of copying electronic files in response to Bowen Jr.'s discovery requests." (ECF No. 269-1). While no doubt convenient and desirable, the Court concludes these costs were not "necessarily" incurred and will therefore be disallowed. Other fees and charges are unclear on their face and inadequately unsupported by Defendants. As such, the remaining requests for taxable costs are denied.

### IV.    CONCLUSION

For all of the reasons stated above, Defendants' request for costs are granted in part and denied in part. (ECF Nos. 269, 270, 272). The Clerk of Court is ordered to tax costs in the amount of $20,222.69 for Adidas, $5,972.00 for Rivers, and $1,133.00 for Gatto. The calculation of the costs awarded is as follows:

| **Adidas** | | | |
|---|---:|---|---:|
| **Edwin Michael Janes** | | **Kenneth Laverne Johnson Jr.** | |
| Transcript Services | 347.80 | Original with 1 Certified Transcript | 1,688.20 |
| Rough Draft | 162.00 | Rough Draft | 415.50 |
| **Trevor Ames** | | **Carrie A. Malecke** | |
| Transcript Services | 431.00 | Transcript Services | 1,312.60 |
| Rough Draft | 204.00 | **Christopher McGuire** | |
| **Zion Armstrong** | | Certified Transcript | 1,089.40 |
| Certified Transcript | 847.60 | **Rickey L. Robertson** | |
| Rough Draft | 379.90 | Certified Transcript | 356.20 |
| **Steven Berryman** | | **Brandon Michael Rosenthal** | |
| Certified Transcript | 525.00 | Transcript Services | 1,657.00 |
| **Brian Bowen II** | | **30(b)(6) Jason A. Setchen, PA** | |
| Transcript Services | 1,417.25 | Original with 1 Certified Transcript | 1,435.00 |
| **Brian Bowen Sr.** | | Rough Draft | 574.00 |
| Transcript Services | 1,112.80 | **Fees of the Clerk** | |
| **John Carns** | | $250 Pro hac vice admission fee x 5 | 1,250.00 |
| Certified Transcript | 555.00 | **Total Costs** | **20,222.69** |
| Rough Draft | 211.50 | | |
| Original with 1 Certified Transcript | 1,083.50 | | |
| Rough Draft | 228.00 | | |
| **Dan Cutler** | | | |
| Certified Transcript | 1,058.20 | | |
| Certified Transcript - Expedited | 781.44 | | |
| **Lindsay Harksen** | | | |
| Certified Transcript - Vol. 1 | 595.40 | | |
| Certified Transcript - Vol. 2 | 504.40 | | |

9

| **Chris Rivers** | |
|---|---|
| **Lindsay E. Harksen, Volume II** | |
| Transcript Services | 519.40 |
| **Brian Bowen II** | |
| Transcript Services | 1,133.00 |
| **Brian Bowen Sr.** | |
| Transcript Services | 1,179.40 |
| **Brandon Michael Rosenthal** | |
| Transcript Services | 1,007.00 |
| **Edwin Michael Janes** | |
| Transcript Services | 347.80 |
| **Trevor J. Ames** | |
| Transcript Services | 431.00 |
| **Christopher McGuire** | |
| Transcript Services | 1,104.40 |
| **Fees of the Clerk** | |
| $250 Pro hac vice admission fee | 250.00 |
| **Total Costs** | **5,972.00** |
| **James Gatto** | |
| **Brian Bowen Sr.** | |
| Transcript Services | 1,133.00 |
| **Total Costs** | **1,133.00** |

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

September 2, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

10